# EXHIBIT A

## TIMELINE OF EVENTS AND PROPERTY LEDGER

**Plaintiffs:** Jacqueline E. Ard and Terry F. Nicola
**Property:** 239 Beach City Road, Unit 3218, Hilton Head Island, SC 29926
**Case No.:** 25-01384 (Chapter 7, District of South Carolina- Charleston Division)

### I. PROPERTY ACQUISITION AND INITIAL ACCOUNT FUNDING

| Date | Event | Description / Details |
|---|---|---|
| May 4, 2021 | Property Purchase | Plaintiffs purchased Unit 3218 at *The Spa on Port Royal Sound* for **$153,500.00 cash**, utilizing funds from their disability and retirement trust. |
| April 30, 2022 | Title Transfer | Ownership transferred to **Beachside Estates LLC**, solely owned by Plaintiffs, through Special Warranty Deed recorded in Beaufort County. |
| Closing Statement | Account Funding | $579.83 credited from seller and $2,159.66 from Plaintiffs to initiate HOA account beginning May 2021. |
| May 12, 2021 | Improper Credit | Only **$1,159.66** applied to the account; $1,579.83 misapplied or unaccounted for by HOA/IMC Resort Services. |
| July 27, 2021 | First HOA Statement | HOA account statement reflected an unexplained **balance due of $440.00** despite full payments credited. |

### II. UNLAWFUL FINES AND DISCRIMINATORY ACTIONS

| Date | Action / Actor | Description / Details |
|---|---|---|
| June 1, 2021 | HOA / IMC Resort Services | HOA imposed $400 "Service Animal Violation" fine despite notice that the animal was a **medically prescribed service animal** under ADA protection. |
| June 1, 2021 | Plaintiffs' Response | Submitted reasonable accommodation request, physician letter, vaccination records, and documentation verifying compliance. |
| August 2, 2021 | HOA / IMC Resort Services | HOA imposed **additional $100 fine** alleging failure to update service animal documentation—without legal basis or notice. |
| September–December 2021 | Plaintiffs | Continued monthly payments of regular HOA dues and assessments; disputed unlawful fines in writing. |
| January 2022–November 2025 | HOA / IMC Resort Services | Repeatedly added **late fees, interest,** and **attorney charges** on the disputed amount, compounding the account unlawfully. |

## III. ESCALATION AND FRAUDULENT ACCOUNT INFLATION

| Date | Event | Description / Details |
|---|---|---|
| January 2023 | Account Review | Plaintiffs requested a full accounting; HOA failed to provide documentation supporting fines or late charges. |
| September 25, 2023 | Complaint Filed | **Scott Wild, Esq.** filed foreclosure complaint in Beaufort County Court of Common Pleas claiming **$9,146.76 due**, contrary to verified payments. |
| Attached Exhibit "C" | False Ledger | HOA ledger reflected **19 full payments made** over an 18-month period, yet the debt showed an exponential escalation. |
| April 28, 2024 | Defective Service | Affidavit of Service falsely claimed Jacqueline Ard was served on Sunday April 28, 2024, at 11:50 PM at **663 William Hilton Parkway #4408** — a gated property that is not listed as the Plaintiffs home of record or residence with DMV. |
| May 31, 2024 | Default Judgment | Scott Wild filed for **default judgment** and **order of reference** the same morning the clerk entered default—without valid service. |

## IV. FRAUDULENT FORECLOSURE ORDERS AND PROCEDURAL MISCONDUCT

| Date | Event | Description / Details |
|---|---|---|
| August 21, 2024 | Order of Reference | Scott Wild drafted an order appointing **Jannine M. Mutterer** as Special Referee. The document included digital attachments suggesting ex-parte coordination. |
| September 3, 2024 | Draft Decree of Foreclosure | Wild prepared and filed **Decree of Foreclosure and Sale** signed only by his assistant and notarized by himself before the actual hearing occurred. |
| September 10, 2024 | Affidavit of Debt Filed | HOA agent **Christine Phillips** claimed balance due of **$29,085.41**, inconsistent with prior filings and ledgers. |
| September 11, 2024 | Foreclosure Hearing | Default and foreclosure judgment (**$31,084.41**) entered by **Special Referee Mutterer**, despite defective service and unverified account figures. |
| April 2025 | Motion to Vacate / Disqualify | Plaintiffs filed to vacate the default and disqualify the Referee; both motions **denied** without evidentiary hearing or record review. |

## V. BANKRUPTCY FILINGS AND VIOLATION OF AUTOMATIC STAY

| Date | Action / Filing | Description / Details |
|---|---|---|
| April 10, 2025 | Chapter 13 Filed | Plaintiffs filed Chapter 13 bankruptcy to protect property of the estate. |
| September 10, 2025 | Case Converted to Chapter 7 | Court converted case over Plaintiffs' objection; **automatic stay remained in effect for property of the state adequately protected.** |

| Date | Action / Filing | Description / Details |
|---|---|---|
| November 3, 2025 | Scheduled Foreclosure Sale | Defendants scheduled foreclosure sale **without notifying bankruptcy court**, constituting willful violation of **11 U.S.C. § 362(a)**. |

## VI. PROPERTY LEDGER SUMMARY

| Category | Amount / Value | Notes |
|---|---|---|
| Original Property Purchase | $153,500.00 | Paid in full at closing; no mortgage or lien at acquisition. |
| Initial HOA Funds (from closing) | $2,739.49 | Intended for assessment credit; $1,579.83 misapplied. |
| Unlawful "Service Animal" Fines | $500.00 | Two fines ($400 + $100) imposed in violation of ADA and FHA. |
| Excessive Late Fees and Interest | $25,000.00+ | Compounded on disputed balance. |
| Attorney Fees and "Collection Costs" | $6,000.00+ | Assessed without court approval or valid debt. |
| Total Claimed Debt (by HOA) | $31,084.41 | Inflated figure unsupported by actual ledger or verified records. |
| Payments Made by Plaintiffs | 19 full payments (2021–2023) | Each payment credited yet account continued to increase unlawfully. |

## VII. CONCLUSION

The evidence contained within this timeline and property ledger clearly demonstrates:

1. **The HOA, IMC Resort Services, and their counsel intentionally misapplied funds, falsified records, and compounded unlawful charges** to create a fraudulent debt.
2. **Attorney Scott Wild and Special Referee Jannine Mutterer engaged in coordinated procedural misconduct**, including fabrication of service affidavits and improper issuance of foreclosure orders.
3. **The foreclosure proceedings and subsequent sale scheduling violated the automatic stay under 11 U.S.C. § 362(a)** and constitute fraud upon the bankruptcy court.
4. The Plaintiffs, as disabled individuals, have suffered catastrophic personal, medical, and financial injury as a result of the coordinated misconduct outlined above.

Respectfully submitted,

Jacqueline E. Ard _____
Plaintiff / Debtor

Dated:  11. 6. 2025