# EXHIBIT B

## CORRESPONDENCE BETWEEN PLAINTIFFS AND HOA / IMC RESORT SERVICES

**Plaintiffs:** Jacqueline E. Ard and Terry F. Nicola
**Property:** 239 Beach City Road, Unit 3218, Hilton Head Island, SC 29926
**Case No.:** 25-01384 (Chapter 7, District of South Carolina – Charleston Division)

## I. INTRODUCTION

This exhibit contains copies and summaries of key written communications between the Plaintiffs and representatives of **The Spa on Port Royal Sound Homeowners Association** ("HOA") and its management company, **IMC Resort Services, Inc.** Each correspondence demonstrates notice to the HOA and its agents regarding disputed charges, service animal accommodation requests, and attempts to resolve account discrepancies prior to litigation or foreclosure.

These documents form the factual foundation supporting the Plaintiffs' claims of **fraud, discrimination, and willful violation of federal and state law**, including the **Fair Housing Act (42 U.S.C. §§ 3601 et seq.)**, the **Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)**, and **11 U.S.C. § 362(a)** (automatic stay).

## II. CORRESPONDENCE RECORD AND SUMMARY

| Exhibit Reference | Date | From / To | Summary of Content | Relevance / Legal Significance |
|---|---|---|---|---|
| B-1 | June 1, 2021 | Jacqueline Ard → HOA / Maryann Stephenson (IMC Resort Services)** | Plaintiffs submitted **formal Service Animal Reasonable Accommodation Request** with physician's verification letter, vaccination records, and ADA compliance documentation. | Establishes Plaintiffs' compliance with FHA/ADA; demonstrates that the **$400 fine** was retaliatory and unlawful. |
| B-2 | July 27, 2021 | Email: Maryann Stephenson → Jacqueline Ard | Acknowledgment of receipt of initial ADA documentation; confirms knowledge that the animal was **a prescribed service animal.** | Confirms HOA's notice of disability status and federal protection, yet they **refused to remove the fine.** |

| Exhibit Reference | Date | From / To | Summary of Content | Relevance / Legal Significance |
|---|---|---|---|---|
| B-3 | July 27, 2021 | IMC Statement to Plaintiffs | HOA account statement showing **partial credit ($1,159.66)** misapplied from initial payment and **unexplained balance due.** | Evidence of **misapplication of funds** and fraudulent accounting. |
| B-4 | August 2, 2021 | HOA / IMC → Plaintiffs | Notice imposing **additional $100 "service animal" fine** for failure to submit "updated form." | Demonstrates continuing harassment, **retaliation**, and lack of due process. |
| B-5 | September 15, 2021 | Plaintiffs → HOA / IMC | Written dispute of unlawful fines; request for correction of account and removal of unauthorized late fees. | Establishes ongoing dispute and notice of **billing errors and violations.** |
| B-6 | February 10, 2022 | Plaintiffs → HOA / IMC | Request for full accounting of HOA assessments and fine ledger. No response received. | Demonstrates **bad-faith non-response** and concealment of records. |
| B-7 | August 1, 2023 | Plaintiffs → HOA Board of Directors | Demand for accounting, explanation of $26,000 in compounding late fees, and legal basis for fines. | Proves repeated good-faith attempts to resolve issues before litigation. |
| B-10 | October 04, 2024 | Plaintiffs → HOA / IMC / Scott Wild | Written notice of **pending bankruptcy filing** and automatic stay protections. | Establishes **actual notice** prior to continued foreclosure activity — critical to **11 U.S.C. § 362(a)** violation. |
| B-11 | August 26, 2025 | Plaintiffs → Scott Wild / IMC / HOA | Formal Motion Objecting to Bond and Continuance filed in Beaufort County Court of Common Pleas. | Confirms Defendants' **actual knowledge** of bankruptcy prior to scheduling November 3, 2025 foreclosure sale. |

## III. SUMMARY OF MISCONDUCT EVIDENT FROM CORRESPONDENCE

1. **Notice Ignored:** The HOA, IMC, and their counsel repeatedly ignored written notices disputing unlawful fines, fraudulent account entries, and bankruptcy protections.
2. **Constructive Knowledge:** All defendants received explicit written communication of Plaintiffs' disability, bankruptcy filings, and account disputes yet continued their actions.

3. **Bad Faith and Retaliation:** The correspondence reflects deliberate retaliation against Plaintiffs for asserting legal rights under the ADA and FHA.
4. **Pattern of Concealment:** IMC and HOA agents withheld full account ledgers, failed to respond to record requests, and submitted conflicting financial statements in state court.
5. **Direct Violation of Federal Law:** Continued foreclosure actions after written notice of bankruptcy constitute willful violations of **11 U.S.C. § 362(a)(1)-(6)** and potential **civil conspiracy** under South Carolina law **(S.C. Code Ann. § 16-17-410)**.

## IV. CONCLUSION

The correspondence collectively demonstrates **a consistent pattern of deception, retaliation, and disregard for federal and state protections** afforded to the Plaintiffs as disabled individuals and as debtors under bankruptcy protection.
These records provide irrefutable evidence of:

- Fraudulent intent;
- Coordinated misconduct among HOA, IMC, and legal representatives; and
- Willful violations of the automatic stay and fair housing statutes.

Respectfully submitted,

_____
Jacqueline E. Ard
Plaintiffs / Debtors
Dated: 11· 6 · 2025