BEAUFORT COUNTY SC - ROD
BK 151 Pgs 0902-0905
FILE NUM 2022016223
03/16/2022 02:52:08 PM
RCPT# 1081472
RECORDING FEES 25.00

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE OFFICE OF THE REGISTER |
| | ) | OF DEEDS |
| COUNTY OF BEAUFORT | ) | |
| | ) | |
| Spa on Port Royal Sound Horizontal | ) | |
| Property Regime, Inc., | ) | |
| | ) | |
| Lienor, | ) | Notice and Certificate of Lien |
| | ) | for Unpaid Assessments |
| | ) | |
| vs. | ) | |
| | ) | |
| Jacqueline E. Ard, | ) | |
| | ) | |
| Lienee. | ) | |

**TO:    Jacqueline E. Ard:**

**NOTICE IS HERBY GIVEN**, that the Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association") is due the sum of Three Thousand Three Hundred Ninety-Six and 17/100$^{ths}$ Dollars ($3,396.17), together with interest and late charges thereon, pursuant to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime recorded in the Office of the Register of Deeds for Beaufort County, South Carolina in Book 402 at Page 629, and all amendments thereto and re-recordings thereof (hereinafter, the "Master Deed"). A true and verified statement of account of said indebtedness, with all just credits given, is being attached hereto and made a part hereof.

That said debt is due the Association for unpaid assessments, charges, fees, fines, special assessments, and attorney fees of Jacqueline E. Ard, upon the property pursuant to the Master Deed as more fully described on the attached verified statement. Said lien also constitutes a continuing lien on all future unpaid assessments, charges, fees, fines, special assessments, and applicable attorney fees that may hereafter be added to the account of Lienee.

That by virtue thereof, by the service and filing of this Notice and Certificate of Lien for Unpaid Assessments, and pursuant to the provisions of the Master Deed, the Association claims a lien to secure payment of the debt and the cost of enforcing such lien upon the Property described as follows:

ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS # :    R510-005-000-008B-3218

Address:    239 Beach City Road, Apt. 3218
            Hilton Head Island, SC 29926

The foregoing is true and correct based on the undersigned's personal knowledge, information and belief. To the extent there is already any valid lien(s) of record and in place at the filing hereof which should not have previously been released, this lien is merely intended to supplement said prior lien(s).

LAW OFFICE OF SCOTT M. WILD, L.L.C.

By:

Scott M. Wild       (SC Bar # 76528)
Post Office Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
scott@wildlawfirm.com
*Attorneys for Lienor, Spa on Port Royal*
*Sound Horizontal Property Regime, Inc.*

Dated this _16th_ day of March, 2022.

Hilton Head Island, Beaufort County, South Carolina,

## VERIFIED STATEMENT OF ACCOUNT
### SPA ON PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, INC.

**CREDITOR:**     Spa on Port Royal Sound Horizontal Property Regime, Inc.
c/o IMC Resort Services, Inc.
2 Corpus Christi, Suite 302
Hilton Head Island, SC 29928

**OWNER(S):**     Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

**REAL PROPERTY:**     ALL that certain condominium unit situate, lying and being on
Hilton Head Island, Beaufort County, South Carolina, known as
APARTMENT #3218, THE SPA on PORT ROYAL SOUND
HORIZONTAL PROPERTY REGIME, a Horizontal Property
Regime established pursuant to the South Carolina Horizontal
Property Act, Title 27, Chapter 31, Code of Laws of South Carolina
(1976), and submitted by Master Deed dated August 22, 1983, and
recorded August 30, 1984, in the Office of the Register of Deeds for
Beaufort County, South Carolina in Deed Book 402 at Page 629,
and the First Amendment to the Master Deed of the Spa on Port
Royal Sound Horizontal Property Regime dated September 25, 1985
and recorded September 26, 1985, in Deed Book 430 at Page 1570
in said Office of the Register of Deeds for Beaufort County, South
Carolina, as further amended thereafter.

**TAX MAP #:**     R510-005-000-008B-3218

**ADDRESS:**     239 Beach City Road, Apt. 3218
Hilton Head Island, SC 29926

**AMOUNT DUE:**     $3,396.17

Personally appeared before me Christine Phillips, who, after being duly sworn, swears and
affirms the following, under penalty of perjury, to be true and correct:

1.     That she is the Accounts Receivable Manager for IMC Resort Services, Inc., the
management agent for Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter
referred to as the "Association") and, as such, has personal knowledge of the facts set forth herein.

2.     That, pursuant to that certain "Master Deed of The Spa on Port Royal Sound
Horizontal Property Regime" recorded in the Office of the Register of Deeds for Beaufort County,
South Carolina in Deed Book 00402 at Page 0629, and all amendments thereto and re-recordings
thereof (hereinafter, collectively referred to as the "Master Deed"), Jacqueline E. Ard, as owner of

239 Beach City Road, #3218, Hilton Head Island, Beaufort County, South Carolina, owe(s) assessments to the Association.

3.      That the amount due currently by Jacqueline E. Ard under the Master Deed is Three Thousand Three Hundred Ninety-Six and 17/100$^{ths}$ Dollars ($3,396.17) with said amount including all billed attorney fees, which amount continues to accrue, plus additional interest, attorney's fees and costs that may be incurred.

4.      No credits or offsets of any kind are due to Jacqueline E. Ard from the Association except for those that have been applied.

5.      The "Master Deed of The Spa on Port Royal Sound Horizontal Property Regime", establishing the Spa on Port Royal Sound Horizontal Property Regime, Inc. and all amendments thereto, also provide that if legal proceedings are instituted for enforcement of said Master Deed, and the matter is placed in the hands of an attorney for collection, the Association shall be entitled to recover all reasonable costs and expenses of the action including, but not limited to, reasonable attorney's fees.

6.      That the foregoing is a true and accurate statement of the account representing all amounts currently due the Association.

SPA ON PORT ROYAL SOUND
HORIZONTAL PROPERTY REGIME,
INC.

By: _Christine M. Phillips_

Its: _Accounts Receivable Manager_____

Sworn to and subscribed before me on

This _15_ day of _March_____, 2022.

_Lindsay Creek_____
Notary Public for South Carolina

My Commission Expires: _5│30│2028_

LINDSAY CREEK
Notary Public-State of South Carolina
My Commission Expires
May 30, 2028

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP070701818

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | ) **IN THE COURT OF COMMON PLEAS** |
| | ) **FOR THE 14TH JUDICIAL CIRCUIT** |
| **COUNTY OF BEAUFORT** | ) **CIVIL ACTION #:  2023-CP-07-_____** |
| | ) |
| **Spa on Port Royal Sound Horizontal** | ) |
| **Property Regime, Inc.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Summons** |
| **vs.** | ) |
| | ) |
| **Jacqueline Ard,** | ) |
| | ) |
| **Defendant.** | ) |

**TO:**   **Jacqueline Ard; Mortgage Electronic Registration Systems (MERS), on behalf of First Savings Bank**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon the subscriber, Scott M. Wild, Esquire, in his office at Law Office of Scott M. Wild, LLC, P.O. Box 6867, Hilton Head Island, South Carolina 29938 (mailing) or 37 New Orleans Road, Suite F, Hilton Head Island, South Carolina 29928 (physical) within thirty (30) days after the service hereof and sixty (60) days if you are the United States of America, exclusive of the day of such service, and if you fail to answer such Complaint within the time aforesaid, the Plaintiff herein, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, "Plaintiff"), will apply to the Court for the relief demanded in the Complaint and judgment by default may be rendered against you.

TO MINOR(S) OVER FOURTEEN YEARS OF AGE, AND/OR TO MINOR(S) UNDER FOURTEEN YEARS OF AGE AND THE PERSON WITH WHOM THE MINOR(S) RESIDE, AND/OR TO PERSONS UNDER SOME LEGAL DISABILITY:

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

TO PERSONS IN THE SERVICE OF THE MILITARY OF THE UNITED STATES OF AMERICA AS CONTEMPLATED BY THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. ANN. § 501, ET SEQ. (AS AMENDED):

YOU ARE HEREBY FURTHER SUMMONED AND NOTIFIED to apply for the appointment of a Guardian *Ad Litem* or Attorney within thirty (30) days after the service of this Summons and Complaint upon you.  If you fail to do so, the undersigned shall make application for such appointment.

**LAW OFFICE OF SCOTT M. WILD, LLC**

By:  s/Scott M. Wild
SC Bar # 76528
Attorney for the Plaintiff
Post Office Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
scott@wildlawfirm.com

Dated this 25th day of September, 2023,

Hilton Head Island, Beaufort County, South Carolina.

ELECTRONICALLY FILED - 2023 Sep 25 11:51:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| | **FOR THE 14TH JUDICIAL CIRCUIT** |
| **COUNTY OF BEAUFORT** | **CIVIL ACTION #: 2023-CP-07-_____** |

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                                                )   FOR THE 14TH JUDICIAL CIRCUIT
COUNTY OF BEAUFORT              )   CIVIL ACTION #:  2023-CP-07-_____
                                                )
Spa on Port Royal Sound Horizontal     )
Property Regime, Inc.,                           )
                                                )
                    Plaintiff,                       )                    **Complaint**
                                                )                  (Non-Jury Matter)
vs.                                              )
                                                )
Jacqueline Ard,                                )
                                                )
                    Defendant.                   )
_____ )

COMES NOW the Plaintiff, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, "Plaintiff"), reserving all rights to amend this Complaint in accordance with the South Carolina Rules of Civil Procedure, and would respectfully show the following unto this Honorable Court:

## PARTIES

1.       Plaintiff is a duly organized horizontal property regime and/or owners association operating as a nonprofit corporate entity under the laws of the State of South Carolina, is authorized to do business in Beaufort County, and is charged with administering the affairs of the Spa on Port Royal Sound Horizontal Property Regime (hereinafter, the "Regime") in the Town of Hilton Head Island, Beaufort County, South Carolina.

2.       Upon information and belief, Defendant herein, Jacqueline Ard (hereinafter, "Ard") is a resident of Beaufort County, South Carolina, and who is the owner of certain real property (hereinafter, the "Property") located in Beaufort County, South Carolina that is the subject of this action with an address of 239 Beach City Road, Apartment 3218, Hilton Head Island, SC 29926 and

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

described in more detail below.

## JURISDICTION & VENUE

3.      Plaintiff hereby reiterates and restates the entirety of each and every allegation of the foregoing paragraphs as if set forth *verbatim* herein.

4.      The parties and this matter are properly before the Fourteenth Judicial Circuit of the State of South Carolina.  Plaintiff a duly organized horizontal property regime and/or owners association charged with the administration of the Regime described herein according to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated August 22, 1984 and recorded on August 30, 1984 in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Pages 629-700, and all amendments thereto and re-recordings thereof (hereinafter, collectively, the "Master Deed"), and the Property is located in Beaufort County, South Carolina.

## CONDITIONS PRECEDENT

5.      Plaintiff hereby reiterates and restates the entirety of each and every allegation of the foregoing paragraphs as if set forth *verbatim* herein.

6.      All conditions precedent to recovery and filing of this suit are the natural, probable, and foreseeable cause of the damages complained of herein.

## FACTUAL BACKGROUND

7.      Plaintiff hereby reiterates and restates the entirety of each and every allegation of the foregoing paragraphs as if set forth *verbatim* herein.

8.      This is an action for breach of contract, unjust enrichment, declaratory judgment and foreclosure.

9.      The within action covers the Property that is located in Beaufort County, South Carolina and which is described as follows:

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS #:  R510 005 000 008B 3218

Address:  239 Beach City Road #3218
          Hilton Head Island, SC 29926

10.    From April 29, 2021 to present, Ard has owned the Property, as evidenced by the Title to Real Estate recorded on May 24, 2021 with the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 4015 at Page 2897, a copy of which deed is attached hereto as Exhibit "A".

11.    Said Property is subject to all provisions, restrictions, covenants, conditions, and affirmative obligations contained in the Master Deed, and any amendments thereto, which have been in full force and effect at all times herein.

12.    Assessments, fees and/or insurance fees and/or other charges established under the Master Deed are adopted for, assessed to, and applied against each property in the Regime for the purpose of obtaining insurance coverage and paying such expenses incurred in operating, maintaining, altering, modifying, improving, repairing, and replacing the common elements of the Regime in accordance with the Master Deed.

13.    Upon obtaining ownership of the Property, pursuant to the Master Deed and applicable state law, Ard became personally obligated to pay all assessments, fines, charges, levies, and demands of

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

Plaintiff intended for use on the common element and common expenses, among other things.

14.     Upon information and belief, Ard is delinquent in assessments, fines, charges, levies, and demands of Plaintiff.

15.     A Notice and Certificate of Lien for Unpaid Assessments was recorded March 16, 2022 with the Office of the Register of Deeds for Beaufort County, South Carolina, in Lien Book 151 at Pages 0902-0905, a copy of which is attached hereto as "Exhibit "B".

16.     According to the Master Deed, Ard is responsible for those fees referenced above, late fees, and administrative fees that have accrued and will continue to accrue as determined by the Master Deed, plus attorney fees in association with collection on this account, costs of this action in accordance with the same, and court/legal expenses.

17.     Upon information and belief the property is not Ard's primary residence and is an income property.

18.     As of September 25, 2023, the amount due and owing Plaintiff in assessments, fines, late charges, and/or other valid charges on this account, exclusive of attorney fees, costs and expenses, is Nine Thousand One Hundred Forty-Six and 76/100[ths] Dollars ($9,146.76).  A copy of a recent account statement is attached hereto as Exhibit "C".[1]

19.     According to the Master Deed, Plaintiff may foreclose its lien upon the Property for Ard's failure to pay sums due.

20.     Plaintiff believes it is entitled to a judgment against Ard in the amount to be proven at trial, including any additional assessments, charges, court costs, administrative charges, and all attorney fees subsequently accruing or charged thereto until the account is paid in full.

21.     Any and all fines charged to Ard's account are valid fines arising from actual Master Deed

---

[1] There are other unposted fees, legal fees, and accruing fees on this account that may not be reflected on this statement.

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP070 1818

violations of property use restrictions or obligations.

22.     Attached hereto as Exhibit "D" is a copy of the rights of Ard under the Fair Debt Collections

Practices Act and other disclosures regarding rights as a debtor

### FOR A FIRST CAUSE OF ACTION
### Lien Foreclosure

23.     Plaintiff hereby reiterates and restates the entirety of each and every allegation of the

foregoing paragraphs as if set forth *verbatim* herein.

24.     Upon information and belief, Ard owns the Property that is the subject of this action more

fully described above, and which is located at the Spa on Port Royal Sound Horizontal Property

Regime, Beaufort County, South Carolina.

25.     Ard has failed to pay sums due to Plaintiff as required by the Master Deed.

26.     Plaintiff has a lien against the Property described above that entitles it to foreclose upon the

Property for Ard's failure to pay sums due.

27.     Ard's failure to pay has damaged Plaintiff in an amount to be set forth at trial.

28.     Plaintiff is entitled to foreclose its lien under the Master Deed and South Carolina law.

### FOR A SECOND CAUSE OF ACTION
### Breach of Contract (Master Deed)

29.     Plaintiff hereby reiterates and restates the entirety of each and every allegation of the

foregoing paragraphs as if set forth *verbatim* herein.

30.     Ard did in fact enter into an agreement with the Plaintiff in Beaufort County, South Carolina,

whereby the same agreed to pay Plaintiff on open account for fees, fines, dues, assessments, as well

as other valid charges described in this Complaint, at its express order and request.

31.     Ard has not made sufficient payment on the aforesaid account as set forth above.

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

32.    Plaintiff has fully performed all duties and obligations on its part owed pursuant to the Master Deed.

33.    The failure of Ard to pay has damaged Plaintiff in amounts to be set forth at trial.

34.    Plaintiff is informed and believes that, by virtue of and as a direct consequence of the failure and refusal of Ard to pay sums owed, the same breached the aforesaid agreement, is/are now in default, and Plaintiff is entitled to Judgment against Ard for the above-stated amounts and accruing fees, including the costs and disbursements of this action, administrative charges, and all attorney fees subsequently accruing or charged thereto until the account is paid in full.

## FOR A THIRD CAUSE OF ACTION
### Unjust Enrichment

35.    Plaintiff hereby reiterates and restates the entirety of each and every allegation of the foregoing paragraphs as if set forth *verbatim* herein.

36.    Plaintiff bestowed, and Ard received, a non-gratuitous benefit that would be unjust for Ard to retain without requiring the same to pay a fair price for the services rendered and benefits bestowed upon Ard, and Plaintiff is entitled to a judgment in that amount.

37.    The failure of Ard to pay has damaged Plaintiff in amounts to be set forth at trial.

## FOR A FOURTH CAUSE OF ACTION
### Declaratory Judgment

38.    Plaintiff hereby reiterates and restates the entirety of each and every allegation of the foregoing paragraphs as if set forth *verbatim* herein.

39.    Upon information and belief, Plaintiff is entitled to a declaratory judgment that this action is not a mortgage foreclosure.

40.    Upon information and belief, Plaintiff is entitled to a declaratory judgment that the underlying debt is not as a result of a loan.

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

41.    Upon information and belief, Plaintiff is entitled to a declaratory judgment that the fine structure adopted by the Association is valid under the Master Deed.

42.    Upon information and belief, Plaintiff is entitled to a declaratory judgment that the CARES Act does not apply to non-mortgage foreclosures.

**WHEREFORE**, Plaintiff prays that this Honorable Court inquire into the matters set forth herein, and that it render judgment as follows:

A.    That the amount due and owing under the terms and conditions of the Master Deed be ascertained and determined under the direction of the Court together with all costs and disbursements of this action and attorney's fees, and that a judgment be granted to Plaintiff against Ard in that amount;

B.    That Plaintiff's lien priority be determined, and that Plaintiff have judgment for foreclosure;

C.    That the premises be sold under the direction of the Court, that the equity of redemption of Ard, and of any person or entity claiming right, title, estate lien or interest in or upon the liened premises junior to Plaintiff's interest be foreclosed and forever barred; and that the proceeds from the sale be applied:

FIRST:        To the costs of the sale, including any Clerk's or Master's commission;

SECOND:    To the payment and discharge of any amounts found be due and owing Plaintiff, together with the costs and disbursements of this action and reasonable attorneys fees; and

THIRD:        That the surplus, if any, be held and distributed according to the laws of this State.

