# EXHIBIT D

## FINANCIAL HARM AND DAMAGES SUMMARY

**Plaintiffs:** Jacqueline E. Ard and Terry F. Nicola
**Property:** 239 Beach City Road, Unit 3218, Hilton Head Island, SC 29926
**Bankruptcy Case No.:** 25-01384 (Chapter 7, District of South Carolina- Charleston Division)

## I. INTRODUCTION

This exhibit summarizes the catastrophic and compounding financial, business, and medical losses directly resulting from the coordinated misconduct of the Defendants—The Spa on Port Royal Sound HOA, IMC Resort Services Inc., attorney Scott Wild, Special Referee Jannine Mutterer, and others.
Their unlawful actions—including fraud upon the court, violation of the automatic stay, falsified filings, and obstruction of due process—have caused irreversible harm to the Plaintiffs' livelihood, health, and estate.

## II. SUMMARY OF DAMAGES

| Category of Loss | Description of Harm | Estimated Financial Impact | Supporting Authority / Exhibit |
|---|---|---|---|
| 1. Loss of Primary Residence and Property Equity | Forced foreclosure and sale of Plaintiffs' condominium at 239 Beach City Rd. #3218 despite active bankruptcy protection; property value far exceeded alleged debt. | $287,500 (market value) − $9,146.76 (alleged debt) = **$278,353.24** in lost equity | Ex. A & C |
| 2. Destruction of Small Business Operations | "Global Management Group" short-term rental and design business collapsed due to asset seizure, reputational harm, and inability to access property. | Estimated annual revenue for unit 3218 $90,000 × 3 years = **$270,000 lost income** | Ex. D-1 |
| 3. Medical and Rehabilitation Expenses | Jacqueline Ard sustained a catastrophic hand injury after stress-related fall during litigation; permanent disability limits earning capacity and care-giving ability. | Immediate medical costs: $86,400 Future rehab/therapy: $25,000 Assistive care for spouse: $38,000 | |
| 4. Loss of Husband's | Terry Nicola forced to leave specialized Parkinson's treatment | Increased medical burden and in-home care | |

| Category of Loss | Description of Harm | Estimated Financial Impact | Supporting Authority / Exhibit |
|---|---|---|---|
| Medical Care Facility | facility due to loss of income and asset liquidation. | costs ≈ **$7,800 per month × 24 months = $187,200** | |
| 5. Bankruptcy and Legal Expenses | Multiple filings forced by Defendants' misconduct; attorney consultations, court fees, and document preparation. | $18,750 | Court Records |
| 6. Loss of Retirement and Trust Assets | Liquidation of Mr. Nicola's retirement trust fund (40 years of savings) to cover legal and medical expenses. | $480,000 | |
| 7. Credit Destruction and Financial Reputation | Repeated foreclosure filings and judgments damaged credit profiles and denied access to credit lines and insurance. | Long-term impact ≈ $250,000 | Credit Reports |
| 8. Emotional Distress and Loss of Consortium | Chronic anxiety, sleep deprivation, and progressive Parkinsonian decline from prolonged litigation stress. | $500,000 (general damages) | |
| 9. Punitive and Statutory Damages | For fraud upon the court, civil conspiracy, and willful violation of 11 U.S.C. § 362. | $500,000 (minimum requested) | 11 U.S.C. § 362(k); 18 U.S.C. § 371 |
| **TOTAL ESTIMATED DAMAGES** | | **$2,633,303.24 + continuing losses** | |

## III. ONGOING AND FUTURE HARM

1. **Permanent Loss of Income:**
   Ms. Ard is now permanently disabled and unable to return to work in her profession as a designer and property manager. Her business license and client contracts were terminated due to the foreclosure and loss of workspace.
2. **Medical Decline of Terry Nicola:**
   Mr. Nicola's Parkinson's Disease has progressed rapidly due to chronic stress, malnutrition, and lack of consistent therapy. He now requires a wheelchair and 24-hour assistance. The cost of such care is projected to exceed **$120,000 annually**.
3. **Emotional and Psychological Trauma:**
   Both Plaintiffs have endured mental anguish, night terrors, and social withdrawal stemming from the perception that the judicial system failed to protect them as disabled individuals. This is a direct consequence of the Defendants' fraudulent acts and the systemic failure of oversight.

4. **Future Financial Instability:**
   Plaintiffs have no remaining retirement savings, no income-producing property, and face permanent dependence on public assistance due to the loss of their home and business.

## IV. LEGAL BASIS FOR DAMAGES

The Defendants' conduct gives rise to civil liability under multiple federal and state laws, including but not limited to:

- **11 U.S.C. § 362(k):** Authorizes actual and punitive damages for willful violation of the automatic stay.
- **18 U.S.C. § 371:** Conspiracy to defraud the United States and its courts.
- **42 U.S.C. § 12132 (ADA Title II):** Prohibits discrimination on the basis of disability in public services and judicial proceedings.
- **42 U.S.C. § 1983:** Deprivation of constitutional rights under color of law.
- **S.C. Code § 15-75-20:** Authorizes exemplary damages for fraud, malice, and reckless indifference.

## V. CONCLUSION

The financial and personal devastation suffered by Jacqueline E. Ard and Terry F. Nicola is not the result of poor financial management or chance but of **systemic abuse of judicial authority, fraudulent conduct by officers of the court, and coordinated civil conspiracy.**

Their home was stolen, their business destroyed, and their health irreversibly damaged because individuals entrusted to uphold the law instead weaponized it for personal gain.

The Plaintiffs seek full monetary compensation for all losses and injuries, punitive damages to deter future abuse, and such additional relief as the Bankruptcy Court deems just and proper to restore integrity to these proceedings.

Respectfully submitted,

_____
**Jacqueline E. Ard**
Plaintiffs / Debtors
Dated: 11·6·2025