ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818



| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 14TH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) CIVIL ACTION #: 2023-CP-07-01818 |
| | ) |
| Spa on Port Royal Sound Horizontal | ) |
| Property Regime, Inc., | ) |
| | ) |
| Plaintiff, | ) Special Referee's Decree of Judgment |
| | ) and Foreclosure ($31,084.41) |
| vs. | ) |
| | ) |
| Jacqueline E. Ard, | ) |
| | ) |
| Defendant. | ) |

Filed By The Court
11/10/2025 11:24 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Pursuant to the Order of Reference entered herein on August 21, 2024, this case has been referred to me, as Special Referee for Beaufort County, for a foreclosure hearing located at Mutterer Law Firm, 5 Red Cedar Street, Suite 102, Bluffton, South Carolina on September 10, 2024 at 9:00 AM. For the Plaintiff herein, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association"), was Scott M. Wild, attorney for the Association. Christine Phillips, agent for the Association, appeared via Affidavit. Defendant Jacqueline E. Ard was was not present.

Having heard the uncontroverted pleadings in this case, I make the following findings of facts and conclusions of law:

1.      The Association filed a Summons & Complaint, *Lis Pendens*, Certificate of ADR Exemption, and Certificate of Compliance with the CARES Act (hereinafter, collectively the "Complaint") in this matter with the Office of the Clerk of Court for Beaufort County, South Carolina on September 25, 2023 seeking foreclosure of certain real property located in Beaufort County, South Carolina (hereinafter referred to as the "Property").

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

2.   The Association caused Janny Stidham, licensed private investigator, to personally serve Jacqueline E. Ard with the Complaint at 663 William Hilton Parkway, #4408, Hilton Head Island, SC 29928 on or about April 28, 2024.  An Affidavit of Service evidencing said service is of record with the Office of the Clerk of Court for Beaufort County, South Carolina as of April 30, 2024.

3.   Jacqueline E. Ard (hereinafter, "Ard") has not filed an Answer to the Complaint.

4.   No party has raised any issues related to the Association's standing to prosecute this action.

5.   On August 21, 2024 upon the Association's application, this Court signed an Order referring this matter to a Special Referee for Beaufort County, South Carolina.

6.   The Association, by and through its counsel, notified Defendant of the time, date, and place of the foreclosure hearing in this matter by U.S. First Class Mail on August 27, 2024, which notice and corresponding Certificate of Service are of record with the Office of the Clerk of Court for Beaufort County as of August 27, 2024.

7.   The Association is a duly organized horizontal property regime and/or owners' association, operating as a not-for-profit corporate entity charged with administering the Master Deed of The Spa on Port Royal Sound Horizontal Property Regime dated August 30, 1984 and recorded in the Beaufort County Records in Book 402 at Page 629, and all further amendments thereto (hereinafter collectively referred to as the "Master Deed"), which applies to the Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Community").

8.   From April 29, 2021 to present, Defendant has owned the Property, as evidenced by the Warranty Deed recorded on May 24, 2021 with the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 4015 at Page 2897, and which is more particularly described as follows:

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP070'818

ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS # :        R510-005-000-008B-3218

Address:        239 Beach City Road, Apt. 3218
                Hilton Head Island, SC 29926

9.      Defendant is still the record owner of this Property.

10.      Said Property is subject to all provisions, restrictions, conditions, and affirmative obligations contained in the Master Deed, and which has been in full force and effect at all times herein.

11.      Association fees and insurance fees were established and are applied against each and every lot in the Community for the purpose of obtaining insurance coverage and paying such expenses incurred in operating, maintaining, altering, modifying, improving, repairing, and replacing the common elements of the Community in accordance with the Master Deed.

12.      That upon the purchase of said Property, Defendant became personally obligated to pay all assessments, fines, charges, levies, and demands of the Association intended for use on the common elements and that said obligations operate as a lien against the property for non-compliance with the Master Deed.

