Filed By The Court
11/14/2025 12:18 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Jacqueline Ard and<br>Terry F. Nicola,<br>                Debtor(s) | CASE NO.:25-01384-JD<br>ADV. PRO. NO.: 25-80061-jd<br><br>CHAPTER 7 |
| Jacqueline Ard and<br>Terry F. Nicola,<br>                Plaintiff(s),<br>vs.<br><br>The Spa on Port Royal Sound Horizontal Property Regime; William B. Mullis; Henry Sanders; Keith Baker; and JOHN and JANE DOE Board Members of The Spa on Port Royal Sound Horizontal Property Regime, in their individual and representative capacities; IMC Resort Services, Inc.; Christine M. Phillips; JOHN and JANE DOE Employees and Agents of IMC Resort Services, in their individual and representative capacities; Scott Wild, Esq., in his individual and professional capacity; Jannine Mutterer, Special Referee for Beaufort County, in her individual and official capacity; Jerri Ann Roseneau, Beaufort County Clerk of Court, in her individual and official capacity; Lucas Fautua, Esq., in his individual and professional capacity; Beaufort County; Beaufort County Treasurer's Office; and Beaufort County Assessor's Office; and any other persons or entities later identified as participants in the fraudulent scheme, | ADVERSARY COMPLAINT<br><br>(JURY TRIAL DEMANDED) |

**FIRST AMENDED ADVERSARY COMPLAINT**

**FOR VIOLATION OF AUTOMATIC STAY, BANKRUPTCY FRAUD, FRAUD ON THE COURT, DISCRIMINATORY TAXATION, CIVIL CONSPIRACY, AND RELATED CLAIMS**

1

## SUMMARY OF AMENDMENTS

This **First Amended Adversary Complaint** is submitted pursuant to Fed. R. Bankr. P. 7015 to clarify and expand upon the issues raised in the original complaint.

The primary amendments include:

1. **Correction of name**: "Barry Mullins" corrected to **William B. Mullis.**
2. **Addition of new defendants: Beaufort County, South Carolina; Beaufort County Assessor's Office; and Beaufort County Treasurer's Office.**
3. **Addition of Count VIII**: "Deprivation of Due Process and Equal Protection"
4. **Addition of Count IX**: "Unlawful and Discriminatory Property Tax Assessments," citing violations of **Bankruptcy Code §§ 362, 505, and 525**, and **42 U.S.C. § 1983**
5. **Addition of Count X**: "Professional and Judicial Misconduct"
6. **Addition of Count XI**: "Racketeer Influenced and Corrupt Organizations Act (RICO)"
7. **Clarification of factual allegations**: Expanded discussion regarding the connection between inflated property taxes, discriminatory enforcement, and their effect on the administration of the bankruptcy estate.
8. **Updated Certificate of Service** reflecting service on all additional parties.

These amendments clarify the connection between the Defendants' conduct and the bankruptcy estate, as the inflated property tax assessments directly affect the proceeds available for distribution to creditors and the equitable administration of the estate.

All other sections, exhibits, and claims remain incorporated as previously filed and are hereby restated and reaffirmed.

## INTRODUCTION

Plaintiffs, Jacqueline E. Ard and Terry F. Nicola ("Plaintiffs/Debtors"), by and through themselves as debtors in the above-captioned Chapter 7 proceeding, file this First Amended Adversary Complaint pursuant to Federal Rules of Bankruptcy Procedure Rule 7001, alleging egregious misconduct, fraud upon the court, and coordinated discrimination by the above-named Defendants.

Defendants have knowingly violated the Bankruptcy Code, state law, and federal consumer protection statutes through a pattern of fraudulent foreclosure proceedings, falsified filings, retaliatory taxation, and abuse of judicial authority. Plaintiffs request this Court to declare the

2

challenged actions void, award damages, impose sanctions, and ensure future compliance with federal law.

