## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | Case No. 25-01384-jd |
| **JACQUELINE ELIZABETH ARD and TERRY FRANK NICOLA** | **CHAPTER 7** |
| Debtors. | |
| **JACQUELINE E. ARD and TERRY F. NICOLA** | Adversary Proceeding No. 25-80061-jd |
| Plaintiffs | |
| v. | |
| **THE SPA ON PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, et al.,** | |
| Defendants. | |

## DEFENDANT FAUTUA'S BRIEF IN SUPPORT OF MOTIONS TO DISMISS AND MOTION TO STRIKE

NOW COMES licensed attorney Lucas S. Fautua, a named defendant in this adversary proceeding, by and through counsel, and submits this Brief in Support of Motions to Dismiss and Motion to Strike pursuant to Local Rule 9013-2. The Adversary Complaint, denominated "First Amended Adversary Complaint," was filed November 14, 2025, against seventeen named defendants, with an added statement "and any other persons or entities later identified as participants in the fraudulent scheme."

1

Defendant Fautua moves the Court to dismiss this proceeding against him, pursuant to Fed. R. Civ.P.12(b)(1), Fed. R. Civ.P.12(b)(2), Fed. R. Civ.P.12(b)(4), Fed. R. Civ.P.12(b)(5), and Fed. R. Civ.P.12(b)(6), and to strike portions of the Complaint pursuant to Fed. R. Civ. P. 12(b)(7), all as made applicable by Fed. R. Bankr. P. 7012.

Pursuant to Local Rule 7012-1, with his motions, Defendant Fautua has provided the required notice to the *pro se* Plaintiffs.

## I. THE COURT LACKS SUBJECT MATTER JURISDICTION.

Pursuant to Rule 12(b)(1) the Court does not have subject matter jurisdiction to determine the claims set out against Defendant Fautua in the Complaint, which as a whole represent serial debtors' attempt to blame governmental officers, creditors, and creditors' attorneys for actions taken by them pursuant to established procedures and rules, and which, in Defendant Fautua's case, were (and are) required to be performed in the zealous representation of a creditor-client which engaged his employer-firm.

Plaintiffs seek to have the Bankruptcy Court "declare void and unenforceable all state-court judgments, foreclosure orders, and liens obtained through fraud." (Adv. ECF 14, p. 16). Moreover, Plaintiffs specifically link most of their grievances as arising from legal processes. Although challenging to decipher, Plaintiffs claims against Defendant Fautua suggest his coordination with public officials as a basis for including him as a defendant.

Any disciplinary action warranted against Defendant Fautua, if such exists—which is denied—would be determined by this Court and/or by the State Bar of South Carolina, and not through a debtor's adversary proceeding. Plaintiffs have no standing to assert their grievances in this action.

## II. PLAINTIFFS HAVE FAILED TO ESTABLISH PERSONAL JURISDICTION OVER DEFENDANT FAUTUA, WHO HAS NOT BEEN SERVED, AND THERE IS AN INSUFFICIENCY OF PROCESS.

Pursuant to Rule 12(b)(2) the Court does not have personal jurisdiction over Defendant Fautua because he has not been served with this action and is, at most, an attorney representing a creditor. See Affidavit of Crystal Patrick (Adv. ECF  ) (the "Patrick Affidavit").

Pursuant to Rule 12(b)(4) there has been an insufficiency of process as to Defendant Fautua. Pursuant to Rule 12(b)(5) there has been an insufficiency of service of process as to Defendant Fautua.

Plaintiff Jacqueline Ard ("Plaintiff J. Ard") filed two separate documents entitled "Proof of Service" (Adv. ECF 15; Adv. ECF 19). In the first Proof of Service, she states that on November 13, 2025, she served "the following parties" by first class mail; Defendant Fautua was included in the list of twenty (20) allegedly served parties. In the same notice, Plaintiff Ard lists "Parties Served by U.S. Mail and/or Electronic Mail." Defendant Fautua is listed on Page 2 with both a physical address and an email address. On Page 5 and Page 6, Plaintiff J. Ard attached what appears to be a photocopy of five charges from the United States Postal Service; each receipt lists the (presumed) destination of the mailing, with two directed to Hilton Head Island, S.C., one to Bluffton, S.C., and one to Beaufort, S.C. Defendant Fautua's address is (as listed in Plaintiff's documents) in Charleston, S.C.

Likewise, the second Proof of Service (Adv. ECF 19) lists Defendant Fautua with his Charleston, S.C. address. However, on page 5 of 6, photocopies of five envelopes with (what appears to be) affixed postage do not include an envelope addressed to him.

