**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **IN RE:**<br><br>**Jacqueline Ard and Terry F. Nicola,**<br><br>Debtor(s) | CASE NO.: 25-01384-JD<br>ADV. PRO. NO.: 25-80061-jd<br><br>CHAPTER 7 |
| **Jacqueline Ard and Terry F. Nicola,**<br><br>Plaintiff(s),<br><br>vs.<br><br>**The Spa on Port Royal Sound Horizontal Property Regime; William B. Mullis; Henry Sanders; Kieth Baker;** and **JOHN** and **JANE DOE Board Members** of The Spa on Port Royal Sound Horizontal Property Regime**,** in their individual and representative capacities**; IMC Resort Services, inc.; Christine M. Phillips; JOHN** and **JANE DOE Employees and Agents of IMC Resort Services,** in their individual and representative capacities**; Scott Wild, Esq.,** in his individual and professional capacity**; Jannine Mutterer,** Special Referee for Beaufort County, in her individual and official capacity**; Jerri Ann Roseneau,** Beaufort County Clerk of Court, in her individual and official capacity; **Lucas Fautua, Esq.,** in his individual and professional capacity; **Beaufort County**; **Beaufort County Treasurer's Office**; and **Beaufort County Assessor's Office;** and any other persons or entities later identified as participants in the fraudulent scheme. | **ANSWER TO FIRST AMENDED ADVERSARY COMPLAINT** |

Jannine Mutterer, by and through her undersigned counsel, hereby responds to the

Debtors' Jacqueline Ard and Terry F. Nicola's ("Debtors") First Amended Adversary Complaint

as follows:

1

1. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Defendant consents to the entry of final orders or judgment by the Bankruptcy Court.

2. Defendant denies each and every allegation unless specifically admitted herein.

3. The paragraph entitled "SUMMARY OF AMENDMENTS" does not contain any allegations against Defendant to which a response is required. To the extent this paragraph implies liability on Defendant, those allegations are denied.

4. Defendant denies the allegations contained in the Paragraph entitled "INTRODUCTION" and its subparagraphs.

5. Paragraphs 1 through 10 of Debtors' First Amended Adversary Complaint contain legal conclusions to which no response is required. To the extent the allegations contained in those Paragraphs imply liability on Defendant, those allegations are denied.

6. Defendant denies the allegations contained in Paragraph 11 of Debtors' First Amended Adversary Complaint.

7. Paragraph 12 of Debtors' First Amended Adversary Complaint contains legal conclusions to which no response is required. To the extent the allegations contained in those Paragraphs imply liability on Defendant, those allegations are denied.

8. Defendant lacks information and knowledge sufficient to form a belief as to the allegations contained in Paragraphs 14 through 19 of Debtors' First Amended Adversary Complaint and therefore denies the same.

9. In responding to the allegations contained in Paragraphs 20 through 29 of Debtors' First Amended Adversary Complaint, Defendant admits that the Honorable Robert Bonds issued an order appointing her as special referee in the underlying matter. Defendant

denies the remainder of the allegations contained in Paragraphs 20 through 29 of Debtors' First Amended Adversary Complaint as stated.

10. Defendant denies the allegations contained in Paragraph 30 of Debtors' First Amended Adversary Complaint.

11. Defendant denies the allegations contained in Paragraph 1 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT I."

12. Defendant lacks information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 2 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT I," and therefore denies the same.

13. Defendant denies the allegations contained in Paragraphs 3 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT I."

14. Defendant denies the allegations contained in Paragraphs 1 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT II."

15. Defendant denies the allegations contained in Paragraphs 1 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT III."

16. The allegations contained in Paragraphs 1 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT IV" pertain to defendants other than this Defendant. To the extent the allegations contained in Paragraphs 1 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT IV" imply liability on Defendant, those allegations are denied.

17. The allegations contained in Paragraphs 1 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT V" pertain to defendants other than this Defendant. To the extent the allegations contained in Paragraphs 1 through 5 of

Debtors' First Amended Adversary Complaint contained under the subheading "COUNT V" imply liability on Defendant, those allegations are denied.

18. Defendant denies the allegations contained in Paragraphs 1 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT VI."

19. The allegations contained in Paragraphs 1 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT VII" pertain to defendants other than this Defendant. To the extent the allegations contained in Paragraphs 1 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT VII" imply liability on Defendant, those allegations are denied.

20. Defendant denies the allegations contained in Paragraphs 1 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT VIII."

21. In responding to Paragraph 1 contained under the subheading "COUNT IX," Defendant repeats and realleges its answers to the allegations contained in all prior Paragraphs as if repeated verbatim herein.

22. Defendant admits the allegations contained in Paragraph 2 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT IX."

23. Defendant lacks information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 2 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT 1," and therefore denies the same.

24. Defendant lacks information and knowledge sufficient to form a belief as to the allegations contained in Paragraphs 2 through 4 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT IX," and therefore denies the same.

25. Defendant denies the allegations contained in Paragraph 5 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT IX."

26. Paragraph 6 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT IX" contains legal conclusions to which no response is required.

27. Defendant denies the allegations contained in Paragraphs 7 through 10 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT IX."

28. Defendant denies the allegations contained in Paragraphs 1 through 4 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT X."

29. Defendant denies the allegations contained in Paragraphs 1 through 3 of Debtors' First Amended Adversary Complaint contained under the subheading "COUNT XI."

30. The Paragraph entitled "Timeline of Events and Property Ledger" does not contain allegations against Defendant to which a response is required. To the extent this Paragraph implies liability on Defendant, those allegations are denied.

31. Defendant denies that she caused any of the damages alleged in Paragraphs 1 through 5 of Debtors' First Amended Adversary Complaint contained under the subheading "FINANCIAL HARM AND DAMAGES SUMMARY."

