# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE:<br><br>**Jacqueline Elizabeth Ard, and Terry Frank Nicola,**<br><br>Debtors.<br>_____ | ) ) ) ) ) ) ) ) | Case No: 25 -01384-JD<br>Adv. Pro. No.: 25-80061-jd<br><br>**CHAPTER 7** |
| **Jacqueline Elizabeth Ard, and Terry Frank Nicola,**<br><br>Plaintiffs,<br><br>v.<br><br>**The Spa on Port Royal Sound Horizontal Property Regime; William B. Mullis; Henry Sanders; Keith Baker; John** and **Jane Doe Board Members** of The Spa on Port Royal Sound Horizontal Property Regime, in their individual and representative capacities; **IMC Resort Services, Inc.; Christine M. Phillips; John** and **Jane Doe Employees and Agents of IMC Resort Services, Inc.,** in their individual and representative capacities; **Scott Wild, Esq.,** in his individual and professional capacity; **Jannine Mutterer,** Special Referee for Beaufort County, in her individual and official capacity; **Jerri Ann Roseneau**, Beaufort County Clerk of Court in her individual and official capacity; **Lucas Fautua, Esq.,** in his individual and professional capacity; **Beaufort County; Beaufort Treasurers Office; Beaufort County Assessor's Office;** and any other persons or entities later identified as participants in the fraudulent scheme,<br><br>Defendants.<br>_____ ____ _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

---

**ANSWER OF
DEFENDANT JERRI ANN ROSENEAU TO
FIRST AMENDED ADVERSARY COMPLAINT**

---

Comes now the Defendant Jerri Ann Roseneau, Beaufort County Clerk of Court, in her individual and official capacity, by and through her undersigned counsel, and by way of answering the Amended Adversary Complaint herein and reserving all rights to file motions under Rule 12(b), to include all service and statute of limitations defenses, would show unto the Court:

1.      Each allegation not admitted, qualified or denied herein is hereby denied and strict proof thereof demanded.

### FOR A FIRST DEFENSE TO "SUMMARY OF AMENDMENTS"

2.      The "Summary of Amendments" consists of conclusions of law and contains no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that any factual allegations in the "Summary of Amendments", may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

### FOR A FIRST DEFENSE TO "INTRODUCTION"

3.      The "Introduction" consists of conclusions of law and contains no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that any factual allegations in the "Introduction", may be construed by the Court to allege malfeasance, misfeasance, or

nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "JURISDICTION AND VENUE"

4.      Paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Jurisdiction and Venue" consist of conclusions of law and contain no statements of any malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that any factual allegations within paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Jurisdiction and Venue" may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "PROPERTY OF THE ESTATE AND EFFECT OF THE AUTOMATIC STAY"

5.      Paragraphs 5, 6, 7, 8, and 9 of the section of the Amended Complaint entitled "Property of the Estate and Effect of the Automatic Stay" consist of conclusions of law and contain no statements of any malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that any factual allegations within paragraphs 5, 6, 7, 8, and 9 of the section of the Amended Complaint entitled "Property of the Estate and Effect of the Automatic Stay" may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

Doc#209

## FOR A FIRST DEFENSE TO "AUTHORITY TO BRING ACTION"

6.      Paragraphs 10, 12, and 13 of the section of the Amended Complaint entitled "Authority to Bring Action" consist of conclusions of law and contain no statements of any malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that any factual allegations within paragraphs 10, 12, and 13 of the section of the Amended Complaint entitled "Authority to Bring Action" may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

7.      Defendant Jerri Ann Roseneau denies the allegations of paragraph 11 and demands strict proof thereof.

## FOR A FIRST DEFENSE TO "BACKGROUND FACTS AND SUMMARY OF MISCONDUCT"

8.      Paragraphs 14, 15, 16, 17, 18, 19, 20, and 21 of the section of the Amended Complaint entitled "Background Facts and Summary of Misconduct" consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the officers and employees of the Clerk of Court, in paragraphs 14, 15, 16, 17, 18, 19, 20, and 21 of the section of the Amended Complaint entitled "Background Facts and Summary of Misconduct", they are expressly denied, and strict proof thereof is demanded.

