## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:

Jacqueline Elizabeth Ard, and
Terry Frank Nicola,

        Debtors.

_____

Jacqueline Elizabeth Ard, and
Terry Frank Nicola,

        Plaintiffs,

    v.

The Spa on Port Royal Sound
Horizontal Property Regime; William
B. Mullis; Henry Sanders; Keith Baker
; John and Jane Doe Board Members
of The Spa on Port Royal Sound
Horizontal Property Regime, in their
individual and representative capacities;
IMC Resort Services, Inc.; Christine
M. Phillips; John and Jane Doe
Employees and Agents of IMC Resort
Services, Inc., in their individual and
representative capacities; Scott Wild,
Esq., in his individual and professional
capacity; Jannine Mutterer, Special
Referee for Beaufort County, in her
individual and official capacity; Jerri
Ann Roseneau, Beaufort County Clerk
of Court in her individual and official
capacity; Lucas Fautua, Esq., in his
individual and professional capacity;
Beaufort County; Beaufort County
Treasurer's Office; Beaufort County
Assessor's Office; and any other
persons or entities later identified as
participants in the fraudulent scheme,

        Defendants.

_____

Case No: 25 -01384-JD
Adv. Pro. No.: 25-80061-jd

CHAPTER 7

_____

**ANSWER OF
DEFENDANT BEAUFORT COUNTY TREASURER'S OFFICE TO
FIRST AMENDED ADVERSARY COMPLAINT**

_____

Comes now the Defendant Beaufort County Treasurer's Office, by and through its undersigned counsel, and by way of answer to the Amended Adversary Complaint herein and reserving all rights to file motions under Rule 12(b), to include all service and statute of limitations defenses, would show unto the Court:

1.      Each and every allegation not admitted, qualified or denied herein is hereby denied and strict proof thereof demanded.

**FOR A FIRST DEFENSE TO "SUMMARY OF AMENDMENTS"**

2.      The "Summary of Amendments" consists of conclusions of law and contains no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office which need to be either admitted or denied. To the extent that any factual allegations in the "Summary of Amendments", may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "INTRODUCTION"**

3.      The "Introduction" consists of conclusions of law and contains no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office which need to be either admitted or denied. To the extent that any factual allegations in the "Introduction", may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County

Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "JURISDICTION AND VENUE"

4. Paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Jurisdiction and Venue" consist of conclusions of law and contain no statements of any malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office which need to be either admitted or denied. To the extent that any factual allegations within paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Jurisdiction and Venue" may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "PROPERTY OF THE ESTATE AND EFFECT OF THE AUTOMATIC STAY"

5. Paragraphs 5, 6, 7, 8, and 9 of the section of the Amended Complaint entitled "Property of the Estate and Effect of the Automatic Stay" consist of conclusions of law and contain no statements of any malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office which need to be either admitted or denied. To the extent that any factual allegations within paragraphs 5, 6, 7, 8, and 9 of the section of the Amended Complaint entitled "Property of the Estate and Effect of the Automatic Stay" may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "AUTHORITY TO BRING ACTION"**

6.      Paragraphs 10, 12, and 13 of the section of the Amended Complaint entitled

"Authority to Bring Action" consist of conclusions of law and contain no statements of any

malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County

Treasurer's Office which need to be either admitted or denied. To the extent that any

factual allegations within paragraphs 10, 12, and 13 of the section of the Amended

Complaint entitled "Authority to Bring Action" may be construed by the Court to allege

malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County

Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied,

and strict proof thereof is demanded.

7.      The Defendant Beaufort County Treasurer's Office denies the allegations of

paragraph 11 and demands strict proof thereof.

