## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **IN RE:** | Case No: 25 -01384-JD |
| | Adv. Pro. No.: 25-80061-jd |
| **Jacqueline Elizabeth Ard, and** | |
| **Terry Frank Nicola,** | **CHAPTER 7** |
| | |
| **Debtors.** | |
| _____ | |
| | |
| **Jacqueline Elizabeth Ard, and** | |
| **Terry Frank Nicola,** | |
| | |
| **Plaintiffs,** | |
| | |
| **v.** | |
| | |
| **The Spa on Port Royal Sound** | |
| **Horizontal Property Regime; William** | |
| **B. Mullis; Henry Sanders; Keith Baker** | |
| **; John** and **Jane Doe Board Members** | |
| of The Spa on Port Royal Sound | |
| Horizontal Property Regime, in their | |
| individual and representative capacities; | |
| **IMC Resort Services, Inc.; Christine** | |
| **M. Phillips; John** and **Jane Doe** | |
| **Employees and Agents of IMC Resort** | |
| **Services, Inc.,** in their individual and | |
| representative capacities; **Scott Wild,** | |
| **Esq.,** in his individual and professional | |
| capacity; **Jannine Mutterer,** Special | |
| Referee for Beaufort County, in her | |
| individual and official capacity; **Jerri** | |
| **Ann Roseneau**, Beaufort County Clerk | |
| of Court in her individual and official | |
| capacity; **Lucas Fautua, Esq.,** in his | |
| individual and professional capacity; | |
| **Beaufort County; Beaufort County** | |
| **Treasurer's Office; Beaufort County** | |
| **Assessor's Office;** and any other | |
| persons or entities later identified as | |
| participants in the fraudulent scheme, | |
| | |
| **Defendants.** | |
| _____ | |

_____

**ANSWER OF
DEFENDANTS BEAUFORT COUNTY AND THE
BEAUFORT COUNTY ASSESSOR'S OFFICE
FIRST AMENDED ADVERSARY COMPLAINT**

_____

Come now the Defendant Beaufort County and its subdivision, named Defendant Beaufort County Assessor's Office, by and through their undersigned counsel, and by way of answering the First Amended Adversary Complaint herein and reserving all rights to file motions under Rule 12(b), to include all service and statute of limitations defenses, would show unto the Court:

1.      Each allegation that is not specifically admitted, qualified or denied herein is hereby denied and strict proof thereof demanded.

**FOR A FIRST DEFENSE TO "SUMMARY OF AMENDMENTS"**

2.      The "Summary of Amendments" consists of conclusions of law and contains no statements of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that any factual allegations in the "Summary of Amendments", may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County and the Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "INTRODUCTION"**

3.      The "Introduction" consists of conclusions of law and contains no statements of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that any factual allegations in the "Introduction", may be construed by the Court to

allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County and the Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "JURISDICTION AND VENUE"**

4.      Paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Jurisdiction and Venue" consist of conclusions of law and contain no statements of any malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that any factual allegations within paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Jurisdiction and Venue" may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County and the Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "PROPERTY OF THE ESTATE AND EFFECT OF THE AUTOMATIC STAY"**

5.      Paragraphs 5, 6, 7, 8, and 9 of the section of the Amended Complaint entitled "Property of the Estate and Effect of the Automatic Stay" consist of conclusions of law and contain no statements of any malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that any factual allegations within paragraphs 5, 6, 7, 8, and 9 of the section of the Amended Complaint entitled "Property of the Estate and Effect of the Automatic Stay" may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County and the Beaufort

County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "AUTHORITY TO BRING ACTION"

6.       Paragraphs 10, 12, and 13 of the section of the Amended Complaint entitled "Authority to Bring Action" consist of conclusions of law and contain no statements of any malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that any factual allegations within paragraphs 10, 12, and 13 of the section of the Amended Complaint entitled "Authority to Bring Action" may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County and the Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

7.       The Defendants Beaufort County and the Beaufort County Assessor's Office deny the allegations of paragraph 11 and demand strict proof thereof.

