UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>JACQUELINE ELIZABETH ARD, AND TERRY FRANK NICOLA<br><br>Debtors. | Case No. 25-01384-jd<br><br>CHAPTER 7 |
| JACQUELINE E. ARD and<br>TERRY F. NICOLA<br><br>Plaintiffs<br><br>v.<br><br>THE SPA ON PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, et al.,<br><br>Defendants. | Adversary Proceeding No.<br>25-80061-jd |

### DEFENDANT WILD'S NOTICE AND MOTION TO DISMISS

Pursuant to Local Rule 7012-1, with this motion the following required notice is given to the Plaintiffs, who filed this adversary proceeding *pro se*:

### NOTICE

A motion to dismiss is a request that one or more issues in a case be decided without holding a trial. Motions to dismiss are governed by Rule 12, Federal Rules of Civil Procedure. Your complaint, or the portions of your complaint that the motion seeks to dismiss, may be dismissed if the court finds that the complaint does not contain sufficient allegations to state a claim upon which the court can grant relief. If you wish to oppose the motion to dismiss, you must file with the court and serve on the other party a written response within the time period set

1

forth in a notice that will be separately mailed to you by the Clerk of Court. If you file a written response, a hearing will be held at the location and time set forth in the notice from the Clerk of Court. **If you fail to file a timely written response to the motion, the court will consider the motion unopposed and may grant the motion without holding a hearing**. This will result in the termination of the proceeding, or some part thereof, in favor of the moving party.

## MOTION TO DISMISS

NOW COMES licensed attorney Scott M. Wild, a named defendant in this adversary proceeding, and moves the Court to dismiss this proceeding against him, pursuant to Fed. R. Civ.P.12(b)(1), Fed. R. Civ.P.12(b)(2), Fed. R. Civ.P.12(b)(4), Fed. R. Civ.P.12(b)(5), and Fed. R. Civ.P.12(b)(6) of the Federal Rules of Civil Procedure as made applicable by Fed. R. Bankr. P. 7012.

As more particularly described in his Brief in Support of Defendant Wild's Motion to Dismiss, this adversary proceeding should be dismissed as to Defendant Wild because:

Pursuant to Rule 12(b)(1) the Court does not have subject matter jurisdiction to determine the claims set out against Defendant Wild in the Complaint, which as a whole represent serial debtors' attempt to blame governmental officers, creditors, and creditors' attorneys for actions taken by them pursuant to established procedures and rules, and which, in Defendant Wild's case, were (and are) required to be performed in the zealous representation of a creditor-client which engaged his employer-firm. Any disciplinary action warranted, if such existed—which is denied—would be determined by this Court and/or by the State Bar of South Carolina and not through a debtor's adversary proceeding.

Pursuant to Rule 12(b)(2) the Court does not have personal jurisdiction over Defendant Wild because he has not been served with this action and is, at most, an attorney representing a creditor in a State Court Action (2023-CP-07-01818);

Pursuant to Rule 12(b)(4) there has been an insufficiency of process as to Defendant Wild;

Pursuant to Rule 12(b)(5) there has been an insufficiency of service of process as to Defendant Wild; and,

Pursuant to Rule 12(b)(6) there has been a failure to state a claim against Defendant Wild upon which relief can be granted, including a failure to plead fraud with particularity.  Further Bankruptcy Court found no stay exists in the case.

WHEREFORE, Defendant Wild requests that the Amended Complaint be dismissed as to him, with prejudice, and that the Court allow such other and further relief to him as it deems just and proper.

 s/Scott M. Wild, Esq.
Scott M. Wild (Dist. Ct. ID 10229)
Law Office of Scott M. Wild, LLC
37 New Orleans Rd., Ste. F (29928)
Post Office Box 6867
Hilton Head Island, SC 29938
Telephone: (843) 785-9453
*Pro Se*

Hilton Head Island, Beaufort County, South Carolina

December 10, 2025

| | |
|---|---|
| IN RE:<br><br>**JACQUELINE ELIZABETH ARD, AND TERRY FRANK NICOLA**<br><br>**Debtors.** | **CHAPTER 13**<br><br>Case No.  25-01384-JD |

## CERTIFICATE OF SERVICE

I, Tracy L. Thornton, legal assistant to Scott M. Wild do hereby certify that I served on the persons below a copy of Defendant Wild's Motions to Dismiss in the above-referenced adversary proceeding either by CM/ECF electronic mail or by depositing same in the United States Mail with sufficient postage affixed and addressed as follows:

Jacqueline Elizabeth Ard
21215 Dartmouth Dr.
Southfield, MI 48076
*Plaintiff*

Kevin Campbell
Via CM/ECF
*Trustee*

Terry Frank Nicola
21215 Dartmouth Dr.
Southfield, MI 48076
*Plaintiff*

US Trustee's Office
Via CM/ECF
*U.S. Trustee*


/s/ Tracy L. Thornton
Tracy L. Thornton, legal assistant to Scott M. Wild
Law Office of Scott M. Wild, LLC
P.O. Box 6867
Hilton Head Island, SC 29938
Telephone: (843) 785-9453
scott@wildlawfirm.com
*Defendant*

Charleston, South Carolina
December 10, 2025