Filed By The Court

1/15/2026 11:51 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:

**Jacqueline Ard and
Terry F. Nicola,**

              **Debtor(s)**

**Jacqueline Ard and
Terry F. Nicola,**

              **Plaintiff(s),**

        vs.

**The Spa on Port Royal Sound Horizontal
Property Regime, et al.,**

              **Defendants.**

BK CASE NO.:25-01384-JD
ADV. PRO. NO.: 25−80061−JD

CHAPTER 7

# MOTION TO WITHDRAW THE REFERENCE

# PURSUANT TO 28 U.S.C. § 157(d)

## PLAINTIFFS' MOTION TO WITHDRAW THE REFERENCE
**(28 U.S.C. § 157(d); Rule 7008 Non-Consent; Jury-Trial Election; Stern/Article III
Preservation)**

## INTRODUCTION

Plaintiffs Jacqueline Elizabeth Ard and Terry Frank Nicola ("Plaintiffs" or "Debtors"), appearing
pro se, respectfully move this Court to withdraw the reference of the above-captioned adversary
proceeding from the United States Bankruptcy Court for the District of South Carolina.

Withdrawal is warranted because:

1. Plaintiffs have expressly withheld consent under Fed. R. Bankr. P. 7008(a) and 28 U.S.C.
   § 157(c)(2);

2. Plaintiffs have demanded a jury trial that may be conducted only by an Article III court;

3. The adversary proceeding presents constitutional issues under **Stern v. Marshall** and its
   progeny;

4. Defendants themselves have raised jurisdictional, Article III, and jury-trial objections making final adjudication by the Bankruptcy Court improper; and

5. Withdrawal promotes judicial economy, avoids duplication, and prevents prejudice.

## PROCEDURAL BACKGROUND

1. Plaintiffs are Chapter 7 debtors in **Bankruptcy Case No. 25-01384**, pending in the District of South Carolina.

2. Plaintiffs commenced this adversary proceeding to address **post-petition conduct**, **claim allowance**, **lien extent**, **accounting accuracy**, and **independent federal statutory violations** affecting estate property.

3. Plaintiffs have now filed a **Second Amended Adversary Complaint ("SAC")** that:
   o expressly disclaims appellate review of any state-court judgment;
   o pleads independent federal injuries;
   o segregates **core and non-core claims count-by-count**;
   o contains an explicit **Rule 7008 non-consent**; and
   o demands a **jury trial in the District Court**.

4. Defendants have filed motions to dismiss asserting:
   o lack of subject-matter jurisdiction,
   o lack of constitutional authority,
   o abstention,
   o immunity,
   o and jury-trial objections.

5. Those defenses underscore that **final adjudication by the Bankruptcy Court is neither appropriate nor efficient**.

## LEGAL STANDARD

Under **28 U.S.C. § 157(d)**, a district court **may withdraw**, in whole or in part, any case or proceeding referred to the bankruptcy court "for cause shown."

"Cause" is evaluated by considering:

- constitutional authority,
- jury-trial rights,
- judicial economy,
- uniformity of bankruptcy administration, and

- avoidance of prejudice.
  See *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *In re Merryweather Importers, Inc.*, 179 B.R. 61 (D.S.C. 1995).

# ARGUMENT

## I. WITHDRAWAL IS MANDATORY OR STRONGLY WARRANTED DUE TO ARTICLE III LIMITATIONS

The Supreme Court held in *Stern v. Marshall*, 564 U.S. 462 (2011), that bankruptcy courts **lack constitutional authority** to enter final judgment on certain claims, even if statutorily labeled "core."

Here, the SAC includes:

- non-core federal statutory claims;
- state-law claims requiring Article III adjudication;
- claims intertwined with jury-trial rights; and
- disputes over private rights.

Absent **knowing and voluntary consent**, final adjudication by the Bankruptcy Court is constitutionally barred. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 683–85 (2015).

Plaintiffs have **expressly withheld consent**.

## II. PLAINTIFFS' EXPRESS RULE 7008 NON-CONSENT REQUIRES WITHDRAWAL

The SAC states unequivocally:

"Plaintiffs do not consent to the Bankruptcy Court entering final orders or judgment on any issue, whether core or non-core."

Under **Fed. R. Bankr. P. 7008(a)** and **28 U.S.C. § 157(c)(2)**, absent consent, the Bankruptcy Court may issue **only proposed findings**, not final judgment.

Proceeding in bankruptcy court would therefore require:

1. discovery and dispositive motions;
2. proposed findings; and
3. de novo review by this Court.

That duplication alone constitutes "cause" for withdrawal. *In re Orion*, 4 F.3d at 1101.

## III. PLAINTIFFS' JURY-TRIAL DEMAND REQUIRES ADJUDICATION BY THE DISTRICT COURT

Plaintiffs have demanded a jury trial on all legal claims so triable and **do not consent** to a jury trial before the Bankruptcy Court.

