# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:

**Jacqueline Ard and
Terry F. Nicola,**

               **Debtor(s)**

**Jacqueline Ard and
Terry F. Nicola,**

               **Plaintiff(s),**

vs.

**The Spa on Port Royal Sound Horizontal
Property Regime, et al.,**

               **Defendants.**

BK CASE NO.:25-01384-JD
ADV. PRO. NO.: 25−80061−JD

**Filed By The Court**
**01/15/26 5:24 p.m.**
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

CHAPTER 7

# DEBTORS' RESPONSE TO ORDER TO SHOW CAUSE
**(RE: STANDING AND RULE 9011)**

# DEBTORS' RESPONSE TO ORDER TO SHOW CAUSE
**(RE:STANDING AND RULE 9011)**

## I. INTRODUCTION

Plaintiffs Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors") respectfully submit this Response to the Court's January 14, 2026 Order to Show Cause. The Court raised two threshold issues:

1. Whether this adversary proceeding should be dismissed for lack of standing under Fed. R. Civ. P. 17(a); and
2. Whether sanctions under Fed. R. Bankr. P. 9011(b) are warranted.

Debtors have now filed a **Second Amended Adversary Complaint ("SAC")**, attached hereto as **Exhibit A**, which cures all issues identified by the Court and the Defendants' motions. The SAC eliminates criminal causes of action, pleads standing properly, limits relief to bankruptcy-exclusive remedies, and conforms to Fourth Circuit law.

Accordingly, **neither dismissal nor sanctions are warranted.**

## II. THE SECOND AMENDED COMPLAINT CURES ALL STANDING ISSUES

The Court cited Matter of Richman, 104 F.3d 654 (4th Cir. 1997), for the proposition that in Chapter 7 cases, the trustee is ordinarily the estate's proper party in interest.

Debtors fully agree — and the SAC has been rewritten to conform exactly to Richman and its progeny.

### A. § 362(k) Claims Belong to Debtors Personally

The SAC now pleads the automatic-stay claims under 11 U.S.C. § 362(k), which creates a personal cause of action for individual debtors.

The Fourth Circuit holds:

"Section 362(k) creates a private cause of action belonging to the debtor."
*Houck v. Substitute Trustee Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Because § 362(k) injuries include emotional distress, coercion, and harassment, these claims do not belong to the estate and do not require trustee prosecution.

The SAC properly pleads only post-petition acts and seeks statutory damages only — curing the defect the Court noted.

### B. Claim Allowance, Lien Extent, and Accounting Are Core Estate-Protective Functions

The SAC also asserts:

• Claim allowance (§ 502)
• Lien extent (§ 506)
• Accounting accuracy (§ 157(b)(2))

These are not independent causes of action but core bankruptcy functions that directly protect estate property.

The Supreme Court has held:

"The bankruptcy court has summary jurisdiction to adjudicate claims against the estate."
*Katchen v. Landy*, 382 U.S. 323, 329 (1966).

The Fourth Circuit likewise recognizes that debtors have standing to raise objections and disputes necessary to protect estate assets when the trustee has not yet acted.
*In re Beach First Nat'l Bancshares, Inc.*, 702 F.3d 772, 777–78 (4th Cir. 2012).

The SAC expressly:
• Invites trustee participation
• Does not assert trustee-exclusive causes
• Seeks only bankruptcy-law consequences

Therefore **Rule 17(a) is satisfied.**

# III. THE SAC ELIMINATES ALL RULE 9011 CONCERNS

The Court expressed concern that prior pleadings included:

• Claims alleging a stay where none existed
• Criminal statutes (18 U.S.C. § 152)
• Causes with no private right of action

**All have now been cured**.

## A. The SAC Pleads § 362 in the Alternative

The SAC expressly pleads:

"If the Court finds the stay did not apply under § 362(c)(4), Plaintiffs still state claims under §§ 105, 502, 506, and federal statutes."

This is expressly permitted.
*Fed. R. Civ. P. 8(d)(2); In re Miller*, 397 F.3d 726, 731 (9th Cir. 2005).

Alternative pleading **is not sanctionable**.

