Filed By The Court
01/15/26 5:24 p.m.
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**Jacqueline Ard and Terry F. Nicola,**<br>　　　　　　　　Debtor(s)<br><br>---<br><br>**Jacqueline Ard and Terry F. Nicola,**<br>　　　　　　　　Plaintiff(s),<br>　vs.<br><br>**The Spa on Port Royal Sound Horizontal Property Regime, et al.,**<br>　　　　　　　　Defendants. | BK CASE NO.:25-01384-JD<br>ADV. PRO. NO.: 25−80061−JD<br><br>CHAPTER 7<br><br>**DEBTORS' OPPOSITION TO ALL MOTIONS TO DISMISS**<br>(DIRECTED TO SECOND AMENDED COMPLAINT) |

**DEBTORS' OPPOSITION TO ALL MOTIONS TO DISMISS**
(DIRECTED TO SECOND AMENDED COMPLAINT)

# I. INTRODUCTION

Every pending Motion to Dismiss was directed to pleadings that **no longer exist**.

The **Second Amended Adversary Complaint ("SAC")**:

- eliminates claims the Court identified as defective,
- pleads standing, bankruptcy nexus, and post-petition conduct with specificity,
- removes criminal-statute claims,
- pleads Rooker-Feldman disclaimers,
- limits damages to those authorized by statute, and
- pleads trustee-protected estate claims separately from debtor-owned claims.

As a matter of law, the prior motions are **moot**.
See **Young v. City of Mount Ranier**, 238 F.3d 567, 572 (4th Cir. 2001).

Even if treated as re-asserted, none of the Rule 12 grounds survive.

1

# II. THE COURT HAS SUBJECT-MATTER JURISDICTION

## A. Bankruptcy-Exclusive Jurisdiction Exists

The SAC asserts:

- § 362(k) personal debtor claims,
- § 502 claim allowance,
- § 506 lien determination,
- § 505 tax determination,
- § 525 anti-discrimination,
- estate accounting.

These are **core bankruptcy functions**.

"Allowance and disallowance of claims… and determinations of the validity, extent, or priority of liens are core proceedings."
**28 U.S.C. § 157(b)(2)(B), (K)**

No state court may decide them.

## B. Rooker-Feldman Is Expressly Disclaimed and Legally Inapplicable

The SAC pleads:

"Assuming arguendo the existence of any state judgment, Plaintiffs challenge only post-petition conduct and bankruptcy consequences."

Fourth Circuit law:

"Rooker-Feldman applies only when the injury is caused by the state judgment itself."
**Thana v. Bd. of License Comm'rs, 827 F.3d 314, 320 (4th Cir. 2016)**

Plaintiffs allege **post-petition enforcement, ledger manipulation, tax discrimination, and FHA violations** — injuries that exist **even if the foreclosure judgment remains intact**.

Therefore, Rooker-Feldman does not apply.

# III. PLAINTIFFS HAVE STANDING

## A. § 362(k) Belongs to the Debtors

"A § 362(k) claim belongs to the debtor, not the bankruptcy estate."
**Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 485 (4th Cir. 2015)**

The SAC seeks only:

- emotional distress,
- out-of-pocket loss,
- statutory damages.

The Trustee has no authority over those claims.

### B. Estate Claims Are Properly Pleaded

The SAC pleads:

- § 502 claim disallowance,
- § 506 lien extent,
- § 505 tax determination,
- accounting.

These are **estate-protective** claims.

"Debtors may object to claims and protect the estate when necessary."
**In re Varat Enters., Inc., 81 F.3d 1310, 1318 (4th Cir. 1996)**

Rule 17(a) requires substitution, not dismissal — which Plaintiffs already invited.

## IV. PERSONAL JURISDICTION & SERVICE

Defendants Wild and others claim lack of service.

Under Rule 12(h):

A defendant waives service objections by filing substantive motions without moving to quash service.

Wild filed merits motions, affidavits, and briefing — waiving any service defects.

Moreover, re-service with the SAC cures any arguable defect.
**See Fed. R. Civ. P. 4(m)**

## V. RULE 12(b)(6) FAILS

### A. The SAC Pleads Each Defendant's Acts

The SAC now alleges:

3

| Defendant | Post-petition acts |
|---|---|
| SPA / IMC | Continued assessments, ledger inflation, threats |
| Board | Ratified enforcement |
| Wild | Post-petition demands and enforcement |
| Fautua | Enforcement communications |
| County | Tax enforcement during bankruptcy |

That satisfies **Iqbal/Twombly**.

### B. Rule 9(b) Is Met

The SAC pleads:

- who (SPA, IMC, Wild),
- what (false ledgers, demands),
- when (post-petition),
- where (bankruptcy estate),
- how (misstated debt + enforcement).

That satisfies **Harrison v. Westinghouse Savannah River Co., 176 F.3d 776 (4th Cir. 1999)**.

## VI. ATTORNEY DEFENDANTS ARE NOT IMMUNE

The SAC does not sue attorneys for representation — it sues them for:

- post-petition debt collection,
- false certifications,
- enforcement actions.

Fourth Circuit:

"Attorneys are not immune when they step outside advocacy and engage in debt collection."
**Sayyed v. Wolpoff & Abramson, 485 F.3d 226 (4th Cir. 2007)**

## VII. COUNTY AND TAX CLAIMS ARE BANKRUPTCY-AUTHORIZED

"The bankruptcy court may determine the amount or legality of any tax."
**11 U.S.C. § 505(a)**

"Government units may not discriminate based on bankruptcy."
**11 U.S.C. § 525(a)**

These claims are expressly authorized by statute.

## VIII. ABSTENTION & COMITY DO NOT APPLY

"Bankruptcy courts may not abstain from deciding core proceedings."
**In re Kirkland, 600 F.3d 310, 316 (4th Cir. 2010)**

Claim allowance, lien extent, stay enforcement, and tax determination are **core**.

## IX. CONCLUSION

The Second Amended Complaint:

- cures all alleged defects,
- pleads jurisdiction, standing, and federal injury.
- and presents fact-intensive claims that must be resolved on the merits.

The motions to dismiss must be **denied**.

**Dated**    1-15-2026

**Respectfully submitted,**

_Jacqueline E. Ard_, Debtor *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051

Terry F. Nicola, Co-Debtor *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
email: jacquelineard72@gmail.com