Filed By The Court
01/15/26 5:24 p.m.
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:

**Jacqueline Ard and Terry F. Nicola,**

       **Debtor(s)**

**Jacqueline Ard and Terry F. Nicola,**

       **Plaintiff(s),**

vs.

**The Spa on Port Royal Sound Horizontal Property Regime, et al.,**

       **Defendants.**

BANKR. CASE NO.:25-01384-JD
ADV. PRO. NO.: 25−80061−JD

CHAPTER 7

**DECLARATION OF JACQUELINE E ARD AND TERRY F NICOLA**

## DECLARATION OF JACQUELINE E. ARD AND TERRY F. NICOLA
REGARDING STANDING AND TRUSTEE RELATIONSHIP (28 U.S.C. § 1746)

We, **Jacqueline Elizabeth Ard** and **Terry Frank Nicola**, declare as follows:

1. We are the Debtors in the above-captioned Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the District of South Carolina, Case No. 25-01384.
2. We are the Plaintiffs in this adversary proceeding.
3. This declaration is made in support of our standing to prosecute the Second Amended Adversary Complaint and to clarify our relationship with the Chapter 7 Trustee.
4. We understand and acknowledge that in a Chapter 7 case, the Chapter 7 Trustee is the representative of the bankruptcy estate under 11 U.S.C. § 323 and generally controls causes of action that belong to the estate.
5. We have structured and limited our Second Amended Adversary Complaint to comply with that principle.
6. Our claims under 11 U.S.C. § 362(k) for willful violations of the automatic stay are personal to us as individual debtors and do not belong to the bankruptcy estate. These

     claims seek damages for post-petition harassment, coercion, and interference with our protected rights.
7. The causes of action in the Second Amended Adversary Complaint relating to claim allowance (§ 502), lien extent (§ 506), and accounting accuracy are brought to protect and preserve property of the estate, to ensure that only lawful and accurate claims are paid from estate assets.
8. We are not asserting any trustee-only causes of action, including but not limited to avoidance actions under §§ 544, 547, 548, or 549, or any causes of action belonging exclusively to the estate.
9. We have provided notice of this adversary proceeding and its subject matter to the Chapter 7 Trustee.
10. We have expressly invited the Chapter 7 Trustee to participate, intervene, adopt, or prosecute any estate-protective portions of this action as the Trustee deems appropriate.
11. To date, the Chapter 7 Trustee has not objected to this adversary proceeding, has not asserted that we lack standing, and has not sought to take over prosecution of any claim.
12. We bring this adversary proceeding in good faith to enforce our personal statutory rights under § 362(k) and to protect the integrity and value of the bankruptcy estate through claim and lien determinations within the exclusive jurisdiction of the Bankruptcy Court.
13. We are not attempting to usurp the Trustee's authority or to prosecute estate-exclusive causes of action.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of January 2026.

**Respectfully submitted,**

_____  
**Jacqueline E. Ard, Debtor** *Pro Se*  
21215 Dartmouth Dr  
Southfield, MI 48076  
(313) 770-7051

_____  
**Terry F. Nicola, Co-Debtor** *Pro Se*  
21215 Dartmouth Dr  
Southfield, MI 48076  
email: jacquelineard72@gmail.com