UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>JACQUELINE ELIZABETH ARD and<br>TERRY FRANK NICOLA<br><br>Debtors. | Case No. 25-01384-jd<br><br>CHAPTER 7 |
| JACQUELINE E. ARD and<br>TERRY F. NICOLA<br><br>Plaintiffs<br><br>v.<br><br>THE SPA ON PORT ROYAL SOUND<br>HORIZONTAL PROPERTY REGIME, et<br>al.,<br><br>Defendants. | Adversary Proceeding No.<br>25-80061-jd |

### DEFENDANT FAUTUA'S OPPOSITION TO
### PLAINTIFFS' MOTION FOR LEAVE TO AMEND

NOW COMES licensed attorney Lucas S. Fautua ("Defendant Fautua"), a named defendant in this adversary proceeding, by and through counsel, and submits this opposition to Plaintiffs' Motion For Leave To File Second Amended Adversary Complaint ("Plaintiffs' Motion"). ECF No.33.

Plaintiffs' Motion should be denied because: 1) despite their claim of "curing" defects existing in their prior pleadings (their original Complaint[1], then their First Amended

---

[1] ECF No. 1

1

Complaint[2]), the core deficiencies against Defendant Fautua, denominated an "attorney defendant[ ]," remain in their "Second Amended Adversary Complaint" (the "Proposed Third Complaint"); (2) and, by expressly "narrow[ing] claims against attorney defendants to post-petition, non-advocative conduct," the Proposed Third Complaint suggests Defendant Fautua was in fact acting as an attorney, but somehow went rogue and acted without advocating for his firm's client…..at a time when he and other counsel were under the full jurisdiction, supervision and oversight of this Court. Finally, while leave to amend should be freely given, with clear, documented dates of the earlier bankruptcy petitions and no new facts, Plaintiffs' third bite at the "Apple" should be seen for the stall and diversionary tactic that it is, and accordingly be denied.

I. THE PROPOSED THIRD COMPLAINT HAS CORE DEFICIENCIES.

Plaintiffs identify Defendant Fautua as a party with the following statements: 1) "Fautua participated in post-petition enforcement activity and creditor communications despite notice of the bankruptcy;" and, (2) "Defendant Lucas S. Fautua, Esq. engaged in post-petition acts affecting enforcement against estate property." E.C.F. 33, pp. 10, 12. Defendant Fautua is listed as a defendant in two counts: "COUNT I – WILLFUL VIOLATION OF THE AUTOMATIC STAY" and "COUNT II – BANKRUPTCY ABUSE OF PROCESS." E.C.F. 33, pp. 10, 11.

Despite the prior mish-mash of allegations, the Proposed Third Complaint brings some clarity to the claims against Defendant Fautua, both of which, if they exist, arise from the alleged stay violation. But, despite narrowing their claims against Defendant Fautua to post-petition, non-advocative conduct, Plaintiffs still offer no evidence of or specific allegation as to what "acts affecting enforcement against estate property" were committed other than court records

---

[2] ECF No. 14

2

indicating Defendant Fautua's appearance in the current case on behalf of his client.[3] There was no stay in place when the alleged actions occurred. Plaintiffs' three bankruptcies (two of which were dismissed) had resulted in the effective forfeiture of the protections of the automatic stay, during which the creditor's legal action proceeded.

II.  BECAUSE OF ACTIONS OF PLAINTIFFS, THEIR TWO PRIOR BANKRUPTCY CASES WERE DISMISSED, RESULTING IN THERE BEING NO STAY WHEN THE FORECLOSURE HEARING WAS HELD.

Plaintiffs' first bankruptcy was filed in this district October 4, 2024 (24-03611-jd). That bankruptcy was "Dismissed for Failure to File Information" by Order Confirming Dismissal November 21, 2024. ECF No. 46. Debtors sought to reopen the case and in a 17-page order, the Bankruptcy Court entered its Order Denying Amended Motion to Reopen Dismissed Case. ECF No. 74.

Plaintiff's second bankruptcy petition was filed January 31, 2025 in the Eastern District of Michigan (25-40952-mlo). That bankruptcy also was "Dismissed for Failure to File Information." The Court's Notice of Dismissal reflects that "[o]n 3/3/25, an order dismissing the above entitled case was entered because the above-captioned individual debtor(s) failed to file the following papers. Accordingly, the automatic stay is lifted." ECF No. 64.

