UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Bankr. Case No. 25-01384-jd
Adv. Proc. No. 2:25-80061-jd

IN RE:

Jacqueline Ard and Terry F. Nicola

        Debtors

---

Jacqueline Ard and Terry F. Nicola

vs.

The Spa on Port Royal Sound Horizontal Property Regime; William B. Mullis; Henry Sanders; Keith Baker and John and Jane Doe Board Members of The Spa on Port Royal Sound Horizontal Property Regime, in their individual and representative capacities IMC Resort Services, Inc.; Christine M. Phillips; John and Jane Doe Employees and Agents of IMC Resort Services, in their individual and representative capacities; Scott Wild, Esq., in his individual and professional capacity; Jannine Mutterer, Special Referee for Beaufort County, in her individual and Official capacity; Jerri Ann Roseneau, Beaufort County Clerk of Court, in her individual and official capacity, Lucas Fautua, Esq., in his individual and professional capacity, Beaufort County, Beaufort County Treasurer's Office; and Beaufort County Assessor's Office; and any other persons or entities later identified as participants in the fraudulent scheme,

        Defendants.

---

1

**Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc.'s, et al. Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Adversary Complaint [ECF No. 33] and Defendants' Memorandum in Support of Motion to Dismiss Adversary Complaint**

Notice Pursuant to SC LBR 7012 -1 is printed on page 5 of this Memorandum

Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc., William B. Mullis, Henry Sanders, Keith Barker, (identified as Keith Baker) and John and Jane Doe Board Members of The Spa on Port Royal Sound Horizontal Property Regime, in their individual and representative capacities, IMC Resort Services, Inc., Christine M. Phillips, John and Jane Doe Employees and Agents of IMC Resort Services, in their individual and representative capacities (all referred to collectively herein as "Defendants" or "Spa on Port Royal Defendants"), by and through the undersigned counsel, object to Plaintiffs Jacqueline Ard's and Terry F. Nicola's ("Plaintiffs") Motion for Leave to File Second Amended Adversary Complaint. [ECF No. 33 Filed 01/05/2026] and request that the Court dismiss the Adversary Proceeding with prejudice as addressed in this memorandum.

Plaintiffs have moved to amend their Amended Complaint [ECF No. 14]. The Court set a deadline of fourteen days to file a written opposition. [ECF No. 57]. In the proposed Second Amended Complaint, [ECF No. 33, pgs. 9 – 24] Plaintiffs add and subtract causes of action from those pled in the Amended Complaint. The Amended Complaint has the following causes of action.

**Count I -** Willful Violation of the Automatic Stay; **Count II –** Bankruptcy Fraud; **Count III –** Fraud on the Court; **Count IV –** Fair Debt Collection Practices Act (15 U.S.C § 1692 et seq.) and South Carolina Consumer Protection Code Violations; **Count V –** Fair Housing Act and Americans with Disabilities Act Violations; **Count VI –** Civil Conspiracy; **Count VII–** Breach of Contract and Covenant of Good Faith

and Fair Dealing; **Count VIII–** Depravation of Due Process and Equal Protection; **Count IX–** Unlawful and Discriminatory Property Tax Assessments; **Count X–** Professional and Judicial Misconduct. Unlawful; and **Count XI–** Racketeer Influenced and Corrupt Organizations Act.

The proposed Second Amended Complaint has the following causes of action.

**Count I -** Willful Violation of the Automatic Stay; **Count II –** Bankruptcy Abuse of Process; **Count III –** Claim Allowance/Disallowance; **Count IV –** Lien Validity and Extent; **Count V –** Accounting and Ledger Accuracy; **Count VI –** Fair Debt Collection Practices Act (15 U.S.C § 1692 et seq.); **Count VII–** Fair Housing Act and Americans with Disabilities Act Violations; and **Count VIII–** Unlawful/Discriminatory Property Tax Enforcement.[1]

<u>Standard for Amendments to Pleading</u>

A plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading. Fed.R.Civ.P. 15(a).[2] "Once the defendant files a responsive pleading, however, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant, *id*., but Rule 15(a) directs that leave to amend 'shall be freely given when justice so requires.' This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities."[3] *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006). "[The Fourth Circuit has] interpreted Rule 15(a) to provide that "leave to amend a

---

[1] The **Count VIII** cause of action is not pled against The Spa on Port Royal Defendants.

[2] Fed. R. Civ. P. 15 applies in an adversary proceeding. Fed. R. Bankr. 7015.

