## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>JACQUELINE ELIZABETH ARD and<br>TERRY FRANK NICOLA<br><br>  Debtors.<br><br>JACQUELINE E. ARD and<br>TERRY F. NICOLA<br><br>  Plaintiffs<br><br>v.<br><br>THE SPA ON PORT ROYAL SOUND<br>HORIZONTAL PROPERTY REGIME, et al.,<br><br>  Defendants. | Case No.  25-01384-jd<br><br>CHAPTER 7<br><br><br><br>Adversary Proceeding No.<br>25-80061-jd |

### DEFENDANT WILD'S OPPOSITION TO
### PLAINTIFFS' MOTION FOR LEAVE TO AMEND

NOW COMES licensed attorney Scott M. Wild ("Defendant Wild"), a named defendant in this adversary proceeding, pro se, and submits this opposition to Plaintiffs' Motion For Leave to File Second Amended Adversary Complaint ("Plaintiffs' Motion").  ECF No.33.

Plaintiffs' Motion should be denied because their original Complaint[1], then their First Amended Complaint[2], retains most of the deficiencies that ailed it previously as follows:

---

[1] ECF No. 1
[2] ECF No. 14

1

I. THE PROPOSED THIRD COMPLAINT HAS CORE DEFICIENCIES.

Plaintiffs identify Defendant Wild as a party for doing his job enforcing a debt and judgment. Defendant Wild is listed as a defendant in multiple counts: "COUNT I – WILLFUL VIOLATION OF THE AUTOMATIC STAY"; "COUNT II – BANKRUPTCY ABUSE OF PROCESS; "COUNT IV – LIEN VALIDITY AND EXTENT"; "COUNT VI – FAIR DEBT COLLECTION PRACTICES ACT"; and E.C.F. 33, pp. 10, 12, 15, 18, 20-24.

Despite narrowing their claims against Defendant Wild, Plaintiffs still offer no evidence of or specific allegation as to any wrongful act or something other than merely performing his job and practicing law. There was no stay in place when the alleged actions occurred. Plaintiffs' three bankruptcies (two of which were dismissed) had resulted in the effective forfeiture of the protections of the automatic stay, during which the creditor's legal action proceeded.

II. BECAUSE OF ACTIONS OF PLAINTIFFS, THEIR TWO PRIOR BANKRUPTCY CASES WERE DISMISSED, RESULTING IN THERE BEING NO STAY WHEN THE FORECLOSURE HEARING WAS HELD.

Plaintiffs' first bankruptcy was filed in this district October 4, 2024 (24-03611-jd). That bankruptcy was "Dismissed for Failure to File Information" by Order Confirming Dismissal November 21, 2024. ECF No. 46. Debtors sought to reopen the case and in a 17-page order, the Bankruptcy Court entered its Order Denying Amended Motion to Reopen Dismissed Case. ECF No. 74.

Plaintiff's second bankruptcy petition was filed January 31, 2025, in the Eastern District of Michigan (25-40952-mlo). That bankruptcy also was "Dismissed for Failure to File Information." The Court's Notice of Dismissal reflects that "[o]n 3/3/25, an order dismissing the above entitled case was entered because the above-captioned individual debtor(s) failed to file the following papers. Accordingly, the automatic stay is lifted." ECF No. 64.

Plaintiffs' third bankruptcy, the instant case, was filed April 10, 2025 (25-01384-jd).

The Bankruptcy Code in section 362 addresses the effect of subsequent filings on the imposition of a stay:

> (4)(A)(i) [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed…..the stay under subsection (a) shall not go into effect upon the filing of the later case…"

Because of the multiple bankruptcy filings by Plaintiffs, when the third bankruptcy petition was filed, the debtors were not afforded the protection of the automatic stay by the clear language of §362(4)(A)(i).   Hence, their claimed stay violations—the foundation of their causes of action against Defendant Wild -_ fail, die and cannot be resurrected.

III.    LEAVE TO AMEND TO FILE THE PROPOSED THIRD COMPLAINT SHOULD BE DENIED.

While *pro se* litigants can be excused from certain processes that are required of licensed counsel, a court is not required to reshape, redefine, or become the advocate of the litigants.  In recognition of pro se litigants (now armed with artificial intelligence), certain courts set out rules to afford flexibility such that the ends of justice may be met.[3]  For example, counsel for Defendant Wild provided the required written notice to the pro see litigants of his pending Motion to Dismiss. ECF No. 30.   But, here, the pro se Plaintiffs lack a defining element of their request to assert claims against Defendant Wild -- the existence of a stay when he undertook proper procedural actions for his law firm's creditor-client.

Plaintiffs have reached the end of the road with their attempts to correct or clarify the legal and factual bases for their adversary proceeding against Defendant Wild.  There can be no amendment that could erase the dates of their voluntary bankruptcies, and as such there was no

---

[3] See, Andrew Hammond, *The Federal Rules of Pro Se Procedure*, 90 The Fordham L. Rev. 2689 (2022).

stay in place which could have been violated. Further, no act has been alleged as to any collection act other than attempting to collect – they lack specificity or particularity and should be dismissed.

## CONCLUSION

While the Bankruptcy Code allows debtors to bring actions for damages resulting from stay violations, there must be a stay violation to then determine whether such claims can be asserted. Again, there was no stay violation here. They have failed to allege particular acts and Plaintiffs' Motion for Leave to File a Second Amended Complaint should be denied.

*s/Scott M. Wild*
Scott M. Wild (Dist. Ct. ID 10229)
Law Office of Scott M. Wild, LLC
37 New Orleans Road, Ste. F (29928)
Post Office Box 6867
Hilton Head Island, SC 29938
Telephone: (843) 785-9453
*Pro Se Defendant*

Charleston, South Carolina
February 4, 2026

4

## CERTIFICATE OF SERVICE

I, Tracy L. Thornton, Legal Assistant to Scott M. Wild, does hereby certify that I served on the persons below a copy of Defendant Wild's Opposition to Plaintiffs' Motion to for Leave to Amend the above-referenced adversary proceeding either by CM/ECF electronic mail or by depositing same in the United States Mail with sufficient postage affixed and addressed as follows:

Jacqueline Elizabeth Ard
21215 Dartmouth Dr.
Southfield, MI 48076
*Plaintiff*

Kevin Campbell
Via CM/ECF
*Chapter 7 Trustee*

Terry Frank Nicola
21215 Dartmouth Dr.
Southfield, MI 48076
*Plaintiff*

US Trustee's Office
Via CM/ECF
*U.S. Trustee*

/s/ Tracy L. Thornton
Tracy L. Thornton, legal assistant to
Scott M. Wild, ID: 10229
Law Office of Scott M. Wild, LLC
37 New Orleans Road, Ste. F (29928)
Post Office Box 6867
Hilton Head Island, SC 29938
*Pro Se Defendant*

Charleston, South Carolina
February 4, 2026