Filed By The Court

2/8/2026 9:18 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**Jacqueline Ard and<br>Terry F. Nicola,**<br><br>  Debtor(s) | ) CASE NO.:25-01384-JD<br>) ADV. PRO. NO.: 25−80061−JD<br>)<br>)<br>) CHAPTER 7<br>) |
| **Jacqueline Ard and<br>Terry F. Nicola,**<br><br>  Plaintiff(s),<br><br>vs.<br><br>**The Spa on Port Royal Sound Horizontal<br>Property Regime, et al.,**<br><br>  Defendants. | )<br>)<br>)<br>) **PLAINTIFFS' CONSOLIDATED<br>REPLY IN SUPPORT OF MOTION<br>FOR LEAVE TO FILE SECOND<br>AMENDED ADVERSARY<br>COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED ADVERSARY COMPLAINT
*(Fed. R. Civ. P. 15(a)(2); Fed. R. Bankr. P. 7015)*

## I. INTRODUCTION

Defendants' oppositions to Plaintiffs' Motion for Leave to File a Second Amended Adversary Complaint ("SAC") attempt to convert a Rule 15(a)(2) procedural inquiry into premature merits adjudication. That is not the governing standard.

Under controlling Fourth Circuit authority, leave to amend must be freely granted unless the opposing party demonstrates **prejudice, bad faith, or futility**, and **futility exists only where the proposed amendment could not survive *any* Rule 12 motion**. *Laber v. Harvey*, 438 F.3d 404, 426–30 (4th Cir. 2006); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

Defendants have not met—and cannot meet—that heavy burden. Their objections rest on disputed legal defenses (standing, stay applicability, Rooker-Feldman, immunity), all of which are **improper bases to deny leave to amend** and are more appropriately addressed, if at all, at the Rule 12 stage after the operative pleading is settled.

Accordingly, leave should be granted.

## II. GOVERNING RULE 15 STANDARD (FOURTH CIRCUIT)

Rule 15(a)(2) embodies a strong federal policy favoring amendment. The Fourth Circuit has repeatedly held:

"Leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."
*Laber v. Harvey*, 438 F.3d at 426 (en banc).

"Futility" means only that the amended pleading would fail as a matter of law under any plausible Rule 12 theory—not that defendants have raised defenses they believe will ultimately prevail. *Johnson*, 785 F.2d at 509.

Here:

- No discovery has occurred;
- No scheduling order is in place;
- The SAC narrows claims and defendants;
- The SAC clarifies jurisdiction, standing, and bankruptcy nexus; and
- Defendants identify no concrete prejudice.

Rule 15 therefore strongly favors amendment.

## III. THE "NO AUTOMATIC STAY = AUTOMATIC DEFEAT" ARGUMENT FAILS

Defendants' primary contention—that the absence of an automatic stay under § 362(c)(4) defeats the entire SAC—is legally incorrect and procedurally irrelevant at the Rule 15 stage.

## A. Count I (§ 362(k)) Is Pleaded in the Alternative

The SAC expressly pleads Count I in the alternative, consistent with Fed. R. Civ. P. 8(d). Alternative pleading is not only permitted—it is encouraged where factual or legal issues are disputed.

Moreover, willfulness does not require legal correctness, only knowledge of the bankruptcy filing and intentional conduct. *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 482–83 (4th Cir. 2015).

## B. Counts II–V Do NOT Depend on an Effective Automatic Stay

Even if the Court ultimately concludes that § 362(c)(4) prevented the stay from arising, the SAC still states independent, non-stay claims, including:

- **Bankruptcy abuse of process** (§ 105(a));
- **Claim allowance / disallowance** (§ 502);
- **Lien extent and secured status** (§ 506);
- **Accounting and ledger accuracy** (core bankruptcy functions).

These claims arise from post-petition conduct affecting estate administration, not from the existence of a stay. The Fourth Circuit recognizes that bankruptcy-based injuries may exist independent of stay violations. *In re Kirkland*, 600 F.3d 310, 316–17 (4th Cir. 2010).

## C. Independent Federal Injury Is Actionable

The SAC alleges federal injuries independent of any state-court judgment, which is precisely what *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), permits.