D.    That the Sheriff of Beaufort County, South Carolina is directed to place the successful purchaser at said foreclosure sale in possession of the property should the same be necessary.

E.    That, in the alternative, Plaintiff is entitled to a judgment against Ard under the theory

of unjust enrichment.

     F.    That this action is not a mortgage foreclosure.

     G.    That the underlying debt is not as a result of a loan.

     H.    The fine structure adopted by the Association is valid under the Master Deed.

     I.    The fines and/or late charges assessed against Ard are valid.

     J.    That the CARES Act does not apply to non-mortgage foreclosures.

     K.    For any and all other and further relief as this Honorable Court may deem just,

proper, and appropriate under the circumstances.

**LAW OFFICE OF SCOTT M. WILD, LLC**

By: s/Scott M. Wild
    SC Bar # 76528
    Attorney for the Plaintiff
    P.O. Box 6867
    Hilton Head Island, SC 29938
    (843) 785-9453
    scott@wildlawfirm.com

Dated this 25th day of September, 2023,

Hilton Head Island, Beaufort County, South Carolina.

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 14TH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) CIVIL ACTION #: 2023-CP-07-_____ |
| | ) LIS PENDENS #: 2023-LP-07-_____ |
| Spa on Port Royal Sound Horizontal | ) |
| Property Regime, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) *Lis Pendens* |
| vs. | ) |
| | ) |
| Jacqueline Ard, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Please take notice that Spa on Port Royal Sound Horizontal Property Regime, Inc., has commenced or will commence an action in this Court upon Complaint of the same and against the above-named Defendants to foreclose a lien(s) affecting the following-described real property:

> ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

> TMS #:      R510 005 000 008B 3218

> Address:    239 Beach City Road #3218
>             Hilton Head Island, SC 29926

Said Lien to be foreclosed is of record as of March 16, 2022 with the Office of the Register of Deeds for Beaufort County, South Carolina, in Lien Book 151 at Pages 0902-0905.

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

**LAW OFFICE OF SCOTT M. WILD, LLC**

By: s/Scott M. Wild
    SC Bar # 76528
    Attorney for Plaintiff
    Post Office Box 6867
    Hilton Head Island, SC 29938
    (843) 785-9453
    scott@wildlawfirm.com

Dated this 25th day of September, 2023,

Hilton Head Island, Beaufort County, South Carolina.

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

# EXHIBIT "C"

to the Complaint in

*Spa on Port Royal Sound Horizontal Property Regime, Inc.*

*v.*

*Jacqueline Ard*

*(2023-CP-07-_____)*

Spa on Port Royal Sound
c/o IMC Resort Services, Inc
2 Corpus Christi, Suite #302
Hilton Head Island, SC 29928

Phone:  843-785-4775

| Account Number: | Statement Date: |
|---|---|
| 57251 | 9/25/2023 |
| Due Date | Amount Due: |
| | 9,527.02 |

*Make checks payable to your association*

**Send payment To:**

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

| DATE | TRANSACTION | AMOUNT | BALANCE | MEMO |
|---|---|---|---|---|
| 4/6/2022 | Payment | -579.83 | 1,827.54 | |
| 4/6/2022 | Payment | -579.83 | 1,247.71 | |
| 4/11/2022 | Late Fee | 32.66 | 1,280.37 | Account with Attorney |
| 4/26/2022 | Legal Owner | 248.69 | 1,529.06 | Legal  3/22  Wild  Inv. 15600 |
| 5/1/2022 | Association Fee | 316.18 | 1,845.24 | Association Fee |
| 5/1/2022 | Insurance Assessment | 162.82 | 2,008.06 | Insurance Fee |
| 5/1/2022 | Cable Fee | 51.00 | 2,059.06 | Cable/Internet |
| 5/1/2022 | Capital Reserve Fees | 49.83 | 2,108.89 | Capital Reserve Fee |
| 5/11/2022 | Late Fee | 115.51 | 2,224.40 | Account with Attorney |
| 6/1/2022 | Association Fee | 316.18 | 2,540.58 | Association Fee |
| 6/1/2022 | Insurance Assessment | 162.82 | 2,703.40 | Insurance Fee |
| 6/1/2022 | Cable Fee | 51.00 | 2,754.40 | Cable/Internet |
| 6/1/2022 | Capital Reserve Fees | 49.83 | 2,804.23 | Capital Reserve Fee |
| 6/7/2022 | Payment | -579.83 | 2,224.40 | |
| 6/7/2022 | Payment | -579.83 | 1,644.57 | |
| 6/11/2022 | Late Fee | 57.53 | 1,702.10 | Account with Attorney |
| 7/1/2022 | Association Fee | 316.18 | 2,018.28 | Association Fee |
| 7/1/2022 | Insurance Assessment | 162.82 | 2,181.10 | Insurance Fee |
| 7/1/2022 | Cable Fee | 51.00 | 2,232.10 | Cable/Internet |
| 7/1/2022 | Capital Reserve Fees | 49.83 | 2,281.93 | Capital Reserve Fee |
| 7/7/2022 | Payment | -579.83 | 1,702.10 | |
| 7/11/2022 | Late Fee | 57.53 | 1,759.63 | Account with Attorney |
| 8/1/2022 | Association Fee | 316.18 | 2,075.81 | Association Fee |

**FOLD ON PERFORATIONS, DETACH COUPON, AND RETURN IT WITH YOUR PAYMENT**

Date Paid:  _____

Check #:  _____

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

Make checks payable to your association
Detach and return this portion with your remittance

| Account Number: | Payment Due By: |
|---|---|
| 57251 | |
| Amount Due: | Amount Enclosed: |
| 9,527.02 | |

Property:  239 Beach City Road 3218
Hilton Head Island, SC 29926

In accordance with the rules of the National
Automated Clearing House, information from the
check sent with this payment may be used to
create an electronic debit to your account. The
electronic debit on your statement is valid as
proof of payment.

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP070101818

0000 000930 0000000000057251 ARD000000000 952702 0

Spa on Port Royal Sound                    Phone:  843-785-4775
c/o IMC Resort Services, Inc
2 Corpus Christi, Suite #302
Hilton Head Island, SC 29928

| Account Number: | Statement Date |
|---|---|
| 57251 | 9/25/2023 |
| Due Date | Amount Due: |
| | 9,527.02 |

*Make checks payable to your association*

**Send payment To:**

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

| DATE | TRANSACTION | AMOUNT | BALANCE | MEMO |
|---|---|---|---|---|
| 8/1/2022 | Insurance Assessment | 162.82 | 2,238.63 | Insurance Fee |
| 8/1/2022 | Cable Fee | 51.00 | 2,289.63 | Cable/Internet |
| 8/1/2022 | Capital Reserve Fees | 49.83 | 2,339.46 | Capital Reserve Fee |
| 8/8/2022 | Payment | -579.83 | 1,759.63 | |
| 8/11/2022 | Late Fee | 57.53 | 1,817.16 | Account with Attorney |
| 9/1/2022 | Association Fee | 316.18 | 2,133.34 | Association Fee |
| 9/1/2022 | Insurance Assessment | 162.82 | 2,296.16 | Insurance Fee |
| 9/1/2022 | Cable Fee | 51.00 | 2,347.16 | Cable/Internet |
| 9/1/2022 | Capital Reserve Fees | 49.83 | 2,396.99 | Capital Reserve Fee |
| 9/6/2022 | Payment | -579.83 | 1,817.16 | Lockbox Payment |
| 9/11/2022 | Late Fee | 57.53 | 1,874.69 | Account with Attorney |
| 10/1/2022 | Association Fee | 316.18 | 2,190.87 | Association Fee |
| 10/1/2022 | Insurance Assessment | 162.82 | 2,353.69 | Insurance Fee |
| 10/1/2022 | Cable Fee | 51.00 | 2,404.69 | Cable/Internet |
| 10/1/2022 | Capital Reserve Fees | 49.83 | 2,454.52 | Capital Reserve Fee |
| 10/7/2022 | Payment | -579.83 | 1,874.69 | |
| 10/11/2022 | Late Fee | 62.53 | 1,937.22 | Account with Attorney |
| 10/11/2022 | Owner Fines | 50.00 | 1,987.22 | 10/11/22: *Rules and Regulations Improper Sto |
| 11/1/2022 | Association Fee | 316.18 | 2,303.40 | Association Fee |
| 11/1/2022 | Insurance Assessment | 162.82 | 2,466.22 | Insurance Fee |
| 11/1/2022 | Cable Fee | 51.00 | 2,517.22 | Cable/Internet |
| 11/1/2022 | Capital Reserve Fees | 49.83 | 2,567.05 | Capital Reserve Fee |
| 11/8/2022 | Payment | -579.83 | 1,987.22 | |

**FOLD ON PERFORATIONS, DETACH COUPON, AND RETURN IT WITH YOUR PAYMENT**

Date Paid: _____

Check #: _____

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

Make checks payable to your association
Detach and return this portion with your remittance

| Account Number: | Payment Due By: |
|---|---|
| 57251 | |
| Amount Due: | Amount Enclosed: |
| 9,527.02 | |

Property:  239 Beach City Road 3218
Hilton Head Island, SC 29926

In accordance with the rules of the National
Automated Clearing House, information from the
check sent with this payment may be used to
create an electronic debit to your account. The
electronic debit on your statement is valid as
proof of payment.

0000 000930 0000000000057251 ARD000000000 952702 0

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP070018I8

Spa on Port Royal Sound
c/o IMC Resort Services, Inc
2 Corpus Christi, Suite #302
Hilton Head Island, SC 29928

Phone:  843-785-4775

| Account Number: | Statement Date |
|---|---|
| 57251 | 9/25/2023 |
| Due Date | Amount Due: |
| | 9,527.02 |

*Make checks payable to your association*

**Send payment To:**

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

| DATE | TRANSACTION | AMOUNT | BALANCE | MEMO |
|---|---|---|---|---|
| 11/11/2022 | Late Fee | 62.53 | 2,049.75 | Account with Attorney |
| 12/1/2022 | Association Fee | 316.18 | 2,365.93 | Association Fee |
| 12/1/2022 | Insurance Assessment | 162.82 | 2,528.75 | Insurance Fee |
| 12/1/2022 | Cable Fee | 51.00 | 2,579.75 | Cable/Internet |
| 12/1/2022 | Capital Reserve Fees | 49.83 | 2,629.58 | Capital Reserve Fee |
| 12/7/2022 | Payment | -579.83 | 2,049.75 | |
| 12/11/2022 | Late Fee | 62.53 | 2,112.28 | Account with Attorney |
| 1/1/2023 | Association Fee | 324.21 | 2,436.49 | Association Fee |
| 1/1/2023 | Insurance Assessment | 163.48 | 2,599.97 | Insurance Fee |
| 1/1/2023 | Cable Fee | 57.49 | 2,657.46 | Cable/Internet Fee |
| 1/1/2023 | Capital Reserve Fees | 49.82 | 2,707.28 | Capital Reserve Fee |
| 1/9/2023 | Payment | -595.00 | 2,112.28 | |
| 1/9/2023 | Legal Owner | 226.32 | 2,338.60 | Legal  12/22  Wild  Inv. 16219 |
| 1/11/2023 | Late Fee | 85.16 | 2,423.76 | Account with Attorney |
| 2/1/2023 | Association Fee | 324.21 | 2,747.97 | Association Fee |
| 2/1/2023 | Insurance Assessment | 163.48 | 2,911.45 | Insurance Fee |
| 2/1/2023 | Cable Fee | 57.49 | 2,968.94 | Cable/Internet Fee |
| 2/1/2023 | Capital Reserve Fees | 49.82 | 3,018.76 | Capital Reserve Fee |
| 2/7/2023 | Payment | -595.00 | 2,423.76 | |
| 2/11/2023 | Late Fee | 85.16 | 2,508.92 | Account with Attorney |
| 3/1/2023 | Association Fee | 324.21 | 2,833.13 | Association Fee |
| 3/1/2023 | Insurance Assessment | 163.48 | 2,996.61 | Insurance Fee |
| 3/1/2023 | Cable Fee | 57.49 | 3,054.10 | Cable/Internet Fee |

**FOLD ON PERFORATIONS, DETACH COUPON, AND RETURN IT WITH YOUR PAYMENT**

Date Paid: _____

Check #: _____

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

Make checks payable to your association
Detach and return this portion with your remittance

| Account Number: | Payment Due By: |
|---|---|
| 57251 | |
| Amount Due: | Amount Enclosed: |
| 9,527.02 | |

Property:  239 Beach City Road 3218
Hilton Head Island, SC 29926

In accordance with the rules of the National
Automated Clearing House, information from the
check sent with this payment may be used to
create an electronic debit to your account. The
electronic debit on your statement is valid as
proof of payment.

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

0000 000930 0000000000057251 ARD000000000 952702 0

Spa on Port Royal Sound
c/o IMC Resort Services, Inc
2 Corpus Christi, Suite #302
Hilton Head Island, SC 29928

Phone:  843-785-4775

| Account Number: | Statement Date |
|---|---|
| 57251 | 9/25/2023 |
| Due Date | Amount Due: |
| | 9,527.02 |

*Make checks payable to your association*

**Send payment To:**

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

| DATE | TRANSACTION | AMOUNT | BALANCE | MEMO |
|---|---|---|---|---|
| 3/1/2023 | 2023 Insurance Shortfall | 641.78 | 3,695.88 | Insurance Shortfall |
| 3/1/2023 | Capital Reserve Fees | 49.82 | 3,745.70 | Capital Reserve Fee |
| 3/7/2023 | Payment | -595.00 | 3,150.70 | |
| 3/11/2023 | Late Fee | 149.34 | 3,300.04 | Account with Attorney |
| 4/1/2023 | Association Fee | 324.21 | 3,624.25 | Association Fee |
| 4/1/2023 | Insurance Assessment | 163.48 | 3,787.73 | Insurance Fee |
| 4/1/2023 | Cable Fee | 57.49 | 3,845.22 | Cable/Internet Fee |
| 4/1/2023 | 2023 Insurance Shortfall | 641.78 | 4,487.00 | Insurance Shortfall |
| 4/1/2023 | Capital Reserve Fees | 49.82 | 4,536.82 | Capital Reserve Fee |
| 4/7/2023 | Payment | -595.00 | 3,941.82 | |
| 4/11/2023 | Late Fee | 213.51 | 4,155.33 | Account with Attorney |
| 5/1/2023 | Association Fee | 324.21 | 4,479.54 | Association Fee |
| 5/1/2023 | Insurance Assessment | 163.48 | 4,643.02 | Insurance Fee |
| 5/1/2023 | Cable Fee | 57.49 | 4,700.51 | Cable/Internet Fee |
| 5/1/2023 | 2023 Insurance Shortfall | 641.78 | 5,342.29 | Insurance Shortfall |
| 5/1/2023 | Capital Reserve Fees | 49.82 | 5,392.11 | Capital Reserve Fee |
| 5/9/2023 | Payment | -595.00 | 4,797.11 | |
| 5/11/2023 | Late Fee | 277.69 | 5,074.80 | Account with Attorney |
| 6/1/2023 | Association Fee | 324.21 | 5,399.01 | Association Fee |
| 6/1/2023 | Insurance Assessment | 163.48 | 5,562.49 | Insurance Fee |
| 6/1/2023 | Cable Fee | 57.49 | 5,619.98 | Cable/Internet Fee |
| 6/1/2023 | 2023 Insurance Shortfall | 641.78 | 6,261.76 | Insurance Shortfall |
| 6/1/2023 | Capital Reserve Fees | 49.82 | 6,311.58 | Capital Reserve Fee |

**FOLD ON PERFORATIONS, DETACH COUPON, AND RETURN IT WITH YOUR PAYMENT**

Date Paid:  _____

Check #:  _____

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

Make checks payable to your association
Detach and return this portion with your remittance

| Account Number: | Payment Due By: |
|---|---|
| 57251 | |
| Amount Due: | Amount Enclosed: |
| 9,527.02 | |

Property:  239 Beach City Road 3218
Hilton Head Island, SC 29926

In accordance with the rules of the National
Automated Clearing House, information from the
check sent with this payment may be used to
create an electronic debit to your account. The
electronic debit on your statement is valid as
proof of payment.