13.      According to the Master Deed, Defendant is/are responsible for all Association fees, late fees, and administrative fees that accrued prior to its purchase of the Property and which

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

accrued and will continue to accrue as determined by the Master Deed, plus attorney fees under the Master Deed in association with collection on this account, and costs of this action in accordance with the same, since its purchase of the Property.

14.     The installments of monthly Association fees, late fees, legal fees, collection costs, insurance assessments, and other charges to this account have not been made as required under the terms and conditions of the Master Deed, and the Association has been required to place the same into the hands of its attorney for collection.

15.     The Association has made numerous demands upon Defendant to pay said delinquent account for monthly regime dues, insurance charges and periodic assessments, costs of collection and attorney fees, but Defendant has failed and continues to fail to pay the sums due the Association.

16.     The Association has performed all of its obligations and requirements to accelerate the balance and Defendant received all notices to which he / she / it / they is / are entitled under law.

17.     On March 16, 2022, the Association filed a lien against the Property in the Office of the Register of Deeds for Beaufort County, South Carolina in Official Lien Book 151 at Pages 0902-0905 (the "Lien").

18.     The amounts due and owing to the Association, exclusive of attorney fees, expenses, and court costs, in connection with the Property as described in this Order, by Defendant is Twenty-Six Thousand Six Hundred Seventy-Five and 52/100ths Dollars ($26,675.52), including unpaid monthly regime fees, late fees, insurance assessments, and other charges; and is itemized as set out on the statement incorporated into the Record of Testimony and Verified Statement and Affidavit of Debt as an Exhibit, which is incorporated herein.

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP070181818

19.    In addition to the amounts due under the Master Deed, I have considered the time and labor involved by Scott M. Wild of The Law Offices of Scott M. Wild, LLC for the Association; the skill required to perform the services necessary in this action; the amount involved; the results obtained; the skill, experience, reputation and ability of the attorneys; and being familiar with the customary fees for like services in Beaufort County, South Carolina, I find that the sum of Two Thousand Four Hundred Eight and 89/100ths Dollars ($2,408.89) is a reasonable sum to allow for court costs, expenses and attorney fees charged through September 1, 2024, and further, that the sum of Two Thousand and NO/100ths Dollars ($2,000.00) is a reasonable sum to allow for the work necessary to conclude this action, including additional attorney fees, court costs, and expenses as set out in the Affidavit of Attorney Fees filed with this Court.

20.    The Association has not waived its right to seek a deficiency judgment against Defendant and seeks foreclosure of its Lien, though reserves the right to waive the same at or prior to sale.

21.    The Association seeks judgment of foreclosure on its lien rights and a judgment for a breach of the Master Deed.

22.    Any party claiming an interest in the Property is entitled to notice of the disposition of any surplus funds generated by the sale of this Property in accordance with Rule 71 of the *South Carolina Rules of Civil Procedure* and custom of this Court.

23.    There is a substantial likelihood that the property involved in this action is owner-occupied. Therefore, before a sale shall be scheduled, the Plaintiff shall comply with the following:

a.    A Rule to Show Cause shall be prepared, executed and served personally on the primary Defendant(s) within sixty (60) days of this Order. The Rule shall order that the Defendant(s) appear at the stated date and time and show cause, if they can, why the property should not be sold for the reasons articulated in this Order. The Rule to Show Cause together with

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

a copy of this Order shall be personally served on the primary Defendant(s) by a Beaufort County Sheriff's Deputy. No other form of service shall be effective. If the Defendant(s) fail to appear as ordered and/or otherwise fail to show cause, a sale shall be scheduled.

### BASED UPON THE ABOVE FINDINGS AND CONCLUSIONS, IT IS ORDERED, ADJUDGED AND DECREED:

A. The debt Defendant owe(s) the Association in connection with the Property as referenced above and within this Thirty-One Thousand Eighty-Four and 41/100ths Dollars ($31,084.41), consisting of principal, interest, late fees, fines, costs of collection, court costs, expenses and attorney fees, and the Association shall have a money judgment against Defendant in that amount.