The Plaintiffs respectfully request this Court to intervene, declare the foreclosure actions void, award damages, impose sanctions, and refer the implicated parties for criminal and professional disciplinary review.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b), and 1334(b), and 11 U.S.C. §§ 105(a), 362(k), 505, 525, 541, 542, 549, 550, and 551.

2. Venue is proper in this District under 28 U.S.C. § 1409(a) because this proceeding arises under Title 11 and is related to Debtor's Chapter 7 case pending in this District.

3. This proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O) because it concerns property of the estate, the integrity of the bankruptcy process, violations of the automatic stay, turnover of property of the estate, avoidance of post-petition transfers, and enforcement of court orders.

4. The Bankruptcy Court has exclusive jurisdiction to determine the rights, title, and interests in property of the estate under 11 U.S.C. § 541, and to enforce the protections afforded by §§ 362, 542, 549, and 105.

## PROPERTY OF THE ESTATE AND EFFECT OF THE AUTOMATIC STAY

5. Under 11 U.S.C. § 541(a), all legal and equitable interests of the Debtor as of the commencement of the case become property of the estate.

6. Even in circumstances where the automatic stay has expired or terminated, property of the estate remains protected from execution, seizure, or transfer pursuant to 11 U.S.C. §§ 362(a)(3), 541(a), 542(a), 554, 549, and 105(a). Any attempted sale, repossession, or transfer absent such approval constitutes bankruptcy fraud and is void ab initio.

7. No creditor may repossess, sell, assign, or execute upon property of the estate without prior court authorization, as reaffirmed by 11 U.S.C. § 362(a) (stay against acts to obtain or control estate property) and § 542(a) (mandating turnover of estate property).

8. Further, where a creditor seeks to act against estate property, the creditor bears the burden of showing adequate protection under § 361 and must obtain relief from the Bankruptcy Court before taking any action.

9. Accordingly, any foreclosure, sale, or disposition conducted without approval of this Court constitutes a willful violation of the Bankruptcy Code and bankruptcy fraud under 18 U.S.C. § 152(1)–(8).

## AUTHORITY TO BRING ACTION

10. Plaintiffs bring this Complaint under 11 U.S.C. §§ 105(a), 362(k), 541, 542, 549, 550, and 551 and Fed. R. Bankr. P. 7001, seeking declaratory, injunctive, and monetary relief for the Defendants' willful violations of the Bankruptcy Code, including acts of fraud, misconduct, and unlawful collection activity concerning property of the estate.

11. The Defendants' actions—carried out with full knowledge of the bankruptcy—represent a willful disregard of the protections afforded to debtors, and undermine the administration of justice under the Bankruptcy Code.

12. Plaintiffs bring this adversary proceeding under their inherent authority as Chapter 7 debtors to protect property of the estate, prevent fraud on the court, and preserve their rights under 11 U.S.C. §§ 105, 362, 542, 549, and 18 U.S.C. §§ 152–157.

13. The Plaintiffs further invite the Chapter 7 Trustee to join this action or adopt its allegations as necessary to preserve the integrity of the estate and deter ongoing fraud.

## BACKGROUND FACTS AND SUMMARY OF MISCONDUCT

### A. Improper Fines and the Creation of a Fraudulent Debt

14. On May 4, 2021, Plaintiffs Jacqueline E. Ard and Terry F. Nicola purchased their residence located at 239 Beach City Road, Unit 3218, Hilton Head Island, South Carolina 29926, for $153,500.00 in cash using funds from their disability and retirement trust. The property was later transferred to Beachside Estates LLC via a Special Warranty Deed executed on April 30, 2022.

15. At closing, the settlement statement reflected that $579.83 was collected from the seller and $2,159.66 from the Plaintiffs to be applied toward their HOA account beginning May 2021. However, records show that on May 12, 2021, the HOA and/or its management company, IMC Resort Services, applied only $1,159.66 to Plaintiffs' account. The first

4

statement delivered on July 27, 2021, reflected a credit of $1,159.66 and a balance due of $440.00, indicating a clear accounting discrepancy and misapplication of funds.