As set out in the Affidavit of Crystal Patrick, the law office of Defendant Fautua, located in Charleston, S.C., did not receive any mailing from Plaintiffs. Defendant Fautua has not been served with the Civil Summons and Amended Complaint.

### III.  EVEN IF PROPERLY SERVED, THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT FAUTUA.

Pursuant to Rule 12(b)(6) there has been a failure to state a claim against Defendant Fautua upon which relief can be granted. While the allegations of a plaintiff's complaint are to be accepted as true, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter....to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In the caption of their adversary proceeding, Plaintiffs list Defendant Fautua as "Lucas S Fautua, in his individual capacity and professional capacity." Dealing first with his "professional capacity," there is no allegation that there is or was a professional relationship between Defendant Fautua and Plaintiffs. In fact, his firm's of-record representation of a creditor in the base case makes clear his inability to establish a "professional" relationship with the *pro se* Plaintiffs.

Stepping over the "professional capacity" titling of Defendant Fautua, the allegations against him do not state a recognized claim; in short no claim against him is "plausible on its face." Defendant Fautua is listed as a defendant in the following claims:

COUNT I – WILLFUL VIOLATION OF THE AUTOMATIC STAY

COUNT III – FRAUD ON THE COURT

COUNT VI – CIVIL CONSPIRACY

COUNT VIII – DEPRIVATION OF DUE PROCESS
AND EQUAL PROTECTION

4

## COUNT IX – UNLAWFUL AND DISCRIMINATORY PROPERTY TAX ASSESSMENTS

The heart and soul of each cause of action asserted against Defendant Fautua is that he acted with others ---- public officials (Clerk of Court, a judge, a county tax assessor and other county officials) --- to deprive Plaintiffs of various rights.  Plaintiffs remedies, if any there be, can be found in the Bankruptcy Code and not in this adversary proceeding.

A stay violation and fraud on the court are certainly within this Court's authority, assessment and determination, but the Bankruptcy Code and Rules, and the Rules of Professional Responsibility provide an arsenal of punitive measures that could be assessed *by the Court*. Plaintiffs cannot use the Court's weapons to fight their battles.

## II.  IF THE AMENDED COMPLAINT IS ALLOWED TO SURVIVE, SIGNIFICANT PORTIONS SHOULD BE STRICKEN UNDER RULE 12(b)(7).

Rule 12(b)(7) allows the court "to strike from a pleading …. any redundant, immaterial, impertinent, or scandalous matter."  Contentions against a licensed attorney such as that he "knowingly violated the Bankruptcy Code, state law, and federal consumer protection statutes through a pattern of fraudulent foreclosure proceedings, [and] falsified filings" (Adv. ECF 14, p. 2)                    should                    be                    stricken.

WHEREFORE, Defendant Fautua requests that his Motion to Dismiss be granted, that the Amended Complaint be dismissed as to him, with prejudice, and that the Court allow such other and further relief to him as it deems just and proper.

> _s/J. Ronald Jones, Jr._
> J. Ronald Jones, Jr. (Dist. Ct. ID 5874)
> Smith Debnam Narron Drake Saintsing
> & Myers, LLP
> 171 Church Street, Suite 120C (29401)
> Post Office Box 22795
> Charleston, SC 29413
> Telephone: (843) 714-2533
> _Attorneys for Defendant Lucas Fautua_

Charleston, South Carolina
December  9 , 2025

IN RE:

**JACQUELINE ELIZABETH ARD, AND TERRY FRANK NICOLA**

Debtors.

**CHAPTER 13**

**Case No. 25-01384-JD**

## CERTIFICATE OF SERVICE

I, Janet Craig Jackson, Paralegal to J. Ronald Jones, Jr. do hereby certify that I served on the persons below a copy of Defendant Fautua's Brief in Support of Motions to Dismiss and Motion to Strike in the above-referenced adversary proceeding either by CM/ECF electronic mail or by depositing same in the United States Mail with sufficient postage affixed and addressed as follows:

Jacqueline Elizabeth Ard
21215 Dartmouth Dr.
Southfield, MI 48076
*Plaintiff*

Terry Frank Nicola
21215 Dartmouth Dr.
Southfield, MI 48076
*Plaintiff*

Kevin Campbell
Via CM/ECF
*Chapter 7 Trustee*

US Trustee's Office
Via CM/ECF
*U.S. Trustee*

/s/ Janet Craig Jackson
Janet Craig Jackson, paralegal to
J. Ronald Jones, Jr., ID: 5874
Smith Debnam Narron Drake
Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Telephone: (843) 714-2535
rjones@smithdebnamlaw.com

*Attorneys for Defendant Lucas Fautua*

Charleston, South Carolina
December 9, 2025