32. Defendant denies that Debtors are entitled to any of the relief requested in Paragraphs A through E under the subheading "Statement of Relief Requested."

**FURTHER RESPONDING AND AS AN AFFRMATIVE DEFENSE:**

33. Defendant is entitled to judicial immunity as all alleged acts and/or omissions occurred within the scope of her role as special referee as ordered by the South Carolina Court of Common Pleas, Beaufort County. *See Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023).

**FURTHER RESPONDING AND AS AN AFFRMATIVE DEFENSE:**

34. Debtors have failed to state a claim upon which relief can be granted under and Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

**FURTHER RESPONDING AND AS AN AFFRMATIVE DEFENSE:**

35. There is no pending automatic stay in this matter. *See* 11 U.S.C. § 362(c)(4)(A)(i).

**FURTHER RESPONDING AND AS AN AFFRMATIVE DEFENSE:**

36. Debtors have failed to allege fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7009 of the Federal Rules of Bankruptcy Procedure.

**FURTHER RESPONDING AND AS AN AFFRMATIVE DEFENSE:**

37. The Court should abstain from hearing this matter pursuant to the Rooker-Feldman Doctrine, as Debtors allegations complain of injuries caused by state-court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

*Signature Page Follows*

This 9th day of December, 2025.                Respectfully submitted,

EARHART OVERSTREET, LLC

By: */s/ David W. Overstreet*

DAVID W. OVERSTREET
Federal Bar No.: 07363
david@earhartoverstreet.com

ANDREW S. PLATTE
Federal Bar No.: 10687
andrew.platte@earhartoverstreet.com

MAXWELL J. SEFERIAN
Federal Bar No.: 14060
PO Box 22528                     max.seferian@earhartoverstreet.com
Charleston, SC 29413
843-972-9400                     *Attorneys for Defendant Jannine Mutterer*

7

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **IN RE:** <br><br> **Jacqueline Ard and Terry F. Nicola,** <br><br> **Debtor(s)** | CASE NO.: 25-01384-JD <br> ADV. PRO. NO.: 25-80061-jd <br><br> CHAPTER 7 |
| **Jacqueline Ard and Terry F. Nicola,** <br><br> **Plaintiff(s),** <br><br> vs. <br><br> **The Spa on Port Royal Sound Horizontal Property Regime; William B. Mullis; Henry Sanders; Kieth Baker;** and **JOHN** and **JANE DOE Board Members** of The Spa on Port Royal Sound Horizontal Property Regime**,** in their individual and representative capacities**; IMC Resort Services, inc.; Christine M. Phillips; JOHN** and **JANE DOE Employees and Agents of IMC Resort Services,** in their individual and representative capacities**; Scott Wild, Esq.,** in his individual and professional capacity**; Jannine Mutterer,** Special Referee for Beaufort County, in her individual and official capacity**; Jerri Ann Roseneau,** Beaufort County Clerk of Court, in her individual and official capacity; **Lucas Fautua, Esq.,** in his individual and professional capacity; **Beaufort County**; **Beaufort County Treasurer's Office**; and **Beaufort County Assessor's Office;** and any other persons or entities later identified as participants in the fraudulent scheme. | **CERTIFICATE OF SERVICE** |

      I hereby certify that I have this day served a copy of the *Answer to First Amended Adversary Complaint* upon all parties below via electronic mail and/or U.S. mail only as follows:

| | | |
|---|---|---|
| Jacqueline E Ard<br>21215 Dartmouth Dr<br>Southfield, MI 48076<br>jacquelineard72@gmail.com<br>***Pro Se Plaintiff***<br>Via U.S. Mail and E-mail | Terry F. Nicola<br>21215 Dartmouth Dr<br>Southfield, MI 48076<br>jacquelineard72@gmail.com<br>***Pro Se Plaintiff***<br>Via U.S. Mail and E-mail | Scott M. Wild, Esq<br>Law Office of Scott M. Wild LLC<br>37 New Orleans Rd, Suite F<br>Hilton Head Island, SC<br>scott@wildlawfirm.com<br>***Pro Se Defendant***<br>Via U.S. Mail and E-mail |
| Jerri Ann Roseneau<br>Beaufort County Clerk of Court<br>102 Ribaut Rd<br>Beaufort, SC 29902<br>***Pro Se Defendant***<br>Via U.S. Mail Only | Beaufort County<br>100 Ribaut Rd<br>Beaufort, SC 29902<br>***Pro Se Defendant***<br>Via U.S. Mail Only | Beaufort County Treasurer's Office<br>100 Ribaut Rd<br>Suite 165<br>PO Drawer 487<br>Beaufort, SC 29902<br>***Pro Se Defendant***<br>Via U.S. Mail Only |
| Beaufort County Assessor's Office<br>100 Ribaut Rd<br>Room 210<br>PO Drawer 1228<br>Beaufort, SC 29902<br>***Pro Se Defendant***<br>Via U.S. Mail Only | Kevin Campbell, Trustee<br>PO Box 684<br>Mount Pleasant, SC 29465<br>Via U.S. Mail Only | Jason M. Bobertz, Esq<br>S.C. Supreme Court<br>PO Box 11330<br>Columbia, SC 292111330<br>jbobertz@sccourts.org<br>**Attorney for Judge Bonds**<br>Via E-mail Only |
| Megan J. Meekins, Esq<br>SC Judicial Department<br>1220 Senate Street, Suite 200<br>Columbia, SC 29201<br>mmeekins@sccourts.org<br>***Attorney for Judge Bonds***<br>Via E-mail Only | | |

This 9th day of December 2025

_____
Paralegal to David W. Overstreet