9.      In response to the allegations of paragraph 22 of the section of the Amended Complaint entitled "Background Facts and Summary of Misconduct", the Defendant Jerri Ann Roseneau admits the allegation of paragraph 22 that on May 31, 2024, Wild filed an Affidavit of Default at 9:34 AM, followed by an Order of Default signed by Clerk of Court Jerri Ann Roseneau at 12:04 PM; but would add that the document styled "Order of Default" was more properly an "Entry of Default," not a Judgment, and was characterized as such in the docket, and also would assert that the proof of service was facially valid; furthermore, this Defendant denies that the proof of service was "facially invalid," denies that signing an entry of default three hours after the filing of an affidavit of default was somehow improper, and denies that the Clerk had a legal duty to "review or address" this filing, and demands strict proof thereof.

10.     In response to the allegations of paragraph 23 of the section of the Amended Complaint entitled "Background Facts and Summary of Misconduct", the Defendant Jerri Ann Roseneau admits the allegation of paragraph 23 that on August 21, 2024, Wild drafted an Order of Reference appointing Jannine M. Mutterer as Special Referee; would admit that the document bore a blank signature line for Clerk Roseneau, and included an electronic signature of Judge Robert Bonds on a separate third page, and that the order was filed and relied upon as valid; but would affirmatively state that an Order of Reference can be signed by a either a clerk of court or a circuit judge, as provided in Rule 53 (b) of the South Carolina Rules of Civil Procedure; that the Order of Reference bore the date of Circuit Judge Bonds's electronic signature; that the electronic signature of Circuit Judge Bonds was proper as set forth in Rule 6(a) of the South Carolina Rules of e-filing, which specifically requires a separate signature page for an order; and furthermore, Defendant

Jerri Ann Roseneau denies that this document was "irregular," denies that it was undated; denies that there were defects in the order that would prevent it from being filed or relied on as valid, and demands strict proof thereof.

11.    In response to the allegations of paragraph 24 of the section of the Amended Complaint entitled "Background Facts and Summary of Misconduct", the Defendant Jerri Ann Roseneau admits the allegation of paragraph 24 that Wild filed a Decree of Foreclosure, Sale, and Judgment, along with a Certificate of Service notarized by Wild, but would affirmatively allege that he filed these documents on September 11, 2024, not September 3, as alleged by the Plaintiffs herein; and would admit that Wild filed an Affidavit of Attorney Fees, Costs, and Expenses on September 6, 2024; and would assert that the rest of this paragraph consists of conclusions of law and contain no allegations of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that the Court may construe factual allegations that allege malfeasance, misfeasance, or nonfeasance by Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

12.    In response to the allegations of paragraphs 25, 26, 27, 28, 29, and 30 of the section of the Amended Complaint entitled "Background Facts and Summary of Misconduct", Paragraphs 25, 26, 27, 28, 29, and 30 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or

nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and

employees, they are expressly denied, and strict proof thereof is demanded.

### FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT I — WILLFUL VIOLATION OF THE AUTOMATIC STAY"
[Defendants Spa, IMC Resort Services, Mullis, Sanders, Baker, John/Jane Doe
Board Members, Wild, Fautua, and Mutterer]

13.     In response to the allegations of paragraphs 1, 2, 3, 4, and 5 of the section of the

Amended Complaint entitled "Causes of Action Count I — Willful Violation of the

Automatic Stay", Paragraphs 1, 2, 3, 4, and 5 consist of conclusions of law and contain

no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann

Roseneau which need to be either admitted or denied. To the extent that factual

allegations may be construed by the Court to allege malfeasance, misfeasance, or

nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and

employees, they are expressly denied, and strict proof thereof is demanded.

### FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT II — BANKRUPTCY FRAUD"
[Defendants Wild, Spa, IMC Resort Services, Mutterer]

14.     In response to the allegations of paragraphs 1, 2, 3, 4, and 5 of the section of the

Amended Complaint entitled "Causes of Action Count II — Bankruptcy Fraud",

Paragraphs 1, 2, 3, 4, and 5 consist of conclusions of law and contain no statements of

malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which

need to be either admitted or denied. To the extent that factual allegations may be

construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the

Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are

expressly denied, and strict proof thereof is demanded.