**FOR A FIRST DEFENSE TO "BACKGROUND FACTS AND SUMMARY OF
MISCONDUCT"**

8.      Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 of

the section of the Amended Complaint entitled "Background Facts and Summary of

Misconduct" consist of conclusions of law and conclusory allegations of fact and contain

no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort

County Treasurer's Office which need to be either admitted or denied. To the extent that

factual allegations may be construed by the Court to allege malfeasance, misfeasance,

or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the officers and

employees of the Treasurer's Office, are construed in paragraphs 14, 15, 16, 17, 18, 19,

20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 of the section of the Amended Complaint

entitled "Background Facts and Summary of Misconduct", they are expressly denied, and

strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION
## COUNT I — WILLFUL VIOLATION OF THE AUTOMATIC STAY"
[Defendants Spa, IMC Resort Services, Mullis, Sanders, Baker, John/Jane Doe
Board Members, Wild, Fautua, and Mutterer]

9.      In response to the allegations of paragraphs 1, 2, 3, 4, and 5 of the section of the

Amended Complaint entitled "Causes of Action Count I — Willful Violation of the

Automatic Stay", paragraphs 1, 2, 3, 4, and 5 consist of conclusions of law and contain

no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort

County Treasurer's Office which need to be either admitted or denied. To the extent that

factual allegations may be construed by the Court to allege malfeasance, misfeasance,

or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's

officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION
## COUNT II — BANKRUPTCY FRAUD"
[Defendants Wild, Spa, IMC Resort Services, Mutterer]

10.      In response to the allegations of paragraphs 1, 2, 3, 4, and 5 of the section of the

Amended Complaint entitled "Causes of Action Count II — Bankruptcy Fraud",

paragraphs 1, 2, 3, 4, and 5 consist of conclusions of law and contain no statements of

malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County

Treasurer's Office which need to be either admitted or denied. To the extent that factual

allegations may be construed by the Court to allege malfeasance, misfeasance, or

nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's

officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION
## COUNT III — FRAUD ON THE COURT"
[Defendants Wild, Fautua, Mutterer, Roseneau]

11.    In response to the allegations of paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Causes of Action Count III — Fraud on the Court", paragraphs 1, 2, 3, and 4 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION COUNT IV — FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.) AND SOUTH CAROLINA CONSUMER PROTECTION CODE VIOLATIONS"
[Defendants IMC Resort Services, Spa, and Wild]

12.    In response to the allegations of paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Causes of Action Count IV — Fair Debt Collection Practices Act (15 U.S.C. § 1692 Et Seq.) and South Carolina Consumer Protection Code Violations", paragraphs 1, 2, 3, and 4 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION
## COUNT V — FAIR HOUSING ACT AND AMERICANS WITH
## DISABILITIES ACT VIOLATIONS"
[Defendants Spa, and IMC Resort Services]

13.    In response to the allegations of paragraphs 1, 2, and 3 of the section of the Amended Complaint entitled "Causes of Action Count V — Fair Housing Act and Americans with Disabilities Act Violations", paragraphs 1, 2, and 3 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION COUNT VI — CIVIL
## CONSPIRACY"
[All Defendants Named Above]

14.    In response to the allegations of paragraphs 1, 2, and 3 of the section of the Amended Complaint entitled "Causes of Action Count VI — Civil Conspiracy", set forth conclusory allegations of law, and conclusory allegations of fact going to the ultimate issues in this matter which the answering Defendant need neither admit nor deny.  To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION
## COUNT VII — BREACH OF CONTRACT AND COVENANT OF GOOD FAITH AND
## FAIR DEALING"
[Defendants Spa, and IMC Resort Services]

15.    In response to the allegations of paragraphs 1, 2, and 3 of the section of the
Amended Complaint entitled "Causes of Action Count VII — Breach of Contract and
Covenant of Good Faith and Fair Dealing", paragraphs 1, 2, and 3 consist of conclusions
of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the
Defendant Beaufort County Treasurer's Office which need to be either admitted or denied.
To the extent that factual allegations may be construed by the Court to allege
malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County
Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied,
and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION
## COUNT VIII — DEPRIVATION OF DUE PROCESS AND EQUAL
## PROTECTION"
[Defendants Wild, Fautua, Mutterer, Roseneau, Bonds, Beaufort County, Beaufort
County Assessor's Office]