## FOR A FIRST DEFENSE TO "BACKGROUND FACTS AND SUMMARY OF MISCONDUCT"

8.       Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 of the section of the Amended Complaint entitled "Background Facts and Summary of Misconduct" consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County and the Beaufort County Assessor's Office, or the officers and employees of the County, in pparagraphs 14, 15, 16, 17, 18,

19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 of the section of the Amended Complaint

entitled "Background Facts and Summary of Misconduct", they are expressly denied, and

strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT I — WILLFUL VIOLATION OF THE AUTOMATIC STAY"**
[Defendants Spa, IMC Resort Services, Mullis, Sanders, Baker, John/Jane Doe
Board Members, Wild, Fautua, and Mutterer]

9.      In response to the allegations of paragraphs 1, 2, 3, 4, and 5 of the section of the

Amended Complaint entitled "Causes of Action Count I — Willful Violation of the

Automatic Stay", paragraphs 1, 2, 3, 4, and 5 consist of conclusions of law and contain

no statements of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort

County or the Beaufort County Assessor's Office which need to be either admitted or

denied. To the extent that factual allegations may be construed by the Court to allege

malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County and the

Beaufort County Assessor's Office, or the County's officers and employees, they are

expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT II — BANKRUPTCY FRAUD"**
[Defendants Wild, Spa, IMC Resort Services, Mutterer]

10.     In response to the allegations of paragraphs 1, 2, 3, 4, and 5 of the section of the

Amended Complaint entitled "Causes of Action Count II — Bankruptcy Fraud",

paragraphs 1, 2, 3, 4, and 5 consist of conclusions of law and contain no statements of

malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the

Beaufort County Assessor's Office which need to be either admitted or denied. To the

extent that factual allegations may be construed by the Court to allege malfeasance,

misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County

Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

### FOR A FIRST DEFENSE TO "CAUSES OF ACTION
### COUNT III — FRAUD ON THE COURT"
[Defendants Wild, Fautua, Mutterer, Roseneau]

11.     In response to the allegations of paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Causes of Action Count III — Fraud on the Court", paragraphs 1, 2, 3, and 4 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

### FOR A FIRST DEFENSE TO "CAUSES OF ACTION
### COUNT IV — FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)
### AND SOUTH CAROLINA CONSUMER PROTECTION CODE VIOLATIONS"
[Defendants IMC Resort Services, Spa, and Wild]

12.     In response to the allegations of paragraphs 1, 2, 3, and 4 of the section of the Amended Complaint entitled "Causes of Action Count IV — Fair Debt Collection Practices Act (15 U.S.C. § 1692 Et Seq.) and South Carolina Consumer Protection Code Violations", paragraphs 1, 2, 3, and 4 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County and the

Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT V — FAIR HOUSING ACT AND AMERICANS WITH
DISABILITIES ACT VIOLATIONS"**
[Defendants Spa, and IMC Resort Services]

13.    In response to the allegations of paragraphs 1, 2, and 3 of the section of the Amended Complaint entitled "Causes of Action Count V — Fair Housing Act and Americans with Disabilities Act Violations", paragraphs 1, 2, and 3 consist of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT VI — CIVIL CONSPIRACY"**
[All Defendants Named Above]

14.    In response to the allegations of paragraphs 1, 2, and 3 of the section of the Amended Complaint entitled "Causes of Action Count VI — Civil Conspiracy", the allegations set forth conclusory allegations of law, and conclusory allegations of fact going to the ultimate issues in this matter which the answering Defendants need neither admit nor deny. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT VII — BREACH OF CONTRACT AND COVENANT OF GOOD FAITH AND
FAIR DEALING"**
[Defendants Spa, and IMC Resort Services]

15.    In response to the allegations of paragraphs 1, 2, and 3 of the section of the

Amended Complaint entitled "Causes of Action Count VII — Breach of Contract and

Covenant of Good Faith and Fair Dealing", paragraphs 1, 2, and 3 consist of conclusions

of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the

Defendants Beaufort County or the Beaufort County Assessor's Office which need to be

either admitted or denied. To the extent that factual allegations may be construed by the

Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort

County or the Beaufort County Assessor's Office, or the County's officers and employees,

they are expressly denied, and strict proof thereof is demanded.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT VIII — DEPRIVATION OF DUE PROCESS AND EQUAL
PROTECTION"**
[Defendants Wild, Fautua, Mutterer, Roseneau, Bonds, Beaufort County, Beaufort
County Assessor's Office]

16.    In response to the allegations of paragraphs 2 and 3 of the section of the Amended

Complaint entitled "Causes of Action Count VIII — Deprivation of Due Process and Equal

Protection", paragraphs 3 and 4 consist of conclusions of law and contain no statements

of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the

Beaufort County Assessor's Office which need to be either admitted or denied. To the

extent that factual allegations may be construed by the Court to allege malfeasance,

misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County

Assessor's Office, or the County's officers and employees, they are expressly denied,

and strict proof thereof is demanded.

17.     In response to the allegations of Paragraphs 1, 4, and 5 of the section of the Amended Complaint entitled "Causes of Action Count VIII — Deprivation of Due Process and Equal Protection", the Defendants Beaufort County and the Beaufort County Assessor's Office deny the allegations of paragraphs 1, 2, and 5, and demand strict proof thereof.

**FOR A FIRST DEFENSE TO "CAUSES OF ACTION
COUNT IX — UNLAWFUL AND DISCRIMINATORY PROPERTY TAX
ASSESSMENTS"**
[Defendants Wild, Mullis, Fautua, Mutterer, Roseneau, Bonds, Beaufort County,
Beaufort County Assessor's Office, Beaufort County Treasurer's Office]

18.     In response to the allegations of paragraph 1 of the section of the Amended Complaint entitled "Causes of Action Count IX — Unlawful and Discriminatory Property Tax Assessments", the Defendants reallege their defenses to all prior paragraphs as fully as if set forth herein.

19.     In response to the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8, 9, and 10 of the section of the Amended Complaint entitled "Causes of Action Count IX — Unlawful and Discriminatory Property Tax Assessments", paragraphs 2, 3, 4, 5, 6, 7, 8, 9, and 10 consist of conclusions of law and conclusory allegations of fact and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded. Defendants Beaufort County and the Beaufort County Assessor's Office would admit that the County is a governmental entity and the

Assessor's Office is a part of the aforesaid County, and that they derive their powers,

limitations, and duties from South Carolina law.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION
## COUNT X — PROFESSIONAL AND JUDICIAL MISCONDUCT"
[Defendants Wild, Fautua, Mutterer, Bonds]

20.    In response to the allegations of paragraphs 1, 2, 3, and 4 of the section of the

Amended Complaint entitled "Causes of Action Count X — Professional and Judicial

Misconduct", paragraphs 1, 2, 3, and 4 consist of conclusions of law and contain no

statements of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort

County or the Beaufort County Assessor's Office which need to be either admitted or

denied. To the extent that factual allegations may be construed by the Court to allege

malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the

Beaufort County Assessor's Office, or the County's officers and employees, they are

expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "CAUSES OF ACTION
## COUNT XI — RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
## (RICO)"
[Defendants Wild, IMC Resort Services, Spa and Board Member, Mutterer]

21.    In response to the allegations of paragraphs 1, 2, and 3 of the section of the

Amended Complaint entitled "Causes of Action Count XI — Racketeer Influenced and

Corrupt Organizations Act (RICO)," paragraphs 1, 2, and 3 consist of conclusions of law

and contain no statements of malfeasance, misfeasance, or nonfeasance by the

Defendants Beaufort County or the Beaufort County Assessor's Office which need to be

either admitted or denied. To the extent that factual allegations may be construed by the

Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort

County and the Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "TIMELINE OF EVENTS AND PROPERTY LEDGER (EXHIBIT A)"

22.     In response to the allegations of "Timeline of Events and Property Ledger (Exhibit A)", this "Timeline" consists of conclusions of law and contain no statements of malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office which need to be either admitted or denied. To the extent that factual allegations may be construed by the Court to allege malfeasance, misfeasance, or nonfeasance by the Defendants Beaufort County or the Beaufort County Assessor's Office, or the County's officers and employees, they are expressly denied, and strict proof thereof is demanded.