Under:

- **28 U.S.C. § 157(e)**,
- **Granfinanciera, S.A. v. Nordberg**, 492 U.S. 33 (1989), and
- **SC LBR 9015-1**,

a bankruptcy court **cannot conduct a jury trial without the express consent of all parties**, which is absent here.

Because the District Court will ultimately conduct the jury trial, **withdrawal at this stage avoids wasteful bifurcation**.

## IV. DEFENDANTS' OWN MOTIONS CONFIRM WITHDRAWAL IS PROPER

Defendants have argued:

- lack of subject-matter jurisdiction,
- Article III infirmities,
- abstention,
- and jury-trial objections.

A party may not simultaneously contest bankruptcy-court authority and insist that the bankruptcy court retain the case. Equity and efficiency favor withdrawal where defendants themselves dispute the forum's authority.

## V. WITHDRAWAL PROMOTES JUDICIAL ECONOMY AND PREVENTS PREJUDICE

Early withdrawal:

- avoids duplicative rulings;
- prevents inconsistent determinations;
- conserves judicial resources; and

- protects Plaintiffs from prejudice caused by delay, disability-related limitations, and serial motion practice.

Courts routinely withdraw the reference where constitutional and jury-trial issues are clear at the pleading stage. See *In re Contemporary Lithographers, Inc.*, 127 B.R. 122 (M.D.N.C. 1991).

## VI. WITHDRAWAL DOES NOT DISRUPT BANKRUPTCY ADMINISTRATION

The SAC preserves:

- bankruptcy-exclusive claims (claim allowance, lien extent, accounting);
- the Trustee's authority (invited but not required); and
- uniform application of bankruptcy law.

Withdrawal affects **forum only**, not substantive bankruptcy rights.

## NO WAIVER OR DELAY

This Motion is timely and filed **at the pleading stage**, immediately following the SAC.

Plaintiffs expressly preserve all constitutional rights and **do not waive withdrawal by participating in motion practice**. See *Wellness*, 575 U.S. at 685.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. **Withdraw the reference** of this adversary proceeding in its entirety;
2. Retain jurisdiction over all **core and non-core claims**;
3. Conduct any jury trial required; and
4. Grant such other relief as is just and proper.

Dated ___1/5/2026___

Respectfully submitted,

_____
Jacqueline E. Ard, Debtor *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051

_____
Terry F. Nicola, Co-Debtor *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
email: jacquelineard72@gmail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**Jacqueline Ard and**<br>**Terry F. Nicola,**<br><br>     **Debtor(s)**<br>―――――――――――――――<br>**Jacqueline Ard and**<br>**Terry F. Nicola,**<br><br>     **Plaintiff(s),**<br><br>  vs.<br><br><br>**The Spa on Port Royal Sound Horizontal**<br>**Property Regime, et al.,**<br><br><br>     **Defendants.**<br>―――――――――――――――― | WITHDRAWAL FROM<br>BANKR. CASE NO.:25-01384-JD<br>ADV. PRO. NO.: 25−80061−JD<br><br><br>CHAPTER 7<br><br><br><br>**NOTICE OF FILING**<br>**DESIGNATION OF MATTER** |

## NOTICE OF FILING DESIGNATION OF MATTER

Plaintiffs Jacqueline Elizabeth Ard and Terry Frank Nicola ("Plaintiffs"), pursuant to **28 U.S.C. § 157(d)** and **S.C. Local Bankruptcy Rule 5011-1**, hereby give notice as follows:

1. On the date of this Notice, Plaintiffs have filed a Designation of Matter identifying the matters for which withdrawal of the reference is sought in this adversary proceeding.
2. The Designation of Matter accompanies Plaintiffs' Motion to Withdraw the Reference filed on January 5, 2026.
3. Pursuant to S.C. LBR 5011-1, upon the filing of the Designation of Matter, the Clerk of the Bankruptcy Court is required to transmit the Motion, the Designation, and the record to the United States District Court for determination of the withdrawal motion.
4. This Notice is filed to:
   - confirm Plaintiffs' compliance with S.C. LBR 5011-1;
   - trigger transmittal of the record to the District Court; and
   - preserve Plaintiffs' constitutional, statutory, and jury-trial rights.
5. Plaintiffs expressly do not waive any Article III, Seventh Amendment, or statutory rights by any continued participation in this Court pending the District Court's ruling on

withdrawal of the reference.
See **28 U.S.C. §§ 157(c), 157(e); Stern v. Marshall, 564 U.S. 462 (2011).**