## B. Criminal Statutes Have Been Removed

The SAC no longer asserts **18 U.S.C. § 152** or any criminal statute as a cause of action. All relief is now sought only under:

• Title 11
• FDCPA
• FHA / ADA
• §§ 502, 506, 525, 505

This moots the Court's concern in footnote 13.

## C. The SAC Is Filed in Good Faith to Cure Defects

Rule 9011 sanctions are not appropriate where a party:

"Withdraws or corrects challenged contentions after being put on notice."
*Brubaker v. City of Richmond*, 943 F.2d 1363, 1381 (4th Cir. 1991).

That is exactly what Debtors have done.

The SAC:
• Narrows claims
• Removes improper counts
• Adds jurisdictional disclaimers
• Pleads standing precisely

There is **no bad faith** and no continuing violation.

## IV. DISMISSAL IS NOT APPROPRIATE UNDER RULE 17(a)

Even if the Court believed a technical standing defect remained, Rule 17(a)(3) requires:

"The court must allow a reasonable time for the real party in interest to ratify, join, or be substituted."

Here, Debtors have:
• Limited claims to those they own
• Invited trustee participation
• Removed trustee-exclusive causes

Therefore dismissal is prohibited.

## V. CONCLUSION

Debtors have acted exactly as Rule 15, Rule 17, and Rule 9011 require:

They corrected the pleadings, removed improper claims, and realigned the case with bankruptcy law.

The Second Amended Complaint (Exhibit A) now:
• Establishes standing
• Eliminates sanction risk
• Limits relief to bankruptcy-exclusive remedies
• Cures all Rule 12 and Rule 9011 concerns

Accordingly, Debtors respectfully request that:

1. The Order to Show Cause be **discharged**;
2. No sanctions be imposed; and
3. This adversary proceed on the merits of the Second Amended Complaint.

**Dated**  1-15-2026

**Respectfully submitted,**

**Jacqueline E. Ard, Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051

**Terry F. Nicola, Co-Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
email: jacquelineard72@gmail.com

# EXHIBIT A

**(Doc 33 Filed Second Amended Adversary Complaint)**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Jacqueline Ard and<br>Terry F. Nicola,<br>               **Debtor(s)**<br><br>────────────────────<br><br>Jacqueline Ard and<br>Terry F. Nicola,<br>          **Plaintiff(s)**,<br>    vs.<br><br>**The Spa on Port Royal Sound Horizontal Property Regime; William B. Mullis; Henry Sanders; Keith Baker;** and **JOHN** and **JANE DOE Board Members,** in their individual and representative capacities; **IMC Resort Services, Inc.; Christine M. Phillips; JOHN** and **JANE DOE Employees and Agents of IMC Resort Services,** in their individual and representative capacities; **Scott Wild, Esq.,** in his individual and professional capacity; **Jannine Mutterer,** Special Referee for Beaufort County, in her individual and off; **Jerri Ann Roseneau,** Beaufort County Clerk of Court, in her individual and official capacity; **Lucas Fautua, Esq.,** in his individual and professional capacity; **Beaufort County; Beaufort County Treasurer's Office;** and **Beaufort County Assessor's Office;** and any other persons or entities later identified as participants in the fraudulent scheme,<br><br>          **Defendants.**<br><br>──────────────────── | ) CASE NO.:25-01384-JD<br>) ADV. PRO. NO.: 25−80061−JD<br>)<br>)<br>) CHAPTER 7<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **ADVERSARY COMPLAINT**<br>)<br>) **(JURY TRIAL DEMANDED)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND AMENDED ADVERSARY COMPLAINT

## FOR VIOLATION OF AUTOMATIC STAY, BANKRUPTCY FRAUD, DISALLOWANCE, AND RELATED CLAIMS

Plaintiffs Jacqueline Elizabeth Ard and Terry Frank Nicola ("Plaintiffs" or "Debtors"), appearing pro se, allege as follows:

1

## SUMMARY OF AMENDMENTS

1. This **Second Amended Adversary Complaint ("SAC")** is filed pursuant to **Fed. R. Bankr. P. 7015** to cure defects asserted in Defendants' Rule 12 motions and answers and to clarify jurisdiction, standing, and the bankruptcy nexus.