Plaintiffs' third bankruptcy, the instant case, was filed April 10, 2025 (25-01384-jd).

The Bankruptcy Code in section 362 addresses the effect of subsequent filings on the imposition of a stay:

> (4)(A)(i) [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within

---

[3] Plaintiffs were parties to the foreclosure action, yet offer no evidence of Defendant Fautua being involved in the action; he was not. Any post-petition conduct that he might have performed, if at all, was limited to his appearance for the purpose of filing of an Objection to Debtor's Motion to Impose the Automatic Stay filed on behalf of Spa at Port Royal Horizontal Property Regime (E.C.F. 42) and otherwise as a Defendant in Plaintiffs' complaints.

3

the previous year but were dismissed…..the stay under subsection (a) shall not go into effect upon the filing of the later case…"

Because of the multiple bankruptcy filings by Plaintiffs, when the third bankruptcy petition was filed, the debtors were not afforded the protection of the automatic stay by the clear language of §362(4)(A)(i). Hence, their claimed stay violations—the foundation of their causes of action against Defendant Fautua -_ fail, die and cannot be resurrected.

III. LEAVE TO AMEND TO FILE THE PROPOSED THIRD COMPLAINT SHOULD BE DENIED.

While *pro se* litigants can be excused from certain processes that are required of licensed counsel, a court is not required to reshape, redefine, or become the advocate of the litigants. In recognition of pro se litigants (now armed with artificial intelligence), certain courts set out rules to afford flexibility such that the ends of justice may be met.[4] For example, counsel for Defendant Fautua provided the required written notice to the pro see litigants of his pending Motion to Dismiss. ECF No. 21. But, here, the pro se Plaintiffs lack a defining element of their request to assert claims against Defendant Fautua -- the existence of a stay when he undertook proper procedural actions for his law firm's creditor-client.

Plaintiffs have reached the end of the road with their attempts to correct or clarify the legal and factual bases for their adversary proceeding against Defendant Fautua. There can be no amendment that could erase the dates of their voluntary bankruptcies, and as such there was no stay in place which could have been violated.

---

[4] See, Andrew Hammond, *The Federal Rules of Pro Se Procedure*, 90 The Fordham L. Rev. 2689 (2022).

## CONCLUSION

While the Bankruptcy Code allows debtors to bring actions for damages resulting from stay violations, there must be a stay violation to then determine whether such claims can be asserted. Again, there was no stay violation here. Plaintiffs' Motion for Leave to File a Second Amended Complaint should be denied.

*s/J. Ronald Jones, Jr.*
J. Ronald Jones, Jr. (Dist. Ct. ID 5874)
Smith Debnam Narron Drake Saintsing
& Myers, LLP
171 Church Street, Suite 120C (29401)
Post Office Box 22795
Charleston, SC 29413
Telephone: (843) 714-2533

*Attorneys for Defendant Lucas Fautua*

Charleston, South Carolina
February 3, 2026

## CERTIFICATE OF SERVICE

I, Janet Craig Jackson, Paralegal to J. Ronald Jones, Jr. do hereby certify that I served on the persons below a copy of Defendant Fautua's Motions to Dismiss in the above-referenced adversary proceeding either by CM/ECF electronic mail or by depositing same in the United States Mail with sufficient postage affixed and addressed as follows:

Jacqueline Elizabeth Ard
21215 Dartmouth Dr.
Southfield, MI 48076
*Plaintiff*

Terry Frank Nicola
21215 Dartmouth Dr.
Southfield, MI 48076
*Plaintiff*

Kevin Campbell
Via CM/ECF
*Chapter 7 Trustee*

US Trustee's Office
Via CM/ECF
*U.S. Trustee*

/s/ Janet Craig Jackson
Janet Craig Jackson, paralegal to
J. Ronald Jones, Jr., ID: 5874
Smith Debnam Narron Drake
Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Telephone: (843) 714-2535
rjones@smithdebnamlaw.com

*Attorneys for Defendant Lucas Fautua*

Charleston, South Carolina
February 3, 2026