[3] Defendants submit that the standing principle, and other grounds, are not a technicalities.

3

pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id., 438 F.3d at 430.* As will be addressed in the following, Defendants submit that the proposed Second Amended Complaint, and **Counts I-VIII** therein, is futile and is proposed in bad faith.

Introduction

Plaintiffs have previously filed bankruptcy petitions.

- *Jacqueline Elizabeth Ard (Case No. 97-56979-WSD) (Chapter 7) in the United States Bankruptcy Court for the Eastern District of Michigan.*

- *Jacqueline Elizabeth Ard (Case No. 11-55392-WSD) in the United States Bankruptcy Court for the Eastern District of Michigan.*

- *Case No.: 24-03611-jd; Date filed: 10/04/2024; date terminated 12/09/2024. (Dismissed for Failure to File).*

- *Case No. 25-40952-mlo; Date filed: 01/31/2025; (Chapter 13) United States Bankruptcy Court, Eastern District of Michigan. (Dismissed for Failure to File).*

- *Case No.: 25-01384-jd; Date filed: 04/10/2025; date converted 09/09/2025.*

For the cases filed in South Carolina, the Bankruptcy Court is aware of the past difficulties there have been in administering the cases and the number of filing deficiencies, motions, objections, failures to attend, orders, adversary proceedings and appeals filed by or because of Plaintiffs. Defendants believe that any decision by the Bankruptcy Court can be made in view of Plaintiffs' history in their cases because the purpose of, "the bankruptcy laws are intended to 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh . . .' *In re Kane,* 20 B.R. 700 (Bankr. S.C. 1982) (citing *Williams v. U.S. Fidelity & G. Co.*, 236 U.S. 549, at 554-555, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1914) ("It is the purpose of the bankrupt act to convert the assets of the bankrupt into cash for distribution among creditors, and then to relieve

4

the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.").

There is a legal principle that applies to each one of Defendants' Counts in this Adversary Proceeding that requires the dismissal of this Adversary Proceeding. The principle is standing, as raised by the Bankruptcy Court in its Order[4] and Defendants in their affirmative defenses[5], the Chapter 7 Trustee, and not the Plaintiffs, has standing to prosecute the matters in the case including to bring this Adversary Proceeding. Thus, in its Prayer, on page 11, *infra*, Defendants request that the Bankruptcy Court dismiss the Adversary Proceeding with prejudice.

Pursuant to SC LBR 7012-1, Defendants provide the following notice to the parties to the extent required at this point in the Adversary Proceeding.

NOTICE

A motion to dismiss is a request that one or more issues in a case be decided without holding a trial. Motions to dismiss are governed by Rule 12, Federal Rules of Civil Procedure. Your complaint, or the portions of your complaint that the motion seeks to dismiss, may be dismissed if the court finds that the complaint does not contain sufficient allegations to state a claim upon which the court can grant relief. If you wish to oppose the motion to dismiss, you must file with the court and serve on the other party a written response within the time period set forth in a notice that will be separately mailed to you by the Clerk of Court. If you file a written response, a hearing will be held at the location and time set forth in the notice from the Clerk of Court. If you fail to file a timely written response to the motion, the court will consider the motion unopposed and may grant the motion without holding a hearing. This will result in the termination of the proceeding, or some part thereof, in favor of the moving party.

The Bankruptcy Court has established the deadline for a reply. [ECF No. 57].

∗∗∗

---

[4]     [Case 25-80061-jd Doc 37 Filed 01/14/26, pg. 6 of 6].

[5]     [Case 25-80061-jd Doc 20 Filed 12/09/25, pg. 11 of 15] – Fourth and Fifth Affirmative Defenses.

Defendants will still address Plaintiffs' **Counts I-VIII** in their proposed Second Amended Complaint and oppose Plaintiffs' Motion for Leave to File Second Amended Adversary Complaint [ECF No. 33].

### Count I - Willful Violation of the Automatic Stay

The Plaintiffs contend that 11 U.S. Code § 362 (k) gives them a personal cause of action. Section 362(k) states the following:

> *(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.*
>
> *(2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.*

The relief in Section 362(k) presupposes that there is an automatic stay. There is not and there was not an automatic stay during this bankruptcy case. The Bankruptcy Court has previously ruled, "[t]he automatic stay imposed under 11 U.S.C. § 362(a) is confirmed to have not been effective upon the filing of this case and there is no stay in effect in this case…." [Case 25-01384-jd - ECF No. 57, pg. 12 of 12]. "To be clear, there is not a stay in place as to Debtors or their property and there has been no such stay during the pendency of this case." [Case 25-01384-jd - ECF No. 174, pg. 6 of 7]. "The Amended Complaint alleges violations of the automatic stay despite a clear record establishing that no stay is in place in this case." [Case 25-80061-jd - ECF No. 37, pg. 5 of 6]. Thus, as to **Count I**, Defendants submit that the amendment is futile and is proposed in bad faith.