Accordingly, the "no stay" argument does not render the SAC futile.

## IV. DEFENDANTS MISSTATE THE LAW OF STANDING

Defendants' repeated assertion that only the Chapter 7 Trustee has standing is an overreach that collapses under basic statutory analysis.

## A. Personal Debtor Standing Is Settled Law

Claims under **§ 362(k)** belong to the injured debtor personally—not the trustee. *Houck*, 791 F.3d at 482; *In re Snowden*, 769 F.3d 651, 656 (9th Cir. 2014); *In re Grady*, 618 B.R. 888, 892 (Bankr. E.D. Va. 2020).

The trustee has no exclusive standing over § 362(k) claims.

## B. Estate-Protective Claims Are Properly Pleaded

Plaintiffs are not prosecuting trustee-only causes of action. They invoke the Court's adjudicatory authority to determine:

- Allowance of claims (§ 502);
- Extent and secured status of liens (§ 506);
- Accuracy of ledgers impacting estate administration.

These are core bankruptcy functions, not attempts to usurp the trustee's role. *Katchen v. Landy*, 382 U.S. 323, 329–30 (1966).

Critically:

- The Trustee has been notified;
- The Trustee has not objected;
- The Trustee's sale notice expressly contemplates lien disputes (Case No. 25-01384-jd, Doc. 234).

At a minimum, this defeats dismissal under Rule 17(a) at the pleading stage.

## V. ROOKER-FELDMAN AND RES JUDICATA DO NOT BAR THE SAC

Defendants repeatedly mischaracterize the SAC as a collateral attack on state-court judgments. It is not.

Plaintiffs do not seek to overturn:

- Any foreclosure decree;
- Any default judgment;
- Any state-court order.

Instead, Plaintiffs seek bankruptcy consequences only:

- Claim allowance ≠ appeal;
- Lien valuation ≠ vacatur;
- Accounting accuracy ≠ reversal.

The Fourth Circuit has squarely held that bankruptcy courts may determine federal consequences of state judgments without violating Rooker-Feldman. *In re Heckert*, 272 F.3d 253, 258–59 (4th Cir. 2001).

## VI. DEFENDANT-SPECIFIC RESPONSES (BRIEF)

### A. Spa / IMC Defendants

Their arguments conflate claim allowance with appellate review. The SAC expressly disclaims vacatur and seeks only bankruptcy-law determinations.

### B. Defendant Fautua

The SAC alleges post-petition, non-advocative conduct, which is actionable under *Houck*. Whether those allegations are ultimately proven is a merits issue—not Rule 15 futility.

### C. Defendant Wild

FDCPA claims are limited to conduct outside traditional advocacy, consistent with Fourth Circuit precedent. Amendment narrows, rather than expands, exposure.

### D. Defendant Mutterer

The SAC pleads only administrative or non-judicial acts, not merits adjudication. Absolute immunity defenses are fact-dependent and cannot support denial of leave to amend.

## VII. NO PREJUDICE, NO BAD FAITH

Defendants identify no concrete prejudice. The SAC:

- Reduces causes of action;
- Clarifies jurisdiction and standing;
- Narrows defendants and theories;
- Was filed before discovery.

Amendment is sought to streamline, not delay, the case. That is the opposite of bad faith.

## VIII. CONCLUSION

Defendants' oppositions do not satisfy the stringent Fourth Circuit standard required to deny leave to amend. Disputed defenses do not equal futility, and Rule 15 requires that cases be resolved on their merits, not foreclosed at the pleading stage.

**WHEREFORE,** Plaintiffs respectfully request that the Court grant their Motion for Leave to File the Second Amended Adversary Complaint.

**Respectfully submitted,**

_____          2-8-2026
**Jacqueline E. Ard, Debtor** *Pro Se*          **Dated**
Mailing Address:
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email: jacquelineard72@gmail.com

_____          2-8-2026
**Terry F. Nicola, Co-Debtor** *Pro Se*          **Dated**
Mailing Address:
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email: jacquelineard72@gmail.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| | **CASE NO.: 25-01384-JD**<br>**ADV PRO NO: 25-80061** |
| **IN RE:** | |
| **Jacqueline Ard and**<br>**Terry F. Nicola,** | **APPENDIX A** |
| **Debtor(s)** | |

# APPENDIX A

## GOVERNING LEGAL STANDARD — FED. R. CIV. P. 15(a)(2)
*(Made Applicable by Fed. R. Bankr. P. 7015)*

### I. Presumption in Favor of Amendment

Federal Rule of Civil Procedure 15(a)(2) provides that a court **"should freely give leave [to amend] when justice so requires."** This rule embodies a strong federal policy favoring resolution of cases on the merits rather than on technical pleading defects.