0000 000930 0000000000057251 ARD000000000 952702 0

Spa on Port Royal Sound
c/o IMC Resort Services, Inc
2 Corpus Christi, Suite #302
Hilton Head Island, SC 29928

Phone: 843-785-4775

| Account Number: | Statement Date |
|---|---|
| 57251 | 9/25/2023 |
| Due Date | Amount Due: |
| | 9,527.02 |

*Make checks payable to your association*

**Send payment To:**

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

| DATE | TRANSACTION | AMOUNT | BALANCE | MEMO |
|---|---|---|---|---|
| 6/6/2023 | Payment | -595.00 | 5,716.58 | Lockbox Payment |
| 6/11/2023 | Late Fee | 341.87 | 6,058.45 | Account with Attorney |
| 7/1/2023 | Association Fee | 324.21 | 6,382.66 | Association Fee |
| 7/1/2023 | Insurance Assessment | 163.48 | 6,546.14 | Insurance Fee |
| 7/1/2023 | Cable Fee | 57.49 | 6,603.63 | Cable/Internet Fee |
| 7/1/2023 | 2023 Insurance Shortfall | 641.78 | 7,245.41 | Insurance Shortfall |
| 7/1/2023 | Capital Reserve Fees | 49.82 | 7,295.23 | Capital Reserve Fee |
| 7/7/2023 | Payment | -595.00 | 6,700.23 | |
| 7/11/2023 | Late Fee | 470.55 | 7,170.78 | Account with Attorney |
| 7/12/2023 | Return Item Fee | 50.00 | 7,220.78 | Returned Echeck/Insufficient Funds/Not. by ban |
| 7/12/2023 | Returned Check | 595.00 | 7,815.78 | Returned Echeck/Insufficient Funds/Not. by ban |
| 8/1/2023 | Association Fee | 324.21 | 8,139.99 | Association Fee |
| 8/1/2023 | Insurance Assessment | 163.48 | 8,303.47 | Insurance Fee |
| 8/1/2023 | Cable Fee | 57.49 | 8,360.96 | Cable/Internet Fee |
| 8/1/2023 | 2023 Insurance Shortfall | 641.78 | 9,002.74 | Insurance Shortfall |
| 8/1/2023 | Capital Reserve Fees | 49.82 | 9,052.56 | Capital Reserve Fee |
| 8/9/2023 | Payment | -595.00 | 8,457.56 | |
| 8/11/2023 | Late Fee | 534.73 | 8,992.29 | Account with Attorney |
| 9/1/2023 | Association Fee | 324.21 | 9,316.50 | Association Fee |
| 9/1/2023 | Insurance Assessment | 163.48 | 9,479.98 | Insurance Fee |
| 9/1/2023 | Cable Fee | 57.49 | 9,537.47 | Cable/Internet Fee |
| 9/1/2023 | Capital Reserve Fees | 49.82 | 9,587.29 | Capital Reserve Fee |
| 9/7/2023 | Payment | -595.00 | 8,992.29 | |

**FOLD ON PERFORATIONS, DETACH COUPON, AND RETURN IT WITH YOUR PAYMENT**

Date Paid: _____

Check #: _____

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

Make checks payable to your association
Detach and return this portion with your remittance

| Account Number: | Payment Due By: |
|---|---|
| 57251 | |
| Amount Due: | Amount Enclosed: |
| 9,527.02 | |

Property:  239 Beach City Road 3218
Hilton Head Island, SC 29926

In accordance with the rules of the National
Automated Clearing House, information from the
check sent with this payment may be used to
create an electronic debit to your account. The
electronic debit on your statement is valid as
proof of payment.

0000 000930 0000000000057251 ARD000000000 952702 0

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

Spa on Port Royal Sound
c/o IMC Resort Services, Inc
2 Corpus Christi, Suite #302
Hilton Head Island, SC 29928

Phone:  843-785-4775

| Account Number: | Statement Date |
|---|---|
| 57251 | 9/25/2023 |
| Due Date | Amount Due: |
| | 9,527.02 |

*Make checks payable to your association*

**Send payment To:**

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

| DATE | TRANSACTION | AMOUNT | BALANCE | MEMO |
|---|---|---|---|---|
| 9/11/2023 | Late Fee | 534.73 | 9,527.02 | Account with Attorney |

### Pay This Amount: $9,527.02

**Please send all correspondence or any inquiries on your invoice to:**
IMC Resort Services, Inc
2 Corpus Christi, Suite #302
Hilton Head Island, SC 29928

ELECTRONICALLY FILED - 2023 Sep 25 11:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

**FOLD ON PERFORATIONS, DETACH COUPON, AND RETURN IT WITH YOUR PAYMENT**

Date Paid: _____

Check #: _____

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076

Make checks payable to your association
Detach and return this portion with your remittance

| Account Number: | Payment Due By: |
|---|---|
| 57251 | |
| Amount Due: | Amount Enclosed: |
| 9,527.02 | |

Property:  239 Beach City Road 3218
Hilton Head Island, SC 29926

In accordance with the rules of the National
Automated Clearing House, information from the
check sent with this payment may be used to
create an electronic debit to your account. The
electronic debit on your statement is valid as
proof of payment.

0000 000930 0000000000057251 ARD000000000 952702 0

RETURN

ELECTRONICALLY FILED - 2023 Oct 11 8:21 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

Court Case No.    23CP0701818

# OUT-OF-STATE PROOF OF NON SERVICE

Certificate / Affidavit of Service of Sworn Officer: I certify that I am a sworn and duly appointed Oakland County Special Deputy Sheriff and that I attempted to serve a copy of:

SUMMONS, COMPLAINT, LIS PENDENS

9/28/23 2:44PM: LEFT CARD WITH MALE

10/4/23 5:05PM: LEFT CARD ON DOOR. NO RESPONSE FROM DEFENDANT

Upon: JAQUELINE ARD

At the following address:

21215 DARTMOUTH DR SOUTHFIELD, MI

On _Wednesday_ the _4_ day of _October_ 20 _23_
   DAY              Date          Month         Year

at _5:05pm_
   Time (am/pm)

Print Name: SPECIAL DEPUTY WASHINGTON    Badge:    #2610

Signature: _____    Date: _10/4/23_

Subscribed to and sworn before me this _4th_ day of _Oct_, 20 _23_

Maureen V. Howald
Notary Public—State of Michigan
County of Oakland
My Commission Expires August 3, 2024
Acting in the County of Oakland

ELECTRONICALLY FILED - 2025 Mar 06 1:16 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

## NOTICE OF FORECLOSURE SALE

### [Please Note that Sale not Conducted at Courthouse]

BY VIRTUE OF A DECREE by Special Referee Jannine M. Mutterer, Esq., heretofore issued in the Court of Common Pleas in the case of Spa on Port Royal Sound Horizontal Property Regime, Inc. v. Jacqueline E. Ard, Civil Action No.: 2023-CP-07-01818, the undersigned will sell on April 7, 2025 at 1 p.m., in the Law Office of Jannine Mutterer, located at 5 Red Cedar Street, Suite 102, Bluffton, South Carolina 29910, the following real property (hereinafter referred as to the "Property") to the highest bidder:

> ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

> TMS # :        R510-005-000-008B-3218

> Address:        239 Beach City Road, Apt. 3218
>                 Hilton Head Island, SC 29926

TERMS OF SALE: For cash. Other than the Plaintiff in this matter, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association"), the successful bidder will deposit with the said undersigned's Special Referee's office, at the conclusion of the bidding, five percent (5%) of the bid, in cash or equivalent, as evidence of good faith, the same to be applied to the purchase price in case of compliance, but to be forfeited and applied first to costs and then to the debt owed the Association in the case of non-compliance. Should the last and highest bidder fail or refuse to make the required deposit at the time of bid or comply with the other terms of the bid within thirty (30) days, then said undersigned Special Referee may resell the Property on the same terms and conditions on some subsequent Sale Day (at risk of the said highest bidder).

1

Eleven and one-half *per cent* (11.5%) annual interest shall be paid on the bid balance until the date of compliance, or the then-prevailing statutory judgment interest rate.

THE ASSOCIATION HAS WAIVED ITS RIGHT TO OBTAIN A DEFICIENCY JUDGMENT, AND THE SALE SHALL BECOME FINAL ON THE SALE DATE PURSUANT TO THE TERMS OF SALE SET OUT ABOVE.

Purchaser to pay for preparation of the Special Referee's Deed, documentary stamps on the deed and recording of the deed.

Said sale will not be held unless the Association or its attorney is present at said sale.

SAID PROPERTY TO BE SOLD SUBJECT TO ANY LIENS OF RECORD NOT RELEASED BY VIRTUE OF THE ABOVE-REFERENCED FORECLOSURE, INCLUDING ANY MORTGAGE OF RECORD, AND NEITHER THE ASSOCIATION NOR THE UNDERSIGNED WARRANT TITLE UPON PURCHASE. ANY BIDDER IS RESPONSIBLE FOR CONDUCTING THEIR OWN TITLE SEARCH AND EXAMINATION.

Jannine M. Mutterer, Esq., Special Referee
for Beaufort County, South Carolina

Bluffton, South Carolina,

This 6th day of March, 2025.

LAW OFFICE OF SCOTT M. WILD, LLC
SCOTT M. WILD, ESQUIRE
P.O. Box 6867
Hilton Head Island, SC 29938
Attorney for the Plaintiff

ELECTRONICALLY FILED - 2025 Mar 06 1:16 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP070181818

2

STATE OF SOUTH CAROLINA

COUNTY OF BEAUFORT

Jacqueline E. Ard

                    Defendant,

v.

Spa on Port Royal Sound Horizontal
Property Regime, Inc

                    Plaintiff.

IN THE COURT OF COMMON PLEAS

FOR THE 14TH JUDICIAL CIRCUIT

CIVIL ACTION #: 2023-CP-07-01818

**EMERGENCY MOTION TO STAY
FORECLOSURE SALE IMMEDIATELY,
TO VACATE DEFAULT JUDGMENT,
AND DISQUALIFY SPECIAL REFEREE
DUE TO BIAS, PROCEDURAL
DEFECTS, AND IMPROPER SERVICE**

**COMES NOW,** Jacqueline Ard, pro se, and respectfully moves this court for an

**Emergency Order Staying the Foreclosure Sale, Vacating the Default Judgment** and

**Disqualifying the Special Referee** due to **procedural defects, improper notice, unauthorized**

**fees, failure to comply with statutory requirements, and bias** that render the Foreclosure Sale

dated for April 7, 2025, legally void. In support thereof, defended states as follows:

**I.      INTRODUCTION AND EMERGENCY RELIEF REQUESTED**

Defendant urgently moves this Court to:

1. **Stay** the foreclosure sale of 239 Beach City Road, Apt 3218, Hilton Head Is,
   SC 29926 TMS# R510-005-000-008B-3218 scheduled for April 7, 2025;

2. **Vacate** the Default Judgment due to fatal service defects under **SCRCP 4**;

3. **Disqualify** Special Referee Jannine Mutterer for **conflict of interest**;

4. **Sanction Plaintiff** under **SC RICO Act (S.C. Code § 16-14-10)**

   - Fraudulent inflation of debt (original complaint: $9,146.76; fraudulent
     judgment: $31,084.41)

   - Predatory fee assessments

Defendant **seeks an Emergency Stay on the Foreclosure Sale** to prevent irreparable

harm and requests an expedited hearing to address these issues.

## II.   FACTUAL BACKGROUND

Plaintiff has scheduled a foreclosure sale for April 7, 2025, but the foreclosure process is

fatally flawed due to:

### A. Failure to Provide Proper Notice

1. **S.C. Code § 15-39-620, §29-3-630** requires strict compliance with foreclosure

   notice and publication rules.

2. **S.C. Code Ann. § 29-3-610** requires that a creditor must send a **Notice of

   Default** and **Right to Cure** before filing a foreclosure action.

3. **In Wells Fargo Bank, N.A. v. Turner, 424 S.C. 157, 817 S.E.2d 110 (Ct.

   App. 2018)** the Carolina Court of Appeals held that failure to send proper

   notice before initiating foreclosure is grounds for dismissal.

4. **BAC HOME Loans Servicing, LP v. Kinder, 398 S.C. 619, 730 S.E.2d 897

   (Ct. App. 2012)** confirmed that failure to follow statutory notice requirements

   voids a foreclosure proceeding.

Since the Plaintiff failed to provide the required notice, the foreclosure proceedings

must be dismissed.

### B. Improper Service of Process

1. **Rule 4(d)(1), SCRCP** requires proper service to confer jurisdiction. Plaintiff

   failed to serve the foreclosure complaint in compliance with Rule 4 SCRCP.

2. **Rule 3(a)(2), SCRCP** a complaint must be properly filed and served. Service

must be accomplished not later than 120 days after filing.

3. **Roche v. Young Bros., Inc. of Florence, 318 S.C. 207, 456 S.E.2d 897 (1995)** held that improper service renders a court's jurisdiction void and mandates dismissal of the action.

4. **Regions Bank v. Strawn, 402 S.C. 52, 738 S.E.2d 194 (2013)** reaffirmed that failure to properly serve a defendant results in dismissal of the foreclosure action.

5. **Montgomery v. Mullins, 325 S.C. 500, 480 S.E.2d 467 (Ct. App. 1997),** dismissed a case due to failure to complete service within the prescribed time.

6. **Mack v. South Carolina Department of Social Services, 361 S.C. 198, 603 S.E.2d 598 (2004),** reaffirmed that failure to comply with service deadlines results in case dismissal.

Because the Plaintiff failed to serve the Defendant properly and did not meet the deadline for service, the foreclosure action is void and must be dismissed.

### C. Excessive and Unauthorized HOA Fees

1. **S.C. Code Ann. § 27-30-130** requires an HOA to follow specific procedures when imposing assessments and fees.

2. **Winrose HOA v. Hale, 395 S.C. 522, 720 S.E.2d 711 (Ct. App. 2011)** held that an HOA may not enforce assessments that were not properly authorized.

3. **S.C. Code Ann. § 27-30-130B(2)** mandates that HOA governing documents, rules, regulations, and amendments must be recorded in the county clerk of court's office following their adoption or amendment in order to be

enforceable. **§27-30-130(B)(2)** mandates that in order to remain enforceable, a homeowners association's rules, regulations, and amendments to rules and regulations must be recorded in the clerk of court's or register of deeds office in the county in which the property is located by **January 10** of each year following their adoption or amendment.

4. **Sea Pines Plantation Co. v. Wells, 294 S.C. 174, 363 S.E.2d 891 (1987)** held that restrictive covenants must be strictly construed; noncompliance renders them unenforceable.

5. **Waterside Landing Homeowners ass'n v. Town of Mt. Pleasant,** 415 S.C. 555, 784 S.E.2d 226 (2016) ruled that HOA's must strictly adhere to statutory filing requirements for enforceability.

Courts in South Carolina have repeatedly held that failure to comply with statutory requirements for HOA enforcement negates any claims for foreclosure. See **Christensen v. Mikell, 324 S.C. 70, 476 S.E.2d 692 (1996) and Kelley v. Kelley, 324 S.C. 481, 477 S.E.2d 727 (Ct. App. 1996).**

**D. Disqualification of Special Referee Due to Bias and Partiality**

1. **Judicial Impartiality Standard:** Under **Canon 3(E)(1) of the South Carolina Code of Judicial Conduct,** a special referee must disqualify themselves where impartiality may be reasonably questioned.

2. **Ex Parte Communications and Conflicts of Interest:** The Special Referee has engaged in improper communications and demonstrated favoritism toward the Plaintiff, warranting disqualification under **Rule 63, SCRCP.**

3. In **Christensen v. Mikell, 324 S.C. 70, 476 S.E.2d 692 (1996)**, the South Carolina Supreme Court held that even the appearance of partiality requires disqualification.

4. **Patel v. Patel, 359 S.C. 515, 599 S.E.2d 114 (2004)** states that ex parte communications or prior rulings demonstrating bias necessitate judicial recusal.

5. In **Patel v. Patel, 359 S.C. 515, 599 S.E.2d 114 (2004)**, the South Carolina Supreme Court ruled that any judge demonstrating bias must be disqualified.

6. **In re Wilkins, 385 S.C. 119 (2009)** prior representation of a party's related entity requires recusal

7. **State v. Keisler, 333 S.C. 82 (1998)** appearance of bias undermines due process

8. **Caperton v A.T. Massey Coal Co., 556 U.S. 868 (2009)** Appearance of bias violates Due Process

9. **Keisler (1998)** Prior representation of related party requires recusal

10. **Violation of 28 U.S.C. § 455(a):** "Financial interest" in related cases.

11. **Violation of SC Judicial Conduct Rule 501**: Bias shown by prejudgment.

**Undisclosed Conflict of Interest:** Special Referee Jannine Mutterer S.C. Bar No. 78433 was previously the debt collector and attorney for Defendants' creditor (Estate at Westbury). Referee Mutterer failed to disclose this financial relationship before her acceptance to preside over this matter which violates **SC Judicial Conduct Canon 3(E)(1)(b).** Disqualification is mandatory under **Rule 501, SCACR (judicial**

impartiality) and S.C. Code § 14-17-10

E. RELIEF REQUESTED

**WHEREFORE,** Defendant Jacqueline Ard respectfully requests that this Court:

12. Issue an immediate Stay of the foreclosure action pending further review; due to procedural defects and lack of jurisdiction;

13. Declare the excessive fees or fines, unauthorized assessments, and inflated costs deemed unenforceable due to non-compliance with state law;

14. Immediate removal of Special Referee Jannine Mutterer for failure to disclose conflict of interest, and lack of impartiality;

15. Find that the Plaintiff failed to meet statutory publication and notice requirements, rendering the foreclosure sale void;

16. Schedule and conduct a hearing on this Emergency Motion as soon as practicable; and

17. Grant any further relief that the Court deems just and proper.

Respectfully submitted,

Jacqueline E. Ard
239 Beach City Rd unit 3218
Hilton Head Island, SC 29928
Phone: (313) 770-7051
jacquelineard72@gmail.com

Date: 04/01/2025
Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Apr 03 2:46 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

**FORM 4**

**STATE OF SOUTH CAROLINA**
**COUNTY OF** BEAUFORT
**IN THE COURT OF COMMON PLEAS**

**JUDGMENT IN A CIVIL CASE**

**CASE NO.** 2023-CP-07-01818

Spa on Port Royal Sound Horizontal Property Regime, Inc.

Jacqueline E. Ard

_____                    _____

**PLAINTIFF(S)**                             **DEFENDANT(S)**

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award: ☐ Other

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed: ☐ Reversed: ☐ Remanded: ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☒ Statement of Judgment by the Court:

The Defendant, Jacqueline E. Ard's Emergency Motion to Stay Foreclosure Sale Immediately, To Vacate Default Judgment, And to Disqualify Special Referee Due to Bias, Procedural Defects and Improper Service was filed on April 1, 2025. The matter was heard via Zoom on April 3, 2025.

Defendant's Motion to Disqualify Special Referee. Defendant did not file supporting affidavits or exhibits. The legal standard for recusal provides that the decision to recuse is determined solely by the trial judge. A judge's impartiality is not questioned when the factual findings are supported by the record. It is not enough for a party to simply allege bias; a party seeking disqualification of a judge must show evidence of bias or prejudice. Roper v. Dynamique Concepts, Inc, (1994) 316 S.C. 131. 139. The decision in this matter was based solely on the information presented in the case and the Defendant did not provide extrinsic evidence of bias or prejudice. The Defendant's Motion to Disqualify Special Referee is DENIED.