B. The amount of this judgment shall be subject to any additional attorney fees and costs incurred by the Association that exceed the amount allotted above.

C. Should the Association be forced to pay any past due taxes on the Property before the foreclosure sale of the Property, those amounts shall be added to this judgment.

D. Pursuant to Paragraph 23, the Lien of the Association shall be foreclosed and Defendant, and anyone claiming by, through or under him/her/it/them, shall be barred of any right, title, interest in, lien upon, or equity of redemption in or to the subject premises except those parties holding superior liens.

E. Should Defendant not show adequate cause, the subject Property be shall be sold by the Special Referee for Beaufort County, South Carolina, at public auction at Mutterer Law Firm in Bluffton, South Carolina, after due advertisement according to law, on the first available sales day after entry of this Order (and should the regular sales day fall on a legal holiday, the sales day shall be on the Tuesday next following the legal holiday or the next

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

day thereafter), or upon such other date as I may designate, upon the following terms, to wit:

a. For cash, and the Special Referee will require a deposit of five (5%) of the bid amount, in cash or its equivalent, the same to be applied to the purchase price only upon compliance with the bid, but in the case of non-compliance with the bid within thirty (30) days from the date of the bid, the same shall be forfeited and applied to the debt.

b. If, upon such sale being made, the high bidder shall fail to comply with the terms of the bid within thirty (30) days of making the bid, the Special Referee may advertise the premises for sale at some subsequent sales day, at the risk of the former bidder, and so on from time to time until compliance with a bid shall be achieved;

c. If the Association is the successful bidder at the sale, however, for a sum not exceeding the cost of sale and the indebtedness on the Property to the Association, in full, the Association may pay unto the Special Referee only the amount of costs, crediting the balance on the Association's bid on the indebtedness found to be owing by Defendant to the Association;

d. The Association has expressly reserved its right to seek a deficiency judgment against Defendant, which right may be waived at any time in writing until the Property is held up for sale, including at the sale of the Property, and therefore the bidding shall remain open for a period of thirty (30) days;

e. It is a condition of the sale that the sale shall not occur if the Association or its attorney is not present at the sale;

f. The Purchaser at said sale, other than the Association, shall pay any and all recording fees, commissions, and any applicable State, County or Municipal documentary stamp or transfer fee expense; and

g. The Special Referee shall, upon compliance with the terms of the Purchaser's bid, issue a good and sufficient title and Deed to the premises and Property sold pursuant to that Order.

h. The sale shall be subject to any real property taxes or special assessments that are due and owing as of the date of the sale, as well as any liens superior to the Lien of Association hereby foreclosed.

i. Defendant is/are permitted to redeem the Property by paying the judgment amount, plus all additional costs, before the judicial sale of this Property.

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

F.  The full amount of this judgment shall carry interest at the statutory rate of twelve and one-half *per cent* (12.50%) per annum, or the then-prevailing statutory judgment rate, until compliance with the successful bid is made.

G.  The proceeds from the sale should be applied as follows:

   a.  To the payment of the costs and expenses of the sale, including the Special Referee's fee; then

   b.  To the satisfaction of Defendant' judgment debt to the Association, and attorney's fees, or so much thereof as the purchase money will pay of the same; then

   c.  The surplus, if any, will be held for distribution pursuant to further order of the Court.

H.  Upon making the sale of the Property, and upon the execution and delivery to the purchaser or purchasers of a Deed(s) to the Property, said purchaser or purchasers shall be let into possession of the Property upon production of the deed(s); and further that upon request of the holder of the Deed(s), the Sheriff of Beaufort County shall put the holder of the Deed(s) into possession of the premises.  In addition, the purchaser shall be entitled to have said Sheriff place any items, not including fixtures, left in the Property onto the street or public way immediately adjacent to the Property.

I.  The obligation to pay fees to the Association ran with the Property prior to Defendant acquiring an interest and Defendant took title subject to that obligation, such that the Homestead Exemption would not apply.