16. On June 1, 2021, the Association unlawfully assessed a $400.00 "service animal violation fine" against the Plaintiffs' account. This fine was issued despite Plaintiffs immediately informing the Association's security personnel that their animal was a service animal protected under the Fair Housing Act (FHA), 42 U.S.C. § 3604(f). On that same day, Plaintiffs submitted all required documentation to Maryann Stephenson, agent of the HOA, including:

    - a completed reasonable accommodation request,
    - a physician's recommendation letter,
    - current vaccination records, and
    - visible service animal identification (a bandana issued by the HOA).

    Despite full compliance, the Association refused to remove the fine, demonstrating discriminatory intent and deliberate disregard for federal disability accommodation laws.

17. On August 2, 2021, the Association imposed an additional $100.00 "service animal violation fine," falsely alleging that the Plaintiffs had failed to update their accommodation request. Plaintiffs had received no such request for updated documents and had no change in circumstances. The second fine was therefore arbitrary, retaliatory, and unlawful.

### B. Compounding Late Fees and fraudulent Account Inflation

18. Despite Plaintiffs' repeated written disputes regarding the unlawful fines, the Association refused to correct the account or remove the charges. Instead, The Spa HPR (HOA), IMC Resort Services, and attorney Scott Wild deliberately inflated the Plaintiffs' balance through continuous and excessive late fees, penalties, interest, and legal charges, all imposed on a debt that was invalid and created in bad faith.

19. Although Plaintiffs consistently made their full monthly assessment payments through September 2024, the original $500.00 disputed fine had been fraudulently inflated to $31,084.41, comprised almost entirely of fabricated penalties and attorney fees. This conduct demonstrates a pattern of racketeering and unjust enrichment, converting a disputed $500 administrative fine into an alleged debt exceeding $30,000 without lawful basis or due process.

5

### C. Procedural Fraud and Collusion in State Court

20. On September 25, 2023, attorney Scott Wild filed a Summons and Complaint in the Beaufort County Court of Common Pleas. The complaint alleged a debt of $9,146.76 purportedly owed by Ms. Ard for assessments, fines, and other "valid" charges. The filing included Exhibit C, which contradicted Wild's assertions by showing consistent monthly payments made by Plaintiffs during the relevant 18-month period. Despite those payments, the account balance continued to grow exponentially — clear evidence of account manipulation and fraudulent accounting practices.

21. Service of process was defective. On October 11, 2023, a Special Deputy in Oakland County attempted out-of-state service but was unsuccessful. Subsequently, on April 30, 2024, a private investigator, Janny Stidham, claimed to have served Ms. Ard at 11:50 PM on April 28, 2024, at an address in a gated community not associated with Plaintiffs' residence. The affidavit of service was notarized by Tracy Thornton, legal assistant to Scott Wild, and filed by his office. Plaintiffs were never personally served, rendering the judgment jurisdictionally defective under S.C.R.C.P. Rule 4 and Rule 3(a).

22. Nevertheless, on May 31, 2024, Wild filed an Affidavit of Default at 9:34 AM, followed by an Order of Default signed by Clerk of Court Jerri Ann Roseneau at 12:04 PM—less than three hours later. The Clerk failed to review or address the facially invalid proof of service, thereby allowing a void default judgment to enter.

23. On August 21, 2024, Wild drafted an Order of Reference appointing Jannine M. Mutterer as Special Referee. The document was irregular: it was undated, bore a blank signature line for Clerk Roseneau, and included an electronic signature of Judge Robert Bonds on a separate third page. Despite these defects, the order was filed and relied upon as valid.