Doc#209

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT III — FRAUD ON THE COURT"**
[Defendants Wild, Fautua, Mutterer, Roseneau]

15.     In response to the allegations of paragraphs 1 and 2 of the section of the Amended Complaint entitled "Causes of Action Count III — Fraud on the Court", Paragraphs 1 and 2 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

16.     In response to the allegations of paragraphs 3 and 4 of the section of the Amended Complaint entitled "Causes of Action Count III — Fraud on the Court", the Defendant Jerri Ann Roseneau denies the allegations of paragraph 3 and 4 and demands strict proof thereof.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT IV — FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.) AND SOUTH CAROLINA CONSUMER PROTECTION CODE VIOLATIONS"**
[Defendants IMC Resort Services, Spa, and Wild]

17.     In response to the allegations of paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Causes of Action Count IV — Fair Debt Collection Practices Act (15 U.S.C. § 1692 Et Seq.) and South Carolina Consumer Protection Code Violations", paragraphs 1, 2, 3, and 4 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or

nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT V — FAIR HOUSING ACT AND AMERICANS WITH
DISABILITIES ACT VIOLATIONS"**
[Defendants Spa, and IMC Resort Services]

18.    In response to the allegations of paragraphs 1, 2, and 3 of the section of the Amended Complaint entitled "Causes of Action Count V — Fair Housing Act and Americans with Disabilities Act Violations", paragraphs 1, 2, and 3 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT VI — CIVIL CONSPIRACY"**
[All Defendants Named Above]

19.    In response to the allegations of paragraphs 1, 2, and 3 of the section of the Amended Complaint entitled "Causes of Action Count VI — Civil Conspiracy", set forth conclusory allegations of law, and conclusory allegations of fact going to the ultimate issues in this matter which the answering Defendant need neither admit nor deny.  To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of

Doc#209

Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION COUNT VII — BREACH OF CONTRACT AND COVENANT OF GOOD FAITH AND FAIR DEALING"
### [Defendants Spa, and IMC Resort Services]

20.     In response to the allegations of paragraphs 1, 2, and 3 of the section of the Amended Complaint entitled "Causes of Action Count VII — Breach of Contract and Covenant of Good Faith and Fair Dealing", paragraphs 1, 2, and 3 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION COUNT VIII — DEPRIVATION OF DUE PROCESS AND EQUAL PROTECTION"
### [Defendants Wild, Fautua, Mutterer, Roseneau, Bonds, Beaufort County, Beaufort County Assessor's Office]

21.     In response to the allegations of paragraphs 1, 2, and 5 of the section of the Amended Complaint entitled "Causes of Action Count VIII — Deprivation of Due Process and Equal Protection", the Defendant Jerri Ann Roseneau denies the allegations of paragraphs 1, 2, and 5, and demands strict proof thereof.

22.     In response to the allegations of paragraphs 3 and 4 of the section of the Amended Complaint entitled "Causes of Action Count VIII — Deprivation of Due Process and Equal

Protection", paragraphs 3 and 4 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

### FOR A FIRST DEFENSE TO "CAUSES OF ACTION COUNT IX — UNLAWFUL AND DISCRIMINATORY PROPERTY TAX ASSESSMENTS"
[Defendants Wild, Mullis, Fautua, Mutterer, Roseneau, Bonds, Beaufort County, Beaufort County Assessor's Office, Beaufort County Treasurer's Office]

23.     In response to the allegations of paragraph 1 of the section of the Amended Complaint entitled "Causes of Action Count IX — Unlawful and Discriminatory Property Tax Assessments", the Defendant realleges her defenses to all prior paragraphs as fully as if set forth herein.