16.    In response to the allegations of paragraphs 1, 2, 3, and 4 of the section of the
Amended Complaint entitled "Causes of Action Count VIII — Deprivation of Due Process
and Equal Protection", paragraphs 1, 2, 3, and 4, consist of conclusions of law and contain
no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort
County Treasurer's Office which need to be either admitted or denied. To the extent that
factual allegations may be construed by the Court to allege malfeasance, misfeasance,
or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's
officers and employees, they are expressly denied, and strict proof thereof is demanded.

17.     In response to the allegations of paragraph 5 of the section of the Amended Complaint entitled "Causes of Action Count VIII — Deprivation of Due Process and Equal Protection", the Defendant Beaufort County Treasurer's Office denies the allegations of paragraph 5 and demands strict proof thereof.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT IX — UNLAWFUL AND DISCRIMINATORY PROPERTY TAX
ASSESSMENTS"**
[Defendants Wild, Mullis, Fautua, Mutterer, Roseneau, Bonds, Beaufort County,
Beaufort County Assessor's Office, Beaufort County Treasurer's Office]

18.     In response to the allegations of paragraph 1 of the section of the Amended Complaint entitled "Causes of Action Count IX — Unlawful and Discriminatory Property Tax Assessments", the Defendant Beaufort County Treasurer's Office realleges its defenses to all prior paragraphs as fully as if set forth herein.

19.     In response to the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8, 9, and 10 of the section of the Amended Complaint entitled "Causes of Action Count IX — Unlawful and Discriminatory Property Tax Assessments", the Defendant Beaufort County Treasurer's Office denies the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8, 9, and 10, and demands strict proof thereof. In clarification by way of affirmative allegation, the Beaufort County Treasurer would show that it is a constitutional state office, with duties established by numerous statutes of the State of South Carolina, elected by the voters of the county, but removable by the Governor of the State of South Carolina, and among its duties it is charged to collect and hold taxes for the county and also for separate boards and commissions established by state statute, but does not assess taxes on real property, which is done by the Assessor.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT X — PROFESSIONAL AND JUDICIAL MISCONDUCT"**
[Defendants Wild, Fautua, Mutterer, Bonds]

20.     In response to the allegations of paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Causes of Action Count X — Professional and Judicial Misconduct", paragraphs 1, 2, 3, and 4 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT XI — RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
(RICO)"**
[Defendants Wild, IMC Resort Services, Spa and Board Member, Mutterer]

21.     In response to the allegations of paragraphs 1, 2, and 3 of the section of the Amended Complaint entitled "Causes of Action Count XI — Racketeer Influenced and Corrupt Organizations Act (RICO), paragraphs 1, 2, and 3 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

### FOR A FIRST DEFENSE TO "TIMELINE OF EVENTS AND PROPERTY LEDGER (EXHIBIT A)"

22.     In response to the allegations of "Timeline of Events and Property Ledger (Exhibit A)", this "Timeline" consists of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendant Beaufort County Treasurer's Office, or the Treasurer's officers and employees, they are expressly denied, and strict proof thereof is demanded.

### FOR A FIRST DEFENSE TO "FINANCIAL HARM AND DAMAGES SUMMARY (EXHIBIT D)"

23.     In response to the allegations of "Financial Harm and Damages Summary (Exhibit D)",    the Defendant Beaufort County Treasurer's Office denies the allegations of this "summary," and demands strict proof thereof.

### FOR A FIRST DEFENSE TO "STATEMENT OF RELIEF REQUESTED"

24.     In response to the allegations of "Statement of Relief Requested",   the Defendant Beaufort County Treasurer's Office denies the allegations of this "statement," and demands strict proof thereof.