## FOR A FIRST DEFENSE TO "FINANCIAL HARM AND DAMAGES SUMMARY (EXHIBIT D)"

23.     In response to the allegations of "Financial Harm and Damages Summary (Exhibit D)",   the Defendants Beaufort County and the Beaufort County Assessor's Office deny the allegations of this "summary," and demand strict proof thereof.

## FOR A FIRST DEFENSE TO "STATEMENT OF RELIEF REQUESTED"

24.     In response to the allegations of "Statement of Relief Requested",   the Defendants Beaufort County and the Beaufort County Assessor's Office deny the allegations of this "statement," and demand strict proof thereof.

## FOR A FIRST DEFENSE TO PRAYER FOR RELIEF

25.　　In response to the allegations of the Complaint's Prayer for Relief, the Defendants Beaufort County and the Beaufort County Assessor's Office deny that the Plaintiffs are entitled to any of the relief requested, and demand strict proof thereof.

## FOR A SECOND DEFENSE TO ALL CLAIMS
(Jurisdiction: *Rooker-Feldman* Doctrine; Fed. R. Civ. P. 12(b) (1))

26.　　Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, are entitled to dismissal of this action pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The power to review state court decisions lies not with a federal district court, but rather "exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore,* 129 F.3d 728, 731 (4th Cir. 1997); *see* 28 U.S.C. § 1257.

## FOR A THIRD DEFENSE TO FEDERAL CLAIMS
(Failure to State a Claim)

27.　　Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, are entitled to dismissal of the Federal Claims in these proceedings for the reason that Plaintiffs' complaint fails to state a cognizable claim under federal law, to include claims for Fourth and Fourteenth Amendment and equal protection and due process claims and further fails to set forth the essential elements establishing any other violation of the Constitution.  Negligence is not actionable under 42 U.S.C. § 1983. Further, Plaintiffs' claims are barred by the *Parratt-Hudson* doctrine.

**FOR A FOURTH DEFENSE TO FEDERAL CLAIMS**
(Failure to Comply with *Monell*)

28.    Additionally, the Plaintiffs' Complaint fails to state federal causes of action against Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, in that this cause of action fails to comply with the requirements as set forth in *Monell v. Dept. of Social Services*, 436 US 658 (1978), and subsequent case law that controls procedures whereby a Plaintiff may bring a 42 U.S.C. §1983 action against a municipality.

**FOR A FIFTH DEFENSE TO FEDERAL CLAIMS**
(Eleventh Amendment)

29.    Pleading in the alternative so as not to waive defenses, this Court lacks personal and subject matter jurisdiction over the Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, and this cause of action fails to state a claim against these Defendant in that the Eleventh Amendment of the Constitution of the United States affords immunity from suit to these Defendants, and further provides immunity where the proceeds to pay any judgment rendered are substantially derived from state funds.

**FOR A SIXTH DEFENSE TO FEDERAL CLAIMS**
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(42 U.S.C. §1983/ *Respondeat Superior*)

30.    Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, plead as an affirmative defense that this Court lacks subject matter jurisdiction over the named Defendants and the Plaintiffs' Complaint fails to state a cause of action against these Defendants in that the Defendants are not proper parties to this

action under 42 U.S.C. §1983, for the reason that in such actions, the doctrine of *respondeat superior* is not applicable.

### FOR A SEVENTH DEFENSE TO FEDERAL CLAIMS
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(42 U.S.C. §1983/Not A "Person")

31.     This Court lacks personal jurisdiction over the Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, and the allegations of the federal claims fail to state a claim against these Defendants in that neither Beaufort County nor the Beaufort County Assessor's Office, is a "person" susceptible to suit under 42 U.S.C. §1983.