**Respectfully submitted,**

1-15-2026

**Jacqueline E. Ard, Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051

**Terry F. Nicola, Co-Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
email: jacquelineard72@gmail.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:                                          ) BK CASE NO.:25-01384-JD
                                                ) ADV. PRO. NO.: 25−80061−JD
**Jacqueline Ard and**                          )
**Terry F. Nicola,**                            )
                              **Debtor(s)**     ) CHAPTER 7
                                                )
                                                )
**Jacqueline Ard and**                          )
**Terry F. Nicola,**                            )
                              **Plaintiff(s),** )
                                                ) **DESIGNATION OF MATTER**
          vs.                                   ) **(S.C. Local Bankruptcy Rule 5011-1)**
                                                )
                                                )
**The Spa on Port Royal Sound Horizontal**      )
**Property Regime, et al.,**                    )
                                                )
                                                )
                              **Defendants.**   )
                                                )
                                                )

# DESIGNATION OF MATTER
## (S.C. Local Bankruptcy Rule 5011-1)

Plaintiffs Jacqueline Elizabeth Ard and Terry Frank Nicola ("Plaintiffs" or "Debtors"), appearing pro se, pursuant to 28 U.S.C. § 157(d) and S.C. Local Bankruptcy Rule 5011-1, hereby designate the matters for which withdrawal of the reference is sought, as follows:

# I. MATTERS TO BE WITHDRAWN

Plaintiffs seek **mandatory and permissive withdrawal** of the reference for **all matters** in the above-captioned adversary proceeding, including but not limited to the following:

1. **All federal statutory causes of action** asserted in the Second Amended Adversary Complaint, including claims arising under:
   - 11 U.S.C. §§ 362(k), 502, 506, 505, 525
   - 15 U.S.C. § 1692 (FDCPA)
   - 42 U.S.C. §§ 3604, 3617 (FHA)
   - 42 U.S.C. § 12132 (ADA)
2. **All constitutional issues**, including:

- o Plaintiffs' right to Article III adjudication;
- o Plaintiffs' Seventh Amendment right to a jury trial;
- o Defendants' assertion of judicial immunity, Rooker-Feldman, and due-process defenses.
3. **All claims involving non-core proceedings**, including:
   - o FDCPA claims;
   - o FHA / ADA discrimination claims;
   - o Tax discrimination claims under 11 U.S.C. §§ 505 and 525.
4. **All claims requiring substantial and material interpretation of federal non-bankruptcy law**, including:
   - o Federal civil-rights statutes;
   - o Federal consumer-protection statutes;
   - o Constitutional limitations on state actors and judicial officers.
5. **All jury-triable claims**, which cannot be finally adjudicated by the Bankruptcy Court absent consent, which Plaintiffs expressly do **not** give.
6. **All claims against attorney defendants and governmental defendants**, where:
   - o Article III authority is required;
   - o Sovereign immunity, quasi-judicial immunity, and federal civil-rights defenses are raised.

## II. BASIS FOR WITHDRAWAL

Withdrawal of the reference is required because:

1. The adversary proceeding involves **substantial and material interpretation of non-bankruptcy federal statutes**, including the FDCPA, FHA, ADA, and constitutional law;
2. Plaintiffs have asserted a **jury trial right** under:
   - o 28 U.S.C. § 157(e)
   - o SC LBR 9015-1
   - o Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989);
3. Plaintiffs have expressly **withheld consent** to final adjudication by the Bankruptcy Court pursuant to:
   - o Fed. R. Bankr. P. 7008
   - o 28 U.S.C. § 157(c)(2)
   - o Stern v. Marshall, 564 U.S. 462 (2011)
   - o Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665 (2015).
4. Defendants have raised dispositive motions invoking constitutional doctrines (immunity, jurisdictional bars, due process), which must be decided by an Article III court.

## III. RELIEF REQUESTED

Plaintiffs request that:

1. The Clerk of the Bankruptcy Court transmit the record to the United States District Court pursuant to **S.C. LBR 5011-1**;
2. The District Court assume **full jurisdiction** over this adversary proceeding;

3. All further proceedings, including dispositive motions and jury trial, be conducted in the
   District Court.


Dated ___1-15-2026___


**Respectfully submitted,**


**Jacqueline E. Ard, Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051


**Terry F. Nicola, Co-Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
email: jacquelineard72@gmail.com

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jacqueline Elizabeth Ard<br>Terry Frank Nicola | The Spa on Port Royal Sound Horizontal Property Regime, Inc., et al. |

**(b)** County of Residence of First Listed Plaintiff   Beaufort County, SC
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Beaufort County, SC
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Self-represented