2. The SAC:

   - expressly **disclaims appellate review or vacatur of any state-court judgment**;
   - pleads **independent, post-petition injuries** and bankruptcy-exclusive relief;
   - segregates **core and non-core claims count-by-count**;
   - eliminates improper global pleading;
   - pleads fraud-based conduct with **Rule 9(b) particularity**;
   - narrows claims against attorney defendants to **post-petition, non-advocative conduct**;
   - pleads **claim allowance, lien extent, and accounting accuracy** as core bankruptcy functions;
   - includes an express **Rule 7008 non-consent** and **district-court jury election**.

3. These amendments directly address and cure the jurisdictional, immunity, abstention, standing, and pleading challenges raised by Defendants.

## I. INTRODUCTION

4. This is an original federal action seeking relief for independent injuries arising from:
   a. post-petition conduct affecting property of the bankruptcy estate and claims administration;
   b. misuse of bankruptcy-related processes and representations directed at this Court;
   c. ministerial, administrative, or extra-judicial acts affecting estate property; and
   d. unlawful debt-collection and discriminatory housing practices affecting Debtors during bankruptcy.

5. **Plaintiffs do not ask this Court to act as an appellate tribunal over any South Carolina state-court judgment.** Plaintiffs do not seek reversal, modification, nullification, or vacatur of any state-court order, foreclosure decree, or judgment.

2

6. **Assuming arguendo the existence of any pre-petition state-court judgment or lien**,
Plaintiffs challenge only:

a. Defendants' **post-petition conduct**; violations of **11 U.S.C. § 362**

b. Defendants' actions **directed toward the bankruptcy estate**; lien consequences under
**§ 506**; accounting accuracy necessary to administer the estate

c. the **allowance, amount, priority, and extent** of claims and liens in bankruptcy;
(improper claim assertion under **§§ 501–502),** and

d. **independent violations of the Bankruptcy Code and federal statutes**.

7. The injuries alleged exist **even if all state-court judgments remain undisturbed**,
consistent with the narrow scope of the Rooker–Feldman doctrine articulated in *Exxon
Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

## II. JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. §§ 1334(b), 157(a).

9. This Court has authority over core proceedings under 28 U.S.C. § 157(b), including:

- enforcement of the automatic stay;
- claim allowance;
- lien determination;
- estate accounting.

10. Venue is proper under 28 U.S.C. § 1409(a).

## III. PROPERTY OF THE ESTATE AND AUTOMATIC STAY

11. All legal and equitable interests of Plaintiffs became property of the estate upon filing. 11
U.S.C. § 541(a).

12. Acts to obtain possession of or exercise control over estate property are prohibited by **§**
362(a)(3).

13. Creditors bear the burden of obtaining relief from stay before acting.

# IV. AUTHORITY AND STANDING

14. Plaintiffs bring this action under §§ 105(a), 362(k), 502, 506, and related provisions.

15. § 362(k) claims are personal to the debtors.

16. Claim-allowance and lien-extent claims are estate-protective.

17. Plaintiffs invite, but do not depend upon, Chapter 7 Trustee participation.

# V. CORE / NON-CORE DESIGNATION

18. **CORE PROCEEDINGS** (28 U.S.C. § 157(b)):

- Count I — Willful Violation of the Automatic Stay (§ 362(k))
- Count II — Bankruptcy Abuse of Process (§ 105(a))
- Count III — Claim Allowance / Disallowance (§ 502)
- Count IV — Lien Validity and Extent (§ 506)
- Count V — Accounting and Ledger Accuracy (§ 157(b)(2)(A), (B))

19. **NON-CORE / RELATED-TO PROCEEDINGS:**

- Count VI — FDCPA
- Count VII — Fair Housing Act / ADA
- Count VIII — Unlawful / Discriminatory Property Tax Enforcement (§§ 505, 525)

# VI. PARTIES

20. Plaintiffs are Chapter 7 debtors in Case No. 25-01384.

21. Defendant **The Spa on Port Royal Sound Horizontal Property Regime, Inc. ("SPA")** is the HOA asserting assessments and claims against estate property.

22. Defendant **IMC Resort Services, Inc. ("IMC")** is the HOA's management agent responsible for account ledgers, notices, and enforcement actions.

23. Defendants **William B. Mullis, Henry Sanders, and Keith Baker** are SPA board members who authorized or ratified the conduct alleged.