### Count II – Bankruptcy Abuse of Process,

Plaintiffs cite 11 U.S.C. § 105 as a basis for relief. Section 105 states the following in part:

> *(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination*

6

*necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.*

"'Whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." *L. v. Siegel*, 571 U.S. 415, 421 (2014) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)). Plaintiffs allege, "10. "Defendants conduct sought to obtain bankruptcy-forbidden outcomes without seeking relief from the Bankruptcy Court." [Case 25-80061-jd - ECF No. 33, pg. 19 of 24]. The **Count II** cause of action is dependent on there being a violation of stay, which has been addressed already in response to **Count I**. As to **Count II**, Defendants submit that the amendment is futile and is proposed in bad faith.

### Count III – Claim Allowance/Disallowance

Plaintiffs previously objected to Defendant The Spa on Port Royal Sound HPR's Proof of Claim. [Case No. 25-01384-jd - ECF No. 132]. The Claim is No. 28-1, which was filed on June 20, 2025.[6] [Case No. 25-01384-jd - ECF No. 132, 10 pages]. Plaintiffs basically seek the same relief in this Adversary Proceeding that they did in their Objection to Claim. The Bankruptcy Court overruled Plaintiffs' Objection to Claim. [ECF No. 137, entered on 09/10/2025].

The Bankruptcy Court entered the following Order on the Objection to Proof of Claim.

> *This matter comes before the Court on Debtors' objection to the Proof of Claim filed by Port Royal Sound Horizontal Property Regime, Inc. ("Creditor") The pleading is liberally construed. It appears to seek two forms of relief. First, Debtors object to the claim of the Creditor. Second, Debtors appear to seek to avoid the Creditor's lien. The Debtors' pleading was filed prior to the conversion of this case to chapter 7. Now that this case has been converted, the chapter 7 trustee is the real party in interest to examine and object to proofs of claim pursuant to 11 USC 704(a)(5) and Debtors' objection does not indicate that any exception to this standard is applicable. Moreover,*

---

[6] **Proof of Claim**: The amount is $31,084.41 (secured) based on an Order for Judgment filed in Beaufort County Circuit Court entered on September 11, 2024. [Case 25-01384-jd Claim 28-1 Filed 06/20/25].

7

> *Debtors' objection is premised on this Court reviewing and overturning a state court order that forms the basis for the claim. Debtors allege that the state court order was obtained by fraud and procedural defects but Debtors must pursue these arguments on appeal through the state court. Rooker v. Fidelity Trust, 263 U.S. 413, 417 (1923) squarely prohibits this court from acting as a court of appeals for state court decisions. Further, Debtors allege that the Creditor's lien impairs their exemptions and should be avoided. When the pleading was filed, this type of relief should have been requested in a chapter 13 plan. It was not, Considering the relief now that Debtors are in a chapter 7 case, Debtors' prior testimony indicates that there is substantial equity in the property, beyond any lien. However, the Court need not engage in an analysis of the equity position because Debtors' exemptions have previously been denied and are thus not impaired. Accordingly, all relief requested in the pleading is denied.* **AND IT IS SO ORDERED.** *Signed by: Judge L. Jefferson Davis, IV, US Bankruptcy Court - District of South Carolina (related document(s)132). (Davis, L Jefferson) (Entered: 09/10/2025)*

[ECF No. 137, entered on 09/10/2025].

Defendants submit the following statements are some pertinent findings by the Bankruptcy Court above for this Adversary Proceeding: **1)** The chapter 7 trustee is the real party in interest to examine and object to proofs of claim pursuant to 11 USC 704(a)(5) and Debtors' objection does not indicate that any exception to this standard is applicable. **2)** the Court need not engage in an analysis of the equity position because Debtors' exemptions have previously been denied and are thus not impaired. **3)** Debtors allege that the state court order was obtained by fraud and procedural defects but Debtors must pursue these arguments on appeal through the state court. *Rooker v. Fidelity Trust*, 263 U.S. 413, 417 (1923) squarely prohibits this court from acting as a court of appeals for state court decisions.