The Fourth Circuit applies Rule 15(a)(2) **liberally** and has held that denial of leave is appropriate only in narrow circumstances.
**Laber v. Harvey**, 438 F.3d 404, 426–30 (4th Cir. 2006) (en banc).

### II. Limited Grounds for Denial

Under controlling Fourth Circuit law, leave to amend may be denied **only** where the opposing party establishes one of the following:

1. **Prejudice** to the opposing party;
2. **Bad faith** by the moving party; or

3. **Futility** of the proposed amendment.

**Johnson v. Oroweat Foods Co.**, 785 F.2d 503, 509 (4th Cir. 1986);
**Edwards v. City of Goldsboro**, 178 F.3d 231, 242 (4th Cir. 1999).

The burden of establishing these factors rests with the party opposing amendment.

## III. Futility Standard (Narrow and Demanding)

"Futility" under Rule 15 means **only** that the proposed amended pleading **could not survive any Rule 12(b)(6) motion as a matter of law.**

Disputed legal defenses, factual disagreements, or anticipated dispositive motions do not constitute futility at the amendment stage.

**Laber**, 438 F.3d at 426;

**U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.**, 525 F.3d 370, 376 (4th Cir. 2008).

Courts may not resolve contested issues of law or fact when assessing futility.

## IV. Alternative Pleading Is Expressly Permitted

Federal Rule of Civil Procedure 8(d) allows claims to be pleaded in the alternative, even if the theories are inconsistent. Pleading in the alternative does not constitute bad faith or futility.

**Fed. R. Civ. P. 8(d)(2)–(3);**

**Houck v. Substitute Tr. Servs., Inc.**, 791 F.3d 473, 482–83 (4th Cir. 2015).

## V. Bankruptcy Context — Rule 15 Applied with Particular Flexibility

Rule 15 applies in adversary proceedings through Fed. R. Bankr. P. 7015, and courts routinely recognize that amendment is especially appropriate in bankruptcy litigation, where:

• jurisdictional and standing issues are complex;
• pleadings are refined as the bankruptcy posture evolves; and
• adjudicatory clarity promotes efficient estate administration.

**In re Bogdan**, 414 F.3d 507, 512 (4th Cir. 2005);
**In re Kirkland**, 600 F.3d 310, 316–17 (4th Cir. 2010).

## VI. Rule 15 Inquiry Is Procedural, Not Merits-Based

At the Rule 15 stage, the Court does not decide:

• whether claims will ultimately succeed;
• whether defenses will prevail; or
• whether summary judgment or dismissal may later be appropriate.

The sole inquiry is whether the amendment is procedurally proper under Rule 15(a)(2).

**Foman v. Davis**, 371 U.S. 178, 182 (1962).

## VII. Summary Principle for Chambers

**Absent demonstrated prejudice, bad faith, or legal impossibility, leave to amend must be granted.**

Disputed defenses, contested jurisdictional theories, or anticipated Rule 12 arguments are not grounds to deny amendment.

**Respectfully submitted,**

**Jacqueline E. Ard, Debtor *Pro Se***
Mailing Address:
2121 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email:jacquelineard72@gmail.com

2-8-2026
**Dated**

**Terry F. Nicola, Co-Debtor *Pro Se***
Mailing Address:
2121 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email:jacquelineard72@gmail.com

2-8-2026
**Dated**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| **IN RE:**<br><br>**Jacqueline Ard and**<br>**Terry F. Nicola,**<br>　　　　　　**Debtor(s)** | **CASE NO.: 25-01384-JD**<br>**ADV PRO NO: 25-80061**<br><br><br>**APPENDIX B** |