Defendant's motion to Stay the Foreclosure Sale and Vacate the Default Judgment. Defendant did not file supporting affidavits or exhibits. Defendant testified and the record reflects she was served with the Summons and Complaint on April 28, 2024 as required by SCRCP 4(d)(1). SCRCP Rule 3(1) provides an action is commenced upon filing the summons and complaint if service is made within the statute of limitations. The court finds the matter was commenced within this period. SCRCP Rule 3(a)(2) is inapplicable as the statute of limitations had not run in the action. Further, the Court finds Ms. Ard testified of her awareness of the action from at least April 28, 2024 and failed to file an appearance in the matter or appear at any hearing. Defendant provided no evidence of mistake, inadvertence, excusable neglect or of newly discovered evidence which due diligence could have discovered upon to relieve the Defendant from a final judgment under SCRCP Rule 60. Defendant's motion to Stay the Foreclosure Sale and Vacate the Default Judgment is DENIED.

Defendant's Motion to Sanction the plaintiff being substantive and outside of the scope of above referenced motions was not heard.

## ORDER INFORMATION

This order ☐ ends ☒ does not end the case.
Additional Information for the Clerk : _____

---

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk.
**Note: Title abstractors and researchers should refer to the official court order for judgment details.**

_Jannine mutteru_                  **4/3/25**
Special Referee for Beaufort County       **Judge Code**       **Date**

## For Clerk of Court Office Use Only

This judgment was entered on the _____ day of _____ , 20 _____ and a copy mailed first class or placed in the appropriate attorney's box on this _____ day of _____ , 20 _____ to attorneys of record or to parties (when appearing pro se) as follows:

_____       _____
_____       _____

**ATTORNEY(S) FOR THE PLAINTIFF(S)**       **ATTORNEY(S) FOR THE DEFENDANT(S)**

      _____
      **CLERK OF COURT**

**Court Reporter:**

---

**ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON PAGE 1.**

This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FORM 4C INSTRUCTIONS—JUDGMENT IN A CIVIL CASE
### (Instructions for Information Only-Not to be filed with Form 4C)

1. Form 4C-Judgment in a Civil Case has been modified to add order information and enrollment instructions for the clerk of court. The purpose of Form 4 has not changed with the exception that judgment information is provided when applicable.

ELECTRONICALLY FILED - 2025 Apr 03 2:46 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2025 Apr 04 11:46 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP070003218

# McClatchy

The Beaufort Gazette — Durham | The Herald-Sun — The Modesto Bee
The Belleville News-Democrat — Fort Worth Star-Telegram — The Sun News - Myrtle Beach
Bellingham Herald — The Fresno Bee — Raleigh News & Observer
Centre Daily Times — The Island Packet — Rock Hill | The Herald
Sun Herald — The Kansas City Star — The Sacramento Bee
Idaho Statesman — Lexington Herald-Leader — San Luis Obispo Tribune
Bradenton Herald — The Telegraph - Macon — Tacoma | The News Tribune
The Charlotte Observer — Merced Sun-Star — Tri-City Herald
The State — Miami Herald — The Wichita Eagle
Ledger-Enquirer — El Nuevo Herald — The Olympian

## AFFIDAVIT OF PUBLICATION

| Account # | Order Number | Identification | Order PO | Cols | Depth |
|---|---|---|---|---|---|
| 48415 | 646673 | Print Legal Ad-IPL02234820 - IPL0223482 | | 1 | 87 L |

**Attention:** Scott Wild

Law Office of Scott M. Wild, LLC
P.O. Box 6867
Hilton Head Island, SC 29938

tracy@wildlawfirm.com

---

**NOTICE OF FORECLOSURE SALE**
**[Please Note that Sale not Conducted at Courthouse]**

BY VIRTUE OF A DECREE by Special Referee Jannine M. Mutterer, Esq., heretofore issued in the Court of Common Pleas in the case of Spa on Port Royal Sound Horizontal Property Regime, Inc. v. Jacqueline E. Ard, Civil Action No.: 2023-CP-07-01818, the undersigned will sell on April 7, 2025 at 1 p.m., in the Law Office of Jannine Mutterer, located at 5 Red Cedar Street, Suite 102, Bluffton, South Carolina 29910, the following real property hereinafter referred as to the "Property") to the highest bidder:

ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS # :      R510-005-000-0088-3218
Address:     239 Beach City Road, Apt. 3218
             Hilton Head Island, SC 29926

TERMS OF SALE: For cash. Other than the Plaintiff in this matter, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association"), the successful bidder will deposit with the said undersigned's Special Referee's office, at the conclusion of the bidding, five percent (5%) of the bid, in cash or equivalent, as evidence of good faith, the same to be applied to the purchase price in case of compliance, but to be forfeited and applied first to costs and then to the debt owed the Association in the case of non-compliance. Should the last and highest bidder fail or refuse to make the required deposit at the time of bid or comply with the other terms of the bid within thirty (30) days, then said undersigned Special Referee may resell the Property on the same terms and conditions on some subsequent Sale Day (at risk of the said highest bidder). Eleven and one-half per cent (11.5%) annual interest shall be paid on the bid balance until the date of compliance, or the then-prevailing statutory judgment interest rate.

THE ASSOCIATION HAS WAIVED ITS RIGHT TO OBTAIN A DEFICIENCY JUDGMENT, AND THE SALE SHALL BECOME FINAL ON THE SALE DATE PURSUANT TO THE TERMS OF SALE SET OUT ABOVE.

Purchaser to pay for preparation of the Special Referee's Deed, documentary stamps on the deed and recording of the deed.

Said sale will not be held unless the Association or its attorney is present at said sale.

SAID PROPERTY TO BE SOLD SUBJECT TO ANY LIENS OF RECORD NOT RELEASED BY VIRTUE OF THE ABOVE-REFERENCED FORECLOSURE, INCLUDING ANY MORTGAGE OF RECORD, AND NEITHER THE ASSOCIATION NOR THE UNDERSIGNED WARRANT TITLE UPON PURCHASE. ANY BIDDER IS RESPONSIBLE FOR CONDUCTING THEIR OWN TITLE SEARCH AND EXAMINATION.

Jannine M. Mutterer, Esq., Special Referee for Beaufort County, South Carolina

Bluffton, South Carolina,
This 6th day of March, 2025.

LAW OFFICE OF SCOTT M. WILD, LLC
SCOTT M. WILD, ESQUIRE
P.O. Box 6867
Hilton Head Island, SC 29938
Attorney for the Plaintiff
IPL0223482
Mar 21,28;Apr 4 2025

---

STATE OF                    )

SOUTH CAROLINA        ) AFFIDAVIT

COUNTY OF BEAUFORT   )

I, Mary Castro, makes oath that the advertisment, was published in The Island Packet and The Beaufort Gazette, a newspaper published in Beaufort County, State and County aforesaid, in the issue(s) of

3 insertion(s) published on:
03/21/25, 03/28/25, 04/24/25

*Mary Castro*

Mary Castro

Sworn to and subscribed before me this 4th day of April in the year of 2025

*Amy Robbins*

Notary Public in and for the state of South Carolina, residing in Beaufort County



AMY L. ROBBINS
NOTARY PUBLIC
SOUTH CAROLINA
MY COMMISSION EXPIRES 11-03-32

Extra charge for lost or duplicate affidavits.
Legal document please do not destroy!

ELECTRONICALLY FILED - 2025 Apr 10 11:44 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | **FOR THE 14TH JUDICIAL CIRCUIT** |
| **COUNTY OF BEAUFORT** | ) | **CIVIL ACTION #: 2023-CP-07-01818** |
| | ) | |
| **Spa on Port Royal Sound Horizontal** | ) | |
| **Property Regime, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Motion to Appoint Receiver** |
| | ) | **and Set Bond** |
| **vs.** | ) | |
| | ) | |
| **Jacqueline E. Ard,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**TO:    Jacqueline Ard**

You will please take notice that the undersigned, on behalf of the Plaintiff, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Plaintiff"), will move on the tenth (10th) day hereafter, and on a date to be set by the Court, for an Order appointing a Receiver to collect any rents generated by the property that is the subject of this foreclosure (hereinafter, the "Property") and to set bond. This motion is based upon Rule 66 of the *South Carolina Rules of Civil Procedure* and S.C. Code Ann. §§ 18-9-170 & 27-31-210 (1976, as amended). You are invited to attend and take part as you deem fit. Should you fail to attend, relief may be awarded without argument.

The Property is further described as follows:

> ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and

ELECTRONICALLY FILED - 2025 Apr 10 11:44 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS #:        R510 005 000 008B 3218

Address:      239 Beach City Road #3218
              Hilton Head Island, SC 29926

A reasonable rental value for the Property is the actual amounts charged each rental occupant for the use of the Property.

## Receiver

As grounds therefore, Plaintiff would show that the Property is used for rental income purposes by short-term and vacation guests. This rental use puts a use and access burden on Plaintiff. There is no mortgage on the Property and Defendant remains delinquent, and is necessary to keep this Property performing and the delinquency from ballooning during the Appellate period.

WHEREFORE, Plaintiff requests that this Court appoint a Receiver to manage the Property, to collect any rents generated by the Property. Specifically, Plaintiff requests the Receiver have power to:

1.    collect rents;

2.    sue Defendant for collection on unremitted rents;

3.    move to hold the Defendant in contempt for failing to abide by any Order appointing said receiver;

4.    sue to administer rentals;

5.    bring proceedings against tenants as necessary to protect the income generating ability of the leased Property, including ejectment;

6.    enjoin, restrain, or otherwise prevent any tenant(s) from paying any rent or

ELECTRONICALLY FILED - 2025 Apr 10 11:44 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

other revenue for the Property to anyone other than the Receiver;

      7.     prevent Defendant or any tenant(s) from destroying transferring, conveying, or otherwise encumbering all or any portion of the Property, other assets, furniture, fixtures, or equipment;

      8.     demand records from any tenant(s) or the Defendant relating to the leased property, the lease terms, the lease accounts, etc.;

      9.     perform and submit an accounting of the rents;

      10.     use all such powers as deemed necessary to enable to the Receiver to properly carry out the terms of the Receivership and to fulfill his/her/its/their duties as Receiver;

      11.     employ such assistants, servants, agents, attorneys, accountants, other professionals, managing agents, leasing agents and any other person(s), firm(s) or corporation(s) as he/she/it/they deem(s) necessary and proper to assist him/her/it/them in diligently executing the powers imposed on him/her/it/them relative to managing, operating, insuring, maintaining, preserving, protecting and developing the Property in his/her/its/their possession or under his/her/its/their care and control as Receiver, on such terms and conditions as he/she/it/they deems just and beneficial to the performance of his/her/its/their responsibilities as Receiver;

      12.     pay the reasonable value of the services rendered by such person(s), firm(s) or corporation(s) from the funds hereinafter received by him/her/it/them and in his/her/its/their possession as Receiver; including the Receiver's own;

      13.     accept cash advances made by the moving party or any other holder of a Note and/or to borrow funds from any source the Receiver deems appropriate for his/her/its/their use in operating and preserving the Property.

      14.     pay accruing fees due The Spa on Port Royal Sound Horizontal Property

ELECTRONICALLY FILED - 2025 Apr 10 11:44 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

Regime, Inc;

WHEREFORE, Plaintiff also requests that this Court set a bond and that payment of recurring fees is a condition of a continued stay.

This Motion shall be based upon the pleadings, this Notice, Rule 66 of the *South Carolina Rules of Civil Procedure*, S.C. Code Ann. § 27-31-210 (1976, as amended), such other law as is then and there applicable, the uncontroverted and material facts of this case, the discovery conducted thus far, and any affidavits or memoranda of law that may be submitted to this Court subsequent to the filing of this motion.

LAW OFFICE OF SCOTT M. WILD, LLC

By: s/Scott M. Wild
    SC Bar # 76528
    Attorney for the Plaintiff
    Post Office Box 6867
    Hilton Head Island, SC 29938
    (843) 785-9453
    scott@wildlawfirm.com

Hilton Head Island, Beaufort County, South Carolina

This 10th day of April, 2025.

𝔒𝔣𝔣𝔦𝔠𝔢 𝔬𝔣 𝔱𝔥𝔢 𝔆𝔩𝔢𝔯𝔨 𝔬𝔣 𝔆𝔬𝔲𝔯𝔱

𝔅𝔢𝔞𝔲𝔣𝔬𝔯𝔱 𝔆𝔬𝔲𝔫𝔱𝔶

## Post Office Drawer 1128

## Beaufort, South Carolina 29901-1128

Beaufort County Case – 2023CP0701818

Spa on Port Royal Sound Horizontal Property

Regime Inc

Vs

Jacqueline Ard

Returned Copy of Form 4 Order Filed 4/3/25

s/Melissa M. Kilby

Clerk of Court Staff

ELECTRONICALLY FILED - 2025 Apr 23 1:49 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

JERRI ANN ROSENEAU
CLERK OF COURT
P.O. Drawer 1128
Beaufort, South Carolina 29901



Jacqueline Ard
239 Beach City Road, #3218
Hilton Head Is

NIXIE           295   FE 1

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 29901112828        *2530-00578-18-27

ELECTRONICALLY FILED - 2025 Apr 28 3:30 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

**Apr 10 2025**

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

---

APPEAL FROM BEAUFORT COUNTY
Court of Common Pleas

Jannine M. Mutterer, Special Referee

---

Case No.: 2023-CP-07-01818

---

Spa on Port Royal Horizontal
Property Regime, Inc.................................................................Respondent

v.

Jacqueline E. Ard.......................................................................Appellant

---

**NOTICE OF APPEAL**

---

PLEASE TAKE NOTICE that Defendant/Appellant, Jacqueline E. Ard, pro se (hereinafter referred to as "Appellant") hereby appeals to the South Carolina Court of Appeals from the order issued by Jannine M. Mutterer, Special Referee Court of Common Pleas for Beaufort County, dated April 3, 2025, denying Appellant's Emergency Motion to Stay Foreclosure Sale Immediately, to Vacate Default Judgment, and Disqualify Special Referee Due to Bias, Procedural Defects, and Improper Service. Appellant received written notice of entry of order via email on April 3, 2025.

Respectfully submitted,

Jacqueline E. Ard, pro se Appellant
239 Beach City Road unit 3218
Hilton Head Island, SC 29926
jacquelineard72@gmail.com
(313) 770-7051


Dated: April 4, 2024

ELECTRONICALLY FILED - 2025 Apr 28 3:30 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2025 Apr 28 3:30 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

APPEAL FROM BEAUFORT COUNTY
Court of Common Pleas

Jannine M. Mutterer, Special Referee

Appellate Case No. 2025-000648

Case No.: 2023-CP-07-01818

Spa on Port Royal Sound Horizontal
Property Regime, Inc....................................................................Respondent

v.

Jacqueline E. Ard..........................................................................Appellant

**PROOF OF SERVICE**

    I certify that on the 19th day of April 2025, I have served the **CORRECTED NOTICE
OF APPEAL** upon the Clerk of Court and all counsel of record by depositing a copy of it in the
United States Mail, postage prepaid and addressed to:

Jerri Ann Roseneau
Clerk of Court Beaufort County
102 Ribaut Rd ste 208
Beaufort, SC 29902

Scott Wild
Attorney for Respondents
P.O. Box 6867
Hilton Head Island, SC 29938

Dated: April 19, 2024

Respectfully submitted,

Jacqueline E. Ard, pro se Appellant
239 Beach City Road unit 3218
Hilton Head Island, SC 29926
jacquelineard72@gmail.com
(313) 770-7051

ELECTRONICALLY FILED - 2025 May 02 11:46 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

# McClatchy

| The Beaufort Gazette | Durham | The Herald-Sun | The Modesto Bee |
| The Belleville News-Democrat | Fort Worth Star-Telegram | The Sun News - Myrtle Beach |
| Bellingham Herald | The Fresno Bee | Raleigh News & Observer |
| Centre Daily Times | The Island Packet | Rock Hill | The Herald |
| Sun Herald | The Kansas City Star | The Sacramento Bee |
| Idaho Statesman | Lexington Herald-Leader | San Luis Obispo Tribune |
| Bradenton Herald | The Telegraph - Macon | Tacoma | The News Tribune |
| The Charlotte Observer | Merced Sun-Star | Tri-City Herald |
| The State | Miami Herald | The Wichita Eagle |
| Ledger-Enquirer | El Nuevo Herald | The Olympian |

## AFFIDAVIT OF PUBLICATION

| Account # | Order Number | Identification | Order PO | Amount | Cols | Depth |
|---|---|---|---|---|---|---|
| 48415 | 592710 | Print Legal Ad-IPLO1942690 - IPLO194269 | | $1,017.72 | 2 | 55 L |

**Attention:** Scott Wild

Law Office of Scott M. Wild, LLC
P.O. Box 6867
Hilton Head Island, SC 29938

tracy@wildlawfirm.com

---

**Spa on Port Royal Sound Horizontal Property Regime, Inc. v. Jacqueline E. Ard**

BY VIRTUE OF A DECREE by Special Referee Jannine M. Mutterer, Esq. heretofore issued in the Court of Common Pleas in the case of Spa on Port Royal Sound Horizontal Property Regime, Inc. v. Jacqueline E. Ard, Civil Action No. 2023-CP-07-01818, the undersigned will sell on October 7, 2024 at 1 p.m., in the Law Office of Jannine Mutterer, located at 5 Red Cedar Street, Suite 102, Bluffton, South Carolina 29910, the following real property (hereinafter referred to as the "Property") to the highest bidder:

ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS # :    R510-005-000-008B-3218

Address:    239 Beach City Road, Apt. 3218
            Hilton Head Island, SC 29926

TERMS OF SALE. For cash. Other than the Plaintiff in this matter, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association"), the successful bidder will deposit with the said undersigned's Special Referee's office, at the conclusion of the bidding, five percent (5%) of the bid, in cash or equivalent, as evidence of good faith, the same to be applied to the purchase price in case of compliance, but to be forfeited and applied first to costs and then to the debt owed the Association in the case of non-compliance. Should the last and highest bidder fail or refuse to make the required deposit at the time of bid or comply with the other terms of the bid within thirty (30) days, then said undersigned Special Referee may resell the Property on the same terms and conditions on some subsequent Sale Day (at risk of the said highest bidder). Eleven and one-half per cent (11.5%) annual interest shall be paid on the bid balance until the date of compliance, or the then-prevailing statutory judgment interest rate.
THE ASSOCIATION HAS DEMANDED ITS RIGHT TO OBTAIN A DEFICIENCY JUDGMENT, AND THE SALE SHALL REOPEN THIRTY (30) DAYS LATER, OR THE FIRST AVAILABLE SALES DAY THEREAFTER.
The Association may hereafter waive its right to obtain a deficiency judgment in writing up to the moment of sale.
Purchaser to pay for preparation of the Special Referee's Deed, documentary stamps on the deed and recording of the deed.
Said sale will not be held unless the Association or its attorney is present at said sale.
SAID PROPERTY TO BE SOLD SUBJECT TO ANY LIENS OF RECORD NOT RELEASED BY VIRTUE OF THE ABOVE-REFERENCED FORECLOSURE, INCLUDING ANY MORTGAGE OF RECORD, AND NEITHER THE ASSOCIATION NOR THE UNDERSIGNED WARRANT TITLE UPON PURCHASE. ANY BIDDER IS RESPONSIBLE FOR CONDUCTING THEIR OWN TITLE SEARCH AND EXAMINATION.