J.  That the fines assessed against Defendant are valid.

K.  The Association may waive its right to deficiency judgment in writing at any time in writing up to or at the sale.

L.  This Court retains jurisdiction to hear any issues related to Defendant' ejectment from the Property or the ejectment of his tenants(s).

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP070101818

M. This Court shall retain jurisdiction to finalize all matters in this case.

N. That, in addition to all notices to the property owner(s) which are required by SCRCP or other law, in a case involving property owner's SCRCP 55 default, or any other case or circumstance where property owner(s) would not ordinarily receive a copy of the Order of Foreclosure and/or Notice of Sale, the party seeking foreclosure (Foreclosing Party) shall within 5 (five) days of execution of this Order cause this Order and the Notice of Sale (if available) to be served by US Mail upon said property owner(s).

    a. An affidavit of such service shall be filed with the Clerk of Court expeditiously.

    b. In cases where the Notice of Sale is executed later in time than the Order, service shall be accomplished separately, and shall be sent no later than 5 (five) days from receipt by the Foreclosing Party.

**AND IT IS SO ORDERED.**

_____
Jasmine M. Mutterer, Esq. Special Referee
for Beaufort County, South Carolina

Beaufort, South Carolina.

This 11th day of September, 2024.

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

**FORM 4**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF BEAUFORT<br>IN THE COURT OF COMMON PLEAS | **JUDGMENT IN A CIVIL CASE**<br><br>CASE NO. 2023-CP-07-01818 |

Spa on Port Royal Sound Horizontal Property Regime, Inc.

Jacqueline E. Ard

PLAINTIFF(S)                    DEFENDANT(S)

**Submitted by:** Scott M. Wild, LLC

Attorney for : ☒ Plaintiff   ☐ Defendant
or
☐ Self-Represented Litigant

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☐ Statement of Judgment by the Court:

## ORDER INFORMATION

This order ☐ ends ☒ does not end the case.

Additional Information for the Clerk:  The property which is the subject of this action shall be sold at public sale pursuant to the Master's Decree of Foreclosure, Sale and Judgment.

| INFORMATION FOR THE JUDGMENT INDEX | | |
|---|---|---|
| Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below. | | |
| Judgment in Favor of<br>(List name(s) below) | Judgment Against<br>(List name(s) below) | Judgment Amount To be Enrolled<br>(List amount(s) below) |
| Spa on Port Royal Sound Horizontal Property Regime, Inc. | Jacqueline E. Ard | $31,084.41 |
| | | |
| | | |
| If applicable, describe the property, including tax map information and address, referenced in the order: | | |

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS # :    R510-005-000-008B-3218

Address:    239 Beach City Road, Apt. 3218
            Hilton Head Island, SC 29926

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk.
**Note: Title abstractors and researchers should refer to the official court order for judgment details.**
**E-Filing Note: In E-Filing counties, the Court will electronically sign this form using a separate electronic signature page.**

_____    2098            9/11/24
Special Referee                              Judge Code        Date

## For Clerk of Court Office Use Only

This judgment was entered on the    . day of    . 20    and a copy mailed first class or
placed in the appropriate attorney's box on this    day of    . 20    to attorneys of record or
to parties (when appearing pro se) as follows:

Scott M. Wild, LLC
P.O. Box 6867
Hilton Head Island, SC 29938
**ATTORNEY(S) FOR THE PLAINTIFF(S)**                    **ATTORNEY(S) FOR THE DEFENDANT(S)**

                                                         **CLERK OF COURT**

## Court Reporter:

**E-Filing Note:** In E-Filing counties, the date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy of the judgement to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.

**ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON PAGE 1.**

This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

ELECTRONICALLY FILED - 2024 Sep 11 9:49 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

## NOTICE OF FORECLOSURE SALE
### [Sale Not Conducted at Court House]

BY VIRTUE OF A DECREE by Special Referee Jannine M. Mutterer, Esq., heretofore issued in the Court of Common Pleas in the case of Spa on Port Royal Sound Horizontal Property Regime, Inc. v. Jacqueline E. Ard, Civil Action No.: 2023-CP-07-01818, the undersigned will sell on October 7, 2024 at 1 p.m., in the Law Office of Jannine Mutterer, located at 5 Red Cedar Street, Suite 102, Bluffton, South Carolina 29910, the following real property (hereinafter referred as to the "Property") to the highest bidder:

> ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS # :     R510-005-000-008B-3218

Address:    239 Beach City Road, Apt. 3218
            Hilton Head Island, SC 29926

TERMS OF SALE: For cash. Other than the Plaintiff in this matter, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association"), the successful bidder will deposit with the said undersigned's Special Referee's office, at the conclusion of the bidding, five percent (5%) of the bid, in cash or equivalent, as evidence of good faith, the same to be applied to the purchase price in case of compliance, but to be forfeited and applied first to costs and then to the debt owed the Association in the case of non-compliance. Should the last and highest bidder fail or refuse to make the required deposit at the time of bid or comply with the other terms of the bid within thirty (30) days, then said undersigned Special Referee may resell the Property on the same terms and conditions on some subsequent Sale Day (at risk of the said highest bidder). Eleven and one-half *per cent* (11.5%) annual interest shall be paid on the bid balance until the date of compliance, or the then-prevailing statutory judgment interest rate.

1

THE ASSOCIATION HAS DEMANDED ITS RIGHT TO OBTAIN A DEFICIENCY JUDGMENT, AND THE SALE SHALL REOPEN THIRTY (30) DAYS LATER, OR THE FIRST AVAILABLE SALES DAY THEREAFTER.

The Association may hereafter waive its right to obtain a deficiency judgment in writing up to the moment of sale.

Purchaser to pay for preparation of the Special Referee's Deed, documentary stamps on the deed and recording of the deed.

Said sale will not be held unless the Association or its attorney is present at said sale.

SAID PROPERTY TO BE SOLD SUBJECT TO ANY LIENS OF RECORD NOT RELEASED BY VIRTUE OF THE ABOVE-REFERENCED FORECLOSURE, INCLUDING ANY MORTGAGE OF RECORD, AND NEITHER THE ASSOCIATION NOR THE UNDERSIGNED WARRANT TITLE UPON PURCHASE. ANY BIDDER IS RESPONSIBLE FOR CONDUCTING THEIR OWN TITLE SEARCH AND EXAMINATION.


_____
Jannine M. Mutterer, Esq., Special Referee
for Beaufort County, South Carolina


Bluffton, South Carolina,

This 11th day of September, 2024.


LAW OFFICE OF SCOTT M. WILD, LLC
SCOTT M. WILD, ESQUIRE
P.O. Box 6867
Hilton Head Island, SC 29938
Attorney for the Plaintiff

ELECTRONICALLY FILED - 2024 Sep 11 9:49 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2024 Sep 11 9:50 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 14ᵀᴴ JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) CIVIL ACTION #: 2023-CP-07-01818 |

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FOR THE 14TH JUDICIAL CIRCUIT
COUNTY OF BEAUFORT ) CIVIL ACTION #: 2023-CP-07-01818
)
Spa on Port Royal Sound Horizontal )
Property Regime, Inc., )
)
       Plaintiff, )       Record of Testimony
)
vs. )
)
Jacqueline E. Ard, )
)
       Defendant. )
_____ )

Pursuant to the Order of Reference entered herein on August 21, 2024, this case has been referred to Special Referee Jannine M. Mutterer, Esq. for a virtual foreclosure hearing via Zoom on Tuesday, September 10, 2024 at 9:00 AM. For the Plaintiff herein, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association"), was Scott M. Wild, attorney for the Association. Defendant Jacqueline E. Ard was was not present.

The record of the Office of the Clerk of Court for Beaufort County, South Carolina shows as follows:

1.    The Association filed a *Lis Pendens*, Certificate of Exemption, Summons, and Complaint, and Certificate of Compliance with the CARES Act (hereinafter, collectively, the "Complaint") in this matter with the Office of the Clerk of Court for Beaufort County, South Carolina on September 25, 2023 seeking foreclosure of certain real property located in Beaufort County, South Carolina (hereinafter referred to as the "Property").