24. On September 3, 2024, Wild filed a Decree of Foreclosure, Sale, and Judgment, which he drafted himself, along with a Certificate of Service completed by his legal assistant and notarized by Wild. Three days later, on September 6, 2024, Wild submitted an Affidavit of Attorney's Fees, claiming $26,675.52 as the alleged debt and an additional $2,408.89 in attorney fees—figures inconsistent with prior filings.

25. On September 10, 2024, a Verified Statement and Affidavit of Debt prepared by Christine Phillips of IMC Resort Services alleged an inflated balance of $29,085.41. Despite the inconsistent and conflicting figures, Special Referee Mutterer entered a Default Judgment and Decree of Foreclosure on September 11, 2024 without verifying service, validating the debt, or addressing the discrepancies between Wild's pleadings and the affidavits submitted.

26. On September 11, 2024, the Default and Foreclosure was held. The Special Referee did not verify if the Plaintiffs had been properly served since they were not present, or request an explanation on how the original debt amount of $9,146.76 ballooned to $31,084.41 over 12 months, nor did the Special Referee review or question why the Decree of Judgment (which was drafted by Scott Wild) and the Verified Statement and Affidavit of Debt have conflicting figures regarding the alleged debt.

27. The Defendants thus obtained a fraudulent default judgment through defective service, an improperly executed order of reference, and a pre-drafted foreclosure decree signed by a biased judicial officer. The cumulative acts constitute fraud upon the court and collusion between counsel and the special referee.

28. On April 1, 2025, Plaintiffs filed a Motion to Vacate Default Judgment and Disqualify the Special Referee. Despite indisputable evidence of bias, prior representation conflicts, and invalid service, Ms. Mutterer refused to recuse herself and improperly denied both motions. At the hearing on April 3, 2025, she dismissed Plaintiffs' arguments and evidence, stating that they were "out of time," despite applicable law permitting relief from a void judgment at any time under Rule 60(b)(4), S.C.R.C.P.

29. Thereafter, the Association and its counsel continued efforts to conduct foreclosure sales while Plaintiffs were in active bankruptcy proceedings, doing so without notice to or authorization from the Bankruptcy Court. These actions constitute willful violations of 11 U.S.C. § 362(a) and further fraud upon the bankruptcy process, demonstrating knowing disregard for federal law and judicial authority.

**D. Summary of Fraud on the Court**

30. The Defendants' conduct reflects a deliberate pattern of fraudulent debt creation, due process violations, and willful misconduct across both state and bankruptcy proceedings. Through unlawful fines, fabricated account balances, defective service, and collusion with a biased judicial officer, they deprived the Plaintiffs of property rights, procedural fairness, and statutory protections guaranteed by the Bankruptcy Code and Constitutional Due Process.

## CAUSES OF ACTION

### COUNT I — WILLFUL VIOLATION OF THE AUTOMATIC STAY
*(11 U.S.C. §§ 362(a)(1), (3), (6), (k))*

**Defendants:**
- *The Spa on Port Royal Sound Horizontal Property Regime, Inc.*
- *IMC Resort Services, Inc.*
- *William B. Mullis, Henry Sanders, Keith Baker, and John/Jane Doe Board Members*
- *Scott Wild, Esq.*
- *Lucas Fautua, Esq.*
- *Jannine Mutterer*

**Allegations:**

1. After Plaintiffs filed their bankruptcy petition, the above defendants **continued collection activity** and **pursued foreclosure sales** without seeking relief from the automatic stay.
2. Defendant HOA, through its board members and IMC Resort Services, **demanded payment, issued late fees,** and **contacted third parties** to collect the alleged debt.
3. Attorneys **Scott Wild** and **Lucas Fautua** filed **post-petition motions, foreclosure notices, and orders** in violation of §362.
4. **Special Referee Mutterer** signed and enforced foreclosure orders after notice of bankruptcy, directly contravening federal law.
5. These willful violations caused severe emotional and financial harm to the Plaintiffs.