24.     In response to the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8, 9, and 10 of the section of the Amended Complaint entitled "Causes of Action Count IX — Unlawful and Discriminatory Property Tax Assessments", paragraphs 2, 3, 4, 5, 6, 7, 8, 9, and 10 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT X — PROFESSIONAL AND JUDICIAL MISCONDUCT"**
[Defendants Wild, Fautua, Mutterer, Bonds]

25.    In response to the allegations of paragraphs 1, 2, 3, and 4 of the section of the

Amended Complaint entitled "Causes of Action Count X — Professional and Judicial

Misconduct", paragraphs 1, 2, 3, and 4 consist of conclusions of law and contain no

statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann

Roseneau which need to be either admitted or denied. To the extent that factual

allegations may be construed by the Court to allege malfeasance, misfeasance, or

nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and

employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT XI — RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
ACT (RICO)"**
[Defendants Wild, IMC Resort Services, Spa and Board Member, Mutterer]

26.    In response to the allegations of paragraphs 1, 2, and 3 of the section of the

Amended Complaint entitled "Causes of Action Count XI — Racketeer Influenced and

Corrupt Organizations Act (RICO), paragraphs 1, 2, and 3 consist of conclusions of law

and contain no statements of malfeasance, misfeasance, or nonfeasance by the

Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent

that factual allegations may be construed by the Court to allege malfeasance,

misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of

Court's officers and employees, they are expressly denied, and strict proof thereof is

demanded.

### FOR A FIRST DEFENSE TO "TIMELINE OF EVENTS AND PROPERTY LEDGER (EXHIBIT A)"

27.     In response to the allegations of "Timeline of Events and Property Ledger (Exhibit A)", this "Timeline" consists of conclusions of law and purported fact and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Jerri Ann Roseneau, or the Clerk of Court's officers and employees, they are expressly denied, and strict proof thereof is demanded.

### FOR A FIRST DEFENSE TO "FINANCIAL HARM AND DAMAGES SUMMARY (EXHIBIT D)"

28.     In response to the allegations of "Financial Harm and Damages Summary (Exhibit D)",    the Defendant Jerri Ann Roseneau denies the allegations of this "summary," and demands strict proof thereof.

### FOR A FIRST DEFENSE TO "STATEMENT OF RELIEF REQUESTED"

29.     In response to the allegations of "Statement of Relief Requested",   the Defendant Jerri Ann Roseneau denies the allegations of this "statement," and demands strict proof thereof.

### FOR A FIRST DEFENSE TO PRAYER FOR RELIEF

30.     In response to the allegations of the Complaint's Prayer for Relief, the Defendant Jerri Ann Roseneau denies that the Plaintiffs are entitled to any of the relief requested and demands strict proof thereof.

Doc#209

## FOR A SECOND DEFENSE TO ALL CLAIMS
### (Jurisdiction: *Rooker-Feldman* Doctrine; Fed. R. Civ. P. 12(b) (1))

31.     Defendant Jerri Ann Roseneau is entitled to dismissal of this action pursuant to the

*Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars "cases brought by state-

court losers complaining of injuries caused by state-court judgments rendered before the

district court proceedings commenced and inviting district court review and rejection of

those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284

(2005). The power to review state court decisions lies not with a federal district court, but

rather "exclusively with superior state courts and, ultimately, the United States Supreme

Court." *Plyler v. Moore,* 129 F.3d 728, 731 (4th Cir. 1997); *see* 28 U.S.C. § 1257.

## FOR A THIRD DEFENSE TO FEDERAL CLAIMS
### (Failure to State a Claim)

32.     Defendant Jerri Ann Roseneau is entitled to dismissal of the Federal Claims in

these proceedings for the reason that Plaintiffs' complaint fails to state a cognizable claim

under federal law, to include claims for Fourth and Fourteenth Amendments and equal

protection and due process claims and further fails to set forth the essential elements

establishing any other violation of the Constitution.   Negligence is not actionable under

42 U.S.C. § 1983. Further, Plaintiffs' claims are barred by the *Parratt-Hudson* doctrine.

## FOR A FOURTH DEFENSE TO FEDERAL CLAIMS
### (Absolute Judicial/Quasi-Judicial Immunity)

33.     If the acts complained about occurred, they occurred within the scope of Defendant

Jerri Ann Roseneau's official judicial, or quasi-judicial duty, and this Defendant is

absolutely immune for performance of said acts in such capacity.

## FOR A FIFTH DEFENSE TO FEDERAL CLAIMS
(Qualified Immunity)

34.     If the acts complained of occurred, they occurred within the scope of Defendant

Jerri Ann Roseneau's official duties, and the Defendant had no knowledge that said acts

were illegal and/or unconstitutional nor were said acts clearly violative of Plaintiffs' rights

at the time they were committed.