### FOR A FIRST DEFENSE TO PRAYER FOR RELIEF

25.     In response to the allegations of the Complaint's Prayer for Relief, the Defendant Beaufort County Treasurer's Office denies that the Plaintiffs are entitled to any of the relief requested and demands strict proof thereof.

## FOR A SECOND DEFENSE TO ALL CLAIMS
(Jurisdiction: *Rooker-Feldman* Doctrine; Fed. R. Civ. P. 12(b) (1))

26.     Defendant Beaufort County Treasurer's Office is entitled to dismissal of this action

pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars "cases

brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*

544 U.S. 280, 284 (2005). The power to review state court decisions lies not with a federal

district court, but rather "exclusively with superior state courts and, ultimately, the United

States Supreme Court." *Plyler v. Moore,* 129 F.3d 728, 731 (4th Cir. 1997); *see* 28 U.S.C.

§ 1257.

## FOR A THIRD DEFENSE TO FEDERAL CLAIMS
(Failure to State a Claim)

27.     Defendant Beaufort County Treasurer's Office is entitled to dismissal of the

Federal Claims in these proceedings for the reason that Plaintiffs' complaint fails to state

a cognizable claim under federal law, to include claims for Fourth and Fourteenth

Amendments and equal protection and due process claims and further fails to set forth

the essential elements establishing any other violation of the Constitution.  Negligence is

not actionable under 42 U.S.C. § 1983. Further, Plaintiffs' claims are barred by the *Parratt-*

*Hudson* doctrine.

## FOR A FOURTH DEFENSE TO FEDERAL CLAIMS
(Failure to Comply with *Monell*)

28.     Additionally, the Plaintiffs' Complaint fails to state federal causes of action against

this Defendant in that this cause of action fails to comply with the requirements as set

Doc #210

forth in *Monell v. Dept. of Social Services*, 436 US 658 (1978), and subsequent case law
that controls procedures whereby a Plaintiff may bring a 42 U.S.C. §1983 action against
a municipality.

### FOR A FIFTH DEFENSE TO FEDERAL CLAIMS
(Eleventh Amendment)

29.    Pleading in the alternative so as not to waive defenses, this Court lacks personal
and subject matter jurisdiction over the Defendant Beaufort County Treasurer's Office and
this cause of action fails to state a claim against this Defendant in that the Eleventh
Amendment of the Constitution of the United States affords immunity from suit to this
Defendant, and further provides immunity where the proceeds to pay any judgment
rendered are substantially derived from state funds.

### FOR A SIXTH DEFENSE TO FEDERAL CLAIMS
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(42 U.S.C. §1983/ *Respondeat Superior*)

30.    Defendant Beaufort County Treasurer's Office pleads as an affirmative defense
that this Court lacks subject matter jurisdiction over the named Defendant and the
Plaintiffs' Complaint fails to state a cause of action against this Defendant in that the
Defendant is not a proper party to this action under 42 U.S.C. §1983, in that in such
actions, the doctrine of *respondeat superior* is not applicable.

### FOR A SEVENTH DEFENSE TO FEDERAL CLAIMS
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(42 U.S.C. §1983/Not A "Person")

31.    This Court lacks personal jurisdiction over the Defendant Beaufort County
Treasurer's Office and the federal claims fail to state a claim against this Defendant in

that the Beaufort County Treasurer, a duly elected state official, is not a "person" susceptible to suit under 42 U.S.C. §1983.

### FOR AN EIGHTH DEFENSE TO FEDERAL CLAIMS
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(42 U.S.C. §1983/Fails to Allege Deprivation)

32.    Defendant Beaufort County Treasurer's Office pleads as an affirmative defense that this Court lacks subject matter jurisdiction over the named Defendant and the Plaintiffs' Complaint fails to state a cause of action against this Defendant in that this cause of action fails to set forth allegations that this Defendant deprived Plaintiffs of any federally protected rights under the specified constitutional amendments or 42 U.S.C. § 1983.