### FOR AN EIGHTH DEFENSE TO FEDERAL CLAIMS
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(42 U.S.C. §1983/Fails to Allege Deprivation)

32.     Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, plead as an affirmative defense that this Court lacks subject matter jurisdiction over the named Defendants and the Plaintiffs' Complaint fails to state a cause of action against these Defendants in that this cause of action fails to set forth allegations that these Defendants deprived Plaintiffs of any federally protected rights under the specified constitutional amendments or 42 U.S.C. § 1983.

### FOR A NINTH DEFENSE TO FEDERAL CLAIMS
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(42 U.S.C. §1983/Good Faith)

33.     Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, were, at all times, through their employees, acting pursuant to the South Carolina Code of Laws, in good faith and under the belief that their actions were within the law.

**FOR A TENTH DEFENSE TO FEDERAL CLAIMS**
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(Failure of Service within Statute of Limitations)

34.     By way of alternative pleading and to preserve all defenses with leave to withdraw said defense as should the evidence require in this matter, Defendants Beaufort County and the Beaufort County Assessor's Office preserve all statutes of limitations and service defenses that may bar said federal claims.

**FOR AN ELEVENTH DEFENSE TO FEDERAL CLAIMS**
[Civil Rights Violations 42 U.S.C. § 1983 and § 1988]
(Award of Punitive Damages not Warranted)

35.     This Complaint fails to state a claim for punitive damages against the Defendants Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, for the reason that the facts as alleged, even if taken as true, fail to state facts upon which the Plaintiffs would be entitled to an award of punitive damages.

**FOR A THIRD DEFENSE TO STATE LAW CLAIMS**
(Failure to State a Claim)

36.     Upon the only possible state law count against these Defendant, "IX." entitled "Unlawful and Discriminatory Property Tax Assessment", to the extent that state law claims may be construed, these claims fail to state causes of action against the Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, in that the Complaint fails to set forth factual allegations against these Defendants meeting the essential elements of proof upon this theory or any state law claim reasonably construed from the pleadings.

**FOR A FOURTH DEFENSE TO STATE LAW CLAIMS**
(Failure of Service within Statute of Limitations)

37.      By way of alternative pleading and to preserve all defenses with leave to withdraw

said defense should the evidence require in this matter, Defendant Beaufort County and

its subdivision, the Defendant Beaufort County Assessor's Office,  assert as an additional

affirmative defense that the Plaintiffs' state law causes of action are barred by failure of

service within the applicable statute of limitations period set out in the S.C. Tort Claims

Act on each pendent state law claim.

**FOR A FIFTH DEFENSE TO STATE LAW CLAIMS**
(No Liability for Actual Malice, Fraud and Crimes of Moral Turpitude)

38.      Upon  the  only  count  against  this  Defendant,  IX.  Entitled  "Unlawful  and

Discriminatory Property Tax Assessment", to the extent that state claims are construed,

Defendants Beaufort County and the Beaufort County Assessor's Office are entitled to

dismissal of the Complaint against them for any acts alleged to have been taken by their

employees by actions constituting actual fraud, actual malice, intent to harm, or a crime

involving moral turpitude. S.C. Code Ann. §15-78-70(b).

**FOR A SIXTH DEFENSE TO STATE LAW CLAIMS**
(Bar Against Entity Liability/ S.C. Tort Claims Act)

39.      Upon  the  only  count  against  these  Defendants,  "IX."  entitled  "Unlawful  and

Discriminatory  Property  Tax  Assessment",  to  the  extent  that  state  claims  may  be

construed,  in the event that the Court concludes that the Defendants Beaufort County or

the Beaufort County Assessor's Office's employee's or officer's conduct was not within

the scope of its official duties or that its acts constituted actual fraud, actual malice, intent

to harm, or a crime involving moral turpitude, such a finding would constitute a bar in an

action against the governmental entity. S.C. Code Ann. §15-70-70 and §15-78-60(17).

## FOR A SEVENTH DEFENSE TO STATE LAW CLAIMS
### (Tort Claims Act Exclusions)

40.     Upon the only count against these Defendant, "IX." entitled "Unlawful and
Discriminatory Property Tax Assessment", to the extent that state claims may be
construed,  these state law allegations fail to state claims against the Defendant Beaufort
County and its subdivision, the Defendant Beaufort County Assessor's Office, in that the
claims alleged in the Complaint are barred by the applicable provisions of the South
Carolina Tort Claims Act, (§1578-10, et. seq., Code of Laws of South Carolina (1976) as
amended) in that a governmental entity, including governmental employees and officials
sued, are not liable for loss resulting from:

> a.     legislative, judicial, or quasi-judicial action or inaction, §15-78-10 (1).