Attorneys (If Known)
Various — as reflected in Bankruptcy Adversary No. 25-80061

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury -<br>  Med. Malpractice<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>  Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☒ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 875 Customer Challenge<br>  12 USC 3410<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate<br>  Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting<br>  & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>  Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br>  Act<br>☐ 900Appeal of Fee Determination<br>  Under Equal Access<br>  to Justice<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. § 157(d); claims arise under 11 U.S.C. §§ 362(k), 502, 506, 505, 525, Article III, Seventh Amendment, Stern v. Marshall, and Granfi
Brief description of cause:
Withdrawal of Reference of Bankruptcy Adversary Proceeding

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE  L. Jefferson Davis

DOCKET NUMBER  BK 25-01384, AP 25-80061

DATE   1-15-2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| **IN RE:**<br><br>**Jacqueline Ard and**<br>**Terry F. Nicola,**<br><br>           **Debtor(s)** | **CASE NO.: 25-01384-JD**<br>**ADV PRO NO: 25-80061**<br>**SC COURT CASE NO. 2023-CP-07-01818**<br><br>## PROOF OF SERVICE<br>**(Pursuant to 28 U.S.C. § 1746)** |

I, **Jacqueline Elizabeth Ard**, declare as follows:

1. I am a Plaintiff in this action and am over the age of eighteen. I have personal knowledge of the facts stated in this declaration.
2. On January 15, 2026, I caused the document(s) identified therein to be served upon all counsel and parties listed, by the method(s) stated (including CM/ECF electronic filing and/or U.S. Mail, and/or Electronic Mail), addressed to the recipients shown.

- **Designation of Matter**
- **Notice of Filing Designation of Matter**

**Parties Served by U.S. Mail and/or Electronic Mail**

**U.S. Trustee's Office**
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201
Email: USTPRegion04.CO.ECF@usdoj.gov

**Kevin Campbell, Trustee**
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465
Tel: (843) 884-6874
Email: kcampbell@campbell-law-firm.com

**Michael H. Conrady, Esq.**
Campbell Law Firm, P.A.
890 Johnnie Dodds Blvd / P.O. Box 684
Mount Pleasant, SC 29465-0803
Email: mconrady@campbell-law-firm.com

**Lucas S. Fautua, Esq.**
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: lfautua@smithdebnamlaw.com

**J. Ronald Jones, Jr., Esq.**
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: rjones@smithdebnamlaw.com

**Christy L. Scott, Fed.I.D.No. 6215**
108 Carn Street,
Walterboro, SC 29488
Email: cscott@lawofficeofchristyscott.com

**David W. Overstreet**
Email: david@earhartoverstreet.com

**Andrew S. Platte**
Email: andrew.platte@earhartoverstreet.com

**Maxwell J. Seferian**
Email:max.seferian@earhartoverstreet.com

**John L. McCants**
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: jmccants@brblegal.com

**IMC Resort Services, Inc.**
2 Corpus Christi, Suite 302
Hilton Head Island, SC 29928

**Christine M. Phillips**
108 Burnt Church Road
Bluffton, SC 29910

**Mark Benson**
22 Wells East Dr.
Hilton Head Island, SC 29926
Email: mark@IMCHHI.com

**Scott Wild, Esq.**
Law Office of Scott Wild
37 New Orleans Road, Suite F
Hilton Head Island, SC 29928
Email: scott@wildlawfirm.com

**Jannine M. Mutterer, Esq.**
Mutterer Law Firm, LLC
5 Red Cedar Street, Suite 102
Bluffton, SC 29910
Email: jannine@muttererlaw.com

**William B. Mullis**
239 Beach City Road, Apt. 2213
Hilton Head Island, SC 29926

**Henry Sanders**
239 Beach City Road, Apt. 1205
Hilton Head Island, SC 29926

**Keith Baker**
c/o The Spa on Port Royal Sound HOA Office
239 Beach City Road
Hilton Head Island, SC 29926

**Maryanne Stephenson**
HOA Agent, The Spa on Port Royal Sound
239 Beach City Road
Hilton Head Island, SC 29926

**Jerri Ann Roseneau**
Beaufort County Clerk of Court
102 Ribaut Road
Beaufort, SC 29902

**Robert J. Bonds, Esq.**
P.O. Box 2120
Walterboro, SC 29488

## County Defendants

**Beaufort County Government**
100 Ribaut Road
Beaufort, SC 29902

**Beaufort County Treasurer's Office**
100 Ribaut Road, Suite 165
Beaufort, SC 29902

**Beaufort County Treasurer's Office (Mailing Address)**
P.O. Drawer 487
Beaufort, SC 29901

**Beaufort County Assessor's Office**
100 Ribaut Road, Room 210
County Administration Building
Beaufort, SC 29902

**Beaufort County Assessor's Office (Mailing Address)**
P.O. Drawer 1228
Beaufort, SC 29901

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of January , 2026.

**Jacqueline E. Ard**
239 Beach City Road
Hilton Head Island, SC 29926
Email: jacquelineard72@gmail.com
Telephone: (313)770-7051