24. Defendant **Scott M. Wild, Esq.** is an attorney who personally engaged in **post-petition collection and enforcement conduct** alleged herein.

25. Defendant **Lucas S. Fautua, Esq.** engaged in post-petition acts affecting enforcement against estate property.

4

26. Defendant **Beaufort County**, through its Assessor's and Treasurer's Offices, imposed and enforced tax obligations affecting estate property.

27. **DOES 1–50** are additional persons or entities involved in post-petition enforcement, towing, access denial, or communications.

# VII. FACTUAL BACKGROUND
*(All Prior Pleadings Incorporated by Reference)*
## Incorporation of Prior Allegations

1. Plaintiffs incorporate by reference all factual allegations, exhibits, affidavits, account statements, correspondence, notices, and pleadings previously filed in this adversary proceeding and in the underlying bankruptcy cases, as if fully set forth herein.

2. This Second Amended Adversary Complaint reorganizes and clarifies those facts to address issues raised by Defendants, without expanding the controversy or seeking review of any state-court judgment.

## A. The Property and Governing Framework

3. Plaintiffs Jacqueline Elizabeth Ard and Terry Frank Nicola owned and occupied residential property located at **239 Beach City Road, Unit 3218, Hilton Head Island, South Carolina 29926** (the "Property").

4. The Property was subject to a horizontal property regime governed by **The Spa on Port Royal Sound Horizontal Property Regime, Inc.** ("SPA"), whose authority derives solely from its recorded governing documents and applicable South Carolina law.

5. SPA retained **IMC Resort Services, Inc.** ("IMC") as its managing agent for assessment billing, account maintenance, enforcement coordination, and communications with owners.

6. Plaintiffs were at all relevant times **disabled individuals**, a fact known to SPA and IMC, and entitled to reasonable accommodations under federal law.

## B. Pre-Petition Disability Accommodation Requests and Unlawful Fines

7. In or about June 2021, SPA and/or IMC imposed a **$400 "service animal violation" fine** against Plaintiffs.

8. Prior to and contemporaneous with that fine, Plaintiffs:

- disclosed that the animal was a medically required service animal;
- submitted a written reasonable-accommodation request;
- provided medical documentation supporting the accommodation.

9. Despite receiving this documentation, SPA and IMC:

- refused to rescind the fine;
- imposed additional penalties;
- treated the accommodation request as a violation rather than a protected right.

10. SPA and IMC thereafter imposed **unlawful additional fines and late charges** allegedly tied to the same accommodation issue, escalating the account balance.

11. Plaintiffs repeatedly disputed the charges in writing and requested correction, but SPA and IMC refused to adjust the account.

## C. Inflated Accounting, Ledger Manipulation, and Fee Escalation

12. From 2021 forward, SPA and IMC maintained assessment ledgers that:

- failed to properly credit payments made by Plaintiffs;
- added repeated late fees and interest on disputed charges;
- included attorney's fees not yet incurred or authorized;
- obscured the distinction between principal assessments, fines, costs, and fees.

13. Plaintiffs continued to make periodic payments, which were either misapplied or not credited at all.

14. Over time, a small number of disputed fines were transformed—through compounding fees and charges—into an alleged debt exceeding tens of thousands of dollars.

15. Plaintiffs allege that this escalation was not the result of neutral accounting, but of deliberate enforcement strategy designed to manufacture default and justify foreclosure.

6

### D. State-Court Foreclosure Proceeding (Background Only)

16. On or about **September 25, 2023**, SPA—through counsel **Scott M. Wild, Esq.**—filed a foreclosure action in the Beaufort County Court of Common Pleas, Case No. **2023-CP-07-01818**.

17. The foreclosure complaint relied on SPA/IMC account ledgers that Plaintiffs allege were materially inaccurate and misleading.

18. Plaintiffs allege that service of process was defective, including:

- inconsistent affidavits of service;
- service attempts at addresses is not the Plaintiffs known home address or address of record;
- lack of personal service as required by South Carolina law.

19. Despite these defects, an entry of default was later signed by the Clerk of Court.

20. Subsequent filings—including an Order of Reference, Affidavits of Debt, and a Decree of Foreclosure—were entered based on the same disputed accounting and without meaningful verification of service.