As to **Count III**, Defendants submit that the amendment is futile and is proposed in bad faith.

### Count IV – Lien Validity and Extent

First, Defendants incorporate their responses to **Count III**. Second, the Court has previously sustained the Trustee's objections to Plaintiffs/Debtors' exemptions. [Case 25-01384-

jd, ECF No. 213, Entered 12/08/25]. The Trustee has also noticed the sale of real property including that which is subject to Defendants' judgment lien - 239 Beach City Road, Unit 3218, Hilton Head Island, SC. [Case 25-01384-jd Doc 234 Filed 01/14/26].

> *(D) The Trustee is informed and believes that there is no mortgage against this real property. The Trustee is informed and believes that the Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Spa"), is the horizontal property regime in charge of the Master Deed for The Spa on Port Royal Sound Horizontal Property Regime. Pursuant to the Order of the Special Referee filed on September 11, 2024, as of September 10, 2024 the amount of $31,084.41 consisting of $26,675.52 in dues and $4,408.89 in attorney fees. Pursuant to the Proof of Claim (Claim 28-1) Spa asserts that $31,084.41 was due and owing as of the petition date. The Trustee believes that there may be additional post-petition fees, dues or costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved through consent or Order of this Court.*

(Case 25-01384-jd Doc 234 Filed 01/14/26 pg. 4 of 6).

In chapter 7 cases, "the trustee becomes the estate's 'proper party in interest.'" *Matter of Richman*, 104 F.3d 654, 657 (4th Cir. 1997) (quoting *In re Eisen*, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994)). Defendants submit that Plaintiffs simply lack standing as to **Count IV**, *and* their other Counts, as well. *See, Richman, Matter of*, 104 F.3d 654, 658 ("As a general matter, in a Chapter 7 proceeding, the trustee alone has standing to raise issues before the bankruptcy court and to prosecute appeals.").[7] As to **Count IV,** Defendants submit that the amendment is futile and is proposed in bad faith.

---

[7]    Thus, Defendants requests in their Prayer that this Adversary Proceeding be dismissed with prejudice consistent with the Bankruptcy Court order that "Debtors must appear and show cause why the adversary proceeding should not be dismissed in whole or in part pursuant to Fed. R. Civ. P. 17(a)." [Case 25-80061-jd ECF No. 37 Filed 01/14/26].

**Count V – Accounting and Ledger Accuracy**

**Count V** addresses the accuracy of the amounts set forth in the Defendants' Proof of Claim. Plaintiffs' objections to the Proof of Claim have been addressed in **Count III.** As to **Count V**, Defendants submit that the amendment is futile and is proposed in bad faith.

**Count VI – Fair Debt Collection Practices Act (15 U.S.C § 1692 et seq.)**

As the extracted part of Plaintiffs' Objection to Claim below shows, Plaintiffs have already attempted to litigate the cause of action in **Count VI**. The Bankruptcy Court denied all relief requested in the pleading. [ECF No. 137, entered on 09/10/2025].

> **D. Judgment was obtained through Fraud on the Court and Judicial Impropriety: Fraudulent Debt Collection Practices (FDCPA Violations)**
>
> The Association has violated the Fair Debt Collection Practices Act (15 U.S.C. §§ 807–809) by:
>
> 1. Misrepresenting the character, amount, and legal status of the debt.
> 2. Threatening actions that cannot legally be taken.
> 3. Collecting fees not expressly authorized by the underlying agreement or law.
> 4. Failing to provide proper validation notices.
>
> Because the judgment was obtained by committing Fraud on the Court the claim violates Federal laws and is unenforceable and must be disallowed under 11 U.S.C. § 502(b).

[Case 25-01384-jd Doc 132 Filed 09/09/25, pg. 6 of 10]

As to **Count VI**, Defendants submit that the amendment is futile and is proposed in bad faith.

10

\*\*\*

**Count VII– Fair Housing Act and Americans with Disabilities Act Violations**

As the extracted part of Plaintiffs' Objection to Claim shows, Plaintiffs have already attempted to litigate the cause of action in **Count VII**. The Bankruptcy Court denied all relief requested in the pleading. [ECF No. 137, entered on 09/10/2025].