## APPENDIX B (Rule 15(a)(2) Bench Chart – For Chambers' Convenience)

### RULE 15(a)(2): CONTROLLING STANDARD VS. DEFENDANTS' ARGUMENTS

| Rule 15(a)(2) – Controlling Fourth Circuit Law | Defendants' Arguments & Why They Do Not Bar Amendment |
|---|---|
| **Leave to amend must be "freely given when justice so requires."** Fed. R. Civ. P. 15(a)(2); Fed. R. Bankr. P. 7015. | Defendants seek dismissal **with prejudice at the amendment stage**, contrary to Rule 15's liberal standard. |
| **Amendment may be denied only for:** (1) prejudice, (2) bad faith, or (3) futility. | Defendants rely almost exclusively on **merits defenses** (standing, stay applicability, immunity), not Rule 15 factors. |
| **Laber v. Harvey, 438 F.3d 404, 426–30 (4th Cir. 2006).** Leave denied only if one of the three factors is clearly present. | No Defendant demonstrates concrete prejudice, bad faith, or that the SAC could not survive *any* Rule 12 motion. |
| **Johnson v. Oroweat Foods, 785 F.2d 503, 509 (4th Cir. 1986).** Futility exists only where amendment is "clearly insufficient or frivolous." | Defendants' arguments depend on disputed legal conclusions and factual determinations—**not clear futility**. |
| **Futility = inability to survive a Rule 12(b)(6) motion under any legal theory.** | Defendants improperly convert Rule 15 into an early summary-judgment or merits ruling. |
| **Disputed legal defenses ≠ futility at Rule 15 stage.** | Standing, immunity, stay applicability, and Rooker–Feldman are **threshold defenses**, not |

| Rule 15(a)(2) – Controlling Fourth Circuit Law | Defendants' Arguments & Why They Do Not Bar Amendment |
|---|---|
| | amendment bars. |
| **Even weak claims may be amended unless clearly barred as a matter of law.** | Defendants argue Plaintiffs will "ultimately lose," which is **not the Rule 15 test**. |

## AUTOMATIC STAY ARGUMENT – SCOPE OF AMENDMENT

| Rule 15 / Pleading Law | Defendants' "No Stay" Argument |
|---|---|
| **Alternative pleading is expressly permitted.** Fed. R. Civ. P. 8(d). | Defendants argue that absence of a stay defeats the entire SAC. |
| **Counts II–V do not depend on an effective automatic stay.** | Even if § 362(c)(4) applied, non-stay claims remain viable. |
| **Houck v. Substitute Trustee Servs., Inc., 791 F.3d 473 (4th Cir. 2015).** Willfulness focuses on intent to act, not legal correctness. | Defendants conflate merits of Count I with independent bankruptcy causes of action. |
| **In re Kirkland, 600 F.3d 310 (4th Cir. 2010).** | Bankruptcy misuse and claim-administration claims are not extinguished by stay disputes. |

## STANDING / RULE 17 ARGUMENTS

| Governing Law | Defendants' Position & Defect |
|---|---|
| **§ 362(k) claims belong to debtors personally.** | Defendants incorrectly argue trustee exclusivity. |
| **Claim allowance (§ 502) and lien extent (§ 506) are adjudicatory functions, not estate causes of action.** | Plaintiffs are not asserting trustee-only ownership claims. |
| **Rule 17 defects are curable and disfavored at pleading stage.** | Trustee has notice, has not objected, and contemplates lien disputes (Sale Notice, Doc. 234). |
| **Dismissal with prejudice is improper where cure is possible.** | Rule 15 favors amendment, not termination. |

## ROOKER–FELDMAN / PRECLUSION ARGUMENTS

| Controlling Authority | Defendants' Mischaracterization |
| --- | --- |
| **Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).** | Plaintiffs do not seek appellate review of state judgments. |
| **Katchen v. Landy, 382 U.S. 323 (1966).** | Claim allowance and lien enforcement are core bankruptcy functions. |
| **In re Heckert, 272 F.3d 253 (4th Cir. 2001).** | Bankruptcy consequences ≠ state-court reversal. |
| **Federal injury independent of state judgment is actionable.** | Defendants collapse bankruptcy adjudication into forbidden appeal. |