Jannine M. Mutterer, Esq., Special Referee
for Beaufort County, South Carolina

Bluffton, South Carolina.

This 11th day of September, 2024.

LAW OFFICE OF SCOTT M. WILD, LLC
SCOTT M. WILD, ESQUIRE
P.O. Box 6867
Hilton Head Island, SC 29938
Attorney for the Plaintiff
IPLO194269
Sep 20,27,Oct 4 2024

---

STATE OF                )

SOUTH CAROLINA          ) AFFIDAVIT

COUNTY OF BEAUFORT      )

I, Tara Pennington, makes oath that the advertisement, was published in The Island Packet and The Beaufort Gazette, a newspaper published in Beaufort County, State and County aforesaid, in the issue(s) of

3 insertion(s) published on:
09/20/24, 09/27/24, 10/04/24

*Tara Pennington*

Tara Pennington

Sworn to and subscribed before me this 5th day of October in the year of 2024

*Margaret K. Wilson*

Notary Public in and for the state of Texas, residing in Dallas County



MARGARET KATHLEEN WILSON
My Notary ID # 134916732
Expires May 24, 2028

Extra charge for lost or duplicate affidavits.
Legal document please do not destroy!

# Coastal Investigative Services
## A Subsidiary of Coastal Security Services, Inc.

STATE OF SOUTH CAROLINA      )
     )
COUNTY OF BEAUFORT      )
     )     **AFFIDAVIT OF SERVICE**
Spa on Port Royal Sound Horizontal      )
Property Regime, Inc. v.      )
Jacqueline Ard      )
Docket No.: 2023-CP-07-01818      )

I, __Janny Stidham__ , a Licensed Private Investigator, swear that the following documents:

1. Lis Pendens
2. Summons
3. Complaint (Non-Jury Matter)
4. Exhibit A
5. Exhibit B
6. Exhibit C
7. Exhibit D

Were personally served to: __Jacqueline Ard__ on: _4/28/2024 @ 11:50 PM_ at: _663 William Hilton Parkway, #4408., Hilton Head, SC 29928_ . The documents were served by: __Janny Stidham__ .

Sworn to and Subscribed before me this
_29th_ day of _April_ , _2024_
_Tracy L. Thornton_
Notary Public for South Carolina

_Signature of Affiant_

My Commission expires: _3-14-2034_

3062 Ann Smith Dr., #103  Bluffton, SC 29910
Tel: 888.844.2774    Email: jstidham185@gmail.com

ELECTRONICALLY FILED - 2024 Apr 30 8:10 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2024 May 31 12:04 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | **FOR THE 14TH JUDICIAL CIRCUIT** |
| **COUNTY OF BEAUFORT** | ) | **CIVIL ACTION #: 2023-CP-07-01818** |

**STATE OF SOUTH CAROLINA** ) **IN THE COURT OF COMMON PLEAS**
) **FOR THE 14TH JUDICIAL CIRCUIT**
**COUNTY OF BEAUFORT** ) **CIVIL ACTION #: 2023-CP-07-01818**
)
**Spa on Port Royal Sound Horizontal** )
**Property Regime, Inc.,** )
)
              **Plaintiff,** )              **Order of Default**
)
**vs.** )
)
**Jacqueline E. Ard,** )
)
              **Defendant.** )
_____ )

IT APPEARS this is an action for breach of contract, unjust enrichment, declaratory judgment and foreclosure, including all costs, assessments, attorney fees, and expenses as this Court may award pursuant to the terms of the contract(s) between the parties.

IT ALSO APPEARS from the record and from the Affidavit of Default and Non-Military Service of Scott M. Wild, attorney for the Plaintiff in the above-captioned action, Spa on Port Royal Sound Horizontal Property Regime (hereinafter, "Spa"), that it filed a Summons & Complaint, *Lis Pendens*, Certificate of ADR Exemption and Certification of Compliance with the CARES Act (hereinafter, collectively "Complaint") on September 25, 2023 against Jacqueline E. Ard (hereinafter, "Defendant").

IT FURTHER APPEARS on April 28, 2024, Janny Stidham of Coastal Investigative Services personally served Defendant with a copy of the Complaint at 663 William Hilton Parkway, Unit 4408, Hilton Head Island, SC 29928, which proof of service is of record with the Office of the Clerk of Court for Beaufort County, South Carolina as of April 30, 2024 in accordance with Rule 4 of the *South Carolina Rules of Civil Procedure* ("*SCRCP*").

ELECTRONICALLY FILED - 2024 May 31 12:04 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

IT FURTHER APPEARS that thirty (30) days elapsed from the date of service of the Complaint upon Defendant, and that Defendant has failed to serve an Answer, Counterclaim or other responsive pleadings upon Spa or its attorney for or on behalf of the same; and that Defendant is now in default.

NOW, THEREFORE, upon the motion of Scott M. Wild, attorney for Spa, it is:

ORDERED, ADJUDGED, AND DECREED, that Defendant is adjudged to be in default pursuant to *SCRCP* Rule 55 and South Carolina Supreme Court Order 2011-05-02-01.

**IT IS SO ORDERED.**

_____
The Honorable Jerri Ann Roseneau, Clerk of
Court for Beaufort County, South Carolina

Beaufort, South Carolina

This _____ day of _____, 2024.

I SO MOVE:

**LAW OFFICE OF SCOTT M. WILD, LLC**

By: s/Scott M. Wild
SC Bar # 76528
Attorney for the Plaintiff
P.O. Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
scott@wildlawfirm.com

ELECTRONICALLY FILED - 2024 May 31 12:04 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818



Beaufort Common Pleas

**Case Caption:**     Spa On Port Royal Sound Horizontal Property Regime Inc VS
Jacqueline  Ard

**Case Number:**     2023CP0701818

**Type:**     Order/Entry of Default

So Ordered

s/Jerri Ann Roseneau, Beaufort County Clerk of
Court

Electronically signed on 2024-05-31 11:48:02     page 3 of 3

ELECTRONICALLY FILED - 2024 May 31 9:34 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 14TH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) CIVIL ACTION #:  2023-CP-07-01818 |
| | ) |
| Spa on Port Royal Sound Horizontal | ) |
| Property Regime, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Affidavit of Default and** |
| vs. | ) **Non-Military Service** |
| | ) |
| Jacqueline E. Ard, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Personally appeared before me, Scott M. Wild, Esq., who being duly sworn, under oath, and under penalty of perjury, states that:

1.      He is the attorney for the Plaintiff in this action, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, "Spa");

2.      More than thirty (30) days have elapsed since Spa served a copy of the Summons & Complaint, *Lis Pendens*, Certificate of ADR Exemption and Certification of Compliance with the CARES Act (hereinafter, collectively the "Complaint") upon Jacqueline E. Ard (hereinafter, "Defendant"), by serving a copy upon Defendant, exclusive of the date of service;

3.      Service was accomplished upon Defendant by Janny Stidham of Coastal Investigative Services, service being effected April 28, 2024, as evidenced by the Affidavit of Service, which is of record with this Court and which is also attached hereto as Exhibit "A";

4.      In order to determine Defendant's military status, if any, he has reviewed the business records of Plaintiff, and inquired about Plaintiff's knowledge of Defendant's military status, all of which indicates that Defendant is not in the Military Service of the U.S. Government;

ELECTRONICALLY FILED - 2024 May 31 9:34 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP070 1818

5.      He has uncovered no evidence to indicate that Defendant is in the Military Service of the United States as contemplated by the provisions of the Servicemembers Civil Relief Act, 50 U.S.C. § 501 *et seq.* (as amended);

6.      Defendant has failed to serve an Answer, Counterclaim, or other responsive pleading upon Spa as required by Rule 12 *SCRCP*;

7.      Spa has sent Defendant all applicable and pertinent notices as required by law;

8.      Defendant is now in Default; and,

9.      He has read the contents of this affidavit and know them to be true.

**I SO ATTEST.**

LAW OFFICE OF SCOTT M. WILD, LLC

By: _____

Scott M. Wild            SC Bar # 76528
Attorney for the Plaintiff
Post Office Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
scott@wildlawfirm.com
*Attorneys for Plaintiff*

Sworn to and subscribed before me on

This 31st day of May, 2024.

_____
Notary Public for South Carolina
My Commission Expires on:  03-14-2034

ELECTRONICALLY FILED - 2024 Aug 21 2:13 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 14TH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) CIVIL ACTION #: 2023-CP-07-01818 |
| | ) |
| Spa on Port Royal Sound Horizontal | ) |
| Property Regime, Inc., | ) |
| | ) |
| Plaintiff, | ) Order of Reference |
| | ) |
| vs. | ) |
| | ) |
| Jacqueline E. Ard, | ) |
| | ) |
| Defendant. | ) |

IT APPEARING that the above entitled case is primarily an action for foreclosure and breach of restrictive covenants, including all costs and expenses as this Court may award and, as such, Pursuant to *SCRCP* Rule 53, this matter should be referred to a Special Referee for Beaufort County by Order of the Clerk of Court.

NOW, THEREFORE, upon prior Order of this Court authorizing the undersigned to place this matter with a Special Referee, it is:

ORDERED, ADJUDGED, AND DECREED, that pursuant to *SCRCP* Rule 53, this action is hereby referred to Jannine Mutterer, Esq., acting as a Special Referee for Beaufort County, South Carolina, to make findings of fact and conclusions of law, to direct an entry of final judgment, to hear any issues, and any appeal from the Order shall be to Court of Appeals for the State of South Carolina.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Plaintiff is responsible for paying the Reference Fee set forth in South Carolina Code of Laws Section 14-11-310; however, if the Plaintiff's case has ended, any remaining party seeking Affirmative Relief

shall be responsible for paying the fee. Plaintiff shall be responsible to the Mutterer Law Firm to
meet her reasonable financial requirements.

### IT IS SO ORDERED.

_____
The Honorable Jerri Ann Roseneau, Clerk of
Court for Beaufort County, South Carolina

Beaufort, South Carolina

This _____ day of _____, 2024.

### I SO CONSENT:

MUTTERER LAW FIRM, LLC

/s/ Jannine M. Mutterer
Jannine M. Mutterer, Esq.
S.C. Bar No. 78433
P.O. Box 29
Bluffton, SC 29910
jannine@muttererlaw.com
*Special Referee*

ELECTRONICALLY FILED - 2024 Aug 21 2:13 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2024 Aug 21 2:13 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818



## Beaufort Common Pleas

**Case Caption:**     Spa On Port Royal Sound Horizontal Property Regime Inc VS
Jacqueline  Ard

**Case Number:**     2023CP0701818

**Type:**     Order/Referred to Master or Special Referee

So Ordered

s/ Robert Bonds, 2770

Electronically signed on 2024-08-21 13:41:54    page 3 of 3

ELECTRONICALLY FILED - 2024 Aug 27 12:35 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FOR THE 14ᵀᴴ JUDICIAL CIRCUIT
COUNTY OF BEAUFORT ) CIVIL ACTION #: 2023-CP-07-01818
)
Spa on Port Royal Sound Horizontal )
Property Regime, Inc., )
)
      Plaintiff, )     Notice of Foreclosure Hearing
)
vs. )
)
Jacqueline E. Ard, )
)
      Defendant. )
_____ )

TO:   Jacqueline E. Ard

    It appearing that this matter has been referred to Jannine Mutterer, Esq. as Special Referee

for Beaufort County, South Carolina, to make appropriate findings of fact and conclusions of law

with authority to enter a final judgment;

    **YOU WILL PLEASE TAKE NOTICE THAT** this matter has been set for a foreclosure

hearing to commence on **Tuesday, September 10, 2024 at 9:00 AM**. Said hearing shall take place

via virtual technology using the following instructions: To join by video conference, please go to

https://us06web.zoom.us/j/82445807959?pwd=t4GTSYSMfMl5vjdCIhJw675eKksppO.1    and

click JOIN. **The Meeting Number is 824 4580 7959 and the Meeting Password is 090940.** You

are invited to attend and take part as you deem appropriate. However, if you are unable to

participate remotely, please contact this office by September 6, 2024. Failure to attend may result

in an award of the relief Plaintiff seeks.

    Pursuant to S.C. Code Ann. § 14-11-110 (as amended) and/or applicable case law, Spa on

Port Royal Sound Horizontal Property Regime, Inc.'s ("Plaintiff") attorney intends to submit

written testimony at the hearing on behalf of Plaintiff. This hearing will be based upon the law and

ELECTRONICALLY FILED - 2024 Aug 27 12:35 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

rules of South Carolina, the uncontroverted and material facts of this case, the pleadings filed and

discovery conducted thus far in this case, and any affidavits or memoranda of law that may be

submitted to this Court prior to the hearing taking place.

**LAW OFFICE OF SCOTT M. WILD, LLC**

By: s/Scott M. Wild
SC Bar # 76528
Attorney for the Plaintiff
P.O. Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
scott@wildlawfirm.com

This 27th day of August, 2024,

Hilton Head Island, Beaufort County, South Carolina

ELECTRONICALLY FILED - 2024 Aug 27 12:35 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 14TH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) CIVIL ACTION #:  2023-CP-07-01818 |
| | ) |
| Spa on Port Royal Sound Horizontal | ) |
| Property Regime, Inc., | ) |
| | ) |
| Plaintiff, | ) Certificate of Service |
| | ) |
| vs. | ) |
| | ) |
| Jacqueline E. Ard, | ) |
| | ) |
| Defendant. | ) |

I, Tracy L. Thornton, hereby certify that I have, this date, served one (1) copy of the Order of Reference and Notice of Foreclosure Hearing by depositing the same at the United States Post Office, Hilton Head Island, South Carolina, with first class postage prepaid to:

Jacqueline E. Ard
663 William Hilton Pkwy #4408
Hilton Head Island, SC 29928

Respectfully submitted this 27th day of August, 2024, in the Town of Hilton Head Island, Beaufort County, South Carolina.

LAW OFFICE OF SCOTT M. WILD, L.L.C.

By: _Tracy L. Thornton_

Tracy L. Thornton, Legal Assistant
Post Office Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
tracy@wildlawfirm.com
*Attorneys for Plaintiff*

Sworn to and subscribed before me on this 27th day of August, 2024.

_____
Notary Public for South Carolina
My Commission Expires: 02/08/2028

Page 1 of 1

STATE OF SOUTH CAROLINA )
COUNTY OF _Beaufort_ )
)
_Save on Port Royal Sound_ )
_____Plaintiff, )
HR
vs. )
)
_Jacqueline E. Ard_ )
Defendant. )

IN THE COURT OF COMMON PLEAS
JUDICIAL CIRCUIT

CASE NO. _2023_ CP- _07_ - _01818_

MOTION AND ORDER INFORMATION
FORM AND COVERSHEET

2025 AUG 26   PM 12:50
JERRI L ROSENBERG
BEAUFORT COUNTY
CLERK OF COURT

| Plaintiff's Attorney: _Scott M. Wills_ , Bar No. _____ | Defendant's Attorney: _Pro Se  Jacqueline_ Bar No. _ |
| Address: | Address: |
| Phone: _____ Fax _____ E-mail: _scott@wildtownfirm.com_ | Phone: _____ Fax _____ E-mail: _jacquelineard7@gmail.com_ |

☐ **MOTION HEARING REQUESTED** (attach written motion and complete SECTIONS I and III)
☑ **FORM MOTION, NO HEARING REQUESTED** (complete SECTIONS II and III)
☐ **PROPOSED ORDER/CONSENT ORDER** (complete SECTIONS II and III)

**SECTION I: Hearing Information**

Nature of Motion: _____
Estimated Time Needed: _____ Court Reporter Needed: ☐ YES/ ☐ NO

**SECTION II: Motion/Order Type**

☑ Written motion attached
☐ Form Motion/Order
    I hereby move for relief or action by the court as set forth in the attached proposed order.

_____      _Aug 26_ , 20_25_
Signature of Attorney for ☐ Plaintiff / ☑ Defendant    Date submitted

**SECTION III: Motion Fee**

☑ PAID – AMOUNT: $ _25.00_
☐ EXEMPT:    ☐ Rule to Show Cause in Child or Spousal Support
  (check reason)   ☐ Domestic Abuse or Abuse and Neglect
       ☐ Indigent Status    ☐ State Agency v. Indigent Party
       ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
       ☐ Motion for Stay in Bankruptcy
       ☐ Motion for Publication    ☐ Motion for Execution (Rule 69, SCRCP)
       ☐ Proposed order submitted at request of the court; or,
         reduced to writing from motion made in open court per judge's instructions
       Name of Court Reporter: _____
       ☐ Other: _____

**JUDGE'S SECTION**

☐ Motion Fee to be paid upon filing of the attached order.     JUDGE CODE _____

☐ Other:     Date: _____ , 20___

**CLERK'S VERIFICATION**

Collected by: _____    Date Filed: _____ , 20___

☐ MOTION FEE COLLECTED: $ _____
☐ CONTESTED – AMOUNT DUE: $ _____

SCCA 233 (11/2003)

**STATE OF COUTH CAROLINA**

**COUNTY OF BEAUFORT**

**IN THE COURT OF COMMON PLEAS FOR THE 14TH JUDICIAL CIRCUIT CIVIL ACTION #: 2023-CP-0701818**

Spa on Port Royal Sound Horizontal
Property Regime, Inc.,

                    **Plaintiff,**

vs.