2.    The Association caused Janny Stidham, licensed private investigator, to personally serve Jacqueline E. Ard with the Complaint at 663 William Hilton Parkway, #4408, Hilton Head Island, SC 29928 on or about April 28, 2024. An Affidavit of Service evidencing said service is

ELECTRONICALLY FILED - 2024 Sep 11 9:50 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

of record with the Office of the Clerk of Court for Beaufort County, South Carolina as of April 30, 2024.

3.　　Jacqueline E. Ard (hereinafter, "Ard") has not filed an Answer to the Complaint.

4.　　No party has raised any issues related to the Association's standing to prosecute this action.

5.　　The Association, by and through its counsel, notified Ard of the time, date, and place of the foreclosure hearing in this matter by U.S. First Class Mail on August 27, 2024, which notice and corresponding Certificate of Service are of record with the Office of the Clerk of Court for Beaufort County as of August 27, 2024.

I, Special Referee Jannine M. Mutterer, Esq., for Beaufort County, South Carolina, hereby take judicial notice of the following:

1.　　The Association is a duly organized not-for-profit corporate entity.

2.　　The Master Deed of The Spa on Port Royal Sound Horizontal Property Regime dated August 30, 1984 and recorded in the Beaufort County Records in Book 402 at Page 629, and all further amendments thereto (hereinafter, collectively referred to as the "Master Deed"), is applicable to the SPA ON PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, Inc. (hereinafter, the "Community").

3.　　The Master Deed established the Association and the membership rights of owners of the property contained in the Community bound by said Master Deed.

4.　　As of the date the Association filed this action, Ard owned the Property by virtue of a Deed recorded in the Office of the Register of Deeds for Beaufort County, South Carolina as of May 24, 2021 in Official Record Book 4015 at Page 2897 (hereinafter, the "Deed"), and which is more particularly described as follows:

ELECTRONICALLY FILED - 2024 Sep 11 9:50 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS # :       R510-005-000-008B-3218

Address:      239 Beach City Road, Apt. 3218
              Hilton Head Island, SC 29926

5.      Ard is still the record owner of this Property.

6.      Said Property is subject to all provisions, restrictions, Master Deed, conditions, and affirmative obligations contained in the Master Deed, and which has been in full force and effect at all times herein.

7.      On March 16, 2022, the Association filed a lien against the Property in the Office of the Register of Deeds for Beaufort County, South Carolina in Official Lien Book 151 at Pages 0902-09054 (hereinafter, the "Lien").

WHEREUPON, SCOTT M. WILD, ESQUIRE, ATTORNEY FOR SPA ON PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, INC., VALIDATED THE RECORD OF THE CLERK OF COURT AS HIS ACTS.

APPEARING NOW BLUFFTON PARK COMMUNITY ASSOCIATION, INC., through its agent, Christine Phillips of IMC Resort Services, Inc.

ELECTRONICALLY FILED - 2024 Sep 11 9:50 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

WHEREUPON, SCOTT M. WILD, ESQUIRE, ATTORNEY FOR BLUFFTON PARK

COMMUNITY ASSOCIATION, INC., PRESENTED THE VERIFIED STATEMENT AND

AFFIDAVIT OF DEBT of Christine Phillips of IMC Resort Services, Inc.

WHEREUPON, SCOTT M. WILD, ESQUIRE, ATTORNEY FOR SPA ON PORT

ROYAL SOUND HORIZONTAL PROPERTY REGIME, INC., OFFERED CERTAIN

DOCUMENTS INTO THE RECORD WITHOUT OBJECTION, AS FOLLOWS:

1. Master Deed – reference is hereby made to the public record in Deed Book 409 at Page 629 and the undersigned special referee hereby takes judicial notice of the same;

2. Deed – electronically submitted to the Court and the undersigned special referee hereby takes judicial notice of the same;

3. Lien – electronically submitted to the Court and the undersigned special referee hereby takes judicial notice of the same;

4. Account statement – see Verified Statement and Affidavit of Debt

5. Affidavit of Attorney Fees

I hereby attest to the record of the Clerk of Court for Beaufort County, South Carolina, as representing my acts and knowledge pertaining to the above-captioned case, and to be complete and true and correct.