### COUNT II — BANKRUPTCY FRAUD
*(18 U.S.C. §§ 152–157; 11 U.S.C. § 105)*

**Defendants:**
- *Scott Wild, Esq.*
- *The Spa on Port Royal Sound HPR and its Board Members*

8

                            Document      Page 9 of 18

- *IMC Resort Services, Inc.*
- *Jannine Mutterer*

**Allegations:**

1. Defendants knowingly concealed the bankruptcy filing from the state court to obtain a fraudulent foreclosure judgment.
2. **Scott Wild** misrepresented the status of the bankruptcy case and used falsified affidavits to obtain a decree of foreclosure.
3. The HOA and **IMC Resort Services** submitted **false ledgers** showing fabricated charges and inflated balances.
4. **Mutterer** knowingly approved and entered those judgments despite notice of the pending bankruptcy.
5. These coordinated acts constitute bankruptcy fraud and abuse of judicial process under federal law.

## COUNT III — FRAUD ON THE COURT
*(Fed. R. Civ. P. 60(b)(3); Fed. R. Bankr. P. 9024)*

**Defendants:**
- *Scott Wild, Esq.*
- *Lucas Fautua, Esq.*
- *Jannine Mutterer*
- *Jerri Ann Roseneau*

**Allegations:**

1. **Wild** and **Fautua** drafted and submitted **pre-signed or backdated foreclosure orders**, misrepresenting service and notice.
2. **Mutterer**, acting as Special Referee, **signed and entered orders** without proper hearings, thereby committing judicial fraud.
3. **Roseneau**, as Clerk of Court, **failed to review or prevent unlawful entries**, facilitating fraudulent filings.
4. Their actions collectively corrupted the judicial process, rendering the foreclosure orders void.

# COUNT IV — FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.) AND SOUTH CAROLINA CONSUMER PROTECTION CODE VIOLATIONS

**Defendants:**
- *IMC Resort Services, Inc.*
- *The Spa on Port Royal Sound HPR and its Board Members*
- *Scott Wild, Esq.*

**Allegations:**

1. **IMC Resort Services** and the **HOA** repeatedly sent collection letters misstating the amount owed and threatening foreclosure.
2. **Scott Wild** acted as a "debt collector" under the FDCPA, using false and deceptive representations to collect fees not permitted by law.
3. Defendants added **attorney's fees, penalties, and collection charges** not authorized under the governing documents.
4. These practices violated both federal and state consumer protection statutes.

# COUNT V — FAIR HOUSING ACT AND AMERICANS WITH DISABILITIES ACT VIOLATIONS
*(42 U.S.C. §§ 3601, 3617, and 12101 et seq.)*

**Defendants:**
- *The Spa on Port Royal Sound HPR and its Board Members*
- *IMC Resort Services, Inc.*

**Allegations:**

1. The HOA and management company imposed a $400 "animal fee" against Ms. Ard for a **medically verified service animal**, despite valid documentation from a licensed physician.
2. Defendants ignored requests for reasonable accommodation and instead **retaliated** by increasing assessments and initiating foreclosure.
3. Their conduct constitutes intentional discrimination and retaliation in violation of federal housing and disability law.

## COUNT VI — CIVIL CONSPIRACY
*(Pursuant to South Carolina Common Law; 42 U.S.C. § 1985(3); and 18 U.S.C. § 1962(d))*

**Defendants:**
- *All Defendants named above*

- South Carolina recognizes a cause of action for civil conspiracy, which arises when two or more persons combine for the purpose of injuring the plaintiff, causing special damages. Pye v. Estate of Fox, 369 S.C. 555, 633 S.E.2d 505 (2006); Lee v. Chesterfield Gen. Hosp., 289 S.C. 6, 344 S.E.2d 379 (Ct. App. 1986).
- Under 42 U.S.C. § 1985(3), it is unlawful for two or more persons to conspire to deprive another of equal protection of the laws or equal privileges and immunities under the law.
- Under 18 U.S.C. § 1962(d), it is unlawful to conspire to violate the provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), including through patterns of mail fraud, wire fraud, or obstruction of justice.