## FOR A SIXTH DEFENSE TO FEDERAL CLAIMS
(Eleventh Amendment)

35.     Pleading in the alternative so as not to waive defenses, this Court lacks personal

and subject matter jurisdiction over the Defendant Jerri Ann Roseneau and this cause of

action fails to state a claim against this Defendant in that the Eleventh Amendment of the

Constitution of the United States affords immunity from suit to this Defendant, and further

provides immunity where the proceeds to pay any judgment rendered are substantially

derived from state funds.

## FOR A SEVENTH DEFENSE TO FEDERAL CLAIMS
(42 U.S.C. §1983/ *Respondeat Superior*)

36.     Defendant Jerri Ann Roseneau pleads as an affirmative defense that this Court

lacks subject matter jurisdiction over the named Defendant and the Plaintiffs' Complaint

fails to state a cause of action against this Defendant in that the Defendant is not a proper

party to this action under 42 U.S.C. §1983, in that in such actions, the doctrine of

*respondeat superior* is not applicable.

## FOR AN EIGHTH DEFENSE TO FEDERAL CLAIMS
(42 U.S.C. §1983/Not A "Person")

37.     This Court lacks personal jurisdiction over the Defendant Jerri Ann Roseneau and

the federal claims plead as to this Defendant fail to state claims against this Defendant in

Doc#209

that the Clerk of Court, a duly elected state official, is not a "person" susceptible to suit under 42 U.S.C. §1983.

### FOR A NINTH DEFENSE TO FEDERAL CLAIMS
(42 U.S.C. §1983/Fails to Allege Deprivation)

38.     Defendant Jerri Ann Roseneau pleads as an affirmative defense that this Court lacks subject matter jurisdiction over the named Defendant and the Plaintiffs' Complaint fails to state a cause of action against this Defendant in that this cause of action fails to set forth allegations that this Defendant deprived the Plaintiffs' of any federally protected rights under the specified constitutional amendments or 42 U.S.C. § 1983.

### FOR A TENTH DEFENSE TO FEDERAL CLAIMS
(42 U.S.C. §1983/Good Faith)

39.     Defendant Jerri Ann Roseneau was, at all times, acting pursuant to state law and the South Carolina Rules of Civil Procedure, in good faith and under the belief that her actions were mandated by court rules and within the law.

### FOR AN ELEVENTH DEFENSE TO FEDERAL CLAIMS
(Failure of Service within Statute of Limitations)

40.     By way of alternative pleading and to preserve all defenses with leave to withdraw said defense as should the evidence require in this matter, Defendant Jerri Ann Roseneau preserves all statutes of limitations and service defenses that may bar said claims.

### FOR A TWELFTH DEFENSE TO FEDERAL CLAIMS
(Award of Punitive Damages not Warranted)

41.     This Complaint fails to state a claim for punitive damages against Defendant Jerri Ann Roseneau in that the facts as alleged, even if taken as true, fail to state facts upon which the Plaintiffs are entitled to an award of punitive damages.

## FOR A THIRD DEFENSE TO STATE LAW CLAIMS
### (Failure to State a Claim)

42.    Upon the alleged state law claims of Fraud on the Court and Civil Conspiracy, these claims fail to state causes of action against Defendant Jerri Ann Roseneau in that the Complaint fails to set forth factual allegations against this Defendant meeting the essential elements of proof upon these or any state law claim reasonably construed from the pleadings.

## FOR A FOURTH DEFENSE TO STATE LAW CLAIMS
### (Failure of Service within Statute of Limitations)

43.    By way of alternative pleading and to preserve all defenses with leave to withdraw said defense as should the evidence require in this matter, Defendant Jerri Ann Roseneau asserts as an additional affirmative defense that the Plaintiffs' state law causes of action are barred by failure of proper service within the applicable statute of limitations period set out in the S.C. Tort Claims Act on each pendent state law claim.