### FOR A NINTH DEFENSE TO FEDERAL CLAIMS
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(42 U.S.C. §1983/Good Faith)

33.    Defendant Beaufort County Treasurer's Office was, at all times, acting pursuant to the South Carolina Code of Laws, in good faith and under the belief that its actions were mandated by court rules and within the law.

### FOR A TENTH DEFENSE TO FEDERAL CLAIMS
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(Failure of Service within Statute of Limitations)

34.    By way of alternative pleading and to preserve all defenses with leave to withdraw said defense as should the evidence require in this matter, Defendant Beaufort County Treasurer's Office preserves all statutes of limitations and service defenses that may bar said federal claims.

**FOR AN ELEVENTH DEFENSE TO FEDERAL CLAIMS**
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(Award of Punitive Damages not Warranted)

35.     This Complaint fails to state a claim for punitive damages against the Defendant

Beaufort County Treasurer's Office in that the facts as alleged, even if taken as true, fail

to state facts upon which the Plaintiffs would be entitled to an award of punitive damages.

**FOR A THIRD DEFENSE TO STATE LAW CLAIMS**
(Failure to State a Claim)

36.     Upon the only count against this Defendant, IX. Entitled "Unlawful and

Discriminatory Property Tax Assessment", to the extent that state claims are construed,

these claims fail to state causes of action against Defendant Beaufort County Treasurer's

Office in that the Complaint fails to set forth factual allegations against this Defendant

meeting the essential elements of proof upon this theory or any state law claim reasonably

construed from the pleadings.

**FOR A FOURTH DEFENSE TO STATE LAW CLAIMS**
(Failure of Service within Statute of Limitations)

37.     By way of alternative pleading and to preserve all defenses with leave to withdraw

said defense as should the evidence require in this matter, Defendant Beaufort County

Treasurer's Office asserts as an additional affirmative defense that the Plaintiffs' state law

causes of action are barred by failure of service within the applicable statute of limitations

period set out in the S.C. Tort Claims Act on each pendent state law claim.

**FOR A FIFTH DEFENSE TO STATE LAW CLAIMS**
(No Liability for Actual Malice, Fraud and Crimes of Moral Turpitude)

38.     Upon the only count against this Defendant, IX. Entitled "Unlawful and

Discriminatory Property Tax Assessment", to the extent that state claims are construed,

Defendant Beaufort County Treasurer's Office is entitled to dismissal of the Complaint against it for any acts alleged to have been taken by its employees by actions constituting actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. S.C. Code Ann. §15-78-70(b).

### FOR A SIXTH DEFENSE TO STATE LAW CLAIMS
(Bar Against Entity Liability/ S.C. Tort Claims Act)

39.    Upon the only count against this Defendant, IX. Entitled "Unlawful and Discriminatory Property Tax Assessment", to the extent that state claims are construed, in the event that the Court concludes that the Defendant Beaufort County Treasurer's Office's conduct was not within the scope of its official duties or that its acts constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude, such finding would constitute a bar in an action against the governmental entity. S.C. Code Ann. §15-70-70 and §15-78-60(17).

### FOR A SEVENTH DEFENSE TO STATE LAW CLAIMS
(Tort Claims Act Exclusions)

40.    Upon the only count against this Defendant, IX. Entitled "Unlawful and Discriminatory Property Tax Assessment", to the extent that state claims are construed, these state law tort actions fail to state claims against the Defendant Beaufort County Treasurer's Office, in that the claims alleged in the Complaint are barred by the applicable provisions of the South Carolina Tort Claims Act, (§1578-10, et. seq., Code of Laws of South Carolina (1976) as amended) in that a governmental entity, including governmental employees and officials sued, are not liable for loss resulting from:

       a.    legislative, judicial, or quasi-judicial action or inaction, §15-78-10 (1).

       b.    administrative action or inaction of a legislative, judicial, or quasijudicial nature, §15-78-10 (2).