> b.     administrative action or inaction of a legislative, judicial, or
> quasijudicial nature, §15-78-10 (2).

> c.     execution, enforcement, or implementation of the orders of any court
> or execution, enforcement, or lawful implementation of any process, §15-
> 78-10 (3).

> d.     adoption, enforcement, or compliance with any law or failure to adopt
> or enforce any law, whether valid or invalid, including, but not limited to, any
> charter, provision, ordinance, resolution, rule, regulation, or written policies,
> §15-78-10 (4).

> e.     the exercise of discretion or judgment by the governmental entity or
> employee or the performance or failure to perform any act or service which
> is in the discretion or judgment of the governmental entity or employee, §15-
> 78-10 (5).

> f.     alternatively, employee conduct outside the scope of his official
> duties or which constitutes actual fraud, actual malice, intent to harm, or a
> crime of involving moral turpitude, §15-78-10 (17).

> g.     an act or omission of a person other than an employee including but
> not limited to the criminal actions of third persons, §15-78-10 (20).

h.      institution or prosecution of any judicial or administrative proceeding, §15-78-10 (23).

i.      responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner, §15-78-10 (25).

j.      Additionally, Defendants reserve all other provisions of the S.C. Carolina Tort Claims Act, §15-78-10 *et. seq*.

**FOR AN EIGHTH DEFENSE TO STATE LAW CLAIMS**
(Damages not Recoverable under the S.C. Tort Claims Act)

41.    Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, preserve and claim all terms, provisions, and affirmative defenses set forth in the South Carolina Tort Claims Act, (§ 15-78-10, *et. seq*., Code of Laws of South Carolina (1976), as amended), to include the definition of "loss", the limitations on the amount of actual damages that can be recovered, the prohibition on an award of punitive damages under §15-78-120, and all other limitations set out therein.

**FOR A NINTH DEFENSE TO STATE LAW CLAIMS**
(Entitlement to Proportional Liability)

42.    Upon the only count against this Defendant, "IX." entitled "Unlawful and Discriminatory Property Tax Assessment", to the extent that state claims may be construed,  the Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, assert that any damages alleged to have been caused by said Defendants, which are specifically denied, must be apportioned between all parties or potential parties, to include those Governmental agencies or third-party defendants not named, pursuant to S.C. Code Ann. §§15-78-15 and/or 15-78-100(c).

**FOR A TENTH DEFENSE TO STATE LAW CLAIMS**
(Public Duty Rule)

43.     Upon the only count against these Defendants, "IX." entitled "Unlawful and Discriminatory Property Tax Assessment", to the extent that state claims may be construed, the Complaint fails to state a claim against the Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, in that any duty owed is to the public in general and imposes no private right of action against Defendant.

**FOR AN ELEVENTH DEFENSE TO STATE LAW CLAIMS**
(Lawful under Existing Law)

44.     The Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, are entitled to dismissal in that the foreclosure of the Plaintiffs was not made by Defendants but appears lawful under the statutory and common law of the State of South Carolina.

**FOR A TWELFTH DEFENSE TO STATE LAW CLAIMS**
(Authorization)

45.     Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, were cloaked with the authorization by the South Carolina Constitution and Code of Laws, acted under its lawful authority, and used only those actions necessary.

**FOR A THIRTEENTH DEFENSE TO STATE LAW CLAIMS**
(Statutory/Regulatory Authorization)

46.     At all times relevant to the allegations contained in the Complaint, Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, were acting through their employees according to and in compliance with the laws, rules and regulations of the State of South Carolina governing them and are therefore immune

from suit and plead such statutory or regulatory authorization as a complete defense and

bar to these causes of action.