21. Plaintiffs allege that multiple documents submitted in the foreclosure case contained inconsistent debt figures, unexplained increases, and certifications made without personal knowledge.

22. Plaintiffs reference these events solely as historical background, not to seek review, reversal, or modification of any state-court ruling.

### E. Bankruptcy Filings and Notice to Defendants

23. Plaintiffs filed bankruptcy petitions on:

- **October 4, 2024** (Case No. 24-03611);
- **January 31, 2025** (Case No. 25-40952);
- **April 10, 2025** (Case No. 25-01384).

24. SPA, IMC, and Scott M. Wild, Esq. had actual or constructive notice of these filings through:

- direct service;
- court noticing, Electronic Notification, and direct email;

- participation in bankruptcy-related communications;
- filings in related proceedings.

25. the automatic stay under **11 U.S.C. § 362(a)**, was in effect to the extent provided by statute.

## F. Post-Petition Enforcement and Collection Activity

26. After notice of bankruptcy, SPA, IMC, and associated agents engaged in conduct including:

- continuing to demand payment of prepetition debt;
- added post-petition charges to HOA ledgers;
- maintaining and enforcing inflated account balances;
- refusing to correct ledgers to segregate pre- and post-petition amounts;
- communicated threats of foreclosure or loss of access;
- directing vendors and third parties to act against Plaintiffs' possessory interests;
- asserting continued enforcement rights without obtaining stay relief.

27. Plaintiffs allege that Defendant Scott Wild, personally and not merely as counsel, engaged in post-petition acts to advance enforcement against the Property without relief from stay.

28. transmitted post-petition communications asserting default;

29. threatened or scheduled foreclosure-related actions;

30. relied on prepetition debt figures as leverage.

28. These acts were taken **intentionally and with knowledge** of the bankruptcy filings.

## G. Impact on Property of the Estate

29. Upon filing, Plaintiffs' legal and equitable interests in the Property became property of the estate under 11 U.S.C. § 541(a).

30. The continued assertion of inflated claims and enforcement pressure:

- impaired the estate's value;
- interfered with orderly claim administration;
- burdened Plaintiffs' ability to comply with bankruptcy obligations.

31. Defendants did not seek or obtain relief from the automatic stay before engaging in the post-petition conduct alleged herein.

8

### H. Rule 9(b) Particularity (Where Applicable)

32. **Who:** SPA, IMC, named attorneys, board members, and agents.

33. **What:** Submission and use of inaccurate ledgers, certifications, demands, and enforcement actions.

34. **When:** From at least September 2023 through and after Plaintiffs' bankruptcy filings in 2024 and 2025.

35. **Where:** Beaufort County, South Carolina, and through mail, electronic communications, and court filings affecting the bankruptcy estate.

36. **How:** Through sworn statements, account ledgers, notices, and coordinated enforcement actions that misrepresented debt status and rights.

### I. Independent Federal Injury

37. Plaintiffs' injuries arise from post-petition conduct and bankruptcy-related misuse of claims and enforcement mechanisms, not from the mere existence of any state-court judgment.

38. These injuries would exist even if all state-court judgments remained fully intact.

39. Plaintiffs therefore seek relief only for independent federal statutory violations and bankruptcy consequences.

## VIII. CAUSES OF ACTION

### COUNT I — WILLFUL VIOLATION OF THE AUTOMATIC STAY
**11 U.S.C. §§ 362(a)(1), (3), (6); 362(k)**
**CORE PROCEEDING — 28 U.S.C. § 157(b)(2)(A), (G)**

**Applicable Law**

1.  The automatic stay prohibits **any act** to:

    - collect or recover a prepetition claim, § 362(a)(1), (6);
    - exercise control over property of the estate, § 362(a)(3).

2.  A violation is **willful** if the defendant:

    - had notice or knowledge of the bankruptcy; and

- intentionally committed the act that violated the stay, regardless of intent to violate the law.
  *In re Lansdale Family Rests., Inc.*, 977 F.2d 826 (3d Cir. 1992); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473 (4th Cir. 2015).

3. Section 362(k) creates a **personal cause of action** for individual debtors for **actual damages**, including costs and fees.