> Creditor failed to apply the full credit to Debtors account and assessed an unauthorized animal fee of $400.00 to the Debtors account that following month (June of 2021). After disputing the charge, the Debtors continued to make timely monthly assessment payments but the Creditor refused to remove the charge and continued to assess Debtors account with additional unauthorized charges, late fees, fines, and attorney fees stemming from the unauthorized $400.00 animal fee that had been assessed although Debtors have a registered service animal under the Americans with Disabilities Act (ADA).

[Case 25-01384-jd Doc 132 Filed 09/09/25, pg. 4 of 10]

As to **Count VII**, Defendants submit that the amendment is futile and is proposed in bad faith.

\*\*\*

WHEREFORE, Defendants pray that the Court grant the following relief: 1) Deny the Plaintiffs' Motion to Amend the Amended Complaint; 2) Dismiss the Adversary Proceeding with prejudice; and 3) Grant such other relief in favor of Defendants as the Court may deem just and appropriate.

*Bankr. Case No. 25-01384-jd*
*Adv. Proc. No. 25-80061-jd*
*Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc.'s, et al. Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Adversary Complaint [ECF No. 33] and Defendants' Memorandum in Support of Motion to Dismiss Adversary Complaint.*

    Respectfully submitted,

*s/John L. McCants*
John L. McCants, SC Bar No. 10423
Fed. I.D. 4870
**BAKER, RAVENEL & BENDER, LLP**
3710 Landmark Drive, Suite 109
Post Office Box 8057
Columbia, South Carolina 29202
Tele: (803) 343-3866
Email: jmccants@brblegal.com
*Attorneys for the Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc., William B. Mullis, Henry Sanders, Keith Barker, (identified as Keith Baker) and John and Jane Doe Board Members of The Spa on Port Royal Sound Horizontal Property Regime, in their individual and representative capacities, IMC Resort Services, Inc., Christine M. Phillips, John and Jane Doe Employees and Agents of IMC Resort Services, in their individual and representative capacities.*

February 4, 2026

**PROOF OF SERVICE**

The undersigned hereby certifies that he served on this 4th day of February 2025, the following document, by ECF, e-mail and/or US Mail addressed to the following parties of record at the following addresses:

**Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc.'s, et al. Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Adversary Complaint [ECF No. 33] and Defendants' Memorandum in Support of Motion to Dismiss Adversary Complaint.**

Jacqueline Elizabeth Ard, Plaintiff
2121 Dartmouth Dr
Southfield, MI 48076-5634
Vis U.S. Mail and via e-mail: jacquelineard72@gmail.com

Terry Frank Nicola, Plaintiff
2121 Darthmouth
Southfield, MI 48076
Via U.S. Mail and via e-mail: jacquelineard72@gmail.com

J. Ronald Jones, Jr.
Smith Debnam Narron Drake Saintsing & My
171 Church Street
Suite 120c
Charleston, SC 29401
Attorney for Lucas S Fautua
*Via ECF*

David W. Overstreet
Earhart Overstreet LLC
PO Box 22528
Charleston, SC 29413
Attorney for Jannine Mutterer, Esq.
*Via ECF*

Christy Scott
Law Office of Christy Scott
Pobox 1515
Walterboro, SC 29488
843-782-4539
Attorney for Beaufort County, Beaufort County Assessor's Office
Beaufort County Treasurer's Office, Jerri Ann Roseneau
and Robert J. Bonds, Jr., Esq.

13

*Via ECF*

Scott M Wild
Law Office of Scott M. Wild, LLC
P.O. Box 6867
Hilton Head Island, SC 29938
843-785-9453
Attorney for Scott M. Wild, Esq.
*Via ECF*

Kevin Campbell, Trustee
PO Box 684
Mount Pleasant, SC 29465
*Via ECF*

<u>*s/John L. McCants*</u>
John L. McCants, SC Bar No. 10423
Fed. I.D. 4870
**BAKER, RAVENEL & BENDER, LLP**
3710 Landmark Drive, Suite 109
Post Office Box 8057
Columbia, South Carolina 29202
Tele: (803) 343-3866
Email: jmccants@brblegal.com
*Attorneys for the Defendants The Spa on Port Royal Sound Horizontal Property Regime, Inc., William B. Mullis, Henry Sanders, Keith Barker, (identified as Keith Baker) and John and Jane Doe Board Members of The Spa on Port Royal Sound Horizontal Property Regime, in their individual and representative capacities, IMC Resort Services, Inc., Christine M. Phillips, John and Jane Doe Employees and Agents of IMC Resort Services, in their individual and representative capacities.*