## SUMMARY FOR CHAMBERS

- Defendants' objections **address merits**, not Rule 15 standards
- No showing of **prejudice**, **bad faith**, or **clear futility**
- SAC narrows claims, cures defects, and clarifies jurisdiction
- Rule 15 strongly favors allowing amendment

**Submitted for the Court's convenience.**

**No new evidence or factual assertions are presented herein.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

**CASE NO.: 25-01384-JD**
**ADV PRO NO: 25-80061**

IN RE:

Jacqueline Ard and
Terry F. Nicola,

          **Debtor(s)**

# APPENDIX C

## APPENDIX C (Rule 15(a)(2) Bench Chart – Tailored to ECF No. 57)

## RULE 15(a)(2): CONTROLLING STANDARD VS. DEFENDANTS' ARGUMENTS

### A. The Standard the Court Has Already Adopted

| Court's Rule 15 Framework (ECF No. 57) | Application to the SAC (ECF No. 33, Ex. A) |
|---|---|
| "Once the time prescribed under Rule 15(a) has expired, a party may amend only with leave of court." | Plaintiffs properly sought leave under Rule 15(a)(2). (ECF No. 33) |
| "The Court should freely give leave when justice so requires." | SAC narrows claims, cures defects, and clarifies jurisdiction, standing, and bankruptcy nexus. |
| Defendants are given time to oppose; Plaintiffs may reply; Court decides after motion is ripe. | This Appendix addresses only whether **leave should be granted**, not ultimate merits. |

### B. Fourth Circuit Rule 15 Authority (Controlling)

| Controlling Law | Why Defendants' Arguments Do Not Bar Amendment |
|---|---|
| **Laber v. Harvey**, 438 F.3d 404, 426–30 (4th Cir. 2006). | Leave denied only for **prejudice, bad faith, or futility**. |

| **Controlling Law** | **Why Defendants' Arguments Do Not Bar Amendment** |
|---|---|
| **Johnson v. Oroweat Foods**, 785 F.2d 503, 509 (4th Cir. 1986). | Futility exists only if amendment is "clearly insufficient or frivolous." |
| Futility = could not survive *any* Rule 12 motion. | Defendants rely on disputed defenses already contested in the case (standing, stay, immunity). |
| Merits disputes ≠ Rule 15 futility. | Defendants seek dismissal with prejudice at amendment stage. |

## II. "NO STAY" ARGUMENT — LIMITED SCOPE AT RULE 15 STAGE

| **What the SAC Pleads (ECF No. 33)** | **Why Defendants' Argument Fails Under Rule 15** |
|---|---|
| Count I (§ 362(k)) is **expressly pled in the alternative.** (ECF No. 33 ¶¶ 4–7; Count I) | Alternative pleading is permitted. Fed. R. Civ. P. 8(d). |
| Counts II–V do **not** depend on an effective automatic stay. (ECF No. 33 Counts II–V) | Even if § 362(c)(4) applies, non-stay claims remain viable. |
| SAC pleads independent bankruptcy injuries and consequences. (ECF No. 33 ¶¶ 4–7, 37–39) | Rule 15 does not require the Court to resolve stay applicability now. |
| Willfulness focuses on intent to act, not legal correctness. | **Houck v. Substitute Trustee Servs., Inc.**, 791 F.3d 473 (4th Cir. 2015). |

**Key Point for Chambers:**
Whether a stay existed is a **merits determination**, not a Rule 15 gatekeeping issue.

## III. STANDING / RULE 17 — WHAT THE SAC ACTUALLY DOES

| **Undisputed Law** | **Record Support** |
|---|---|
| § 362(k) claims belong to debtors personally. | SAC Count I seeks only statutory debtor relief. (ECF No. 33 Count I) |
| Claim allowance (§ 502) and lien extent (§ 506) are adjudicatory functions. | SAC Counts III–IV seek bankruptcy determinations, not estate ownership. |
| Rule 17 issues are curable and disfavored at pleading stage. | Plaintiffs filed Standing Declaration. (ECF No. 47) |
| Trustee notice defeats dismissal at pleading stage. | Trustee sale notice contemplates lien disputes. (Case 25-01384-jd, Doc. 234) |

**Fourth Circuit:**
In re Richman addresses trustee control of estate causes — **not** debtor-held statutory rights or bankruptcy adjudication.