Jacqueline E. Ard

                    **Defendant.**

**DEFENDANT'S WRITTEN OBJECTION TO BOND HEARING, NOTICE OF VIOLATION OF IMPOSED STAY, AND MOTION FOR CONTINUANCE**

JERRI ANN ROSENE
BEAUFORT COUNTY,
CLERK OF COURT
2025 AUG 26   PM 12: 05

**DEFENDANT'S WRITTEN OBJECTION TO BOND HEARING, NOTICE OF VIOLATION OF IMPOSED STAY, AND MOTION FOR CONTINUANCE**

NOW COMES the Defendant, Jacqueline Ard, *pro se*, and files this Written Objection to the Bond Hearing scheduled for August 26, 2025, at 9:30 AM, and respectfully moves this Court for a Continuance. In support thereof, Defendant states as follows:

## I. OBJECTION BASED ON IMPOSED AUTOMATIC STAY & PENDING BANKRUPTCY

1. **Active Chapter 13 Bankruptcy Case:** Defendant is a debtor in an active Chapter 13 bankruptcy case pending in the United States Bankruptcy Court for the District of South Carolina, Case Number 25-01384, styled *In re: Jacqueline E. Ard and Terry F. Nicola.*

2. **Application of 11 U.S.C. § 362(c)(4):** This is Defendant's third bankruptcy case filed within a one-year period. As such, the provisions of 11 U.S.C. § 362(c)(4) applied upon filing. This statute states that if two or more single-asset real estate cases were dismissed within the prior year, the automatic stay of 11 U.S.C. § 362(a) does *not* go into effect upon the filing of the subsequent case.

3. **Motion to Impose the Stay:** In recognition of § 362(c)(4), Defendant filed a **Motion to Impose the Automatic Stay** pursuant to **11 U.S.C. § 362(c)(4)(B)** on April 18, 2025. This motion sought a court order imposing the stay, which would provide the same protections as the standard automatic stay.

4. **Pending Appeal of Stay Determination:** A hearing on said motion was held on May 21, 2025. The presiding Bankruptcy Judge, the Honorable L. Jefferson Davis, IV, denied the motion for failure to appear. This ruling was made despite the Court being notified that Defendant's co-debtor, who suffers from Parkinson's disease, experienced severe medical complications during travel, causing them to arrive 37-minutes late. Defendant filed a timely **Notice of Appeal** of that order. This appeal remains pending and has a likelihood of success, as the ruling was based on a factual error concerning appearance.

5. **The Stay is in Effect by Operation of Law Pending Appeal:** The filing of a notice of appeal typically divests the lower court of jurisdiction and suspends the effect of the order being appealed. Therefore, the Bankruptcy Court's order denying the motion to impose the stay is not final, and the issue of whether the stay should be imposed is currently pending before the District Court. This hearing to set a bond is a continuation of a judicial proceeding that is precisely what the requested stay is intended to halt.

6. **Willful Violation by Creditor:** The Plaintiff's attorney, Scott M. Wild, Esq., has full knowledge of the active bankruptcy case, the motion to impose the stay, and the pending appeal. His actions in scheduling this hearing constitute a **willful attempt to circumvent the bankruptcy process** and this Court's authority. Any act taken in violation of an automatic stay is void.

## II. MOTION FOR CONTINUANCE BASED ON SCHEDULING CONFLICT AND MEDICAL COMPLICATIONS

7. **Scheduling Conflict:** Defendant is presently scheduled for **two (2) separate hearings** in the Beaufort County Court of Common Pleas for approximately the same time today, August 26, 2025. This constitutes an irreconcilable scheduling conflict that physically prevents Defendant from appearing at both matters simultaneously and from adequately preparing for and participating in this specific hearing.

8. **Medical Complications:** Furthermore, Defendant's co-debtor, Terry Nicola, suffers from **Parkinson's disease**, a permanent and debilitating disability. Today, August 26, 2025, Mr. Nicola is experiencing severe medical complications related to his condition, which further prevents my appearance in court and Defendant's ability to fully participate.

9. Defendant respectfully requests a reasonable continuance to resolve the scheduling conflict, to allow for Mr. Nicola's condition to stabilize, and to ensure Defendant can properly exercise her due process rights.

## III. RELIEF REQUESTED

WHEREFORE, Defendant Jacqueline Ard respectfully requests that this Court:

A. **SUSTAIN** this objection;

B. **GRANT** the Motion for Continuance and adjourn the bond hearing scheduled for August 26, 2025, to a date after the resolution of the pending appeal in the bankruptcy matter and the resolution of the conflicting court schedule;

C. **FIND** that the Plaintiff's actions constitute a willful violation of the bankruptcy process;

D. **DENY** the Plaintiff's motion to set a bond as void; and

E. Grant any such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of August, 2025.

Jacqueline Ard Defendant, *Pro Se*

Mailing Address:
21215 Dartmouth Drive
Southfield, Michigan 48076
Jacquelineard72@gmail.com
313-770-7051

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of August 2025, a true and correct copy of the foregoing Written Objection and Motion for Continuance was served via first-class U.S. Mail and electronic mail upon:

Scott M. Wild, Esq.
Law Office of Scott M. Wild, LLC
37 New Orleans Rd, Suite F
Hilton Head Island, SC 29928
scott@wildlawfirm.com

2025 AUG 26  PM 12: 15
JERRI ANN ROSENEAU
BEAUFORT COUNTY, S.C.
CLERK OF COURT

 Gmail                                    Jacqueline Ard <jacquelineard72@gmail.com>

## Zoom Hearing - Spa v. Ard Motion to Impose Automatic Stay

**Jacqueline Ard** <jacquelineard72@gmail.com>                      Tue, Aug 26, 2025 at 9:28 AM
To: Scott Wild <scott@wildlawfirm.com>
Cc: "Jannine Mutterer (jannine@muttererlaw.com)" <jannine@muttererlaw.com>

STATUTORY NOTICE OF OBJECTION TO BOND HEARING

On Tue, Aug 26, 2025 at 8:55 AM Scott Wild <scott@wildlawfirm.com> wrote:

https://us06web.zoom.us/j/84238582060?pwd=EiOrgol11kBQdFBYKqvNat2laomZKO.1

📄 **Notice of objection.pdf**
     1086K

Name: Terry F Nicola | DOB: 11/30/1957



UPMC Department of
Neurology
3471 5th Ave
Suite 810
PITTSBURGH PA 15213-3206
412-692-4920

June 5, 2025

To whom it may concern:

I am Terry Nicola's physician for his Parkinson's disease and his deep brain stimulator since 2013.

I am recommending home accommodations for his house.

I am requesting the Court to make Special Accommodations:

- Video conference for all required hearings

- Additional time to submit documents

- Make special accommodations to postpone or reschedule hearings when an urgent medical matter occurs

- Allot additional time when arriving for any court appearance

- Provide aide for dictation of notes during hearings

- Provide legal counsel to represent Mr. Nicola for all legal matters in court

If you have any further questions regarding these requests, please do not hesitate to ask 412-692-4916.

Sincerely,

Dr. Valerie Suski

UPMC division chief, Movement disorders

ELECTRONICALLY FILED - 2025 Aug 05 10:01 AM - BEAUFORT - COMMON PLEAS - CASE#2024CP0701407

STATE OF SOUTH CAROLINA

COUNTY OF BEAUFORT

ESTATE AT WESTBURY OWNERS
ASSOCIATION, INC.,

      Plaintiff,

v.

JACQUELINE E. ARD, HILTON
HEAD RESORT FOUR SEASONS
CENTRE HORIZONTAL PROPERTY
REGIME COUNCIL OF CO-OWNERS,
INC., and BEAUFORT COUNTY,
SOUTH CAROLINA, a political
subdivision of the State of South
Carolina,

      Defendants.

IN THE COURT OF COMMON PLEAS
FOURTEENTH JUDICIAL CIRCUIT
Civil Action No.: 2024CP0701407

**NOTICE OF HEARING**

## TO:    ALL DEFENDANTS

**PLEASE TAKE NOTICE** that a Hearing on Plaintiff's Motion for Relief From Judgment

Under Rule 60, *SCRCP*, will be held before Special Referee Benjamin C.P. Sapp, Esq., on August

26, 2025, beginning at 10:00AM, via Zoom:

https://us04web.zoom.us/j/78838287148?pwd=dcQaY4S1BoK5a9lu7qrVWWZuWr4qey.1

Meeting ID: 788 3828 7148

Passcode: fj4pu9

      You are invited to attend and participate as allowed by law.

             [Signature page to follow]

1

ELECTRONICALLY FILED - 2025 Aug 05 10:01 AM - BEAUFORT - COMMON PLEAS - CASE#2024CP0701407

Respectfully submitted,

**BROMLEY LAW FIRM, LLC**

s/Evan K. Bromley
Evan K. Bromley, Attorney at Law [76060]
P.O. Box 570
Bluffton, SC 29910
E: evan@bromleylawfirm.com
T: 843-868-2801
F: 843-868-2802

*Attorney for Plaintiff Estate at Westbury
Owners Association, Inc.*

August 5, 2025
Bluffton, South Carolina

ELECTRONICALLY FILED - 2025 Aug 06 11:52 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 14TH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) CIVIL ACTION #:  2023-CP-07-01818 |
| | ) |
| Spa on Port Royal Sound Horizontal | ) |
| Property Regime, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Notice of Hearing |
| vs. | ) |
| | ) |
| Jacqueline E. Ard, | ) |
| | ) |
| Defendant. | ) |

TO:    Jacqueline E. Ard

It appearing that this matter has been referred to Jannine Mutterer, Esq. as Special Referee for Beaufort County, South Carolina, to make appropriate findings of fact and conclusions of law with authority to enter a final judgment;

**YOU WILL PLEASE TAKE NOTICE THAT** this matter has been set for a hearing on the Order Denying Motion to Impose Automatic Stay to commence on **Tuesday, August 26, 2025 at 9:30 AM**.  Said hearing shall take place via virtual technology using the following instructions: To join by video conference, please go to:

https://us06web.zoom.us/j/84238582060?pwd=EiOrgoJ11kBQdFBYKqvNat2iaomZKO.1

and click JOIN. **The Meeting Number is 842 3858 2060 and the Meeting Password is 921216.** You are invited to attend and take part as you deem appropriate.  However, if you are unable to participate, please contact this office by August 19, 2025 so arrangements can be made for you to attend in-person. Failure to attend may result in an award of the relief Plaintiff seeks.

Pursuant to S.C. Code Ann. § 14-11-110 (as amended) and/or applicable case law, Spa on Port Royal Sound Horizontal Property Regime, Inc.'s ("Plaintiff") attorney intends to submit

ELECTRONICALLY FILED - 2025 Aug 06 11:52 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

written testimony at the hearing on behalf of Plaintiff. This hearing will be based upon the law and rules of South Carolina, the uncontroverted and material facts of this case, the pleadings filed and discovery conducted thus far in this case, and any affidavits or memoranda of law that may be submitted to this Court prior to the hearing taking place.

**LAW OFFICE OF SCOTT M. WILD, LLC**

By: s/Scott M. Wild
SC Bar # 76528
Attorney for the Plaintiff
P.O. Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
scott@wildlawfirm.com

This 6th day of August, 2025,

Hilton Head Island, Beaufort County, South Carolina

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) | |
| | ) | CASE NO.: 2023 -CP-07-01818 |
| | ) | |
| SPA ON PORT ROYAL SOUND~~2025 OCT 30  PM 3: 20~~ | | MOTION AND ORDER INFORMATION |
| HORIZONTAL PROPERTY REGIME, INC | | |
| Plaintiff, | ) | FORM AND COVERSHEET |
| vs. | ) | |
| | ) | |
| JACQUELINE E. ARD | ) | |
| TERRY F. NICOLA | ) | |
| Defendant. | ) | |

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| SCOTT WILD, Bar No. 76528 | JACQUELINE E. ARD |
| Address: | TERRY F. NICOLA, PRO SE, Bar No. _____ |
| P.O. BOX 6867 | Address: |
| Phone: 843-785-9453Fax _____ | 21215 DARTMOUTH DR |
| E-mail: SCOTT@WILDLAWFIRM.COMOther: ____ | SOUTHFIELD, MI 48076 |
| | Phone: 313-770-7051 Fax____ |
| | E-mail: JACQUELINEARD72@GMAIL.COMOther: _ |

☒ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

| SECTION I: Hearing Information | |
|---|---|
| Nature of Motion: _____ | |
| Estimated Time Needed: _____ | Court Reporter Needed:  ☒ YES/ ☐ NO |

| SECTION II: Motion/Order Type |
|---|

☒ Written motion attached
☐ Form Motion/Order
    I hereby move for relief or action by the court as set forth in the attached proposed order.

                                      10/30/2025
Signature of Attorney for ☐ Plaintiff /☒ Defendant    Date submitted

| SECTION III: Motion Fee |
|---|

☒ PAID – AMOUNT: $ _____
☐ EXEMPT:        ☐ Rule to Show Cause in Child or Spousal Support
  (check reason)    ☐ Domestic Abuse or Abuse and Neglect
                ☐ Indigent Status    ☐ State Agency v. Indigent Party
                ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
                ☐ Motion for Stay in Bankruptcy
                ☐ Motion for Publication    ☐ Motion for Execution (Rule 69, SCRCP)
                ☐ Proposed order submitted at request of the court; or,
                reduced to writing from motion made in open court per judge's instructions
                Name of Court Reporter: _____
                ☐ Other: _____

| JUDGE'S SECTION | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | JUDGE CODE _____ |
| ☐ Other: | Date: _____ |

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FOR THE FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF BEAUFORT 2025 OCT 30 PM 3: 21 CIVIL ACTION NO. 2023-CP-07-01818



Spa on Port Royal Sound Horizontal

Property Regime, Inc.

Plaintiff,

vs.

Jacqueline E. Ard and
Terry F. Nicola

Defendants.

**EMERGENCY MOTION TO VACATE
APPOINTMENT OF SPECIAL REFEREE,
NULLIFY ORDERS FOR LACK OF
JURISDICTION, AND REQUEST EXPEDITED
JUDICIAL REVIEW AND TRANSFER TO
CIRCUIT JUDGE**

**EMERGENCY MOTION TO VACATE APPOINTMENT OF SPECIAL REFEREE,
NULLIFY ORDERS FOR LACK OF JURISDICTION, AND REQUEST
EXPEDITED JUDICIAL REVIEW AND TRANSFER TO CIRCUIT JUDGE**

## I. INTRODUCTION

Defendant, Jacqueline Ard, pro se respectfully moves this Honorable Court pursuant to Rule 53(e)
and Rule 60(b)(4), South Carolina Rules of Civil Procedure, and Article V, §4 of the South Carolina
Constitution, for an order:

1.  Vacating the appointment of Special Referee Jannine Mutterer,

2.  Declaring void ab initio all orders, decrees, and actions entered by said referee in this matter,

3.  Requesting expedited judicial review of the referee's appointment and actions, and

4.  Transferring the case to a Circuit Court Judge or the Beaufort County Master-in-Equity for
    proper adjudication.

This emergency request arises because the Special Referee was improperly appointed under
circumstances tainted by conflict of interest, bias, and fraud, resulting in orders entered without
jurisdiction and without due process of law.

## II. FACTUAL BASIS

1. **Appointment by Clerk of Court.**

   The Beaufort County Clerk of Court signed the Order of Reference assigning Attorney
   Jannine Mutterer as Special Referee in this contested foreclosure action on May 31, 2024.

2. **Conflict of Interest.**

   Ms. Mutterer previously represented or collected on behalf of related homeowners'
   associations, including The Estates at Westbury, which involved the same Defendant and a
   different property. This undisclosed relationship constitutes a direct and disqualifying
   conflict under Canon 3(E)(1) of the South Carolina Code of Judicial Conduct.

3. **Ex-Parte Communications and Pre-drafted Orders by Scott Wild.**

   Plaintiff's counsel, Scott Wild, communicated with the referee ex-parte and submitted a pre-
   drafted Decree of Foreclosure and Sale before any hearing occurred. The decree, later
   adopted verbatim, included the circled notation "Defendant Jacqueline E. Ard WAS NOT
   present," mailed on September 3, 2024, despite the hearing being held on September 10,
   2024.

4. **Fraudulent and Inflated Judgment.**

   The resulting foreclosure decree awarded over $31,000—nearly triple the complaint
   amount—based on unauthorized assessments, ADA-prohibited fines, and false accounting
   entries in violation of the Master Deed and state law.

5. **Improper Foreclosure Sale Procedures.**

   The foreclosure sale was not posted at the courthouse nor advertised for three weeks as
   required by S.C. Code §15-39-650 and §15-39-660, and was instead scheduled privately at
   the referee's office.

6. **Denial of Motion to Recuse.**

   Despite clear conflicts and evidence of bias, Ms. Mutterer refused to recuse herself,
   continuing to preside and issue orders adverse to the Defendant's constitutional rights.

## III. LEGAL ARGUMENT

A. Clerk's Authority Under 2010 Supreme Court Order Does Not Extend to Contested Cases
Involving Fraud or Conflict

The July 15, 2010 Administrative Order (Chief Justice Jean Hoefer Toal) authorizes Clerks of Court to sign Orders of Reference in foreclosure actions, default cases, or cases where the parties consent. This matter is not uncontested and Defendant never consented. The delegation of judicial authority to the Clerk does not supersede the constitutional requirement of impartial adjudication.