By: _____
Scott M. Wild, Esquire, attorney for
Spa on Port Royal Sound Horizontal Property
Regime, Inc.

Sworn to and subscribed before me
this _11th_ day of September, 2024.

_____
Notary Public for South Carolina

My Commission Expires: _3.14.2034_

I take judicial notice of the record of the Office of the Register of Deeds and Clerk of Court for Beaufort County, South Carolina, and as set out herein, and find the foregoing record of the Office of the Clerk of Court for Beaufort County, South Carolina and my judicial notice of the exhibits referenced herein to be complete and true and correct.

_Jannine M. Mutterer_ 9/11/24

Jannine M. Mutterer, Esq., Special Referee for
Beaufort County, South Carolina

ELECTRONICALLY FILED - 2024 Sep 11 9:50 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2024 Sep 13 11:57 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | ) **IN THE COURT OF COMMON PLEAS** |
| | ) **FOR THE 14ᵀᴴ JUDICIAL CIRCUIT** |
| **COUNTY OF BEAUFORT** | ) **CIVIL ACTION #:  2023-CP-07-01818** |

STATE OF SOUTH CAROLINA                )   IN THE COURT OF COMMON PLEAS
                                        )   FOR THE 14TH JUDICIAL CIRCUIT
COUNTY OF BEAUFORT                      )   CIVIL ACTION #:   2023-CP-07-01818
                                        )
Spa on Port Royal Sound Horizontal     )
Property Regime, Inc.,                  )
                                        )
            Plaintiff,                  )              Certificate of Service
                                        )
vs.                                     )
                                        )
Jacqueline E. Ard,                      )
                                        )
            Defendant.                  )
_____     )

I, Tracy L. Thornton, hereby certify that I have, this date, served one (1) filed copy of the

the following:

1. Affidavit of Debt
2. Special Referre's Decree of Foreclosure, Sale and Judgment
3. Affidavit of Attorney Fees
4. Notice of Foreclosure Sale
5. Record of Testimony

in the above-referenced matter by depositing the same at the United States Post Office, Hilton

Head Island, South Carolina, with first class postage prepaid to:

Jacqueline E. Ard
663 William Hilton Pkwy #4408
Hilton Head Island, SC 29928

Respectfully submitted this 13ᵗʰ day of September, 2024, in the Town of Hilton Head

Island, Beaufort County, South Carolina.

**LAW OFFICE OF SCOTT M. WILD, L.L.C.**

Sworn to and subscribed before me on

this 13ᵗʰ day of September, 2024.

By: _Tracy L. Thornton_

Tracy L. Thornton, Legal Assistant
Post Office Box 6867

_____
Notary Public for South Carolina

Hilton Head Island, SC 29938
(843) 785-9453
tracy@wildlawfirm.com
***Attorneys for Plaintiff***

My Commission Expires: 02/08/2028

ELECTRONICALLY FILED - 2024 Dec 18 4:30 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP070701818

## NOTICE OF FORECLOSURE SALE
### [Sale Not Conducted at Court House]

BY VIRTUE OF A DECREE by Special Referee Jannine M. Mutterer, Esq., heretofore issued in the Court of Common Pleas in the case of Spa on Port Royal Sound Horizontal Property Regime, Inc. v. Jacqueline E. Ard, Civil Action No.: 2023-CP-07-01818, the undersigned will sell on February 3, 2025 at 1 p.m., in the Law Office of Jannine Mutterer, located at 5 Red Cedar Street, Suite 102, Bluffton, South Carolina 29910, the following real property (hereinafter referred as to the "Property") to the highest bidder:

> ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS # :       R510-005-000-008B-3218