**Allegations:**

1. Defendants jointly conspired to deprive Plaintiffs of their property through fraud, perjury, and misuse of judicial process.
2. Each defendant had knowledge of the bankruptcy filing and proceeded to act in concert to achieve an unlawful objective—foreclosure of the property.
3. The conspiracy was carried out through **coordinated filings, false documents, and procedural manipulation**, causing Plaintiffs significant damages.

## COUNT VII — BREACH OF CONTRACT AND COVENANT OF GOOD FAITH AND FAIR DEALING

**Defendants:**
- *The Spa on Port Royal Sound HPR and its Board Members*
- *IMC Resort Services, Inc.*

**Allegations:**

1. Defendants breached their contractual obligations under the governing Master Deed and bylaws by imposing unlawful and discriminatory fees.
2. They failed to credit prior payments, applied unauthorized legal costs, and refused to correct disputed balances.
3. Their actions violated the implied covenant of good faith and fair dealing, causing Plaintiffs financial loss.

11

## COUNT VIII – DEPRIVATION OF DUE PROCESS AND EQUAL PROTECTION
*(Violation of 42 U.S.C. § 1983)*

**Defendants:**
- *Scott Wild, Esq.*
- *Lucas Fautua, Esq.*
- *Jannine Mutterer, Esq.*
- *Jerri Ann Roseneau*
- *Robert Bonds*
- *Beaufort County*
- *Beaufort County Assessor's Office)*

**Allegations:**

1. Defendants, acting under color of state law and/or in concert with state officials, deprived Plaintiffs of their constitutional rights to due process and equal protection.
2. Defendant **Roseneau**, Clerk of Court, refused to docket or record filings submitted by Plaintiff Ard, effectively denying access to the court system.
3. Defendant **Judge Bonds** presided over matters involving Defendants **Wild** and **Mutterer**, despite clear conflicts of interest, denying impartial adjudication.
4. Defendant **Beaufort County** and its **Assessor's Office** applied disparate and retaliatory taxation, violating Plaintiffs' right to equal protection.
5. Defendant attorneys acted jointly with public officials, constituting state action for purposes of liability under **42 U.S.C. § 1983.**

## COUNT IX – UNLAWFUL AND DISCRIMINATORY PROPERTY TAX ASSESSMENTS
*(Violation of Bankruptcy Code §§ 362, 505, and 525; 42 U.S.C. § 1983)*

**Defendants:**
- *Scott Wild, Esq.*
- *William B. Mullis*
- *Lucas Fautua, Esq.*
- *Jannine Mutterer, Esq.*
- *Jerri Ann Roseneau*
- *Robert Bonds*
- *Beaufort County*
- *Beaufort County Assessor's Office*
- *Beaufort County Treasurer's Office*

**Allegations:**

1. Plaintiffs reallege and incorporate by reference all prior paragraphs as if fully set forth herein.

2. Defendants **Beaufort County, the Beaufort County Assessor's Office, and the Beaufort County Treasurer's Office** ("County Defendants") are governmental entities acting under color of state law.

3. The County Defendants, acting in concert with other named defendants including **Scott Wild** and **William B. Mullis**, have engaged in a pattern of **arbitrary, discriminatory, and retaliatory property tax assessments** and enforcement actions against the Plaintiffs.

4. Plaintiffs' property taxes on **239 Beach City Rd., Unit 3218**, and other estate properties were deliberately **inflated** far beyond similarly situated properties owned by connected individuals such as **Scott Wild** and **William B. Mullis**, whose property tax obligations are disproportionately low.

5. These inflated assessments and subsequent penalties were **knowingly imposed** during the pendency of Plaintiffs' bankruptcy case, in violation of the **automatic stay (11 U.S.C. § 362(a)(3))**, by attempting to obtain possession of or exercise control over property of the estate.