## FOR A FIFTH DEFENSE TO STATE LAW CLAIMS
### (Fails to Allege Fraud, Malice, Intent to Harm / Employee entitled to Substitution of the Governmental Entity/S.C. Tort Claims Act)

44.    Defendant Jerri Ann Roseneau is entitled to dismissal of the Complaint against her, in that the Complaint fails to state a cause of action against this Defendant in that the Plaintiffs allege that this Defendant's conduct was within the scope of her official duties, but fails to allege facts showing that her actions constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude and thus the S.C. Tort Claims Act is the exclusive remedy for any tort committed by this employee and the employee is entitled to substitution of the governmental entity.  S.C. Code Ann. §15-78-70(b).

## FOR A SIXTH DEFENSE TO STATE LAW CLAIMS
### (Bar Against Entity Liability/ S.C. Tort Claims Act)

45.     By way of alternative pleading so as to not waive defense, in the event that the Court concludes that the Defendant Jerri Ann Roseneau's conduct was not within the scope of her official duties or that her acts constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude, such finding would constitute a bar in an action against the governmental entity. S.C. Code Ann. §15-70-70 and §15-78-60(17).

## FOR A SEVENTH DEFENSE TO STATE LAW CLAIMS
### (Tort Claims Act Exclusions)

46.     These state law tort actions fail to state claims against the Defendant Jerri Ann Roseneau, in that the claims alleged in the Complaint are barred by the applicable provisions of the South Carolina Tort Claims Act, (§1578-10, et. seq., Code of Laws of South Carolina (1976) as amended) in that a governmental entity, including governmental employees and officials sued, are not liable for loss resulting from:

a.      legislative, judicial, or quasi-judicial action or inaction, §15-78-10 (1).

b.      administrative action or inaction of a legislative, judicial, or quasi-judicial nature, §15-78-10 (2).

c.      execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process, §15-78-10 (3).

d.      adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies, §15-78-10 (4).

e.      the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee, §15-78-10 (5).

f.     alternatively, employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime of involving moral turpitude, §15-78-10 (17).

g.     an act or omission of a person other than an employee including but not limited to the criminal actions of third persons, §15-78-10 (20).

h.     institution or prosecution of any judicial or administrative proceeding, §15-78-10 (23).

i.     responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner, §15-78-10 (25).

j.     Additionally, Defendants reserve all other provisions of the S.C. Carolina Tort Claims Act, §15-78-10 *et. seq*.

### FOR AN EIGHTH DEFENSE TO STATE LAW CLAIMS
(Damages not Recoverable under the S.C. Tort Claims Act)

47.     Defendant Jerri Ann Roseneau preserves and claims all terms, provisions, and affirmative defenses set forth in the South Carolina Tort Claims Act, (§ 15-78-10, *et. seq.*, Code of Laws of South Carolina (1976), as amended), to include the definition of "loss", the limitations on the amount of actual damages that can be recovered, the prohibition on an award of punitive damages under §15-78-120, and all other limitations set out therein.

### FOR A NINTH DEFENSE TO STATE LAW CLAIMS
(Entitlement to Proportional Liability)

48.     Defendant Jerri Ann Roseneau asserts that any damages alleged to have been caused by said Defendant, which are specifically denied, must be apportioned between all parties or potential parties, to include those Governmental agencies or third-party defendants not named, pursuant to S.C. Code Ann. §§15-78-15 and/or 15-78-100(c).

Doc#209

## FOR A TENTH DEFENSE TO STATE LAW CLAIMS
(Public Duty Rule)

49.    The Complaint fails to state a claim against Defendant Jerri Ann Roseneau in that

any duty owed is to the public in general and imposes no private right of action against

Defendant.

## FOR AN ELEVENTH DEFENSE TO STATE LAW CLAIMS
(Lawful under Existing Law)

50.    Defendant Jerri Ann Roseneau is entitled to dismissal in that the foreclosure of the

Plaintiffs were not made by Defendant but appear lawful under the statutory and common

law of the State of South Carolina.

## FOR A TWELFTH DEFENSE TO STATE LAW CLAIMS
(Authorization)

51.    Defendant Jerri Ann Roseneau was cloaked with the authorization by the Rules of

Civil Procedure to file documents and sign entries of default and she at all times acted

under her lawful authority and used only those actions necessary to comply with the Rules

of Civil Procedure.