Doc #210

c.      execution, enforcement, or implementation of the orders of any court
or execution, enforcement, or lawful implementation of any process, §15-
78-10 (3).

d.      adoption, enforcement, or compliance with any law or failure to adopt
or enforce any law, whether valid or invalid, including, but not limited to, any
charter, provision, ordinance, resolution, rule, regulation, or written policies,
§15-78-10 (4).

e.      the exercise of discretion or judgment by the governmental entity or
employee or the performance or failure to perform any act or service which
is in the discretion or judgment of the governmental entity or employee, §15-
78-10 (5).

f.      alternatively, employee conduct outside the scope of his official
duties or which constitutes actual fraud, actual malice, intent to harm, or a
crime of involving moral turpitude, §15-78-10 (17).

g.      an act or omission of a person other than an employee including but
not limited to the criminal actions of third persons, §15-78-10 (20).

h.      institution or prosecution of any judicial or administrative proceeding,
§15-78-10 (23).

i.      responsibility or duty including but not limited to supervision,
protection, control, confinement, or custody of any student, patient,
prisoner, inmate, or client of any governmental entity, except when the
responsibility or duty is exercised in a grossly negligent manner, §15-78-10
(25).

j.      Additionally, Defendants reserve all other provisions of the S.C.
Carolina Tort Claims Act, §15-78-10 *et. seq.*

**FOR AN EIGHTH DEFENSE TO STATE LAW CLAIMS**
(Damages not Recoverable under the S.C. Tort Claims Act)

41.      Defendant Beaufort County Treasurer's Office preserves and claims all terms,

provisions, and affirmative defenses set forth in the South Carolina Tort Claims Act, (§ 15-

78-10, *et. seq.*, Code of Laws of South Carolina (1976), as amended), to include the

definition of "loss", the limitations on the amount of actual damages that can be recovered,

the prohibition on an award of punitive damages under §15-78-120, and all other limitations set out therein.

## FOR A NINTH DEFENSE TO STATE LAW CLAIMS
### (Entitlement to Proportional Liability)

42.     Upon the only count against this Defendant, IX. Entitled "Unlawful and Discriminatory Property Tax Assessment", to the extent that state claims are construed, the Defendant Beaufort County Treasurer's Office asserts that any damages alleged to have been caused by said Defendant, which are specifically denied, must be apportioned between all parties or potential parties, to include those Governmental agencies or third-party defendants not named, pursuant to S.C. Code Ann. §§15-78-15 and/or 15-78-100(c).

## FOR A TENTH DEFENSE TO STATE LAW CLAIMS
### (Public Duty Rule)

43.     Upon the only count against this Defendant, IX. Entitled "Unlawful and Discriminatory Property Tax Assessment", to the extent that state claims are construed, the Complaint fails to state a claim against the Defendant Beaufort County Treasurer's Office in that any duty owed is to the public in general and imposes no private right of action against Defendant.

## FOR AN ELEVENTH DEFENSE TO STATE LAW CLAIMS
### (Lawful under Existing Law)

44.     The Defendant Beaufort County Treasurer's Office is entitled to dismissal in that the foreclosure of the Plaintiffs was not made by Defendant but appears lawful under the statutory and common law of the State of South Carolina.

## FOR A TWELFTH DEFENSE TO STATE LAW CLAIMS
### (Authorization)

45.     The Defendant Beaufort County Treasurer's Office was cloaked with authorization by the South Carolina Constitution and Code of Laws,  acted under its lawful authority, and used only those actions necessary to comply with the Rules of Civil Procedure.

## FOR A THIRTEENTH DEFENSE TO STATE LAW CLAIMS
### (Statutory/Regulatory Authorization)

46.     At all times relevant to the allegations contained in the Complaint, the Defendant Beaufort County Treasurer's Office was acting according to and in compliance with the laws, rules and regulations of the State of South Carolina governing it and is therefore immune from suit and pleads such statutory or regulatory authorization as a complete defense and bar to these causes of action.