### FOR A FOURTEENTH DEFENSE TO STATE LAW CLAIMS
(Sole Negligence)

47.    Pleading in the alternative so as not to waive defenses and with leave to withdraw

this defense should the evidence so warrant, and further answering the Complaint herein,

to the extent that the Court were to construe a claim of negligence, Defendant Beaufort

County and its subdivision, the Defendant Beaufort County Assessor's Office, allege that

whatever injuries and damages as sustained by the Plaintiffs, if any, were due to and

caused by the sole and separate negligence, carelessness, recklessness, willfulness and

wantonness of the Plaintiffs, the Plaintiffs being negligent, careless, reckless, willful and

wanton in some, one or all of the following particulars, to wit:

   a.    In willfully and recklessly failing to exercise that degree of care which
         circumstances required.

   b.    In such other particulars as the evidence may establish at trial.

### FOR A FIFTEENTH DEFENSE TO STATE LAW CLAIMS
(Comparative Negligence)

48.    Pleading in the alternative so as not to waive defenses and with leave to withdraw

this defense should the evidence so warrant, and further answering the Complaint herein,

to the extent that the Court were to construe a claim of negligence, Defendant Beaufort

County and its subdivision, the Defendant Beaufort County Assessor's Office,  allege that

if they, as pled, were negligent, reckless, willful, wanton, or grossly negligent in any

particular, which is expressly denied, any injuries or damages sustained by Plaintiffs as

set forth in the Complaint, were due to and caused in whole or in part by Plaintiffs' acts of

negligence and recklessness in failing to exercise due and reasonable care for their own security and safety, in the following particulars, to wit:

    a.    In willfully and recklessly failing to exercise that degree of care which circumstances required.

    b.    In such other particulars as the evidence may establish at trial.

Defendants plead the doctrine of comparative negligence which forbids recovery by the Plaintiffs if their negligence is greater than that of the Defendants' and if there is a judgment for the Plaintiffs, it requires that the judgment shall be reduced in proportion to the amount of the Plaintiffs' negligence.

## FOR A SIXTEENTH DEFENSE TO STATE LAW CLAIMS
### (Third-Party Negligence)

49.    By way of alternative pleading so as not to waive defenses, in further answering the Complaint, herein, Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, allege that whatever injuries and damages as were sustained by the Plaintiffs, if any, were due to and caused by the sole and separate negligence, carelessness, recklessness, and willfulness and wantonness of third parties, they being negligent, careless, reckless, willful, and wanton in some, one, or all of the following particulars set forth in the Plaintiffs' Complaint and as may become apparent through discovery to include negligence or recklessness of Plaintiffs' legal counsel or that of any third party agency, among other potentially negligent parties.

## FOR A SEVENTEENTH DEFENSE TO STATE LAW CLAIMS
### (Intervening and Superseding Negligence)

50.    Pleading in the alternative so as not to waive defenses and with leave to withdraw this defense should the evidence warrant, and further answering the Complaint herein, to the extent that the Court were to construe a claim of negligence, Defendant Beaufort

County and its subdivision, the Defendant Beaufort County Assessor's Office,  allege that any injuries or damages sustained by Plaintiffs, as set forth in the Complaint, were due to and caused by intervening and superseding acts of negligence and recklessness, to include that of Plaintiffs' legal counsel or that of any third party agency, among other potentially negligent parties, without which the alleged resulting injuries or damages would not have occurred or have been sustained and Defendants plead such intervening and/or superseding negligence and recklessness as a complete defense to the claims of Plaintiffs set forth in the Complaint as against the answering Defendants.

### FOR AN EIGHTEENTH DEFENSE TO STATE LAW CLAIMS
(No Deviation from the Standard of Care)

51.    Pleading in the alternative so as not to waive defenses and with leave to withdraw this defense should the evidence warrant, and further answering the Complaint herein, to the extent that the Court were to construe a claim of negligence, Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, did not at any time or in any way deviate from the expected degree of care.