## Defendants

- The Spa on Port Royal Sound HPR ("SPA")
- IMC Resort Services, Inc. ("IMC")
- Named and Doe HOA Board Members
- Scott M. Wild, Esq.
- Lucas S. Fautua, Esq.
- Jannine M. Mutterer
- DOES 1–50 (towing, access enforcement, posting, vendor coordination)

## Specific Acts and Allegations

4. After Plaintiffs filed their Chapter 7 petition and after Defendants had actual or constructive notice:

  - **SPA and IMC** continued to assess charges, demand payment, and enforce HOA remedies based on prepetition debt;
  - **Board Members** ratified and directed enforcement actions and account activity post-petition;
  - **Wild** transmitted or caused to be transmitted post-petition demands, certifications, and enforcement communications asserting control over estate property;
  - **Fautua** participated in post-petition enforcement activity and creditor communications despite notice of the bankruptcy;
  - **Mutterer,** after notice of bankruptcy filings, continued to enforce foreclosure-related consequences affecting estate property without bankruptcy-court authorization;
  - **Doe Defendants** engaged in access restriction, mail service interference, postings, and other coercive acts intended to compel payment or surrender of property.

5. Each Defendant **intended the acts committed**, and those acts violated § 362(a).

## Injury and Relief

6. Plaintiffs suffered actual damages including financial loss, increased charges, loss of use, and emotional distress.

7. Plaintiffs seek **only statutory relief authorized by § 362(k)**.

.

## COUNT II — BANKRUPTCY ABUSE OF PROCESS
**11 U.S.C. § 105(a)**
**CORE PROCEEDING — 28 U.S.C. § 157(b)(2)(A)**

### Applicable Law

8. Bankruptcy courts possess inherent authority under § 105(a) to prevent abuse of the
bankruptcy process and enforce the Code's protections.
*Marrama v. Citizens Bank*, 549 U.S. 365 (2007).

### Defendants

- The Spa on Port Royal Sound HPR ("SPA")
- IMC Resort Services, Inc. ("IMC")
- Named and Doe HOA Board Members
- Scott M. Wild, Esq.
- Lucas S. Fautua, Esq.
- Jannine M. Mutterer
- DOES 1–50 (access enforcement, posting, vendor coordination)

### Specific Acts and Allegations

9. Defendants misused:

- account statements,
- claimed legal status,
- purported enforcement authority,
  as **leverage** to pressure payment and control of estate property.

10. Defendants' conduct sought to obtain **bankruptcy-forbidden outcomes** without seeking
relief from the Bankruptcy Court.

11. This conduct interfered with orderly estate administration and creditor equality.

### Relief

12. Plaintiffs seek **protective and remedial relief only**, consistent with § 105(a), to prevent
continued abuse.

## COUNT III — CLAIM ALLOWANCE / DISALLOWANCE
**11 U.S.C. § 502**
**CORE PROCEEDING — 28 U.S.C. § 157(b)(2)(B)**

## Applicable Law

13. Claim allowance is an exclusively federal bankruptcy function.
    *Katchen v. Landy*, 382 U.S. 323 (1966).
14. Claim objection does **not relitigate** state-court judgments; it determines bankruptcy
    consequences only.

## Defendants

- The Spa on Port Royal Sound HPR ("SPA")
- IMC Resort Services, Inc. ("IMC")

## Specific Acts and Allegations

15. SPA and IMC asserted claims that:

    - include inaccurate balances;
    - incorporate post-petition charges;
    - include amounts barred by HOA governing documents or federal law.

16. Ledgers and statements lack transparency and proper segregation.

## Relief

17. Plaintiffs seek disallowance or reduction under § 502(b) **only**.

## COUNT IV — LIEN VALIDITY AND EXTENT
**11 U.S.C. § 506**
**CORE PROCEEDING — 28 U.S.C. § 157(b)(2)(K)**

## Applicable Law

18. Bankruptcy courts determine the extent, priority, and secured status of liens under federal
    law.

## Defendants

- The Spa on Port Royal Sound HPR ("SPA")
- IMC Resort Services, Inc. ("IMC")
- Named and Doe HOA Board Members
- Scott M. Wild, Esq.
- Lucas S. Fautua, Esq.

## Specific Acts and Allegations

19. To the extent SPA asserts a lien:

- its secured value must be determined under § 506(a);
- any amount exceeding allowed secured value is unsecured by operation of law.