## IV. ROOKER–FELDMAN / PRECLUSION — EXPRESSLY DISCLAIMED

| SAC Language (Pinpoint) | Controlling Authority |
|---|---|
| No request to vacate or review state judgments. (ECF No. 33 ¶¶ 5–7, 22) | **Exxon Mobil Corp. v. Saudi Basic**, 544 U.S. 280 (2005). |
| Relief limited to bankruptcy consequences only. (ECF No. 33 Prayer ¶¶ A–C) | **In re Heckert**, 272 F.3d 253 (4th Cir. 2001). |
| Claim allowance ≠ appeal of foreclosure judgment. | **Katchen v. Landy**, 382 U.S. 323 (1966). |

## V. PREJUDICE, BAD FAITH, FUTILITY — NONE SHOWN

| Rule 15 Factor | Record Reality |
|---|---|
| Prejudice | Defendants already briefed overlapping issues. No new discovery burden. |
| Bad faith | SAC narrows claims and removes criminal/statutory overreach. |
| Futility | Defendants' arguments depend on unresolved legal determinations. |

## VI. BOTTOM LINE (FOR CHAMBERS)

• The Court's **own Rule 15 framework** (ECF No. 57) governs
• Defendants argue **ultimate dismissal**, not amendment standards
• SAC narrows, clarifies, and cures identified concerns
• Rule 15 favors allowing amendment and addressing defenses later

**This Appendix is submitted solely to assist the Court in applying the Rule 15(a)(2) standard articulated in ECF No. 57 and does not request adjudication of the merits.**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

**CASE NO.: 25-01384-JD**
**ADV PRO NO: 25-80061**

**IN RE:**

**Jacqueline Ard and**
**Terry F. Nicola,**

**Debtor(s)**

# CERTIFICATE OF SERVICE

**(Pursuant to 28 U.S.C. § 1746)**

I, Jacqueline Ard, hereby certify that on this 8th day of February, 2026, I caused to be served a true and correct copy of the following documents upon the following parties by depositing same in the United States Mail, first-class postage prepaid, properly addressed as follows and/or via Electronic Mail:

- **Appendix B – Governing Legal Standard**
- **Appendix C – Controlling Standards vs**
- **Certificate of Service**

**Parties Served by U.S. Mail and/or Electronic Mail**

**U.S. Trustee's Office**
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201            Email: USTPRegion04.CO.ECF@usdoj.gov

**Kevin Campbell, Trustee**
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465        Email: kcampbell@campbell-law-firm.com

**Michael H. Conrady, Esq.**
Campbell Law Firm, P.A.

890 Johnnie Dodds Blvd / P.O. Box 684
Mount Pleasant, SC 29465-0803        Email: mconrady@campbell-law-firm.com

**Lucas S. Fautua, Esq.**
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401            Email: lfautua@smithdebnamlaw.com

**J. Ronald Jones, Jr., Esq.**
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401            Email: rjones@smithdebnamlaw.com