See *Ex parte Tillman*, 84 S.C. 552, 66 S.E. 1049 (1910) (Clerks cannot exercise judicial discretion in contested cases).

### B. Appointment of a Biased or Conflicted Referee Voids Jurisdiction

Due process requires a neutral decision-maker. A referee with prior representation of a party cannot lawfully act in a judicial capacity.

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009);
*Withrow v. Larkin*, 421 U.S. 35 (1975).

Because the referee was disqualified by bias and conflict, her actions are **void for lack of jurisdiction**.

*Evans v. Gunter*, 294 S.C. 525, 366 S.E.2d 44 (Ct. App. 1988).

### C. Fraud on the Court and Denial of Due Process Render All Orders Void

A judgment procured by fraud upon the tribunal is **void ab initio** and may be set aside at any time under Rule 60(b)(4).

*Chewning v. Ford Motor Co.*, 354 S.C. 72 (2003).
*Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n*, 294 S.C. 9 (1987).

Defendant was deprived of notice, impartiality, and meaningful opportunity to be heard; therefore, every order entered by the Special Referee is constitutionally defective and **must be vacated**.

## IV. RELIEF REQUESTED

Defendant respectfully prays for the following relief:

1. **Vacate the appointment** of Special Referee Jannine Mutterer;

2. **Nullify and strike** from the record all orders, decrees, and rulings issued by the referee for lack of jurisdiction;

3. **Schedule an expedited emergency hearing** before a Circuit Judge to review the appointment and the underlying fraud issues;

4. **Transfer this case** to a Circuit Court Judge or the Master-in-Equity for impartial adjudication;

5. **Stay any foreclosure sale or enforcement actions** pending judicial review; and

6. **Grant such other and further relief** as the Court deems just and proper.

## V. REQUEST FOR EXPEDITED HEARING

Pursuant to Rule 6(d), SCRCP, Defendant requests that this motion be set for an **immediate emergency hearing** on or before **November 3, 2025**, as the foreclosure sale is currently scheduled for **November 3, 2025 at 1:00pm** at the Law Office of Jannine Mutterer.

Due process requires prompt judicial review to prevent irreparable harm to property rights and to preserve the integrity of this Court's proceedings.

## VI. CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Emergency Motion was served via first-class mail and email upon the following on this ___ day of October 2025:

**Scott Wild, Esq.** – Counsel for Plaintiff
P.O. Box 6867
Hilton Head Island, SC 29938

**Jannine Mutterer, Esq.** – Special Referee (for notice only)
5 Red Cedar Street, suite 102
Bluffton, SC 29910

Respectfully submitted,

_____        10-30-2025

**Jacqueline Ard, Pro Se**                       **Date**
21215 Dartmouth Drive
Southfield, MI 48076
(313) 770-7051 email: jacquelineard72@gmail.com

**Jacqueline Ard, Pro Se**
Mailing Address:
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email: jacquelineard72@gmail.com

2025 OCT 30  PM 3: 20

JERRI ANN POL...
BEAUFOR...
CLERK...

**October 30, 2025**

**Clerk of Court**
Beaufort County Court of Common Pleas
102 Ribaut Road, Suite 208
Beaufort, SC 29902

**Re:** Emergency Motion to Vacate Appointment of Special Referee, Nullify Orders, and Request
Expedited Judicial Review
**Case:** Spa on Port Royal Sound Horizontal Property Regime, Inc. v. Jacqueline Ard
**Civil Action No.:** 2023-CP-07-01818

Dear Clerk of Court:

Enclosed for filing please find the following documents:

1. **Emergency Motion to Vacate Appointment of Special Referee, Nullify Orders, and
   Request Expedited Judicial Review and Transfer to Circuit Judge**

This motion raises urgent issues of **bias, conflict of interest, and fraud on the court** in the
appointment and actions of the Special Referee. The scheduled foreclosure sale of the subject
property is imminent (**November 3, 2025 at 1:00 PM**), and immediate judicial review is necessary
to preserve the Defendant's constitutional rights and protect property of the estate.

Accordingly, I respectfully request that the Clerk **route this motion and proposed order directly
to a Circuit Court Judge—either Judge Robert J. Bonds or Judge Carmen T. Mullen—for
emergency review**, object to the case being routed back to Special Referee Jannine Mutterer.

Thank you for your prompt attention to this filing.

Respectfully submitted,

**Jacqueline Ard, Pro Se**
Enclosures: Emergency Motion

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) | |
| | ) | CASE NO.: 2023-CP-07-01818 |

2025 OCT 30 PM 3:21

SPA ON PORT ROYAL SOUND     **MOTION AND ORDER INFORMATION**
HORIZONTAL PROPERTY REGIME, INC.

Plaintiff.      **FORM AND COVERSHEET**

vs.

JACQUELINE E. ARD
TERRY F. NICOLA

            Defendant. )

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| SCOTT WILD, Bar No. 76528 | JACQUELINE E. ARD |
| Address: | TERRY F. NICOLA, PRO SE, Bar No. _____ |
| P.O. BOX 6867 | Address: |
| Phone: 843-785-9453Fax _____ | 21215 DARTMOUTH DR |
| E-mail: SCOTT@WILDLAWFIRM.COMOther: ___ | SOUTHFIELD, MI 48076 |
| | Phone: 313-770-7051 Fax_____ |
| | E-mail: JACQUELINEARD72@GMAIL.COMOther: _ |

☒ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

| **SECTION I: Hearing Information** |
|---|
| Nature of Motion: _____ |
| Estimated Time Needed: _____      Court Reporter Needed: ☒YES/☐ NO |

| **SECTION II: Motion/Order Type** |
|---|

☒ Written motion attached
☐ Form Motion/Order
     I hereby move for relief or action by the court as set forth in the attached proposed order.

                                     10/30/2025
Signature of Attorney for ☐ Plaintiff /☒ Defendant    Date submitted

| **SECTION III: Motion Fee** |
|---|

☒ PAID – AMOUNT: $_____
☐ EXEMPT:      ☐ Rule to Show Cause in Child or Spousal Support
   (check reason)    ☐ Domestic Abuse or Abuse and Neglect
            ☐ Indigent Status    ☐ State Agency v. Indigent Party
            ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
            ☐ Motion for Stay in Bankruptcy
            ☐ Motion for Publication    ☐ Motion for Execution (Rule 69, SCRCP)
            ☐ Proposed order submitted at request of the court; or,
              reduced to writing from motion made in open court per judge's instructions
              Name of Court Reporter: _____
            ☐ Other: _____

| **JUDGE'S SECTION** | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | JUDGE CODE _____ |
| ☐ Other: _____ | Date: _____ |

STATE OF SOUTH CAROLINA     )     IN THE COURT OF COMMON PLEAS
                                  )     FOR THE FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF BEAUFORT         )     CIVIL ACTION NO. 2023-CP-07-01818

2025 OCT 30   PM 3: 20

Spa on Port Royal Sound Horizontal
Property Regime, Inc.

                         Plaintiff,

vs.

Jacqueline E. Ard and
Terry F. Nicola

                         Defendants.

**EMERGENCY MOTION TO STAY
FORECLOSURE, VACATE VOID
JUDGMENT, AND TRANSFER CASE FOR
JUDICIAL REVIEW**

## EMERGENCY MOTION TO STAY AND ENJOIN FORECLOSURE SALE AND REQUEST FOR HEARING

**NOW COMES** the Defendant, Jacqueline Ard, appearing pro se, and respectfully moves this Honorable Court for an emergency stay and injunction to immediately halt the scheduled foreclosure sale of Defendant's property on **November 3, 2025 at 1:00 p.m.**, and to set a **hearing** affording Defendant a meaningful opportunity to present evidence, testimony, and documentation regarding the fraudulent nature of the alleged debt and the procedural irregularities that render the foreclosure judgment void.

## I. INTRODUCTION

Defendant Jacqueline E. Ard, pro se, respectfully moves this Court pursuant to South Carolina Rules of Civil Procedure Rule 60(b)(3), (4), and (6), Article I, §3 of the South Carolina Constitution, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, for entry of an order:

1. Staying the scheduled foreclosure sale set for November 3, 2025 at 1:00 PM;
2. Vacating the Special Referee's Decree of Foreclosure and Sale entered on September 11, 2024 as void; and

3.  Transferring this matter to a neutral Circuit Judge or the Beaufort County Master-in-Equity for independent judicial review.

This motion is brought as an **emergency** because Plaintiff and its counsel have noticed a foreclosure sale of Defendant's property based on a **fraudulently obtained judgment**, in violation of South Carolina procedural law, federal disability law, and constitutional due process.

## II. FACTUAL BACKGROUND

1.  **Complaint and Improper Service.**
    Plaintiff filed its foreclosure complaint on September 25, 2023, alleging an inflated debt of $9,146.76. The alleged "service" occurred 216 days later, on April 28, 2024, at an address that is not Defendant's residence, and at 11:50 PM, outside lawful service hours. The notarial certificate of service was executed by Plaintiff's legal assistant, not an independent notary. Defendant was never personally served.

2.  **Default and Reference.**
    On May 31, 2024, Plaintiff filed a motion for default and, that same day, the Clerk of Court entered an "Order of Default" and an "Order of Reference" assigning Attorney Jannine Mutterer as Special Referee.

3.  **Conflict of Interest.**
    Prior to this appointment, Ms. Mutterer represented or collected for related homeowners' associations, including the Estate at Westbury, which involved the same Defendant and a different property. This undisclosed prior relationship constitutes a **direct conflict of interest** under **Canon 3(E)** of the South Carolina Code of Judicial Conduct.

4.  **Pre-drafted Decree and Fraudulent Hearing.**
    On September 3, 2024, Plaintiff's counsel Scott Wild filed a "Certificate of Service" attaching a pre-drafted Decree of Foreclosure and Sale, dated September 10, 2024, with "Defendant Not Present" already checked. The hearing occurred one week later before the same referee, who adopted that decree verbatim.

5.  **Inflated and Unlawful Debt.**
    The final judgment reflected **$31,084.41**, more than triple the amount in the complaint,

including fines illegally assessed for a service animal, in **violation of the Fair Housing Amendments Act (FHAA)** and **ADA Title II**.

6. **Improper Sale Procedures.**

   The sale was not advertised for the statutory three consecutive weeks nor posted at the courthouse. It was instead scheduled privately at the referee's office, contrary to **S.C. Code § 15-39-650 and § 15-39-660**.

7. **Bankruptcy Status.**

   Defendant is presently in a **Chapter 7** proceeding. Although the stay is lifted, the subject property remains property of the estate; any unauthorized sale constitutes a **fraud upon the Bankruptcy Court**.

## III. LEGAL BASIS FOR RELIEF

### A. The 2010 Supreme Court Administrative Order

Defendant acknowledges the July 15, 2010 Order of Chief Justice Jean Hoefer Toal, which permits Clerks of Court to sign Orders of Reference in foreclosure or default cases. However, that delegation is **conditional**, requiring **compliance with all procedural and constitutional safeguards.** It DOES NOT excuse fraudulent service, conflicted referees, or deprivation of notice.

### B. Fraud and Lack of Due Process Render the Judgment Void

A judgment entered without proper service or meaningful opportunity to be heard is **void ab initio**.

*Chewning v. Ford Motor Co.*, 354 S.C. 72 (2003).
*Upchurch v. Upchurch*, 367 S.C. 16 (Ct. App. 2006).

The fraudulent affidavit of service, false debt figures, and pre-drafted decree together constitute **fraud on the court**, defeating jurisdiction and requiring vacatur under **Rule 60(b)(4)**.

### C. Conflict of Interest of Special Referee

The referee's prior representation of Plaintiff's affiliates violates the duty of impartiality and **Canon 3(E)**. Participation by a biased or conflicted adjudicator renders all orders **constitutionally void**.

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

**D. Non-Compliance with Statutory Foreclosure Procedures**

The sale fails to satisfy **S.C. Code § 15-39-650** and **§ 29-3-680**, which require public notice and posting. A sale conducted in violation of statutory procedure is **invalid** and must be enjoined.

## IV. REQUEST FOR RELIEF

Defendant respectfully requests that the Court:

1. **Stay** the scheduled foreclosure sale of the property pending judicial review;
2. **Vacate** the "Special Referee's Decree of Foreclosure and Sale" dated **September 11, 2024** as **void** under **Rule 60(b)(4), SCRCP**;
3. **Withdraw** this matter from the Special Referee and **transfer** it to a **Circuit Judge** or the **Master-in-Equity** for independent review;
4. **Direct the Plaintiff** to produce complete accounting records and governing documents to substantiate its claim; and
5. **Grant any further relief** deemed just and equitable.

## VI. CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Emergency Motion was served via first-class mail and email upon the following on this _30_ day of October 2025:

**Scott Wild, Esq.** – Counsel for Plaintiff
P.O. Box 6867
Hilton Head Island, SC 29938

**Jannine Mutterer, Esq.** – Special Referee (for notice only)
5 Red Cedar Street, suite 102
Bluffton, SC 29910

Respectfully submitted,

_____          _October 30, 2025_

**Jacqueline Ard, Pro Se**                        **Date**
21215 Dartmouth Drive
Southfield, MI 48076
(313) 770-7051 email: jacquelineard72@gmail.com

2023-CP-07-01818



# The South Carolina Court of Appeals

JENNY ABBOTT KITCHINGS
CLERK

CATHERINE S. HARRISON
CHIEF DEPUTY CLERK

POST OFFICE BOX 11629
COLUMBIA, SOUTH CAROLINA  29211

1220 SENATE STREET
COLUMBIA, SOUTH CAROLINA 29201

TELEPHONE: (803) 734-1890
FAX: (803) 734-1839
www.sccourts.org

August 25, 2025

Jacqueline E. Ard
239 Beach City Road
Unit 3218
Hilton Head Island SC 29926

Re:   Spa on Port Royal Sound v. Jacqueline E. Ard
      Appellate Case No. 2025-000648

Dear Ms. Ard:

It appears there is no stay in effect from the bankruptcy court, so this appeal will be allowed to proceed. Within ten (10) days of the date of this letter, you must order the transcript pursuant to Rule 207 of the South Carolina Appellate Court Rules.

Be sure to copy the Court, the Office of Court Administration and opposing counsel with all correspondence concerning the transcript. The address for Court Administration is as follows:

South Carolina Office of Court Administration
1220 Senate Street, Suite 200
Columbia, SC 29201

You must advise the Court of the status of the transcript within ten (10) days of the date of this letter, or your appeal will be dismissed.

ELECTRONICALLY FILED - 2025 Aug 29 7:42 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

Very truly yours,

CLERK

cc:    Scott Matthew Wild, Esquire

ELECTRONICALLY FILED - 2025 Aug 29 7:42 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2025 Sep 05 10:12 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

**FORM 4**

**STATE OF SOUTH CAROLINA**
**COUNTY OF** BEAUFORT
**IN THE COURT OF COMMON PLEAS**

**JUDGMENT IN A CIVIL CASE**

**CASE NO.** 2023-CP-07-01818

Spa on Port Royal Sound Horizontal Property Regime, Inc.
_____

Jacqueline E. Ard
_____

PLAINTIFF(S)

DEFENDANT(S)

### DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED** (_CHECK REASON_): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit): ☐ Rule 43(k), SCRCP (Settled): ☐ Other

☐ **ACTION STRICKEN** (_CHECK REASON_): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy: ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award: ☐ Other

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (_CHECK APPLICABLE BOX_): ☐ Affirmed: ☐ Reversed: ☐ Remanded: ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☒ Statement of Judgment by the Court:

The Plaintiff, Spa on Port Royal Sound Horizontal Property Regime, Inc.'s, Motion to Appoint Receiver and Set Bond, was heard via Zoom on August 26, 2025 at 9:30 a.m. Plaintiff's counsel, Scott M. Wild, appeared. Defendant, Jacqueline E. Ard, did not appear.

The Court takes notice of Ms. Ard's Written Objection to Bond Hearing. Notice of Violation of Imposed Stay, and Motion for Continuance. Defendant's motion was not filed with the Court as of the time of the hearing as required under SCRCP 5(e), said motion being received by the Special Referee at 9:29 a.m. on August 26, 2025 and filed with Court at 12:55 p.m. on August 26, 2025. Motions for continuance are addressed at the discretion of the trial judge and will not be upset absent a clear abuse of discretion. _State v. Lytchfield_, 230 S.C. 405, 95 S.E.2d 857 (1957). Defendant's motion indicated a conflict with another court appearance but failed to provide evidence of the conflict. The motion was received one minute prior to the hearing, and was not filed with the Court. Defendant chose not to appear at the virtual hearing. The motion to continue being a threshold issue; the Defendant's motion is **DENIED**.

Plaintiff sought to have its Motion to Appoint Receiver held in abeyance and this request is **GRANTED**.

Plaintiff's Motion to Set Bond pursuant to SCRCP §27-31-210 was heard and **GRANTED**. Based on the pending appellate and bankruptcy proceedings, the risk that the subject condominium unit may remain unoccupied and unmonitored and be subject to waste or neglect, the unique exposure a condominium regime imposes on the Association and neighboring owners, and Plaintiff's evidence of financial risk, and noting the absence of any counter-argument by Defendant, the Court finds good cause for protective security as equitable relief pursuant to authority granted by SCRCP §27-31-210. Accordingly, Defendant shall, within fifteen (15) days of the filing of this Order, post with the Clerk of Court a bond in the amount of Fifteen Thousand Dollars ($15,000.00), in cash or by surety, to secure the preservation and protection of the property during the pendency of these proceedings.

ELECTRONICALLY FILED - 2025 Sep 05 10:12 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

## ORDER INFORMATION

This order ☐ ends ☒ does not end the case.