Address:      239 Beach City Road, Apt. 3218
              Hilton Head Island, SC 29926

TERMS OF SALE: For cash. Other than the Plaintiff in this matter, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association"), the successful bidder will deposit with the said undersigned's Special Referee's office, at the conclusion of the bidding, five percent (5%) of the bid, in cash or equivalent, as evidence of good faith, the same to be applied to the purchase price in case of compliance, but to be forfeited and applied first to costs and then to the debt owed the Association in the case of non-compliance. Should the last and highest bidder fail or refuse to make the required deposit at the time of bid or comply with the other terms of the bid within thirty (30) days, then said undersigned Special Referee may resell the Property on the same terms and conditions on some subsequent Sale Day (at risk of the said highest bidder). Eleven and one-half *per cent* (11.5%) annual interest shall be paid on the bid balance until the date of compliance, or the then-prevailing statutory judgment interest rate.

1

THE ASSOCIATION HAS DEMANDED ITS RIGHT TO OBTAIN A DEFICIENCY JUDGMENT, AND THE SALE SHALL REOPEN THIRTY (30) DAYS LATER, OR THE FIRST AVAILABLE SALES DAY THEREAFTER.

The Association may hereafter waive its right to obtain a deficiency judgment in writing up to the moment of sale.

Purchaser to pay for preparation of the Special Referee's Deed, documentary stamps on the deed and recording of the deed.

Said sale will not be held unless the Association or its attorney is present at said sale.

SAID PROPERTY TO BE SOLD SUBJECT TO ANY LIENS OF RECORD NOT RELEASED BY VIRTUE OF THE ABOVE-REFERENCED FORECLOSURE, INCLUDING ANY MORTGAGE OF RECORD, AND NEITHER THE ASSOCIATION NOR THE UNDERSIGNED WARRANT TITLE UPON PURCHASE. ANY BIDDER IS RESPONSIBLE FOR CONDUCTING THEIR OWN TITLE SEARCH AND EXAMINATION.

_____
Jannine M. Mutterer, Esq., Special Referee
for Beaufort County, South Carolina

Bluffton, South Carolina,

This 18th day of December, 2024.

LAW OFFICE OF SCOTT M. WILD, LLC
SCOTT M. WILD, ESQUIRE
P.O. Box 6867
Hilton Head Island, SC 29938
Attorney for the Plaintiff

ELECTRONICALLY FILED - 2024 Dec 18 4:30 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2024 Dec 19 9:51 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | ) **IN THE COURT OF COMMON PLEAS** |
| | ) **FOR THE 14TH JUDICIAL CIRCUIT** |
| **COUNTY OF BEAUFORT** | ) **CIVIL ACTION #:   2023-CP-07-01818** |
| | ) |
| **Spa on Port Royal Sound Horizontal** | ) |
| **Property Regime, Inc.,** | ) |
| | ) |
| **Plaintiff,** | ) **Certificate of Service** |
| | ) |
| **vs.** | ) |
| | ) |
| **Jacqueline E. Ard,** | ) |
| | ) |
| **Defendant.** | ) |

I, Tracy L. Thornton, hereby certify that I have, this date, served one (1) copy of the Notice of Foreclosure Sale in the above-referenced matter by depositing the same at the United States Post Office, Hilton Head Island, South Carolina, with first class postage prepaid to:

Jacqueline E. Ard
663 William Hilton Pkwy #4408
Hilton Head Island, SC 29928

Respectfully submitted this 19th day of December, 2024, in the Town of Hilton Head Island, Beaufort County, South Carolina.

Sworn to and subscribed before me on
this 19th day of December, 2024.

Notary Public for South Carolina
My Commission Expires: 02/08/2028

**LAW OFFICE OF SCOTT M. WILD, L.L.C.**

By: _Tracy L. Thornton_
Tracy L. Thornton, Legal Assistant
Post Office Box 6867
Hilton Head Island, SC 29938
(843) 785-9453
tracy@wildlawfirm.com
*Attorneys for Plaintiff*