6. Pursuant to **11 U.S.C. § 505(a)**, this Court has express authority to determine the **validity and amount of any tax or penalty relating to the estate.**

7. Additionally, under **11 U.S.C. § 525(a)**, governmental units may not discriminate against debtors based on bankruptcy filing or unpaid dischargeable debts. The County Defendants' targeted tax practices constitute **discriminatory enforcement and economic retaliation.**

8. The County Defendants' acts directly and adversely affect the **bankruptcy estate** because inflated property tax obligations **reduce available proceeds for creditors** and impair the equitable liquidation of estate assets.

9. These actions were taken in bad faith and constitute a willful violation of federal bankruptcy protections and the Plaintiffs' constitutional rights to equal protection and due process.

10. Plaintiffs have suffered significant financial harm, emotional distress, and irreparable injury as a result of these acts.

## COUNT X – PROFESSIONAL AND JUDICIAL MISCONDUCT

**Defendants:**
- *Scott Wild, Esq.*
- *Lucas Fautua, Esq.*
- *Jannine Mutterer, Esq.*
- *Robert Bonds*

**Allegations:**

1. Defendant **Wild**, acting as Special Referee, violated the Code of Judicial Conduct by adjudicating matters involving personal or financial conflicts.
2. Defendant **Mutterer** repeatedly misrepresented facts to the court and failed to disclose her professional affiliations with co-defendants, violating Rule 3.3 (Candor to Tribunal).
3. Defendant **Judge Bonds** allowed and endorsed these violations, disregarding complaints of bias and failing to ensure an impartial forum.
4. Their combined misconduct resulted in abuse of process, miscarriage of justice, and irreparable harm to Plaintiffs.

## COUNT XI — RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)
*(18 U.S.C. § 1962(c))*

**Defendants:**
- *Scott Wild, Esq.*
- *IMC Resort Services, Inc.*
- *The Spa on Port Royal Sound HOA and its Board Members*
- *Jannine Mutterer*

**Allegations:**

1. Defendants participated in an enterprise engaging in mail and wire fraud by transmitting **fraudulent foreclosure notices, false account ledgers,** and **fabricated legal documents.**
2. The enterprise's pattern of activity included at least two predicate acts within ten years, including **bankruptcy fraud, mail fraud,** and **extortion under color of law.**

14

3. Plaintiffs suffered injury to property and rights as a direct result of defendants' racketeering activities.

## Timeline of Events and Property Ledger (Exhibit A)

- **May 2021** – Purchase and initial account credit errors
- **June 2021** – $400 service animal fine
- **August 2021** – $100 fine
- **September 2023** – Summons and Complaint filed ($9,146.76)
- **April 2024** – Defective service identified
- **May 2024** – Default judgment obtained
- **August – September 2024** – Orders of reference and foreclosure decrees executed
- **September 2024** – Special Referee's Decree of Judgment and Foreclosure ($31,084.41)
- **April 2025** – Emergency motion to vacate default denied
- **October 2025** – Conversion to Chapter 7; unauthorized foreclosure (Case 25-01384)

## Financial Harm and Damages Summary (Exhibit D)

1. **Loss of Property and Retirement Assets:** Entire trust fund depleted to pay unlawful claims and fight ongoing harassment.
2. **Medical Expenses:** Plaintiff Terry F. Nicola suffers from Parkinson's Disease; Jacqueline E. Ard suffers from a catastrophic hand injury; lack of resources prevented ongoing medical care, worsening both debtors conditions.
3. **Business Loss:** Plaintiffs' LLC operations destroyed due to financial misconduct, and all assets must be liquidated during Chapter 7 proceedings.
4. **Emotional and Physical Harm:** Cognitive decline, stress-related conditions, and disability exacerbated. Jacqueline Ard endured a catastrophic injury resulting in permanent hand paralysis due to the inability to obtain medical treatment.
5. **Credit and Future Stability:** Erosion of financial security, necessitating bankruptcy filings.