## FOR A THIRTEENTH DEFENSE TO STATE LAW CLAIMS
(Statutory/Regulatory Authorization)

52.    At all times relevant to the allegations contained in the Complaint, Defendant Jerri

Ann Roseneau was acting according to and in compliance with the laws, rules and

regulations of the State of South Carolina governing her position as Clerk of Court and is

therefore immune from suit and pleads such statutory or regulatory authorization as a

complete defense and bar to these causes of action.

## FOR A FOURTEENTH DEFENSE TO STATE LAW CLAIMS
### (Sole Negligence)

53.     Pleading in the alternative so as not to waive defenses and with leave to withdraw this defense should the evidence so warrant, and further answering the Complaint herein, to the extent that the Court were to construe a claim of negligence, Defendant Jerri Ann Roseneau alleges that whatever injuries and damages as sustained by the Plaintiffs, if any, were due to and caused by the sole and separate negligence, carelessness, recklessness, willfulness and wantonness of the Plaintiffs, the Plaintiffs being negligent, careless, reckless, willful and wanton in some, one or all of the following particulars, to wit:

    a.    In willfully and recklessly failing to exercise that degree of care which circumstances required.

    b.    In such other particulars as the evidence may establish at trial.

## FOR A FIFTEENTH DEFENSE TO STATE LAW CLAIMS
### (Comparative Negligence)

54.     Pleading in the alternative so as not to waive defenses and with leave to withdraw this defense should the evidence so warrant, and further answering the Complaint herein, to the extent that the Court were to construe a claim of negligence, Defendant Jerri Ann Roseneau alleges that if she, as pled, was negligent, reckless, willful, wanton, or grossly negligent in any particular, which is expressly denied, any injuries or damages sustained by Plaintiffs as set forth in the Complaint, were due to and caused in whole or in part by Plaintiffs' acts of negligence and recklessness in failing to exercise due and reasonable care for their own safety, in the following particulars, to wit:

    a.    In willfully and recklessly failing to exercise that degree of care which circumstances required.

b.      In such other particulars as the evidence may establish at trial.

Defendant pleads the doctrine of comparative negligence which forbids recovery by the Plaintiffs if their negligence is greater than that of the Defendant's and if there is a judgment for the Plaintiffs, it requires that the judgment shall be reduced in proportion to the amount of the Plaintiffs' negligence.

**FOR A SIXTEENTH DEFENSE TO STATE LAW CLAIMS**
(Third-Party Negligence)

55.      By way of alternative pleading so as not to waive defenses, in further answering the Complaint, herein, Defendant Jerri Ann Roseneau alleges that whatever injuries and damages as were sustained by the Plaintiffs, if any, were due to and caused by the sole and separate negligence, carelessness, recklessness, and willfulness and wantonness of third parties, they being negligent, careless, reckless, willful, and wanton in some, one, or all of the following particulars set forth in the Plaintiffs' complaint and as may become apparent through discovery to include negligence or recklessness of Plaintiffs' legal counsel or that of any third party agency, among other potentially negligent parties.

**FOR A SEVENTEENTH DEFENSE TO STATE LAW CLAIMS**
(Intervening and Superseding Negligence)

56.      Pleading in the alternative so as not to waive defenses and with leave to withdraw this defense should the evidence so warrant, and further answering the Complaint herein, to the extent that the Court were to construe a claim of negligence, Defendant Jerri Ann Roseneau alleges that any injuries or damages sustained by Plaintiffs, as set forth in the Complaint, were due to and caused by intervening and superseding acts of negligence and recklessness, to include that of Plaintiffs' legal counsel or that of any third party agency, among other potentially negligent parties, without which the alleged resulting

injuries or damages would not have occurred or have been sustained and Defendant pleads such intervening and/or superseding negligence and recklessness as a complete defense to the claims of Plaintiffs set forth in the Complaint as against the answering Defendant.

### FOR AN EIGHTEENTH DEFENSE TO STATE LAW CLAIMS
(No Deviation from the Standard of Care)

57.    Pleading in the alternative so as not to waive defenses and with leave to withdraw this defense should the evidence warrant, and further answering the Complaint herein, to the extent that the Court were to construe a claim of negligence, Defendant Jerri Ann Roseneau did not at any time or in any way deviate from the expected degree of care.