## FOR A FOURTEENTH DEFENSE TO STATE LAW CLAIMS
### (Sole Negligence)

47.     Pleading in the alternative so as not to waive defenses and with leave to withdraw this defense should the evidence so warrant, and further answering the Complaint herein, to the extent that the Court were to construe a claim of negligence, Defendant Beaufort County Treasurer's Office alleges that whatever injuries and damages as sustained by the Plaintiffs, if any, were due to and caused by the sole and separate negligence, carelessness, recklessness, willfulness and wantonness of the Plaintiffs, the Plaintiffs being negligent, careless, reckless, willful and wanton in some, one or all of the following particulars, to wit:

      a.      In willfully and recklessly failing to exercise that degree of care which circumstances required.

      b.      In such other particulars as the evidence may establish at trial.

## FOR A FIFTEENTH DEFENSE TO STATE LAW CLAIMS
### (Comparative Negligence)

48.      Pleading in the alternative so as not to waive defenses and with leave to withdraw this defense should the evidence so warrant, and further answering the Complaint herein, to the extent that the Court were to construe a claim of negligence, Defendant Beaufort County Treasurer's Office alleges that if it, as pled, was negligent, reckless, willful, wanton, or grossly negligent in any particular, which is expressly denied, any injuries or damages sustained by Plaintiffs as set forth in the Complaint, were due to and caused in whole or in part by Plaintiffs' acts of negligence and recklessness in failing to exercise due and reasonable care for their own security and safety, in the following particulars, to wit:

a.      In willfully and recklessly failing to exercise that degree of care which circumstances required.

b.      In such other particulars as the evidence may establish at trial.

Defendant pleads the doctrine of comparative negligence which forbids recovery by the Plaintiffs if their negligence is greater than that of the Defendant's and if there is a judgment for the Plaintiffs, it requires that the judgment shall be reduced in proportion to the amount of the Plaintiffs' negligence.

## FOR A SIXTEENTH DEFENSE TO STATE LAW CLAIMS
### (Third-Party Negligence)

49.      By way of alternative pleading so as not to waive defenses, in further answering the Complaint, herein, Defendant Beaufort County Treasurer's Office alleges that whatever injuries and damages as were sustained by the Plaintiffs, if any, were due to and caused by the sole and separate negligence, carelessness, recklessness, and willfulness and wantonness of third parties, they being negligent, careless, reckless,

willful, and wanton in some, one, or all of the following particulars set forth in the Plaintiffs'
complaint and as may become apparent through discovery to include negligence or
recklessness of Plaintiffs' legal counsel or that of any third party agency, among other
potentially negligent parties.

### FOR A SEVENTEENTH DEFENSE TO STATE LAW CLAIMS
(Intervening and Superseding Negligence)

50. Pleading in the alternative so as not to waive defenses and with leave to withdraw
this defense should the evidence warrant, and further answering the Complaint herein, to
the extent that the Court were to construe a claim of negligence, Defendant Beaufort
County Treasurer's Office alleges that any injuries or damages sustained by Plaintiffs, as
set forth in the Complaint, were due to and caused by intervening and superseding acts
of negligence and recklessness, to include that of Plaintiffs' legal counsel or that of any
third party agency, among other potentially negligent parties, without which the alleged
resulting injuries or damages would not have occurred or have been sustained and
Defendant pleads such intervening and/or superseding negligence and recklessness as
a complete defense to the claims of Plaintiffs set forth in the Complaint as against the
answering Defendant.

### FOR AN EIGHTEENTH DEFENSE TO STATE LAW CLAIMS
(No Deviation from the Standard of Care)

51. Pleading in the alternative so as not to waive defenses and with leave to withdraw
this defense should the evidence warrant, and further answering the Complaint herein, to
the extent that the Court were to construe a claim of negligence, Defendant Beaufort
County Treasurer's Office did not at any time or in any way deviate from the expected
degree of care.