### FOR A NINETEENTH DEFENSE TO STATE LAW CLAIMS
(Assumption of Risk)

52.    Pleading in the alternative so as not to waive defenses and with leave to withdraw this defense should the evidence so warrant, and further answering the Complaint herein, to the extent that the Court were to construe a claim of negligence, Defendants Beaufort County and the Beaufort County Assessor's Office allege that, upon information and belief, Plaintiffs assumed the risks in connection with the events alleged to have given rise to their damages by failing to exercise care for their own care and safety by choosing to evade service of court summonses, notices, and other documents, and by not attending

hearings, and assuming the risks associated with such conduct to include missing deadlines and not knowing of hearings in time and in assuming the risks associated therewith and in such other particulars as discovery may reveal.

### FOR A TWENTIETH DEFENSE TO STATE LAW CLAIMS
(Privilege)

53. During all of the time referred to in the Complaint herein, Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office's employees were acting as officials of the County of Beaufort, working within the scope of their legal authority, all things being done under the official's privilege and without exceeding the scope of said privilege.

### FOR A TWENTY-FIRST DEFENSE TO STATE LAW CLAIMS
(Lack of Proximate Cause)

54. Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, allege the absence of proximate cause supporting Plaintiffs' claims in that whatever injuries and damages as were sustained by the Plaintiffs were caused by acts of those other than the Beaufort County and the Beaufort County Assessor's Office.

### FOR A TWENTY-SECOND DEFENSE TO STATE LAW CLAIMS
(Ministerial Duty)

55. Defendant Beaufort County and its subdivision, the Defendant Beaufort County Assessor's Office, are entitled to dismissal under *Long v. Seabrook* and its progeny as their acts were ministerial, absolute, certain, and imperative and involved execution of their specific duties under state law arising from designated facts, and was, further, at the very least, quasi-judicial and conducted without malicious, wrongful, illegal or bad faith conduct.

**FOR AN ADDITIONAL DEFENSE TO STATE AND FEDERAL CLAIMS**
(Venue)

56.     Defendant Beaufort County and its subdivision, the Defendant Beaufort County

Assessor's Office, preserve all venue defenses under state law to include, but not limited

to, 42 U.S.C. §1983, the South Carolina Tort Claims Act, convenience of witnesses,

fraudulent joinder, and to obtain a fair trial as may arise and as may become applicable

throughout this matter.

**FOR AN ADDITIONAL DEFENSE TO STATE AND FEDERAL CLAIMS**
(Reservation of Further Defenses)

57.     Defendant Beaufort County and its subdivision, the Defendant Beaufort County

Assessor's Office,  preserve all other defenses available under the 42 USC §1983 and

§1988, SCTCA, other federal and state statutes and case law, specifically, but not limited

to the defenses of release, accord and satisfaction, condonation, comparative negligence,

fraud, assumption of the risk, illegality, misrepresentation, laches, mistake, *res judicata*,

statute of frauds, waiver, statute of limitations, spoliation of evidence, failure to mitigate

damages, and others as may become implicated through discovery in this matter.

**FOR AN ADDITIONAL DEFENSE TO STATE AND FEDERAL CLAIMS**
(Failure to Exhaust)

58.     Defendant Beaufort County and its subdivision, the Defendant Beaufort County

Assessor's Office, assert Plaintiffs' claims are barred, in whole or in part, by Plaintiffs'

failure to exhaust all state law remedies including all available remedies for due process,

including the state court appeal they abandoned.

        WHEREFORE, having answered the Complaint, the Defendants Beaufort County

and the Beaufort County Assessor's Office demand that they be dismissed with costs, for

the costs of this action including reasonable attorney fees under 42 U.S.C. §1988 and

such other and further relief as the Court deems just and proper and, otherwise, request

a trial by jury.

                            **SCOTT LAW FIRM, LLC**

By:    *s/Christy L. Scott*
            Christy L. Scott, Fed. I.D. No. 6215
            108 Carn Street, Post Office Box 1515
            Walterboro, South Carolina 29488
            (843) 782-4359
            Email:  cscott@lawofficeofchristyscott.com

            ATTORNEYS FOR DEFENDANTS
            Beaufort County and the
            Beaufort County Assessor's Office

December 10, 2025
Walterboro, South Carolina