20. Plaintiffs do **not** seek to invalidate any state judgment.

## COUNT V — ACCOUNTING AND LEDGER ACCURACY
**28 U.S.C. § 157(b)(2)(A), (B)**
**CORE PROCEEDING**

### Applicable Law

21. Accurate accounting is necessary to determine claims and estate obligations.

### Defendants

- The Spa on Port Royal Sound HPR ("SPA")
- IMC Resort Services, Inc. ("IMC")

### Specific Acts and Allegations

22. Defendants' ledgers:

- commingle pre- and post-petition charges;
- omit credits;
- obscure the basis of claimed amounts.

23. These defects impair claim adjudication and estate administration.

### Relief

24. Plaintiffs seek a **bankruptcy-limited accounting** for claim resolution purposes only.

## COUNT VI — FAIR DEBT COLLECTION PRACTICES ACT
**15 U.S.C. § 1692 et seq.**
**NON-CORE / RELATED-TO**

### Defendants

- The Spa on Port Royal Sound HPR ("SPA")
- IMC Resort Services, Inc. ("IMC")
- Scott M. Wild, Esq.

### Specific Acts and Allegations

13

25. Defendants used false or misleading representations regarding:

- amount owed;
- legal status of debt;
- consequences of non-payment.

26. Wild acted as a "debt collector" by transmitting collection communications beyond mere litigation advocacy.

## Relief

27. Plaintiffs seek statutory relief as permitted by the FDCPA.

## COUNT VII — FAIR HOUSING ACT / ADA
### 42 U.S.C. §§ 3604(f), 3617; 42 U.S.C. § 12132
### NON-CORE / RELATED-TO

### Defendants

- The Spa on Port Royal Sound HPR ("SPA")
- IMC Resort Services, Inc. ("IMC")
- Named and Doe HOA Board Members

### Specific Acts and Allegations

28. Defendants imposed service-animal fines despite documented disability.

29. Defendants refused accommodations and retaliated through enforcement escalation.

30. Such conduct interfered with housing rights and equal access.

## COUNT VIII — UNLAWFUL / DISCRIMINATORY PROPERTY TAX ENFORCEMENT
### 11 U.S.C. §§ 505, 525 NON-CORE / RELATED-TO

### Defendants

- Beaufort County
- Beaufort County Assessor's Office
- Beaufort County Treasurer's Office

### Specific Acts and Allegations

14

31. County Defendants enforced discriminatory or retaliatory tax practices during bankruptcy.

32. Inflated assessments and enforcement actions:

- impaired estate value;
- interfered with liquidation;
- discriminated based on bankruptcy status.

33. This Court has authority under § 505 to determine tax consequences affecting the estate and under § 525 to prohibit discrimination.

## IX. ANTICIPATED DEFENSES

34. **Rooker–Feldman** does not apply because Plaintiffs do not seek review of state judgments.

35. **Standing** exists under §§ 362(k), 502, 506, and estate-protection principles.

36. **Immunity** is not implicated by post-petition, administrative, or non-adjudicative conduct.

## X. RULE 7008 STATEMENT — NON-CONSENT

37. Pursuant to **Fed. R. Bankr. P. 7008(a)** and **28 U.S.C. § 157(c)**, Plaintiffs **do not consent** to final adjudication by the Bankruptcy Court on any issue.

38. Plaintiffs expressly elect adjudication by the **United States District Court**.

## XI. JURY TRIAL DEMAND

*(SC LBR 9015-1 COMPLIANT)*

39. Plaintiffs demand a jury trial on all legal claims so triable.

40. Plaintiffs do not consent to a jury trial in Bankruptcy Court.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request:

A. Bankruptcy-code remedies authorized by Title 11;

B. Declaratory relief limited to federal bankruptcy consequences;

15

C. Statutory damages, costs, and fees where authorized;

D. Such other relief as the Court deems just and proper.

**Respectfully submitted,**

_____          1/5/2026
**Jacqueline Ard, Debtor Pro Se**                           **Dated**
Mailing Address:
2121 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email:jacquelineard72@gmail.com

_____          1/5/2026
**Terry F. Nicola, Co-Debtor Pro Se**                       **Dated**
Mailing Address:
2121 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email:jacquelineard72@gmail.com