**IMC Resort Services, Inc.**
2 Corpus Christi, Suite 302
Hilton Head Island, SC 29928

**Christine M. Phillips**
108 Burnt Church Road
Bluffton, SC 29910

**Mark Benson**
22 Wells East Dr.
Hilton Head Island, SC 29926

**Scott Wild, Esq.**
Law Office of Scott Wild
37 New Orleans Road, Suite F
Hilton Head Island, SC 29928

**Jannine M. Mutterer, Esq.**
Mutterer Law Firm, LLC
5 Red Cedar Street, Suite 102
Bluffton, SC 29910

**William B. Mullis**
239 Beach City Road, Apt. 2213
Hilton Head Island, SC 29926

**Henry Sanders**
239 Beach City Road, Apt. 1205
Hilton Head Island, SC 29926

**Keith Baker**
c/o The Spa on Port Royal Sound HOA Office

239 Beach City Road
Hilton Head Island, SC 29926

**Maryanne Stephenson**
HOA Agent, The Spa on Port Royal Sound
239 Beach City Road
Hilton Head Island, SC 29926

**Jerri Ann Roseneau**
Beaufort County Clerk of Court
102 Ribaut Road
Beaufort, SC 29902

## County Defendants

**Beaufort County Treasurer's Office**
100 Ribaut Road, Suite 165
Beaufort, SC 29902

**Beaufort County Treasurer's Office (Mailing Address)**
P.O. Drawer 487
Beaufort, SC 29901

**Beaufort County Assessor's Office**
100 Ribaut Road, Room 210
County Administration Building
Beaufort, SC 29902

**Beaufort County Assessor's Office (Mailing Address)**
P.O. Drawer 1228
Beaufort, SC 29901


**Executed on this** 8th **day of** February **, 2026**

**Jacqueline E. Ard**
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Email: jacquelineard72@gmail.com
Telephone: (313)770-7051

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

**CASE NO.: 25-01384-JD**
**ADV PRO NO: 25-80061**
**SC COURT CASE NO. 2023-CP-07-01818**

IN RE:

**Jacqueline Ard and**
**Terry F. Nicola,**

Debtor(s)

# CERTIFICATE OF SERVICE

**(Pursuant to 28 U.S.C. § 1746)**

I, Jacqueline Ard, hereby certify that on this _8th_ day of _February_____, 2026, I caused to be served a true and correct copy of the following documents upon the following parties by depositing same in the United States Mail, first-class postage prepaid, properly addressed as follows and/or via Electronic Mail:

- **Plaintiffs' Consolidated Reply In Support of Motion For Leave to File Second Amended Adversary Complaint**
- **Appendix A – Governing Legal Standard**
- **Certificate of Service**

**Parties Served by U.S. Mail and/or Electronic Mail**

**U.S. Trustee's Office**
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201           Email: USTPRegion04.CO.ECF@usdoj.gov

**Kevin Campbell, Trustee**
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465        Email: kcampbell@campbell-law-firm.com

**Michael H. Conrady, Esq.**
Campbell Law Firm, P.A.

890 Johnnie Dodds Blvd / P.O. Box 684
Mount Pleasant, SC 29465-0803        Email: mconrady@campbell-law-firm.com

**Lucas S. Fautua, Esq.**
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401        Email: lfautua@smithdebnamlaw.com

**J. Ronald Jones, Jr., Esq.**
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401        Email: rjones@smithdebnamlaw.com

**IMC Resort Services, Inc.**
2 Corpus Christi, Suite 302
Hilton Head Island, SC 29928

**Christine M. Phillips**
108 Burnt Church Road
Bluffton, SC 29910

**Mark Benson**
22 Wells East Dr.
Hilton Head Island, SC 29926

**Scott Wild, Esq.**
Law Office of Scott Wild
37 New Orleans Road, Suite F
Hilton Head Island, SC 29928

**Jannine M. Mutterer, Esq.**
Mutterer Law Firm, LLC
5 Red Cedar Street, Suite 102
Bluffton, SC 29910

**William B. Mullis**
239 Beach City Road, Apt. 2213
Hilton Head Island, SC 29926

**Henry Sanders**
239 Beach City Road, Apt. 1205
Hilton Head Island, SC 29926

**Keith Baker**
c/o The Spa on Port Royal Sound HOA Office

239 Beach City Road
Hilton Head Island, SC 29926

**Maryanne Stephenson**
HOA Agent, The Spa on Port Royal Sound
239 Beach City Road
Hilton Head Island, SC 29926

**Jerri Ann Roseneau**
Beaufort County Clerk of Court
102 Ribaut Road
Beaufort, SC 29902

## County Defendants

**Beaufort County Treasurer's Office**
100 Ribaut Road, Suite 165
Beaufort, SC 29902

**Beaufort County Treasurer's Office (Mailing Address)**
P.O. Drawer 487
Beaufort, SC 29901

**Beaufort County Assessor's Office**
100 Ribaut Road, Room 210
County Administration Building
Beaufort, SC 29902

**Beaufort County Assessor's Office (Mailing Address)**
P.O. Drawer 1228
Beaufort, SC 29901

**Executed on this** 8th **day of** February **, 2026**

**Jacqueline E. Ard**
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Email: jacquelineard72@gmail.com
Telephone: (313)770-7051