Additional Information for the Clerk :

_____

_____

The judgment information above has been provided by the submitting party.  Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. **Note: Title abstractors and researchers should refer to the official court order for judgment details.**

_Special Referee for Beaufort County_ _____    Judge Code _____    9/8/25  Date

## For Clerk of Court Office Use Only

This judgment was entered on the ____ day of ____ , 20 ____ and a copy mailed first class or placed in the appropriate attorney's box on this ____ day of ____ , 20 ____ to attorneys of record or to parties (when appearing pro se) as follows:

_____        _____

_____        _____

_____        _____

**ATTORNEY(S) FOR THE PLAINTIFF(S)**        **ATTORNEY(S) FOR THE DEFENDANT(S)**

_____

**CLERK OF COURT**

## Court Reporter: _____

**ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON PAGE 1.**

This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

_____

*******************************

## FORM 4C INSTRUCTIONS—JUDGMENT IN A CIVIL CASE
### (Instructions for Information Only-Not to be filed with Form 4C)

1. Form 4C-Judgment in a Civil Case has been modified to add order information and enrollment instructions for the clerk of court.  The purpose of Form 4 has not changed with the exception that judgment information is provided when applicable.

ELECTRONICALLY FILED - 2025 Oct 06 12:22 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | ) **IN THE COURT OF COMMON PLEAS** |
| | ) **FOR THE 14TH JUDICIAL CIRCUIT** |
| **COUNTY OF BEAUFORT** | ) **CIVIL ACTION #:   2023-CP-07-01818** |
| | ) |
| **Spa on Port Royal Sound Horizontal Property Regime, Inc.,** | ) |
| | ) |
| **Plaintiff,** | ) **Certificate of Service** |
| | ) |
| **vs.** | ) |
| | ) |
| **Jacqueline E. Ard,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

I, Tracy L. Thornton, hereby certify that I have, this date, served one (1) copy of the Notice

of Foreclosure Sale in the above-referenced matter by depositing the same at the United States

Post Office, Hilton Head Island, South Carolina, with first class postage prepaid to:

Jacqueline E. Ard
239 Beach City Road, #3218
Hilton Head Island, SC 29926

Respectfully submitted this 6th day of October, 2025, in the Town of Hilton Head Island,

Beaufort County, South Carolina.

**LAW OFFICE OF SCOTT M. WILD, L.L.C.**

By: _Tracy L. Thornton_

Tracy L. Thornton, Legal Assistant
Post Office Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
tracy@wildlawfirm.com
*Attorneys for Plaintiff*

Sworn to and subscribed before me on

this 6th day of October, 2025.

_____

Notary Public for South Carolina

My Commission Expires: 02/08/2028

ELECTRONICALLY FILED - 2025 Oct 07 11:33 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

## NOTICE OF FORECLOSURE SALE

### [Please Note that Sale not Conducted at Courthouse]

BY VIRTUE OF A DECREE by Special Referee Jannine M. Mutterer, Esq., heretofore issued in the Court of Common Pleas in the case of Spa on Port Royal Sound Horizontal Property Regime, Inc. v. Jacqueline E. Ard, Civil Action No.: 2023-CP-07-01818, the undersigned will sell on November 3, 2025 at 1 p.m., in the Law Office of Jannine Mutterer, located at 5 Red Cedar Street, Suite 102, Bluffton, South Carolina 29910, the following real property (hereinafter referred as to the "Property") to the highest bidder:

> ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

> TMS # :     R510-005-000-008B-3218

> Address:     239 Beach City Road, Apt. 3218
>                   Hilton Head Island, SC 29926

TERMS OF SALE: For cash. Other than the Plaintiff in this matter, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association"), the successful bidder will deposit with the said undersigned's Special Referee's office, at the conclusion of the bidding, five percent (5%) of the bid, in cash or equivalent, as evidence of good faith, the same to be applied to the purchase price in case of compliance, but to be forfeited and applied first to costs and then to the debt owed the Association in the case of non-compliance. Should the last and highest bidder fail or refuse to make the required deposit at the time of bid or comply with the other terms of the bid within thirty (30) days, then said undersigned Special Referee may resell the Property on the same terms and conditions on some subsequent Sale Day (at risk of the said highest bidder).

Eleven and one-half *per cent* (11.5%) annual interest shall be paid on the bid balance until the date of compliance, or the then-prevailing statutory judgment interest rate.

THE ASSOCIATION HAS WAIVED ITS RIGHT TO OBTAIN A DEFICIENCY JUDGMENT, AND THE SALE SHALL BECOME FINAL ON THE SALE DATE PURSUANT TO THE TERMS OF SALE SET OUT ABOVE.

Purchaser to pay for preparation of the Special Referee's Deed, documentary stamps on the deed and recording of the deed.

Said sale will not be held unless the Association or its attorney is present at said sale.

SAID PROPERTY TO BE SOLD SUBJECT TO ANY LIENS OF RECORD NOT RELEASED BY VIRTUE OF THE ABOVE-REFERENCED FORECLOSURE, INCLUDING ANY MORTGAGE OF RECORD, AND NEITHER THE ASSOCIATION NOR THE UNDERSIGNED WARRANT TITLE UPON PURCHASE. ANY BIDDER IS RESPONSIBLE FOR CONDUCTING THEIR OWN TITLE SEARCH AND EXAMINATION.

Jannine M. Mutterer, Esq., Special Referee
for Beaufort County, South Carolina

Bluffton, South Carolina,

This 16th day of October, 2025.

LAW OFFICE OF SCOTT M. WILD, LLC
SCOTT M. WILD, ESQUIRE
P.O. Box 6867
Hilton Head Island, SC 29938
Attorney for the Plaintiff

ELECTRONICALLY FILED - 2025 Oct 07 11:33 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

# **Certificate of Electronic Notification**

| Recipients |
|---|
| **Jannine Mutterer**  - Notification transmitted on 10-07-2025 11:33:45 AM. |
| **Scott Wild**  - Notification transmitted on 10-07-2025 11:33:45 AM. |

ELECTRONICALLY FILED - 2025 Oct 07 11:33 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:**  2023CP0701818

**Official File Stamp:**                    10-07-2025 11:33:39 AM

**Court:**                                  CIRCUIT COURT

                                            Common Pleas

                                            Beaufort

**Case Caption:**                           Spa On Port Royal Sound Horizontal Property
                                            Regime Inc VS Jacqueline Ard

**Document(s) Submitted:**                  Notice of Foreclosure Sale

**Filed by or on behalf of:**               Melissa Kilby

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                    Jannine Maria Mutterer

                    Scott Matthew Wild for Spa On Port Royal Sound
                    Horizontal Property Regime Inc

**The following people have not been served electronically by the Court. Therefore, they must
be served by traditional means:**

                    Jacqueline Ard for Jacqueline Ard

                    Jacqueline Ard for Jacqueline Ard

ELECTRONICALLY FILED - 2025 Oct 07 11:33 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2024 Sep 03 12:05 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | ) **IN THE COURT OF COMMON PLEAS** |
| | ) **FOR THE 14TH JUDICIAL CIRCUIT** |
| **COUNTY OF BEAUFORT** | ) **CIVIL ACTION #:   2023-CP-07-01818** |
| | ) |
| **Spa on Port Royal Sound Horizontal** | ) |
| **Property Regime, Inc.,** | ) |
| | ) |
| **Plaintiff,** | ) **Certificate of Service** |
| | ) |
| **vs.** | ) |
| | ) |
| **Jacqueline E. Ard,** | ) |
| | ) |
| **Defendant.** | ) |

I, Tracy L. Thornton, hereby certify that I have, this date, served one (1) proposed copy of the the following:

1. Affidavit of Debt

2. Special Referre's Decree of Foreclosure, Sale and Judgment

3. Affidavit of Attorney Fees

4. Notice of Foreclosure Sale

in the above-referenced matter by depositing the same at the United States Post Office, Hilton Head Island, South Carolina, with first class postage prepaid to:

Jacqueline E. Ard
663 William Hilton Pkwy #4408
Hilton Head Island, SC 29928

Respectfully submitted this 3rd day of September, 2024, in the Town of Hilton Head Island, Beaufort County, South Carolina.

|  |  |
|---|---|
| Sworn to and subscribed before me on | **LAW OFFICE OF SCOTT M. WILD, L.L.C.** |
| this 3rd day of September, 2024. | By: _Tracy L. Thornton_ |
| | Tracy L. Thornton, Legal Assistant |
| Notary Public for South Carolina | Post Office Box 6867 |
| My Commission Expires: 02/08/2028 | Hilton Head Island, SC 29938 |
| | (843) 785-9453 |
| | tracy@wildlawfirm.com |
| | *Attorneys for Plaintiff* |

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Jannine Mutterer**  - Notification transmitted on 09-03-2024 12:06:10 PM. |
| **Scott Wild**  - Notification transmitted on 09-03-2024 12:06:10 PM. |

ELECTRONICALLY FILED - 2024 Sep 03 1:46 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2023CP0701818

**Official File Stamp:**           09-03-2024 12:05:58 PM

**Court:**                         CIRCUIT COURT

                                   Common Pleas

                                   Beaufort

**Case Caption:**                  Spa On Port Royal Sound Horizontal Property
                                   Regime Inc VS Jacqueline Ard

**Document(s) Submitted:**         Service/Certificate Of Service

**Filed by or on behalf of:**      Scott Matthew Wild

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                                   Jannine Maria Mutterer

                                   Scott Matthew Wild for Spa On Port Royal Sound
                                   Horizontal Property Regime Inc

**The following people have not been served electronically by the Court. Therefore, they must
be served by traditional means:**

                                   Jacqueline Ard

ELECTRONICALLY FILED - 2024 Sep 03 1:46 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2024 Sep 06 10:34 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 14TH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) CIVIL ACTION #: 2023-CP-07-01818 |
| | ) |
| Spa on Port Royal Sound Horizontal | ) |
| Property Regime, Inc., | ) |
| | ) |
| Plaintiff, | ) **Affidavit of Attorney Fees, Costs,** |
| | ) **and Expenses** |
| vs. | ) |
| | ) |
| Jacqueline E. Ard, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Personally appeared before me Scott M. Wild, Esquire on the date subscribed below and who, being duly sworn, under oath, and under penalty of perjury, states as follows:

1.     He is an attorney with the Law Office of Scott M. Wild, LLC, representing the Plaintiff herein, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association").

2.     He has represented the Association at all times herein, and has full knowledge of all legal fees, costs, and expenses charged in connection with this account and motion.

3.     He has been a member of the South Carolina Bar since 2007, and has practiced in Beaufort County since that time primarily in the fields of contract and debt litigation, real property law, landlord/tenant law, municipal law, community association law, and mortgage foreclosure.

4.     During the time of his firm's representation of the Association, his rates have been as follows:

      i.   Eighty-Five and No/100ths Dollars ($85.00) per hour for work properly billable at a paralegal's rates; and

     ii.   One Hundred Seventy-Five and No/100ths Dollars ($175.00) per hour for work properly billable at an attorney's rate.

ELECTRONICALLY FILED - 2024 Sep 06 10:34 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

5.      The undersigned is informed and believes that the rate charged by him and his firm are in line with the customary rates charged in Beaufort County, South Carolina by attorneys and firms of similar experience and qualifications.

6.      The amount involved herein included claims of the Association in excess of Twenty-Six Thousand Six Hundred Seventy-Five and 52/100ths Dollars ($26,675.52).

7.      As of September 3, 2024, the total amount of court costs, expenses and attorney fees charged to or undertaken on behalf of the Association in the above matter was Two Thousand Four Hundred Eight and 89/100ths Dollars ($2,408.89).

8.      He anticipates the Association shall incur additional attorney fees, court costs, and expenses of approximately Two Thousand and No/100 Dollars ($2,000.00) in conjunction with the resolution of this matter (attendance at hearing, post-hearing communication with Court and client, publication, attendance at sale, post-sale document drafting, docketing of any judgment with the Clerk of Court for Beaufort County, South Carolina, and recording post-sale paperwork with the appropriate offices), and that the outcome will be favorable to the Association.

9.      This firm has expended a substantial amount of time on this file, including, but not limited to: preparation and filing of pleadings; review of file, preparation for trial; meeting with client; consulting with witnesses; and communication with client, client's agent, and this Court, among other things.

10.     Incorporated herein is Rule 407, SCACR, which contains the Rules of Professional Conduct, and specifically incorporate Rule 1.5, which sets forth the factors to be considered in determining reasonable attorney's fees. They are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment

ELECTRONICALLY FILED - 2024 Sep 06 10:34 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

11.     He also draws attention to the decisions by the Supreme Court of South Carolina concerning the factors and criteria which should be considered in setting of attorney's fees. He specifically calls attention to the factors set forth in the case of *Blumberg v. Nealco*, 310 S.C. 492, 427 S.E.2d 659 (1993): (1) the nature, extent, and difficulty of the services rendered; (2) the time and labor devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the fee customarily charged in the locality for similar services; and (6) the beneficial results obtained.

12.     His representation of the Association was not performed on a contingency basis.

13.     He reserves the right to re-visit the question of attorney's fees should the action proceed in an unexpected way or should any party challenge the award of attorney's fees.

14.     All the actions that have been taken and will be taken are necessary for the protection of the client's interests.

15.     His client is entitled to an award attorney's fees in the amount of $2,408.89, together with the estimated additional attorney fees which will be incurred in conjunction with the resolution of this motion of approximately $2,000.00, for a total of $4,408.89.

16.     The requested fees are in line with the fees and expenses customarily charged by counsel with similar experience in this locality.

*[SIGNATURE AND NOTARIZATION PAGE FOLLOWS]*

*SIGNATURE AND NOTARIZATION PAGE*
**Affidavit of Attorney Fees, Costs, and Expenses**
CIVIL ACTION #:  2023-CP-07-01818

**THE AFFIANT FURTHER SAYETH NAUGHT.**

LAW OFFICE OF SCOTT M. WILD, LLC

By: _____

SC Bar #76528
Attorney for the Plaintiff
Post Office Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
scott@wildlawfirm.com

Sworn to and subscribed before me
this _16th_ day of September, 2024.

_____
Notary Public for South Carolina
My Commission Expires: 3.14.2034

ELECTRONICALLY FILED - 2024 Sep 06 10:34 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2024 Sep 10 11:09 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
                                  ) FOR THE 14TH JUDICIAL CIRCUIT
COUNTY OF BEAUFORT ) CIVIL ACTION #:  2023-CP-07-01818
                                  )

Spa on Port Royal Sound Horizontal )
Property Regime, Inc., )
                                  )
            Plaintiff, ) Verified Statement and Affidavit of Debt
                                  )
vs. )
                                  )
Jacqueline E. Ard, )
                                  )
            Defendant. )
                                  )

Personally appeared before me, the undersigned Notary Public, Christine Phillips, Accounts Receivable Manager for IMC Resort Services, Inc., management agent for Spa on Port Royal Sound Horizontal Property Regime, Inc., Plaintiff in the above-captioned action, who, first being duly sworn, under oath, and under penalty of perjury, states deposes, and testifies as follows:

1.      Her name is Christine Phillips and she is employed by IMC Resort Services, Inc.

2.      She is the Accounts Receivable Manager for IMC Resort Services, Inc.

3.      IMC Resort Services, Inc. (hereinafter, "IMC") has been retained to operate as the management agent for Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association").

4.      She is familiar with the books and records of the Association.

5.      Those books and records are kept by IMC in the regular course of business of the Association and IMC.

6.      The Association's books and records indicate Jacqueline E. Ard (hereinafter, "Ard") is a member of the Association.

ELECTRONICALLY FILED - 2024 Sep 10 11:09 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

7.      Those books and records, among other things, show that the Association charges members monthly fees, the proceeds of which are applied towards present and future operational and capital needs, reserves, and expenses of the Association.

8.      She is familiar with the fees charged to the members of the Association to pay for such present and future operational and capital needs, reserves, and expenses of the Association.

9.      Those books and records, among other things, track account credits and debits charged to Ard and other owners.

10.     In preparing this affidavit, she has reviewed those books and records.

11.     She is familiar with Ard's account with the Association.

12.     Ard's account is delinquent in the amount of Twenty-Six Thousand Six Hundred Seventy-Five and 52/100ths Dollars ($26,675.52), which charges constitute unpaid regular monthly membership fees, late fees, fines, applicable interest, and other fees charges as may appear on Ard's account statement, which is attached hereto as Exhibit "A", but which does not include any legal fees, costs or expenses.

13.     The account balance shown on the statement breaks out as follows:

| | | |
|---|---|---|
| Association Fees, late fees and fines: | $ | 26,675.52 |
| Legal Fees (posted) | $ | 2,408.89 |
| Total | $ | 29,085.41 |

14.     As a result of Ard's delinquency, the Association placed Ard's account with an attorney for collection.

15.     The Association directed said attorney to issue a demand letter informing Ard of the debt she owed to the Association.

16.     Upon unsatisfactory payment thereof, the Association directed said attorney to place a lien upon Ard's property.

*Page 2 of 3*

ELECTRONICALLY FILED - 2024 Sep 10 11:09 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

17.    Upon information and belief, a copy of said lien is attached hereto as an exhibit.

18.    Upon unsatisfactory payment thereof, the Association directed said attorney to initiate foreclosure.

19.    She is familiar with and has reviewed all bills from attorneys representing the Association in this matter.

20.    Based upon her review of the account statement, as well as other Association books and records, Ard owes the Association of Twenty-Nine Thousand Eight-Five and 41/100ths Dollars ($29,085.41) as of the date hereon, after all just account credits and debits are applied, and as shown on the attached account statement, plus attorney fees, attorney expenses invoiced to-date, Association expenses, and collection costs paid or invoiced to-date pertaining to this matter.

21.    Attorney fees are detailed in the Affidavit of Attorney Fees being submitted contemporaneously with this Affidavit.

**FURTHER, AFFIANT SAYETH NOT.**

IMC RESORT SERVICES, INC.

By: _Christine Phillips_

Christine Phillips, Accounts Receivable Manager
IMC Resort Services, Inc.
2 Corpus Christie, Suite 302
Hilton Head Island, SC 29928

Sworn to and subscribed before me
this ___9th___ day of September, 2024.

_____
Notary Public for South Carolina
My Commission Expires: 8/12/28

**LISA MARTIN**
Notary Public, State of South Carolina
My Commission Expires 8/21/2028