## Statement of Relief Requested

### A. Injunctive and Equitable Relief
- Immediate stay of foreclosure and debt collection efforts
- Reversal of any and all sales or transfer of property of the Estate
- Vacatur of all state court orders obtained by fraud

15

- Full accounting and audit of Plaintiffs' HOA account
- Corrective actions to ensure compliance with **11 U.S.C. § 362(a)**

## B. Monetary Relief

- Compensatory damages for lost assets, medical expenses, and business losses
- General and special damages for emotional distress
- Punitive damages for willful, reckless, and fraudulent conduct

## C. Declaratory Relief

- Declare Plaintiffs' property protected under the Bankruptcy Code
- Invalidate all unlawful fines, fees, and charges
- Recognize Defendants' conduct as civil conspiracy and fraud upon the court

## D. Attorneys' Fees and Costs

- Award all attorneys' fees, court costs, and associated expenses to Plaintiffs

## E. Other Relief

- Any other relief deemed just and proper to protect Plaintiffs and the estate

## Reservation of Rights to Amend

Plaintiff expressly reserves the right to amend this Complaint to include any and all individuals or entities found to have participated in or facilitated the fraudulent and unlawful conduct described herein, including further violations of the Bankruptcy Code, FDCPA, ADA, state consumer-protection laws, or acts of civil conspiracy.

**Plaintiff respectfully requests that this Court:**

1. Declare that the Defendants' actions constitute willful violations of 11 U.S.C. § 362(a) and § 105(a);
2. Declare void and unenforceable all state-court judgments, foreclosure orders, and liens obtained through fraud;
3. Order turnover of any estate property taken or sold without authorization under § 542(a);
4. Award compensatory and punitive damages pursuant to § 362(k) for willful stay violations;
5. Impose sanctions under § 105(a) and the Court's inherent authority;

6. Refer the matter to the U.S. Attorney and U.S. Trustee for investigation of potential bankruptcy crimes under 18 U.S.C. § 152;
7. Grant such other and further relief as the Court deems just and proper, including a jury trial on all triable issues.

Respectfully submitted,

_____       11-13-2025
**Jacqueline Ard, Debtor Pro Se**         **Dated**
Mailing Address:
2121 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email:jacquelineard72@gmail.com

_____       11-13-2025
**Terry F. Nicola, Co-Debtor Pro Se**     **Dated**
Mailing Address:
2121 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email:jacquelineard72@gmail.com

**INDIVIDUAL ACKNOWLEDGMENT**

State/Commonwealth of _Michigan_

County of _Oakland_ } ss.

On this the _13_ day of _November_, _2025_, before me,

_PAULINE MARRETT_, the undersigned Notary Public,

personally appeared _Jacqueline Ard, Terry Nicola_,

Name(s) of Signer(s)

☐ personally known to me – OR –

☒ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same for the purposes therein stated.

[Notary seal: PAULINE MARRETT, Notary Public - State of Michigan, County of Oakland, My Commission Expires Apr 17, 2032, Acting in the County of Oakland]

WITNESS my hand and official seal.

_[Signature]_
Signature of Notary Public

_N/A_

_Ex 4/17/2032_
Any Other Required Information
(Printed Name of Notary, Expiration Date, etc.)

Place Notary Seal/Stamp Above

--- **OPTIONAL** ---

*This section is required for notarizations performed in Arizona but is optional in other states. Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _US Bankruptcy Court Adversary Complaint_

Document Date: _11/13/25_    Number of Pages: _17_

Signer(s) Other Than Named Above: _N/A_

©2023 National Notary Association

M1304-07 (09/23)
Used for states (AL, AZ, CO, CT, DE, GA, IA, ID, IL, IN, KS, KY, LA, MD, ME, MI, MN, MS, MT, NC, ND, NE, NH, NJ, NM, OK, OR, RI, SC, SD, TN, VA, VT, WV, WI, WY)