### FOR A NINETEENTH DEFENSE TO STATE LAW CLAIMS
(Assumption of Risk)

58.    Pleading in the alternative so as not to waive defenses and with leave to withdraw this defense should the evidence so warrant, and further answering the Complaint herein, to the extent that the Court were to construe a claim of negligence, Defendant Jerri Ann Roseneau alleges that, upon information and belief, that  Plaintiffs assumed the risks in connection with the events alleged to have given rise to their damages in failing to exercise due care in attending to their affairs by choosing to evade service of court summonses, notices, and other documents, and by not attending hearings, and assuming the risks associated with such conduct to include missing deadlines and not knowing of hearings in time and in assuming the risks associated therewith and in such other particulars as discovery may reveal.

### FOR A TWENTIETH DEFENSE TO STATE LAW CLAIMS
(Privilege)

59.    During all of the time referred to in the Amended Complaint herein, Defendant Jerri

Doc#209

Ann Roseneau was acting as duly elected official of the State of South Carolina, working within the scope of her legal authority, all things being done under the Official's privilege and without exceeding the scope of said privilege.

### FOR A TWENTY-FIRST DEFENSE TO STATE LAW CLAIMS
(Lack of Proximate Cause)

60.     Defendant Jerri Ann Roseneau alleges the absence of proximate cause supporting Plaintiffs' claims in that whatever injuries and damages as were sustained by the Plaintiffs were caused by acts of those other than the Clerk of Court.

### FOR A TWENTY-SECOND DEFENSE TO STATE LAW CLAIMS
(Ministerial Duty)

61.     Defendant Jerri Ann Roseneau is entitled to dismissal under *Long v. Seabrook* and its progeny as her acts were ministerial, absolute, certain, and imperative and involved execution of her specific duty under order of the court and state law arising from designated facts, and was, further, at the very least, quasi-judicial and conducted without malicious, wrongful, illegal or bad faith conduct.

### FOR AN ADDITIONAL DEFENSE TO STATE AND FEDERAL CLAIMS
(Venue)

62.     Defendant Jerri Ann Roseneau preserves all venue defenses under state law to include, but not limited to, 42 U.S.C. §1983, the South Carolina Tort Claims Act, convenience of witnesses, fraudulent joinder, and to obtain a fair trial as may arise and as may become applicable throughout this matter.

### FOR AN ADDITIONAL DEFENSE TO STATE AND FEDERAL CLAIMS
(Reservation of Further Defenses)

63.     Defendant Jerri Ann Roseneau preserves all other defenses available under the 42 USC §1983 and §1988, SCTCA, other federal and state statutes and case law, specifically, but not limited to the defenses of release, accord and satisfaction, condonation, comparative negligence, fraud, assumption of the risk, illegality, misrepresentation, laches, mistake, *res judicata*, statute of frauds, waiver, statute of limitations, spoliation of evidence, failure to mitigate damages, advice of counsel, and others as may become implicated through discovery in this matter.

### FOR AN ADDITIONAL DEFENSE TO STATE AND FEDERAL CLAIMS
(Failure to Exhaust)

64.     Defendant Jerri Ann Roseneau asserts Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to exhaust all state law remedies including all available remedies for due process, including the state court appeal she abandoned.


WHEREFORE, having answered the Complaint, the Defendant Jerri Ann Roseneau, Beaufort County Clerk of Court, demands that she be dismissed from this action, for the costs of this action including reasonable attorney fees under 42 U.S.C. §1988, and for such other and further relief as the Court deems just and proper and, otherwise, requests a trial by jury.

**SCOTT LAW FIRM, LLC**

By:      *s/Christy L. Scott*
         Christy L. Scott, Fed. I.D. No. 6215
         108 Carn Street, Post Office Box 1515
         Walterboro, South Carolina 29488
         (843) 782-4359
         Email:  cscott@lawofficeofchristyscott.com

         ATTORNEYS FOR DEFENDANT
         Jerri Ann Roseneau, Beaufort
         County Clerk of Court

December 10, 2025
Walterboro, South Carolina