### FOR A NINETEENTH DEFENSE TO STATE LAW CLAIMS
(Assumption of Risk)

52.     Pleading in the alternative so as not to waive defenses and with leave to withdraw

this defense should the evidence so warrant, and further answering the Complaint herein,

to the extent that the Court were to construe a claim of negligence, Defendant Beaufort

County Treasurer's Office alleges that, upon information and belief, Plaintiffs assumed

the risks in connection with the events alleged to have given rise to their damages by

failing to exercise care for their own care and safety by choosing to evade service of court

summonses, notices, and other documents, and by not attending hearings, and assuming

the risks associated with such conduct to include missing deadlines and not knowing of

hearings in time and in assuming the risks associated therewith and in such other

particulars as discovery may reveal.

### FOR A TWENTIETH DEFENSE TO STATE LAW CLAIMS
(Privilege)

53.     During all of the time referred to in the Complaint herein, Defendant Beaufort

County Treasurer's Office was acting as duly elected official of the State of South

Carolina, working within the scope of its legal authority, all things being done under the

Official's privilege and without exceeding the scope of said privilege.

### FOR A TWENTY-FIRST DEFENSE TO STATE LAW CLAIMS
(Lack of Proximate Cause)

54.     Defendant Beaufort County Treasurer's Office alleges the absence of proximate

cause supporting Plaintiffs' claims in that whatever injuries and damages as were

sustained by the Plaintiffs were caused by acts of those other than the Beaufort County

Treasurer's Office.

### FOR A TWENTY-SECOND DEFENSE TO STATE LAW CLAIMS
(Ministerial Duty)

55.     Defendant Beaufort County Treasurer's Office is entitled to dismissal under *Long*

*v. Seabrook* and its progeny as its acts were ministerial, absolute, certain, and imperative

and involved execution of its specific duty under state law arising from designated facts,

and was, further, at the very least, quasi-judicial and conducted without malicious,

wrongful, illegal or bad faith conduct.

### FOR AN ADDITIONAL DEFENSE TO STATE AND FEDERAL CLAIMS
(Venue)

56.     Defendant Beaufort County Treasurer's Office preserves all venue defenses under

state law to include, but not limited to, 42 U.S.C. §1983, the South Carolina Tort Claims

Act, convenience of witnesses, fraudulent joinder, and to obtain a fair trial as may arise

and as may become applicable throughout this matter.

### FOR AN ADDITIONAL DEFENSE TO STATE AND FEDERAL CLAIMS
(Reservation of Further Defenses)

57.     Defendant Beaufort County Treasurer's Office preserves all other defenses

available under the 42 USC §1983 and §1988, SCTCA, other federal and state statutes

and case law, specifically, but not limited to the defenses of release, accord and

satisfaction, condonation, comparative negligence, fraud, assumption of the risk, illegality,

misrepresentation, laches, mistake, *res judicata*, statute of frauds, waiver, statute of

limitations, spoliation of evidence, failure to mitigate damages, and others as may become

implicated through discovery in this matter.

**FOR AN ADDITIONAL DEFENSE TO STATE AND FEDERAL CLAIMS**
(Failure to Exhaust)

58.     Defendant Beaufort County Treasurer's Office asserts Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to exhaust all state law remedies including all available remedies for due process, including the state court appeal they abandoned.

WHEREFORE, having answered the Complaint, the Defendant Beaufort County Treasurer's Office demands that it be dismissed with costs, for the costs of this action including reasonable attorney fees under 42 U.S.C. §1988 and such other and further relief as the Court deems just and proper and, otherwise, requests a trial by jury.

**SCOTT LAW FIRM, LLC**

By:     *s/Christy L. Scott*
Christy L. Scott, Fed. I.D. No. 6215
108 Carn Street, Post Office Box 1515
Walterboro, South Carolina 29488
(843) 782-4359
Email:  cscott@lawofficeofchristyscott.com

ATTORNEYS FOR DEFENDANT
Beaufort County Treasurer's Office

December 10, 2025
Walterboro, South Carolina